# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| DNC AND TCPA LIST SANITIZER, LLC, ) | Case No. 24-12624 KHT |
| ) | Chapter 11 |
| Debtor. ) | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, that counsel for Creditors Adam Young, Tubmanburg Limited and Ringba, LLC (collectively, "Ringba") intends to serve the Subpoena, in the form attached hereto, via Process Server on June 17, 2024, on non-party, Cashyew Holding.

Respectfully submitted this 17th day of June, 2024.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

*s/ Chad S. Caby*
Chad S. Caby, No. 30927
1601 19th Street, Suite 1000
Denver, CO 80202
Tel: 303-628-9549
E-mail: ccaby@lewisroca.com

*Attorneys for Adam Young, Tubmanburg Limited and Ringba, LLC*

1

125190882.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on June 17, 2024, the foregoing **NOTICE OF SUBPOENA** was electronically filed and served via CM/ECF pursuant to L.B.R. 9036-1, which action caused automatic electronic notice of such filing upon all parties in interest in this matter as follows:

John Cimino, Esq.
CIMINO LAW OFFICE, LLC
5500 E. Yale Ave., #201A
Denver, CO 80222
Via: CM/ECF

*Counsel for Debtor*

Alan K. Motes, Esq.
Byron G. Rogers Federal Bldg.
1961 Stout St., Ste. 12-200
Denver, CO 80294
Via: CM/ECF

*Counsel for U.S. Trustee*

Joli A. Lofstedt, Esq.
PO Box 270561
Louisville, CO 80027
Via: CM/ECF

*Trustee*

 

    *s/ Jennifer Eastin*
    Of: Lewis Roca Rothgerber Christie LLP

# UNITED STATES BANKRUPTCY COURT

_____ District of __Colorado_____

In re __DNC AND TCPA LIST SANITIZER, LLC_____    Case No. __24-12624 KHT_____
                       Debtor

                                                            Chapter __11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Cashyew Holding c/o Colorado Registered Agent LLC, 1942 Broadway Street, Suite 314C, Boulder, CO 80302
*(Name of person to whom the subpoena is directed)*

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Lewis Roca Rothgerber Christie LLP<br>1601 19th Street, Suite 1000<br>Denver, CO 80202 | Thursday, July 11, 2024<br>9:00 a.m., or as otherwise mutually agreed upon between the parties |

The examination will be recorded by this method: __Audio and Stenography_____

[X] *Production:* You, or your representatives, must also produce the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **See Attachment.**

| PLACE | DATE AND TIME |
|---|---|
| Lewis Roca Rothgerber Christie LLP<br>1601 19th Street, Suite 1000<br>Denver, CO 80202 | To be delivered 14 days after service, no later than 5:00 p.m., Monday through Friday |

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

          CLERK OF COURT

                                               OR

      _____          _____
    *Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Adam Young, Tubmanburg Limited, Ringba, LLC__, who issues or requests this subpoena, are:
Chad S. Caby, Lewis Roca Rothgerber Christie LLP, 1601 19th Street, Suite 1000, Denver, CO 80202; 303.628.9583; ccaby@lewisroca.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

 *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

 *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ATTACHMENT

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| DNC AND TCPA LIST SANITIZER, LLC, ) | Case No. 24-12624 KHT |
| ) | Chapter 11 |
| Debtor. ) | |

**ORDER GRANTING *EX PARTE* MOTION FOR ORDER AUTHORIZING RULE 2004 EXAMINATION OF DEBTOR DNC AND TCPA LIST SANITIZER, LLC AND CASHYEW HOLDING**

THIS MATTER having come before the Court upon Adam Young, Tubmanburg Limited and Ringba, LLC's (collectively, "Ringba"), *Ex Parte* Motion for Order Authorizing Rule 2004 Examination of Debtor DNC and TCPA List Sanitizer, LLC and Cashyew Holding (the "Motion"); and with good cause being shown, the Court

ORDERS that the Motion is **GRANTED;**

IT IS FURTHER ORDERED that Ringba is authorized to conduct a Rule 2004 Examination of DNC and TCPA List Sanitizer, LLC and the Debtor's majority owner Cashyew Holding;

IT IS FURTHER ORDERED that DNC and TCPA List Sanitizer, LLC and Cashyew Holding shall produce such documents as are set forth in the corresponding **Exhibit A** filed with the Motion, not earlier than fourteen (14) days from the entry of the Court's Order approving this Motion; and

IT IS FURTHER ORDERED that Ringba may compel production of documents and attendance of witnesses in the manner prescribed by Bankruptcy Rules 2004(c) and 9016 and FED. R. CIV. P. 45, if necessary.

125000656.1

DATED this 31st day of May, 2024.

BY THE COURT:

Honorable Kimberely H. Tyson  
United States Bankruptcy Judge

125000656.1

## EXHIBIT A
## DOCUMENT REQUEST

### DEFINITIONS AND INSTRUCTIONS

1. "Communication(s)" means all correspondence, inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, notes, e-mails, telegrams, telexes, facsimiles, call recordings, Skype messages, Slack messages, text messages, or other forms of communication, including, but not limited to, oral, digital and written communications.

2. "Cashyew Holding" means the entity that owns 99% of the Debtor as set forth in the Debtor's Statement of Financial Affairs, No. 28.

3. "Debtor" means DNC and TCPA List Sanitizer, LLC, that filed Bankruptcy Case No. 24-12624 KHT on May 16, 2024 in the United States Bankruptcy Court for the District of Colorado.

