UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | Case No. 24-12624 KHT |
| | ) | |
| DNC AND TCPA Sanitizer List, LLC | ) | |
| | ) | Chapter 11, Subchapter V |
| Debtor. | ) | |

## OBJECTION AND REQUEST FOR HEARING ON APPLICATION TO APPOINT JOHN CIMINO AS LITIGATION COUNSEL

COHEN, LLC, and GLEGAL, LLC, creditors of the bankruptcy estate of DNC and

TCPA Sanitizer List, LLC (the "Estate"), holding claims for unpaid legal fees, hereby

objects to the appointment of Mr. Cimino as special counsel to pursue malpractice claims

in Colorado state court pursuant to 11 U.S.C. 327(e) and Bankruptcy Rule 2014.[1] The

application should be denied for the following reasons:

**I.**
MR. CIMINO ACTING AS COUNSEL TO THE BANKRUPTCY ESTATE AND
PURPORTED STATE COURT LITIGATION COUNSEL INVOLVES AN
IMPERMISSIBLE CONFLICT OF INTEREST UNDER 11 U.S.C. § 327(e).

Mr. Cimino is serving as counsel to the Estate in this bankruptcy matter. See Order

Granting Mr. Cimino as Estate Counsel. Mr. Cimino's appointment as litigation counsel

to represent the Estate as plaintiff in a legal malpractice action therefore presents an

irreconcilable conflict of interest that cannot be waived. As general counsel to the

bankruptcy Estate, Mr. Cimino owes the Estate an undivided duty of loyalty and

---

[1] Mr. Cimino's Motion does not indicate which rule he seeks appointment under leaving creditors to guess which rule authorizes his appointment and what standards apply. Under any standard, this objection is made.

independent judgment. See Smith v. Mehaffy, 30 P.3d 727, 733 (2000) ("We acknowledge that the attorney-client relationship involves a fiduciary relationship as a matter of law."). Mr. Cimino has a fiduciary obligation to act in the best interests of the Estate and to maximize the value of the Estate's assets for the benefit of creditors. These duties are fundamentally incompatible with the role of litigation counsel, which would require Mr. Cimino to zealously pursue a malpractice claim even if doing so would deplete Estate assets and harm the interests of creditors.

The conflict is particularly acute given that the proposed malpractice claim is highly speculative and potentially frivolous, as discussed below. As general counsel, Mr. Cimino has a duty to advise the Estate against pursuing meritless litigation that would waste Estate resources and prejudice creditors. However, as special counsel, he would be obligated to advocate for the malpractice claim, regardless of its lack of merit or its impact on the Estate. These competing duties create an untenable conflict that undermines counsel's ability to exercise independent judgment on behalf of the Estate.

The Estate cannot waive this conflict, as it implicates not only the Estate's interests but also the interests of creditors. The Bankruptcy Code requires that estate professionals be "disinterested persons" who do not hold or represent interests adverse to the Estate. 11 U.S.C. § 327(e). Appointing conflicted counsel as special counsel violates this fundamental principle and undermines the integrity of the bankruptcy process.

**II.**
MR. CIMINO'S DISCIPLINARY HISTORY WITH THE COLORADO SUPREME COURT INCLUDING *INTER ALIA*, FINDINGS OF MISREPRESENTATIONS, FRAUD,

AND MISHANDLING OF CLIENT FUNDS AND HIS FAILURE TO DISCLOSE THIS WARRANTS DENIAL.[2]

The application to appoint Mr. Cimino as litigation counsel fails to disclose that Mr. Cimino has a significant disciplinary history with the Colorado Supreme Court, which includes no less than two suspensions of his license to practice law, one of which was for mishandling of client funds as recent as 2021. Mr. Cimino's record also includes a public censure for misconduct toward his clients. See Mr. Cimino Disciplinary History, attached as Exhibit 1 and incorporated herein by reference. These omissions render the application materially deficient on its face, as Mr. Cimino's disciplinary history is crucial to determining his fitness to represent the Estate.

In May 2000, Mr. Cimino was suspended from the practice of law for one month. While the specific grounds for this suspension are not publicly available, the fact of the suspension itself should have been disclosed in the application to represent the Estate. In January 2007, Mr. Cimino was publicly censured and subjected to additional conditions, including ethics school, financial monitoring, and law office auditing, for misconduct in two client matters. See Report on 2007 Misconduct, attached as Exhibit 2 and incorporated herein by reference. In one matter, he negligently failed to file a response to a dissolution petition, causing his client to lose the ability to present evidence. Id. In another matter, Mr. Cimino inappropriately handled a retainer fee and failed to properly supervise his staff. Id.

---

[2] Mr. Cimino's disciplinary history is publicly available through the Colorado Supreme Court website and is not confidential.

