## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| DNC AND TCPA LIST SANITIZER, LLC, ) | Case No. 24-12624 KHT |
| ) | Chapter 11 |
| Debtor. ) | |

### STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ.P. 26(c), the following provisions shall govern the production of documents by DNC and TCPA List Sanitizer, LLC (the "Debtor") to Creditors Adam Young, Tubmanburg Limited and Ringba, LLC (collectively, "Ringba") pursuant to the Bankruptcy Court's Order Granting *Ex Parte* Motion for Order Authorizing Rule 2004 Examination of entered on May 31, 2024 (Docket No. 24) (the "Rule 2004 Order").

The Debtor may designate documents or other materials to be produced pursuant to the Rule 2004 Order as "Confidential," as specified below. The Debtor shall apply a confidentiality designation only when it has a reasonable, good faith belief that the information so designated constitutes "Confidential" material. Materials that may be designated as "Confidential" include information (regardless of how generated, stored, or maintained), or tangible things responsive to the Subpoena that contain personal information, social security numbers, bank account numbers, credit card numbers or other financial information that is sensitive, or that otherwise is entitled to protective treatment under Fed. R. Civ. P. 26(c), and personal information that is protected from disclosure by statute, regulation, or otherwise entitled to protection from public disclosure.

Except as otherwise provided in this Stipulated Protective Order (the "Order"), or as otherwise stipulated or ordered, material must be designated for protection under this Order by clearly designating the material before it is disclosed or produced. The designation of materials

1

as "Confidential" shall be made by imprinting the word "Confidential" on the face of each page of a document so designated.

Any information or documents designated Confidential shall be used only in the above-captioned bankruptcy case, and shall be restricted solely to the following persons unless and until this Court rules that any such protected information should be disclosed beyond the limits permitted by this Order:

   a. The parties and officers, members, or persons employed directly by the parties for this case, and the attorneys of record for the parties and persons directly employed by the attorneys of record in this case, for the specific and sole purpose of assisting said attorneys in this case. Such individuals shall be bound by the terms of this Order;

   b. The Court, Court personnel and staff, and stenographers and videographers at any deposition or Court proceeding. Whenever a deposition involves the disclosure of Confidential information, the deposition or portions thereof shall be designated as Confidential and shall be subject to the provisions of this Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within fourteen (14) calendar days after receipt of the transcript from the court reporter;

   c. The authors, addressees, originators, or producing party of the protected information; and

   d. Other persons by written agreement of Ringba and the Debtor.

All documents filed with the Court during this action which have been designated by any party as "Confidential," shall be filed in accordance with the Court's procedure for filing documents under seal. Any document filed under seal must have any information designated as "Confidential" redacted and be filed publicly via ECF within seven days of being filed under seal.

All protected information, as well as duplicates and other documents referring in whole or in part to the protected information and the information contained therein, shall be maintained in the strictest confidence by all counsel and persons to whom disclosure is made pursuant to this

Order, and shall be used only for purposes of this bankruptcy case, and shall not be disclosed to anyone other than the persons and in the manner described herein.

Inadvertent production of or failure to designate any information as Confidential shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such information, and the producing party or non-party may thereafter designate such information as Confidential within fourteen (14) calendar days of the discovery of the inadvertent production or failure to designate.

Upon the conclusion of this bankruptcy case and unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential shall be returned to the party that designated it Confidential, or the parties may elect to destroy Confidential documents; provided, however, that counsel for each party may retain one copy of the confidential documents produced by that party for the sole purpose of maintaining a complete file, and all such retained documents shall not be released, disclosed, or utilized and shall remain subject to this Order. Where the parties agree to destroy Confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

The termination of proceedings in this bankruptcy case shall not thereafter relieve the parties from the obligation of maintaining the confidentiality of the documents, materials, and information designated as "Confidential" which is received pursuant to this Order.

Entry of this Order shall be without prejudice to any party's motion for relief from or modification of the provisions hereof or to any other motion relating to the production, exchange, or use of any document or other information in the course of this action.

The protections of this Order may be waived by written agreement with the authors of the Confidential information.

DATED this ___ day of July, 2024.

BY THE COURT:

_____
Honorable Kimberely H. Tyson
United States Bankruptcy Judge

Approved as to form:

*/s John A. Cimino*
John A. Cimino, No. 14032
5500 E. Yale Avenue, Suite 201A
Denver, Colorado 80222
(720) 434-0434 phone
jc925ave@yahoo.com

*Attorneys for DNC and TCPA List Sanitizer, LLC*

*s/ Chad S. Caby*
Chad S. Caby, No. 30927
LEWIS ROCA ROTHGERBER CHRISTIE LLP
1601 19th Street, Suite 1000
Denver, CO 80202
(303) 623-9000 phone
ccaby@lewisroca.com

*Attorneys for Adam Young, Tubmanburg Limited and Ringba, LLC*

4