IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 24-12624 KHT |
| DNC and TCPA Sanitizer List, LLC ) | |
| ) | Chapter 11 (Subchapter V) |
| Debtor. ) | |

## DEBTOR'S PRE-STATUS CONFERENCE REPORT

Debtor, DNC and TCPA Sanitizer List. ("Debtor"), by and through its attorneys, CIMINO LAW OFFICE, LLC, submits its Pre-Status Conference Report as follows:

1. Debtor filed its Voluntary Petition pursuant to Chapter 11, Subchapter V of the Bankruptcy Code on May 16, 2024, and is operating as a debtor-in-possession.

2. The Court directed the debtor to file a report detailing "the efforts undertaken by the debtor to attain a consensual plan of reorganization and any future contemplated efforts."

3. This filing follows the entry of an adverse judgment against the debtor in state court, El Paso County District Court, brought by the debtor against one of its competitors. Debtor was the plaintiff in that litigation. The litigation was ultimately dismissed due to the alleged gross negligence of debtor's counsel, Gary Tucker. My Tucker was paid approximately $70,000 to represent debtor as a plaintiff in that litigation.

4. Mr. Tucker referred debtor to attorney Jeffrey Cohen, a lawyer practicing in Denver, Colorado. Mr. Cohen was paid approximately $450,000 to represent the debtor as plaintiff in the El Paso County litigation. As noted, the litigation was ultimately dismissed on motion of the defendant, Ringba, LLC. The court, on motion of defendant Ringba, LLC, filed for attorneys fees and costs, seeking approximately $800,000 in attorney fees and approximately $160,000 in costs.

5. The district court, Judge Bain presiding, in addition to dismissing the case, awarded defendant $500,000 in attorney fees plus approximately $160,000 in costs. Debtor has filed an appeal of this judgment to the Colorado Court of Appeals. The Colorado Court of Appeals just today scheduled oral arguments for September 3, 2024.

6. Debtor believes it has not only good grounds for an appeal, but also claims for legal malpractice against attorneys Gary Tucker and Jeffrey Cohen and possibly other lawyers.

1

7. Needless to say, debtor is not anxious to pay close to $650,000 to creditor Ringba, LLC when it believes its attorneys, Tucker and Cohen, are responsible for its damages.

8. Debtor is essentially a "mom and pop" business operation. It is owned by Michael O'Hare and his wife, Tania O'Hare, who own 1% of the company. The other 99% of the company is owned and managed by an entity not in bankruptcy "Cashyew Holdings, LLC." which entity is also owned by Mr. and Mrs. O'Hare.

9. By way of background, "DNC" stands for "do not call." Debtor's customers send debtor their sales list with names of prospective customers. Debtor "scrubs" or "sanitizes" that list and removes the names of persons who do not want to be called or contacted. The sanitized list is then returned to DNC's customer to be used for sales and marketing purposes. Debtor's business is 100% internet based. Debtor's customers hire debtor to sanitize its lists so as not to call consumers on the do not call list and to avoid violating the Telephone Consumer Protection Act ("TCPA").

10. Debtor appeared at the initial debtor interview and responded to all questions posed by the analyst for the Office of the United States Trustee.

11. Debtor appeared at the first meeting of creditors and responded to all questions asked by the Subchapter V trustee, Juli Lofstedt and counsel for the United States Trustee. Chad Caby, Esq., appeared for creditor Ringba, LLC who asked questions. No other creditors appeared to ask questions.

12. Counsel for debtor, either through email or by phone or both has discussed this case with Peter Cal, Esq. of Sherman & Howard, counsel for JP Morgan Chase Bank and Chad Caby, Esq., counsel for Ringba, LLC.

13. Chad Caby, Esq., counsel for Ringba, LLC and counsel for debtor have just filed a stipulated Motion for a Protective order, which is pending before the court.

14. Counsel for JP Morgan Chase Bank and for debtor are discussing a stipulated cash collateral agreement which should be filed any day.

15. Debtor has excellent cash flow. Mr. and Mrs. O'Hare receive a draw each month in the appropriate sum of $20,000 each. Cashyew Holdings, LLC is separately paid a management fee (based on certain percentages of revenue) and receives approximately $50,000 per month from the debtor. Debtor will file a motion to approve the management agreement with Cashyew Holdings, Inc., which entity has retained separate counsel (Arthur Lindquist Kleissler). Joli Lofstedt, Subchapter V trustee, suggested that Cashyew Holding, LLC retain separate counsel.

16. Debtor's preference is not to file a plan of reorganization but to seek a stay of this bankruptcy pending the outcome of the appeal or the alleged legal malpractice case against Tucker and Cohen.

17. Alternatively, debtor will move to extend the time in which to file a plan until after the appeal is heard or the alleged legal malpractice case against Tucker and/or Cohen is resolved.

18. Debtor's justifiable concern is that if it agrees to pay creditors 100% of their claims and the appeal against Ringba, LLC is successful, will debtor be able or allowed to recoup any monies paid to Ringba, LLC? As part of its plan, debtor could ask the trustee to hold any sums paid for the benefit of the Ringba, LLC pending the outcome of the appeal or any litigation brought against attorneys Cohen or Tucker.

19. Debtor does anticipate filing a plan to pay 100% of its claims, if necessary.

20. Counsel apologizes to the court that this status report was not filed on or before July 2, 2024. Counsel was out of the country and returned with an illness that prevented him from working regularly.

DATED this 9th day of July, 2024.

Respectfully submitted,

By: /s/ John A. Cimino

John A. Cimino, Esq. #14032

CIMINO LAW OFFICE, LLC.
5500 East Yale Ave., Suite 201A
Denver, CO 80222
E-mail: JC925AVE@yahoo.com
Telephone: 720-434-0434
Attorneys for Debtor in Possession

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this 9th day of July, 2024, I caused this PRE-STATUS CONFERENCE REPORT to be served electronically on all parties requesting electronic service including:

Joli Lofstedt, Esq.
Subchapter V Trustee

U.S. Trustee

Chad Caby, Esq.

All others requesting electronic service

    /s/ John A. Cimino
    _____
    For Cimino Law Office, LLC