UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | Case No. 24-12624 KHT |
| | ) | |
| DNC  and TCPA Sanitizer List, LLC | ) | Chapter 11, Subchapter V |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S RESPONSE IN OPPOSITION TO OBJECTION FILED BY GARY
TUCKER and JEFFREY COHEN, ATTORNEYS
AND MOTION TO STRIKE OBJECTION**

Debtor, DNC and TCPA List Sanitizer, LLC., by and through its counsel,

Cimino Law Office, LLC, for its Response in Opposition to the Objection to Employ Cimino

Law Office, LLC filed by Gary Tucker and Jeffrey Cohen and its motion to strike the Objection,

respectfully states as follows:

1.     Gary Tucker and Jeffrey Cohen, (hereinafter "Tucker/Cohen") filed a joint
objection to the application to employ Cimino Law Office, LLC on June 24, 2024 (Dkt.
No. 49).

2.     Mr. Tucker does not appear to have standing to object to the motion to
employ Cimino Law Office, LLC because it does not appear that Mr. Tucker is a creditor.
Therefore, he is not an interested party to this bankruptcy.  Mr. Tucker lists "deposition
costs performed on behalf of the creditor" as the basis for his claim.  See Claim No. 5-1,
p. 2.

3.     It is unclear to which "creditor" Mr. Tucker refers, unless he refers to
himself.  Mr. Tucker represented debtor in a state court action where debtor was the
plaintiff.

4.     If the costs are owed to a court reporter, then the debt is not owed to Mr.
Tucker and he does have a claim standing to object.  Undersigned wrote a letter to Mr.
Tucker today requesting a copy of the deposition invoices to confirm whether or not the

1

court reporter has been paid, and if so, by whom.  Since debtor may need these depositions for the lawsuit to be filed against Tucker and Cohen, a resolution will be for undersigned counsel to advance the costs and pay for the depositions.  This would eliminate Mr. Tucker's claim altogether.

5.     The tone of Mr. Tucker's and Mr. Cohen's objection is designed to harass Mr. Cimino when they make ad hominem attacks on Mr. Cimino.  Furthermore, the objection was only filed to cause unnecessary delay in any litigation to be filed against Mr. Tucker and Cohen for alleged malpractice.

6.     As Mr. Tucker and Cohen should know, I cannot discuss disciplinary matters in public if it reveals client matters.  And frankly, I do not believe it is necessary. I have 100s if not 1,000s of appreciative clients that I have proudly represented over a career spanning over four decades.  And I am not so arrogant to claim that I am perfect, unlike *some* lawyers.

7.     In fact, counsel is flattered that Tucker and Cohen would go so far as to attack my character in an effort to "disqualify" me from representing debtor in a suit against them for alleged legal malpractice.  As the court will note, neither the United States Trustee nor the Subchapter V trustee objected to the motion to employ.  This speaks volumes over Tucker/Cohen's objection, the defendants of the to be filed lawsuit. (A draft of the complaint is attached.)

8.     American poet Carl Sandburg wrote:  "If the facts are against you, argue the law.  If the law is against you, argue the facts.  If the law and the facts are against you, pound the table and yell like H…" (expletive deleted).  Or in the motion before the court, attack the lawyer.

9.     Mr. Cohen has not filed a proof of claim; therefore, he cannot be considered an interested party with standing to object since he is not impacted at all by this bankruptcy filing and his objection should be denied if not stricken.

10.    "Standing" to be heard refers to a person or entity that is or may be financially impacted by a debtor's case.  See In re Lundahl, 307 B.R. 233, 240 (Bankr. Court, D. Utah 2003).  Here, Mr. Cohen is not an interested party with standing to object because he is not impacted at all by this filing. Maybe that is why he cleverly joined in Mr. Tucker's objection.

2

11.     The Honorable Michael E. Romero held in *In re McDonald*, Case No. 11-35762 MER (order at docket no. 296) (attached):  "Standing is a threshold issue in every federal case.  The party asserting standing bears the burden of proofing standing." <u>Citing</u> *Thomas v. Fed. Nat'l Mortg. Assoc.* (*In re Thomas*), 469 B.R. 915, 921 (10th Cir. BAP 2012).

12.     Here, Mr. Cohen has failed to prove he has standing at all.  He is not able to "demonstrate a pecuniary interest in the outcome of this bankruptcy proceeding" since he has yet to file a proof of claim.[1]

13.     Regarding Mr. Tucker, it is not clear whether the debt is owed to him or a third party court reporter.  Regardless, there is no reason to sustain his objection to debtor's motion to employ the Cimino Law Firm, LLC to represent debtor based on conflict of interest.[2]  As noted, if a true conflict existed, the United States Trustee and/or the Subchapter V trustee would have certainly objected.

14.     It is not clear why Tucker/Cohen mention the Colorado certificate of review statute.  It has absolutely no relevance here.  The certificate is due within 60 days AFTER filing a legal malpractice case.  But to calm the nerves of Tucker/Cohen, counsel has already consulted with two different lawyers who have preliminarily opined that the case to be filed against Tucker/Cohen is not frivolous nor groundless.

WHEREFORE, debtor respectfully requests that this honorable Court grant the relief sought by debtor to employ Cimino Law Office, LLC to represent it in a legal malpractice action against Tucker and Cohen and that the court also strike the Tucker/Cohen objection for want of standing.  Debtor does not believe a hearing is necessary to resolve this matter.

---

[1]  In fact, Mr. Cohen erroneously billed this debtor for work he did in a totally unrelated franchise dispute case he was handling for a Texas client.

[2] Debtor would have filed an adversary proceeding for legal malpractice in this court already if it did not believe a jury trial was warranted.

DATED this 11th day of July, 2024.

Respectfully submitted,

By:/s/ John A. Cimino
    John A. Cimino, Esq., #14032
    **CIMINO LAW OFFICE, LLC.**
    **5500 East Yale Ave., Suite 201A**
    Denver, CO 80222
    E-mail: JC925AVE@yahoo.com
    Telephone: 720-434-0434

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of July, 2024, I caused this RESPONSE to be served by U.S. Mail, first class postage prepaid and electronically on Gary Tucker :

Gary Tucker, Esq.
Glegal, LLC
1600 Broadway, Suite 1660
Denver, CO 80202

Email:  Gtuck05@gmail.com


Jeffrey Cohen, Esq.
1600 Broadway, Suite 1660
Denver, CO 80202


All interested parties requesting electronic service


/s/ John A. Cimino
_____
For Cimino Law Office, LLC

5