**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

| | |
|---|---|
| In re | ) |
| | )   Case No. 11-35762 MER |
| DAVID E. McDONALD | ) |
| JULIE F. McDONALD | )   Chapter 7 |
| | ) |
| Debtors. | ) |

**ORDER**

This matter comes before the Court following the preliminary hearing held November 9, 2015, regarding the Chapter 7 Trustee's Motion for Authority to Sell Property of the Estate Pursuant to 11 U.S.C. § 363(b)(1) and (f) and for an Order Approving the Agreement Between the Trustee and John Kozlowski ("Motion to Sell") and the Debtors' response thereto, and the Debtors' Motion for Disqualification of Counsel and Assessment of Sanctions/Punitive Damages ("Motion to Disqualify Counsel") and the Trustee's response thereto.  At the preliminary hearing, this Court ordered Mr. McDonald to "provide the Court with written evidence of his standing to pursue the objection to the motion to sell and the motion for disqualification on or before November 23, 2015.  If no such evidence is provided, the hearing on November 30, 2016, will be vacated."[1]

Standing is "a threshold issue in every federal case."[2]  The party asserting standing bears the burden of proving standing,[3] and here that burden rests with the Debtors.  With respect to prudential standing, it is well established:

> Standing to object in a bankruptcy proceeding is narrower than that conferred by Article III. *In re Cult Awareness Network, Inc.*, 151 F.3d 605, 607 (7th Cir. 1998).  Before a party may object to a bankruptcy court order, a party must demonstrate a pecuniary interest in the outcome of a bankruptcy proceeding.  *Id.*  Seldom can Chapter 7 debtors demonstrate a pecuniary interest because generally all estate assets are disbursed with no remainder for the debtor.  *Id.*[4]

---

[1] Minutes of Proceeding dated November 9, 2015 (Docket No. 290).

[2] *Thomas v. Fed. Nat'l Mortg. Assoc. (In re Thomas)*, 469 B.R. 915, 921 (10th Cir. BAP 2012).

[3] *Id.* at 921.

[4] *In re Lewis*, 378 B.R. 418 (10th Cir. BAP 2007)(unpublished); *see also Thomas*, 469 B.R. 915; *In re Brutsche*, 500 B.R. 62, 72 (Bankr. D.N.M. 2013)("To have standing, a debtor must have a financial interest in the outcome . . . .").

Further, as recently noted by another division of this Court:

> In order to demonstrate a pecuniary interest sufficient for purposes of standing, "the debtor must offer some evidence that a surplus may result, not just that there is a theoretical chance of a surplus." *Brutsche*, 500 B.R. at 72. Put another way, the likelihood of a surplus cannot be merely speculative. A "surplus is highly unlikely in a liquidation proceeding, and standing based on a potential surplus is unlikely to succeed." *In re Manshul Constr. Co.*, 223 B.R. 428, 430 (Bankr. S.D.N.Y. 1998). The "reasonable possibility of a surplus" rule has been universally endorsed and is the law in the Tenth Circuit with respect to bankruptcy appeals. *Co-op Mining Co. v. Aquila, Inc. (In re Matter of C.W. Mining Co.)*, 636 F.3d 1257, 1260 (10th Cir. 2011); *Weston*, 18 F.3d at 863-64; *Kopp v. Clark (In re Kopexa Realty Venture Co.)*, 240 B.R. 63, 66 (10th Cir. BAP 1999).[5]

On November 23, 2015, the Debtors filed a pleading alleging they have standing to object to the Trustee's Motion to Sell and to prosecute their Motion to Disqualify Counsel. Although provided with an opportunity to do so, the Debtors failed to present any evidence of a surplus. Rather, the Debtors relied solely on 11 U.S.C. § 1109(b)[6] for their alleged standing. 11 U.S.C. § 1109(b) provides a party in interest "may raise and may appear and be heard on any issue in a case **under this chapter.**"[7] Clearly, 11 U.S.C. § 1109(b) does not apply to these Debtors because their case is a Chapter 7 case, not a Chapter 11 case. Thus, the Debtors failed to meet their burden to establish standing to challenge the Trustee's Motion to Sell and seek disqualification of counsel for the Trustee.

Moreover, the Debtors have admitted their bankruptcy estate was insolvent in all versions of their amended schedules, with total liabilities exceeding total assets in each version.[8] Therefore, in light of the Court's previous findings as to the lack of credibility of Mr. McDonald, the evidence before the Court establishing the Debtors' estate is insolvent, and the Debtors' failure to demonstrate any pecuniary interest in the outcome of this bankruptcy case, the Court finds the Debtors do not have the requisite standing to pursue their objection to the Trustee's Motion to Sell or the Debtors' Motion to Disqualify Counsel. In accordance with the Court's Minutes of Proceeding dated

---

[5] *In re Morreale*,2015 WL 3897796, at *8 (Bankr. D. Colo. June 22, 2015)(slip copy).

[6] *See* Debtors' Required Response to Debtors' Standing (Docket No. 292).

[7] 11 U.S.C. § 1109(b) (emphasis added).

[8] *See* Initial Schedules filed October 31, 2011 (Docket No. 1); Amended Schedules A, B, C, I and J filed July 10, 2012 (Docket No. 53); Amended Schedules A, B, D, G and J filed September 11, 2013 (Docket Nos. 188-191); and Amended Schedules B and C filed October 1, 2013 (Docket No. 206).

November 9, 2015, and after reviewing the Motion to Sell and the record in this matter, the Court

ORDERS the hearing previously scheduled for November 30, 2015, at 3:00 p.m. is VACATED.  A separate order approving the Trustee's Motion to Sell shall enter.

IT IS FURTHER ORDERED the Debtors' Motion for Disqualification of Counsel and Assessment of Sanctions/Punitive Damages is DENIED.

DATED November 24, 2015          BY THE COURT:

Hon. Michael E. Romero, Chief Judge
U.S. Bankruptcy Court