`UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | Case No. 24-12624 KHT |
| | ) | |
| DNC AND TCPA Sanitizer List, LLC | ) | |
| | ) | Chapter 11, Subchapter V |
| Debtor. | ) | |

**SUPPLEMENT TO OBJECTION AND REQUEST FOR HEARING ON APPLICATION TO APPOINT JOHN CIMINO AS LITIGATION COUNSEL**

COHEN, LLC, a creditor of the bankruptcy estate of DNC and TCPA Sanitizer List, LLC (the "Estate"), holding a claim for unpaid legal fees, hereby objects to the appointment of Mr. Cimino as special counsel to pursue malpractice claims in Colorado state court pursuant to 11 U.S.C. 327-28 and Bankruptcy Rule 2014. The application should be denied.

Mr. Cimino filed his motion and reply failing to disclose and failing to explain, among other things, specific findings made by the District Court.  Attached here and made a part of the record are texts of the following orders for this Court's review and information.

1. Order and Amended Judgment dated March 15, 2024, by District Court Judge William B. Bain. Where he allows correction of the case caption and confirms judgment as a sanction.  Exhibit 1.

2. Judgment dated January 23, 2024, by District Court Judge William B. Bain. Where the Court enter judgment for attorney's fees in the amount of $500,000 as sanction against Plaintiff. Exhibit 2.

1

3. Order for Defendant's Motion for Attorney Fees dated January 12, 2024. Where Judge Bain opined "In the spirit of doing "rough justice," recognizing the ultimate sanction of case termination that I imposed, acknowledging the general American rule that each party pays its own fees, and given all of my above findings, I find that an appropriate attorney fees sanction is for plaintiff to pay $500,000 in attorney fees for this case." Order, p.3. <u>Exhibit 3.</u>

4. Order re Forthwith Request for Emergency Hearing dated May 12, 2023. Where Judge Bain observed: "Ultimately, the court concludes that from the beginning of this litigation, plaintiff has had ready access to all sorts of data directly relevant to this case that only recently they have begun to release in dribs and drabs. The court finds that Mr. O'Hare and Mr. Malosev completely disregarded their legally required discovery obligations until just recently in an attempt to increase their chances of prevailing at trial." Order p. 1. <u>Exhibit 4.</u>

5. Order Regarding Defendant Motions to Terminate and Compel dated April 25, 2023. Where the Court made its first reckless finding against Mr. O'Hare. "Based on the above facts, I find that Mr. O'Hare and Mr. Frankovitz were both reckless in pressing the argument and opinion that Mr. Young manipulated the website to download the entire list. I find that although Mr. Frankovitz has sought concrete evidence showing the actual time restrictions from April 2020, ultimately he only ended up with the word of Mr. O'Hare and Mr. Malosev." Order p. 5, <u>Exhibit 5.</u>

                                                    Respectfully submitted,

**COHEN, LLC**

*/s/ Jeffrey Cohen*_____
Jeffrey Cohen Esq.