UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ) In re: ) | |
| DNC and TCPA Sanitizer List, LLC ) | Case No. 24-12624 KHT |
| EIN: 83-3868704, ) | |
| ) | Chapter 11, Subchapter V |
| Debtor. ) | |

_____

**DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 9-1
FILED BY COHEN, LLC**
_____

Debtor, DNC and TCPA Sanitizer List, LLC ("Debtor"), by and through its attorneys, CIMINO LAW OFFICE, LLC, for its Objection to Proof of Claim No. 9-1 filed by Cohen, LLC and Jeffrey Cohen, Esq., respectfully states as follows:

1. Debtor filed its Voluntary Petition pursuant to Chapter 11, Subchapter V of the Bankruptcy Code on May 16, 2024, and is operating as a debtor-in-possession.

2. On July 22, 2024, creditor/attorney Jeffrey Cohen and Cohen, LLC (hereinafter "creditor") filed a proof of claim for $200,000 at claim number 8-1.

3. On July 23, 2024, creditor/attorney Jeffrey Cohen and Cohen, LLC filed a second proof of claim for $200,976.23 at claim number 9-1.

4. Claim number 9-1 does not purport to amend claim number 8-1. It is unclear if creditor is seeking $400,976.23 or some other sum.

5. In fact, question 4 on the standard proof of claim form asks: "Does this claim amend one already filed?" Mr. Cohen, under the penalty of perjury, checks the box NO. (Exhibit 1, attached.)

6. Evidently, Mr. Cohen seeks $400,976.23 in attorney fees from debtor.

7. Creditor's billings appear to be incorrect or inconsistent. Debtor's exhibit 2 (part 4, p. 13 of creditor's claim) appears to reflect a balance due of $20,361.00. However, debtor's exhibit 3 (part 5, p. 5 of creditor's claim) reflects a balance due of $50,071.70. If you look closely at both summaries, the end date for the summaries is the same, July 2, 2023, with invoice ending at number 3298. (The exhibits are attached.)

8. Creditor last billed debtor on August 23, 2023 with invoice number 3480. It can be argued that creditor has waived its right to collect any fees by not billing debtor for almost one

year.

9. Creditor is charging debtor $5,701.94 in interest. It is unclear for which time period such interest is being charged. Is creditor billing debtor for post-petition interest in violation of the automatic stay? Bankruptcy Rule 3001(c)(2)(A) only allows for pre-petition interest and charges.

10. Creditor asserts a collection fee of $124,000.00 (Exhibit A, Claim 9-1, Part 2). Creditor asserts this is an estimate and should be allowed. Creditor provides no explanation for such a request much less any detail. For example, what hourly rate will creditor charge? Will creditor hire separate counsel or proceed pro se? The fee agreement between the debtor and creditor does not specify the hourly rate at which collection time will be billed to debtor. Furthermore, Bankruptcy Rule 3001(c)(2)(A) only allows for pre-petition charges.

11. Creditor's bills are not reasonable and excessive. For example, from May 2, 2023 to May 10, 2023, creditor billed debtor 31.80 hours to prepare for trial in civil action number 2021 cv 31688. Trial was never held because the case was dismissed. In addition, debtor does not believe that creditor should be paid any fees given creditor's negligence in representing the debtor. (See exhibit 4, attached.)

12. Creditor misled debtor. According to page 1 of its fee agreement, Part 2 – Litigation – creditor estimated that attorney's fees, through trial would be $180,000 and that costs would be $15,000.00. Creditor in fact billed debtor approximately double this amount for a case that was dismissed (with debtor being sanctioned $500,000.00 in attorney fees.) (Page 1 of the fee agreement is attached as exhibit 5.)

WHEREFORE, the debtor prays that the claim number 9-1 filed by Cohen, LLC be disallowed.

DATED: July 23, 2024                Respectfully submitted,

By:/*s/ John A. Cimino*
John A. Cimino, Esq., #14032
CIMINO LAW OFFICE, LLC.
5500 East Yale Ave., Suite 201A
Denver, CO 80222
E-mail: JC925AVE@yahoo.com
Telephone: 720-434-0434

3