UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | Case No. 24-12624 KHT |
| | ) | |
| DNC and TCPA List Sanitizer, LLC | ) | Chapter 11, Subchapter V |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OBJECTION TO DEBTOR'S MOTION TO ASSUME MANAGEMENT AGREEMENT WITH CASHYEW HOLDINGS, INC.**

JPMorgan Chase, N.A. ("Chase"), by its attorneys Sherman & Howard L.L.C., respectfully files this Objection to Debtor's Motion to Assume Management Agreement with Cashyew Holdings, Inc. (the "Objection"). In support of its Objection, Chase states as follows:

**BACKGROUND**

1. DNC and TCPA List Sanitizer, LLC (the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 16, 2024 (the "Petition Date").

2. Chase has a properly perfected, first-priority security interest in substantially all the Debtor's assets, including cash collateral. Chase objected to the use of cash collateral and requested that its cash collateral be segregated. *See* Notice of Non-Consent to Debtor's Use of Cash Collateral (Docket No.50). Chase and the Debtor have not reached an agreement as to the use of cash collateral, and the Court has not authorized the Debtor's use of cash collateral.[1]

3. The Debtor is mostly owned by Cashyew Holdings, Inc. ("Cashyew"). Cashyew holds a 99% membership interest in the Debtor, and Michael O'Hare and Tatiana O'Hare each hold a .5% membership interest in the Debtor. *See* Statement of Financial Affairs (Docket No. 84), at No. 28. The O'Hares own Cashyew as well. Pre-Status Conference Report (Docket No.55), at ¶ 8.

4. The Debtor has a Management Agreement with Cashyew (the "Management Agreement"), which it seeks to assume. The Debtor's Motion to Assume Management Agreement with Cashyew Holdings, Inc. (the "Motion") states that the Debtor and Cashyew have been operating under the Management Agreement since before the Petition Date, Motion, ¶ 3, but the Agreement itself was executed on June 28, 2024. Motion, Exhibit 1, p. 3. Pursuant

---

[1] Based on the monthly operating report recently filed by the Debtor (Docket No.91), it appears the Debtor may have improperly used cash collateral. Chase reserves all rights in that regard.

to the Management Agreement, the Debtor pays Cashyew 60% of its gross revenues every month as a Management Fee. Motion, Exhibit A to Exhibit 1.

## LEGAL STANDARD FOR ASSUMPTION OF A CONTRACT

5. For a court to approve a debtor's assumption of an executory contract, the contract must be in the best interests of the bankruptcy estate and not prejudice the interests of the creditors. *In re Grayhall Resources, Inc.*, 63 B.R. 382, 384 (Bankr. D. Colo. 1986).

6. Courts generally consider the "effects that assumption would have on the debtor; the implications for the [other party]; the benefit or detriment to unsecured creditors; and the significance of the [contract] to the debtor's reorganization." *In re Valley View Shopping Center, L.P.*, 260 B.R. 10, 39 (Bankr. D. Kan. 2001).

7. The Debtor has the burden of showing that assumption of a contract benefits the estate. *In re Crystalin, L.L.C.*, 293 B.R. 455, 464 (B.A.P. 8th Cir. 2003).

## OBJECTION

8. The Debtor has not given the court any evidence to support its assertion that assumption of the Management Agreement would benefit the estate. The Debtor's Motion provides almost no information other than that the Debtor pays Cashyew 60% of its monthly revenue. With only that information to evaluate, the Court should deny the Motion.

9. The Court cannot evaluate the Management Agreement without more information. 11 U.S.C. § 365(b)(1) states that the trustee may not assume any executory contract unless at the time of assumption, the trustee can cure or provide adequate assurance that it will promptly cure any monetary default in the contract. Debtor's Motion does not state whether there has been any default under this contract or what amount is owed, if any, to cure a default.

10. In addition, the Motion is unclear as to when the Debtor and Cashyew entered into the Management Agreement. The Motion states that the Debtor and Cashyew have been operating under this agreement "since before this bankruptcy case was filed," but does not provide a specific date. Motion, ¶ 3. The Management Agreement itself states that it was entered into on January 1, 2023, but it was not executed until June 2024. Exhibit 2 to the Motion suggests that the Debtor began making large payments to Cashyew in January 2024.

11. The Motion does not explain how assumption of the Management Agreement benefits the Estate. The Management Agreement breaks down the fees paid to Cashyew by task in Exhibit A, but it does not explain why the Debtor needs to contract with Cashyew for these tasks. The Motion does not explain the actual cost of any of the tasks contracted to Cashyew, so the Court cannot determine whether the Management Agreement saves the Debtor any money or if it is just a roundabout way of paying the Debtor's CEO for work that he already performs. At the creditors meeting on June 10, 2024, Mr. O'Hare testified that he was paid by Cashyew, not the Debtor. If the CEO of the Debtor is performing work for the Debtor, he should not be paid in this roundabout fashion.

12. Finally, Chase does not consent to the use of cash collateral to pay Cashyew.

WHEREFORE, Chase respectfully requests that the Court enter an Order denying the Debtor's Motion to Assume Management Agreement with Cashyew Holdings, Inc and granting Chase such additional relief as the Court deems proper.

Respectfully submitted this 24th day of July, 2024.

SHERMAN & HOWARD L.L.C.

*s/ Peter A. Cal*
Peter A. Cal
John Gray
675 Fifteenth Street, Suite 2300
Denver, Colorado 80202
Telephone: (303) 297-2900
Facsimile: (303) 298-0940
E-mail: pcal@shermanhoward.com
jgray@shermanhoward.com

**Attorneys for Creditor JPMorgan Chase Bank, N.A.**

## CERTIFICATE OF SERVICE

      I hereby certify that on July 24, 2024, I electronically filed the following **OBJECTION TO DEBTOR'S MOTION TO ASSUME MANAGEMENT AGREEMENT WITH CASHYEW HOLDINGS, INC.** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

John Cimino, Esq.
Jc925ave@yahoo.com

U.S. Trustee
USTPRegion19.DV.ECF@usdoj.gov

Chad S. Caby, Esq.
ccaby@lewisroca.com

Arthur Lindquist-Kleissler, Esq.
Arthuralklaw@gmail.com

Alan K. Motes, Esq.
Alan.Motes@usdoj.gov

Joli A. Lofstedt, Esq.
joli@jaltrustee.com

Jeffrey Cohen, Esq.
jcohen@cohentrial.com