UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | Case No. 24-12624 KHT |
| | ) | |
| DNC AND TCPA Sanitizer List, LLC | ) | |
| | ) | Chapter 11, Subchapter V |
| Debtor. | ) | |

**OBJECTION TO AMENDED EXPANDED APPLICATION TO EMPLOY CIMINO LAW OFFICE AND REQUEST FOR HEARING**

COHEN, LLC, creditor of the bankruptcy estate of DNC and TCPA Sanitizer List, LLC (the "Estate"), holding unsecured claims hereby Objects to the Amended Expanded Application to Employ Cimino Law Office and Requests A Hearing pursuant to 11 USC Sec. 329, BR 2016(b) and BR 2017(a):

1. On or about July 29, 2024, the Cimino Law Office ("Cimino") filed its "Amended Expanded Application to Employ Cimino Law Office. (the "Expanded Application"). The Expanded Application apparently amends and expounds upon the Application to Employ Cimino Law Office, LLC As Counsel for Debtor" (the "Original Application") filed on May 16, 2024, and the "Updated Application to Employ Cimino Law Office LLC As Counsel for Debtor" (the "Updated Application") filed on June 3, 2024.

2. It is now clear, as explained below, that the Original Application and the Updated Application did not comply with 11 USC sec. 329 and B.R. 2016(b) and the Cimino Law Office improperly obtained Orders of this Court approving those

applications. Those Orders should be revoked, the Expanded Application denied, and all fees paid to Cimino be disgorged and returned to the Debtor as a sanction.

3. The Original Application and the Updated Application were both supported by "Verified" statements of Cimino that were materially false: they omitted a complete statement of Cimino's pre-petition representation of the Debtor.

4. For the first time, at the hearing held on July 24, 2024 (regarding yet another application to employ Cimino as counsel which failed to properly disclose his pre-petition connections to the Debtor[1]) undersigned counsel, not Cimino, stated that Cimino had filed his general appearance for the Debtor on or about May 14, 2024 in at least one of the Debtor's appeals to the Colorado Court of Appeals.

5. It must be observed that the Debtor has failed to obtain approval from the creditors or this Court to pursue either of the appeals referenced in paragraph 8 of the Expanded Application, i.e. no independent cost-benefit analysis has been performed. Will the bankruptcy estate have increased liability if it is unsuccessful in either or both appeals? We just do not know and there is no explanation of this.

6. On July 29, 2024, Cimino filed yet another "Verified Statement of Attorney" (Revised) (the "Verified Statement"). In paragraph 5 of the Verified Statement Cimino attempts to explain his oversight in failing to disclose which is at variance both with the dubious reason he gave at the July 24, 2024 hearing i.e. he did not want to spend fifteen dollars to examine the Court of Appeals file, and the two

---

[1] See "Debtor's Application To Employ Cimino Law Office, LLC As Counsel To File A Legal Malpractice Case Against Various Attorneys in State Court" (the "Malpractice Application") filed on June 7, 2024.

general appearances he filed in the Court of Appeals copies of which are attached hereto as <u>Exhibit A</u> and <u>B</u> and incorporated herein by this reference. Even if Cimino needed to look at the Court of Appeals docket for the Schedules of Assets and Liabilities neither it nor the Statement of Affairs mentions the appeals.

7.      In neither the Original Application, the Updated Application, nor the Malpractice Application does Cimino comply with 11 USC sec. 329 or BR 2016. It is not until after the June 24, 2024, hearing that at least part of the truth regarding Cimino's pre-petition representation of the Debtor is disclosed. In paragraph 5 of the Verified Statement with an all too transparent "apology" Cimino seeks to be absolved but there is no showing of excusable neglect, just an "oversight" with no explanation of how that "oversight" occurred. This was his fourth try at fully disclosing his prepetition representation of the debtor.

8.      The inference is ineluctable, Cimino has not been candid with this Court nor the creditors, the Expanded Application should be denied, he should be removed from all aspects of this case and all compensation paid to him should be disgorged.

Wherefore, this Creditor requests that the Court enter relief in accordance with this Objection and for such other and further relief that the Court deems just and proper.

                                      Respectfully submitted,

                                      COHEN, LLC

                                      */s/ Jeffrey Cohen*
                                      Jeffrey Cohen, Esq. #10876
                                      COHEN, LLC

1600 Broadway, Suite 1660
Denver, CO 80202
303-524-3636 – Office
720-470-5020 – Cell
720-354-4984 – Direct Dial
jcohen@cohentrial.com

## CERTIFICATE OF SERVICE

      I certify that on August 8, 2024, I served a complete copy of the foregoing **OBJECTION TO AMENDED EXPANDED APPLICATION TO EMPLOY CIMINO LAW OFFICE AND REQUEST FOR HEARING** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Alan Motes, Esq.
US Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 802094

Chad Caby, Esq.

Joli Lofstedt, Esq.

John Cimino, Esq.

All parties requesting service electronically,

                                                */s/Jeffrey Cohen*
                                                Jeffrey Cohen