# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | |
| DNC AND TCPA LIST SANITIZER, LLC | Case No.: 24-12624-KHT |
| Debtor. | Chapter: 11, Subchapter V |

## *EX PARTE* APPLICATION TO EMPLOY SPECIAL LITIGATION COUNSEL

The Debtor DNC AND TCPA LIST SANITIZER, LLC, by and through its attorneys, Cimino Law Office, LLC, for its *Ex Parte* Application to Employ Special Litigation Counsel, pursuant to Bankruptcy Code § 327(e), respectfully states as follows:

1. The Debtor filed its Voluntary Petition (the "Bankruptcy Action") pursuant to Sub-Chapter V of Chapter 11 of the Bankruptcy Code on May 16, 2024 (the "Petition Date").

2. The Debtor continues in possession of its property and is operating and managing its business, as debtor-in-possession, pursuant to Bankruptcy Code §§ 1107 and 1108.

3. Prior to the Petition Date, the Petitioner was a plaintiff in an action in the District Court of El Paso County, Colorado styled as *TCPA Litigator List v. Ringba, LLC et al.*, No. 2021CV31668 (the "Action"). The court dismissed the action for a discovery violation and awarded the defendants attorneys' fees of $500,000.00 and costs of $140,415.00, not including accrued interest.

4. The Debtor appealed to the Colorado Court of Appeals, *TCPA Litigator List v. Ringba, LLC et al.*, No. 2023CA891 (the "Appeal"). On appeal, the Debtor

1

was represented by Allen Vellone Wolf Helfrich & Factor PC ("Allen Vellone"). The Debtor's appeal requests review of the following issues:

    a.    The court erred as a matter of law when it granted summary judgment on claims for fraud and breach of contract because the economic loss rule does not bar intentional torts and because actual damages is not an essential element for a breach of contract claim.

    b.    The court abused its discretion when it terminated the action for a belated production that was not late and which the Appellee refused to review under the terms of the Protective Order.

5.    Allen Vellone withdrew from representing the Debtor for the Appeal as well as for ancillary matters, post-judgment, in the Action. It did not represent the Debtor prior to the trial court dismissing the Action. Allen Vellone filed a proof of claim (the "Proof of Claim") in the Bankruptcy Action for $62,092.80.

6.    On August 1, 2024, Allen Vellone assigned its Proof of Claim to Michael O'Hare, who is the Debtor's CEO, who paid for the claim in full.

7.    Oral argument has been scheduled for September 3, 2024 in case number 2023 CA 891. An opening brief is scheduled to be filed on September 3, 2024 in case number 2024 CA 265.

8.    The Debtor desires to hire Allen Vellone as special litigation counsel under Bankruptcy Code § 327(e) to assist with both Appeals.

9.    The Debtor has selected Allen Vellone for the reason that Allen Vellone and the Debtor have previously worked together with respect to the Appeal. As a result, Allen Vellone is familiar with the Debtor and the Appeals. Allen Vellone also has experience in the matters for which it is to be employed. It would be costly if the Debtor had to retain new counsel to handle the Appeal as new counsel would have

to get up to speed on the numerous pieces of litigation underlying the Appeal. Allen Vellone has significant knowledge with respect to the Appeal that could not easily be replicated and which would require a significant amount of time understanding the events that have occurred in the litigation underlying the Appeal.

10. Bankruptcy Code § 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11. To the best of Debtor and Allen Vellone's knowledge, Allen Vellone has no connection or relationship with creditors and is disinterested with respect to the matter for which it is to be employed. See Affidavit of Counsel attached hereto as Exhibit A.

12. Allen Vellone represents no interest adverse to the estate in the matter upon which it is to be engaged for the Debtor, and its employment is in the best interests of the estate.

13. Ms. Vandana Koelsch is an attorney with Allen Vellone and is the lead attorney on the Debtor's account. Ms. Koelsch has been practicing law for over 20 years. Mr. Patrick D. Vellone is also an attorney with Allen Vellone and has been practicing for over 38 years. Ms. Koelsch and Mr. Vellone have significant expertise in the matters for which they will be retained and have previously worked with the Debtor and are familiar with the Appeal.

14. Allen Vellone will bill for its services on an hourly basis. Ms. Koelsch's hourly rate is $425 per hour and Mr. Vellone's rate is $725 per hour. Other

attorneys at Allen Vellone who may work on the DS&K Litigation charge hourly rates between $350 and $625 per hour. Staff at Allen Vellone who may assist with the Debtor's account charge at an hourly rate of $225 per hour.

15. The Debtor shall be responsible for all costs incurred by Allen Vellone.

16. Allen Vellone, as set forth in the Affidavit of Counsel attached hereto acknowledges that it understands that it can only be paid in accordance with any fee procedure approved by the Court and approval of fee applications approved in this case.

17. Allen Vellone was not paid a retainer for the work to be performed with respect to the Appeal. No committee of creditors has been appointed or designated herein, and no notice need be given of the appointment of special litigation counsel.

18. The Debtor asserts notice is not necessary since Allen Vellone holds no conflict with the estate.

WHEREFORE, the Debtor respectfully requests that it be authorized to employ and appoint Allen Vellone to represent it as special litigation counsel for assistance with the Appeal specifically described herein, and for such further and additional relief as the Court may provide.

deem proper.

DATED: August 12, 2024          Respectfully submitted,

                                               CIMINO LAW OFFICE, LLC
                                               By: /s/ John A. Cimino, Esq.
                                               John A. Cimino
                                               5500 East Yale Avenue, Suite 201a
                                               Denver, CO 80222
                                               P. 720 434 0434
                                               EMAIL: JC925Ave@yahoo.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 12, 2024, I served via ECF a copy of the **APPLICATION TO EMPLOY SPECIAL LITIGATION COUNSEL** on all parties against whom relief is sought and those otherwise entitled to service pursuant to FED.R.BANKR.P. and these L.B.R. at the following addresses:

All parties requesting electronic service

All those parties on the matrix attached hereto

/s/ John Cimino
John Cimino