UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

X- - - - - - - - - - - - - - -X
IN THE MATTER OF:                      . Case No. 24-12624-KHT
                                       . Chapter 11
    DNC AND TCPA LIST                  . Denver, Colorado
    SANITIZER, LLC,                    .
                                       . July 24, 2024
         Debtors.                      .
X- - - - - - - - - - - - - - -X

TRANSCRIPT OF PRELIMINARY HEARING
VIA ZOOM
BEFORE THE HONORABLE KIMBERLEY H TYSON
UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For the Debtor (Requestor)     CIMINO LAW OFFICE, LLC
Date Ordered:  08/12/2024      John Cimino, Esq.
Date Completed: 8/13/2024      5500 East Yale Avenue
Cost: $107.20                  Denver, CO 80222

For Creditor Cohen, LLC        COHEN, LLC
                               By: Jeffrey Cohen, Esq.
                               1600 Broadway
                               Denver, CO 80202

For Creditor Allen Vellone     ALLEN VELLONE WOLF HELFRICH &
Wolf Helfrich & Factor, P.C.   FACTOR, P.C.
                               By: Kate Sender, Esq.
                               1600 Stout Street, Suite 1900
                               Denver, CO 80202




Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
------------------------------------------------------------
Veritext Legal Solutions
330 Old Country Road, Suite 300
Mineola, NY 11501
Tel: 800-727-6396

                        P R O C E E D I N G S

          THE COURT:  All right.  The last case on the
docket is Case Number 24-12624, DNC and TCPA List Sanitizer,
LLC.  This is a preliminary hearing on the Debtor's
application to employ Cimino Law Office as counsel
(indiscernible) legal malpractice suit against various
attorneys in state court and Jeffrey Cohen's objection.  May
I have appearances, please?

          MR. COHEN:  Good afternoon, Your Honor.  Jeff --

          MR. CIMINO:  Good afternoon, Your Honor.  John
Cimino.

          THE COURT:  One at a time, please.  Movant.

          MR. CIMINO:  John Cimino appearing for the Debtor.
Good afternoon.

          MR. COHEN:  Good afternoon, Your Honor.  Jeffrey
Cohen appearing for himself and for Cohen, LLC, Your Honor.
If I could add -- I'm sorry.

          THE COURT:  Go ahead.

          MR. COHEN:  Yeah.  There may be an addition of Mr.
Tucker on the line.  And if I could add there's been
substantial discovery in the past day or two of substantial
failures to disclose by Mr. Cimino's office, that he has
connections with the Debtor other --

          THE COURT:  Woah, woah.

          MR. COHEN:  I'm sorry.

THE COURT:  We'll take the movant first and then you can add what you want to add.  Right?

MR. COHEN:  Thank you, Your Honor.  You bet.

THE COURT:  Is there anyone else who wishes to enter their appearance?

MS. SENDER:  Yes, Your Honor.  This is Kate Sender on behalf of my firm, Allen Vellone Wolf Helfrich & Factor, who is a creditor in this case.

THE COURT:  Thank you.  All right.  Mr. Cimino?

MR. CIMINO:  Thank you, Your Honor.  First of all, the Court has already authorized my employment as attorney for the Debtor.  I think collateral estoppel may prevent Mr. Cohen's current objection.  And it strikes me as counsel for the estate, I'm pretty sure I could file an adversary proceeding today.  The only reason why we don't is because my client would like to have a jury trial.

Secondarily, it looks like Mr. Cohen is trying to try this case before the Court, basically saying that my client is reckless and that it has no case.  It has no case.  I don't think this is the place to try the case.

And lastly, Mr. Cohen offers no case law supporting the objection that I could find.  He mentioned a few cases, but they don't seem to be relevant.

And then lastly, very lastly -- I forgot my last point.  Yeah, this is not the place to try this litigation.

THE COURT:  Well, I think the question is if you haven't been -- if I understand just the preliminary (indiscernible) to Mr. Cohen, if you haven't been forthcoming or your client hasn't been forthcoming on things related to this, that's a problem.

MR. CIMINO:  What have we not disclosed to the Court?