4. "Document" is synonymous with the usage of the term in FED. R. CIV. P. 34(a) (as incorporated by FED. R. BANKR. P. 7034), and includes, without limitation, the original or a copy of any handwriting, typewriting (including emails or any other electronically stored information), printing, photostating, photographing, and every other means of recording upon any tangible thing and form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

5. "Person" includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

6. "Petition Date" means May 16, 2024.

7. "Ringba" means Adam Young, Tubmanburg Limited and Ringba, LLC.

125000847.1

8. "You" or "Your" refers to the Debtor and Cashyew Holdings and their agents, employees, attorneys, accountants, investigators, and anyone else acting on the Debtor's behalf.

9. Whenever the context makes it appropriate, the use of the singular shall be deemed to include the plural, the use of "and" shall be deemed to include "or," and the use of "any" or "each" shall be deemed to include "all" and vice versa.

10. If You consider the content of any Document responsive to these Requests for Production to be privileged or otherwise not subject to discovery in these proceedings, please make the claim expressly and describe the nature of the Documents or Communications not produced in accordance with FED. R. CIV. P. 26(b)(5)(A) (as incorporated by FED. R. BANKR. P. 7026).

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following documents at the offices of Lewis Roca Rothgerber Christie LLP, 1601 19th Street, Suite 1000, Denver, CO 80202, within fourteen (14) days from the date of the entry of the Court's Order Granting *Ex Parte* Motion for Authorization to Conduct Rule 2004 Examination of the Debtor and Cashyew Holding, or at such other time as may be mutually agreed upon by counsel.

**Request No. 1:** Please produce any and all bank statements (with cancelled checks – front and back) for You from May 16, 2019 to the present.

**Request No. 2:** Please produce the 2021, 2022 and 2023 profit and loss statements and Balance Sheets for Debtor and Cashyew Holding.

**Request No. 3:** Please produce all account statements/registers for any banking account(s), investment account(s), individual retirement account(s), 401(k) account(s), or any other type of account whatsoever on which the Debtor and Cashyew Holding have been a signatory or beneficiary from May 16, 2021 to the present.

125000847.1

**Request No. 4:** Please produce copies of the Debtor's and Cashyew Holding's 2021, 2022, 2023 federal and state income tax returns and all attachments thereto, including any requests for an extension.

**Request No. 5:** Please produce any Documents or Communications relating to transfers of money between the Debtor, and Cashyew Holding, Michael O'Hare, or Tatiana O'Hare from May 16, 2021 to the present.

**Request No. 6:** Please produce merchant account statements, including merchant cash advance statements, from May 16, 2021 to the present.

**Request No. 7:** Please produce credit card statements for all credit cards owned or used by Debtor from May 16, 2021 to the present.

**Request No. 8:** Please produce all transaction statements for PayPal, Zelle, Cashapp, Venmo or other money transfer services used by Debtor from May 16, 2021 to the present.

**Request No. 9:** Please produce title and any other ownership documentation for any vehicle owned or used by Debtor from May 16, 2021 to the present.

**Request No. 10:** Please produce receipts for all auto or truck purchases, including work orders that show mileage, from May 16, 2021 to the present.

**Request No. 11:** Please produce all transaction statements for all lines of credit owned or used by Debtor from May 16, 2021 to the present.

**Request No. 12:** Please provide vendor receipts and statements for all food and beverage, travel, laundry services and cleaning services engaged by Debtor or Cashyew Holding, including addresses of locations cleaned.

**Request No. 13:** Please provide receipts for all travel, including ground travel, airfare, lodging and hotel receipts from May 16, 2021 to the present. Such receipts should include named ticket holder.

**Request No. 14:** Please produce any Documents or Communications discussing Your business model, financial health, or profitability from May 16, 2021 to the present.

**Request No. 15:** Please produce any Documents showing valuations of any intellectual property owned by Debtor, including but not limited to (1) its domain name; (2) its TCPA List; and (3) its customer list.

**Request No. 16:** Please produce any Documents showing any offers to purchase Debtor or some or all of the assets owned by Debtor from May 16, 2021 to the present.

**Request No. 17:** Please produce all Communications with creditors attempting to settle, negotiate, schedule, or conduct any action to resolve outstanding bills.

**Request No. 18:** Please produce all operating agreements, management agreements, LLC agreements, and meeting minutes for Debtor and Cashyew Holding.

**Request No. 19:** Please produce all contracts, agreements, and communications between Debtor and Cashyew Holding.

**Request No. 20:** Please produce paystubs for all employees of Debtor or Cashyew Holding.

**Request No. 21:** Please produce all statements for 1099 contractors of Debtor or Cashyew Holding.

**Request No. 22:** Please produce all web hosting agreements with Debtor or Cashyew and all web hosting statements from May 16, 2021 to the present.

125000847.1

**Request No. 23:** Please produce any Documents showing cryptocurrency wallet addresses or showing cryptocurrency transactions related to Debtor or Cashyew Holding.

**Request No. 24:** Please produce Quickbooks or other accounting software files for Debtor from May 16, 2021.

**Request No. 25:** Please produce all Documents prepared by Tatiana O'Hare in her role as bookkeeper for Debtor or Cashyew Holding, including but not limited to notes, spreadsheets, source material, and email communications.

**Request No. 26:** Please produce all Documents related to any creditor listed in the bankruptcy petition.

**Request No. 27:** Please produce all non-privileged Communications relating to the judgment entered against Debtor and in favor of Ringba in 2021cv31668.

**Request No. 28:** Please produce all non-privileged Documents that reference Adam Young, Harrison Gevirtz, or Ringba.

**Request No. 29:** Please produce all non-privileged Documents related to the filing of the bankruptcy petition.

125000847.1