Page **3** of **7**

Most recently, in May 2021, Mr. Cimino was suspended for six months for taking client funds that he was not entitled to under the applicable fee agreements. See Report on 2021 Misconduct, attached as Exhibit 3 and incorporated herein by reference. Specifically, Mr. Cimino was found to have stolen client funds, failing to communicate with his client, and to have engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. Id. (emphasis added).

The application's omission of Mr. Cimino's disciplinary history, spanning over two decades and involving multiple instances of misconduct, deprives the creditors and this Court of critical information necessary to evaluate his qualifications and suitability to serve as special counsel. Most importantly, the repeated instances of misconduct, including the mishandling of client funds, lack of diligence, and lack of candor, demonstrate Mr. Cimino is not able to ethically and competently represent the Estate.

**III.**
THE MOTION, SPECIFICALLY PARAGRAPH 5, DOES NOT FACILITATE AN INFORMED DECISION SINCE NO FACTS REGARDING THE ALLEGED MALPRACTICE ARE RECITED ONLY BALD CONCLUSIONS AND THERE IS NO STATURILY MANDATED INDEPENDENT REVIEW OF THE ACTION UNDER COLO. REV. STAT. § 13-20-602(1)(a).

Mr. Cimino's Motion seeking appointment as litigation counsel merely states in conclusory fashion that the "Debtor believes it has a legal malpractice claim, and other claims, against its former counsel" without providing any substantive basis for this assertion. See Debtors Motion to Approve Contingency Fee Agreement Between Debtor and Cimino Law Office, at paragraph 5. The vague and conclusory allegations in the application fail to provide a rationale as to why the creditors should approve Mr.

Cimino's appointment. These bald assertions do not allow the Estate to determine if potential claims have any chance of success or if they would be a complete waste of Estate resources.[3]

Furthermore, Colorado law requires a plaintiff to obtain a review of any legal malpractice claim by a qualified expert under COLO. REV. STAT. § 13-20-602(1)(a). The certificate must declare that the plaintiff or their counsel has consulted with an expert who has reviewed the relevant facts and concluded that the claim "does not lack substantial justification." Id. The purpose of this requirement is to demonstrate that the plaintiff has consulted with an expert who has determined that the claim has merit, thereby avoiding frivolous claims and promoting judicial economy. See RMB Services, Inc. v. Truhlar, 151 P.3d 673, 675 (2006). In this case, there is no indication that Mr. Cimino has obtained the requisite statutory review of the proposed malpractice claim before seeking appointment as special counsel to file suit.

## IV.
### THE DEBTOR, THROUGH ITS PRINCIPAL HAS BEEN HELD BY COURT ORDER TO BE RECKLESS IN THE TRANSACTIONS THAT UNDERLY MR. CIMINO'S APPLICATION AND THIS IS A BAR TO ANY PROFESSIONAL NEGLIGENCE ACTION UNDER STATE LAW.

The application to appoint Mr. Cimino as special counsel includes a court order finding that the debtor through its principal Mr. Ohare was reckless in the underlying case. Under Colorado's comparative negligence statute, a plaintiff who is at least 50% at fault for their own damages is barred from any recovery. COLO. REV. STAT. § 13-21-111.

---

[3] Although Mr. Cimino would work under a contingency fee agreement, that agreement allows for at least $25,000.00 in expenses for the litigation.

Colorado has recognized the defense of comparative negligence in legal malpractice claims. See Scognamillo v. Olsen, 795 P.2d 1357 (Colo.App.1990). In this case, the court order finding Mr. Ohare reckless in the underlying matter is tantamount to a determination that the client was more than 50% at fault for their own alleged damages.

This is especially true as reckless conduct is considered more blameworthy than mere negligence. Coffman v. Godsoe, 142 Colo. 575, 587 (1960) (noting that reckless misconduct requires a conscious choice of action with knowledge of serious risk and involves a risk substantially greater than negligence). Here, Mr. Ohare was found reckless by the Court. As a result, any legal malpractice claim against the undersigned would be barred under COLO. REV. STAT. § 13-21-111.

The application is completely devoid of any discussion as to how any state law malpractice claim can be brought under these circumstances. Appointing special counsel to pursue such a futile claim would be a waste of Estate resources and would only harm creditors.

The Court should decline to authorize this facially deficient, ill-conceived, and fanciful litigation. Should the Court decide not to deny Mr. Cimino's appointment as special counsel outright, the Court should hold an evidentiary hearing on Mr. Cimino's fitness to be special litigation counsel to the bankruptcy Estate.

Respectfully submitted,

COHEN, LLC

/s/ Jeffrey Cohen
Jeffrey Cohen, Esq.

**GLEGAL, LLC**

/s/ Gary Tucker_____
Gary Tucker, Esq.