MR. COHEN:  Your Honor --

THE COURT:  Mr. Cohen, you will get your chance. And of course the reason you had to file this is because it's a contingency fee, correct?

MR. CIMINO:  Right.

THE COURT:  So you had to file this motion.

MR. CIMINO:  I did.  My other point was that Ms. (indiscernible) has not objected, the U.S. Trustee's office has not objected.  When I was a trustee in many of my cases decades ago, one case comes to mine, In re Dreiling, I represented the estate and I employed my firm to go after a contingency litigation in many cases and nobody objected. And it was routine almost.

So Mr. Cohen seems to be upset with the fact that he thinks my client doesn't have a case.  But I've made full disclosure.  I've already been appointed as the attorney for the estate.  I don't see why I can't file an adversary proceeding immediately.  We just want to go to state court.

That would be my position, Your Honor.

THE COURT: Mr. Cohen?

MR. COHEN: Thank you, Your Honor. First, it has just recently come to light that there's been substantial disclosure violations by Mr. Cimino's office and Mr. Cimino. The day before the bankruptcy case was filed, Mr. Cimino made an appearance and is still representing the Debtor in the appeal of the underlying state court case. And apparently he is still representing the Debtor without any authorization or without any disclosure in this application or in his prior application to represent the estate that he has a connection to the Debtor, meaning that he's representing the Debtor in this appeal before the Colorado Court of Appeals on the underlying case referred to in this complaint, quote, unquote.

And I've looked through his application in this case as well as his application to be employed by the estate. And he has absolutely no reference to that. And I think the creditors have a right to know precisely in what matters Mr. Cimino is representing the Debtor in. And I'm looking at his entry of appearance in the Colorado Court of Appeals filed on May 15th, 2024, the day before he filed the Chapter 11 and which was filed on May 16th, 2024.

I suppose, though I don't know, that Mr. Cimino is getting paid by someone for that representation in the

Colorado Court of Appeals.  But we have no disclosure on that point.  He hasn't addressed it one way or the other, and he certainly hasn't made any disclosures in the bankruptcy rules as to whether he's getting paid in that Colorado Court of Appeals case and what those arrangements are.  In fact, he makes no reference to it at all.  And that's a severe disclosure violation.  I think it's really quite clear that attorneys for the estate in any capacity must make full disclosure of all of the connections to the Debtor before they can be hired in any capacity, let alone in this adversarial capacity in this malpractice action, which I'm going to get to in a moment.  Okay?

But as an initial matter, there's been a failure to disclose on Mr. Cimino's part that's egregious.  And he was the one that entered the appearance himself in the appeal.  And he is the one that made the application to be employed in (indiscernible) as well as to be employed by the bankruptcy estate about a month ago.  And there was no mention of this whatsoever.  And that's a violation, Your Honor.

Now, let's move on to this complaint.  I think it's important for the Court to know, and it probably bears on any future motion to appoint a trustee in this case that there was substantial deceit and fraud that was perpetrated on the state court by Mr. O'Hare and that that was found

specifically against Mr. O'Hare and that was the sole reason that the underlying state court matter which Mr. Cimino is now representing on appeal, that was the sole reason that that case was dismissed with prejudice a week before trial because of deceit and fraud of Mr. O'Hare stated in the orders that I supplied --

MR. O'HARE: Excuse me. Excuse me. Excuse me.

MR. COHEN: No, no, Mr. O'Hare, you had your time. You had your time.

MR. O'HARE: No, no, no, no, no, no. I'm not going to stand while you.

MR. COHEN: You had your time, sir.

THE COURT: Enough, all of you. Now, stop it. Good grief. This is a court of law, not a sandbox. Now stop the squabbling. Everybody will have their opportunity to be heard. Do I make myself very clear?

MR. O'HARE: Yes, Your Honor. I'm terribly sorry. I apologize.

MR. COHEN: Anyway, getting back to the point, Your Honor, that the case was dismissed because of Debtor misconduct in the state court by District Court Judge Bain. And this is not referenced at all anywhere in the complaint that was submitted after I made my initial objection at all. And this misconduct seems to be continuing to the present. And we think we need an evidentiary hearing to flesh these

issues out, to understand why this critical fact which bears on the administration of the estate as we speak has not been stated or articulated anywhere by Mr. Cimino, and what other issues and facts have not been disclosed to this Court or disclosed to the creditors or disclosed to myself, Your Honor.

And I think that the creditors at least at this point have been deceived as well as this Court. Because this Court has already entered an order approving the employment of Mr. Cimino without a disclosure to this Court that he had entered an appearance on May 15th in the Colorado Court of Appeals. And presumably is still representing the Debtor in that case. And to add, Your Honor, there is oral argument set in the Colorado Court of Appeals as I understand it in September, which is just a couple of months away. And if it wasn't for this digging and my own research, this would have never come to light. It's not mentioned in our positions because we didn't know it. And that is the problem with this. And this just came to light yesterday.

So we have I think -- and then again in the complaint that's been submitted for which Mr. Cimino wants a contingent fee and an initial expense retainer, $25,000, the critical fact, the critical fact in that case, meaning that it was dismissed for the misconduct of Mr. O'Hare, deceitful

and fraudulent -- you can read Judge Bain's words.  He said it more than once.  It was dismissed because of that.  And that's not mentioned anywhere.  And I think the creditors are entitled to know that for them to make an informed decision as to whether or not to go forward with this kind of litigation.  And it's just not mentioned anywhere, Your Honor.  So I think whether we have Rule 11 violations is another matter entirely as well.

So what we're asking at this juncture merely, merely is for a two-hour evidentiary hearing so these issues can be fleshed out, that we take one deposition of Mr. Cimino before that hearing so that we can understand why these disclosures were never made and what the thinking is in terms of the complaints without mentioning the dismissal that took place in the state court and the fraudulent conduct of Mr. O'Hare in the state court.  We need to have these issues aired fully so that the creditors can make an informed decision as to whether or not to proceed with this litigation, especially on a contingency matter and especially because estate assets are going to be transferred under this motion immediately.  Thank you, Your Honor.

THE COURT:  Thank you.  Ms. Sender?

MS. SENDER:  Nothing, Your Honor.  I am just observing.  Thank you.

THE COURT:  Thank you.  Mr. Cimino, anything

further?

MR. CIMINO:  Your Honor, we're not asking for a prepetition retainer of $25,000.  As the Court will know, the rules regarding the contingency fee agreements have to disclose the anticipated costs that might be incurred.  And like the billboard says, no recovery, no fee.  So no cost -- the law firm wouldn't advance those costs.

I did enter my appearance on May 15th in the court of appeals case only to understand what was going on in the case and to be able to look at the pleadings that were filed.  The state court requires either we pay to look, and it costs $15 to look and it lasts for about seven days, or a person, a lawyer can enter their appearance.  And I was anticipating being involved in the appeal, so I entered my appearance before the case got filed.  It wasn't like I was trying to hide something, I was trying to get up to speed with the lower court litigation.  And I never entered my appearance in the main litigation, which is 21-CB-3166 (indiscernible).

But I'm really confused.  He says I've violated some rule or some law or something.  I don't know what I violated.  I mean, obviously I represent the Debtor and the Debtor needs counsel to pursue this litigation.  We're not here to argue about the merits of the case, although I already talked to two attorneys who think the case is

justifiable.  It's not groundless, it's not frivolous.

And the lower court -- and I hate to even go into this because I don't think we're here to discuss the merits of the case.  But Mr. O'Hare was not found to be fraudulent and deceitful.  And you can't go into an order that says that.  He was found to be reckless.  But if you look at the order closely, and I could find it.  It says he and his representatives were negligent and/or reckless.  I should probably find the exact order.  But nowhere does it say that Mr. O'Hare was deceitful or fraudulent.  I don't remember seeing that.

But again, that's beside the point.  We're not here to litigate the case, I don't think.  And we're prepared to file the lawsuit.  I've prepared the complaint.  It's ready to be filed.  And I don't know why we would need a hearing.  But I suppose if there's some kind of conflict --

THE COURT:  Because you want a contingency fee and this is outside the judicial purview of the bankruptcy case.  Listen, I'm going to set this over for an evidentiary hearing because I need to understand, Mr. Cimino, what your various roles are in this case.

MR. O'HARE:  Judge?

THE COURT:  Who is this?

MR. O'HARE:  This is Michael O'Hare.

THE COURT:  Mr. O'Hare, your counsel has spoken. Right?

MR. O'HARE:  Yes, but I wanted to speak on my behalf.  Because Cohen represented me for a year --

THE COURT:  No.

MR. O'HARE:  And I'm in this mess because of him.

THE COURT:  Mr. O'Hare --

MR. CIMINO:  Michael, let the judge make her ruling, please.  Come on, Michael, be quiet.

MR. O'HARE:  Okay.

THE COURT:  I'm going to set this over for a two-hour evidentiary hearing.  How much time do you need for discovery?

MR. COHEN:  Your Honor, we need a half day or a day deposition of Mr. Cimino and/or Mr. O'Hare.

THE COURT:  That's not the time I mean.

MR. COHEN:  I'm sorry.  I didn't understand the Court's question.

THE COURT:  How much time day-wise do you need to complete your discovery?

MR. COHEN:  I would say 45 days.  Thirty days?  I mean, between 30 and 45 days, Your Honor.

THE COURT:  Discovery deadline will be August 30th.  As I understand it, the two-hour -- half day makes things easy.  Is that correct?

MR. COHEN: I beg your pardon, Your Honor. It broke up.

THE COURT: A half day hearing at most.

MR. COHEN: Yes, Your Honor.

THE COURT: Mr. Cimino, does that sound correct to you?

MR. CIMINO: Yeah, that's fine. I do have some questions before we end the conversation.

THE COURT: All right.

MR. CIMINO: Can I ask my question?

THE COURT: Just a minute. Let's find a date first. I can do the afternoon of the 24th of September.

MR. COHEN: That should work for Cohen LLC, Your Honor.

THE COURT: Mr. Cimino, does that work for you and your client?

MR. CIMINO: Let me check my calendar. I'll tell you I'll just make it work.

THE COURT: Okay. We'll start at 1:30. Understanding the --

MR. CIMINO: I do have some questions.

THE COURT: When I finish my thing. This is going to be related to employment, Mr. Cohen?

MR. COHEN: Yes, Your Honor.

THE COURT: I'm not going to be ruling on who did

bad acts, who did what, impact of (indiscernible), the question of disclosure and whether or not there was sufficient disclosure as required by the statute, right?

MR. COHEN: Yes, Your Honor.

THE COURT: All right. Mr. Cimino, what is your question?

MR. CIMINO: May I take Mr. Cohen's deposition?

THE COURT: Regarding your disclosure?

MR. CIMINO: Regarding what he is complaining about.

THE COURT: I set a discovery deadline. I did not say who could do what discovery. If you feel you need to. Again, it's not going to become a fishing expedition on your potential lawsuit. All right?

MR. CIMINO: And my second question is -- yes, Your Honor. My second question is if I proceed by the hour, would that make a difference? And I'll withdraw my application to proceed on a contingency.

THE COURT: I think at this point there's a question as to whether or not there was complete disclosure, period. So I think let's just proceed forward.

MR. CIMINO: Okay.

THE COURT: All right?

MR. CIMINO: Sure.

THE COURT: Is there anything further, Mr. Cimino?

MR. CIMINO:  No, Your Honor.  Thank you.

THE COURT:  Mr. Cohen?

MR. COHEN:  No, Your Honor.  Thank you.

THE COURT:  All right.  Ms. Sender?

MS. SENDER:  No, Your Honor.  Thank you.

THE COURT:  All right.  Thank you all very much. With that, the Court will stand in recess.  Bye.

MR. COHEN:  Thank you, Your Honor.

(Proceedings adjourned at 2:23 p.m.)

CERTIFICATION


I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

Sonya M. Ledanski Hyde

Sonya Ledanski Hyde

Veritext Legal Solutions

330 Old Country Road

Suite 300

Mineola, NY 11501


Date:  August 13, 2024