UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | Case No. 24-12624 KHT |
| | ) | |
| DNC and TCPA List Sanitizer, LLC | ) | Chapter 11, Subchapter V |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

## STIPULATED FINAL CASH COLLATERAL ORDER

Upon consideration of the Motion for Entry of Stipulated Final Cash Collateral Order, proper notice having been given, and no sustainable objection having been filed, and the Debtor's primary secured creditor, JPMorgan Chase Bank, N.A. ("Chase"), having consented to the entry of this Order,

IT IS HEREBY ORDERED THAT:

1.      Authorization to Use Cash Collateral. The Debtor is authorized to use cash collateral, as the term is defined in the Bankruptcy Code ("Cash Collateral"), in accordance with the budget attached to the Motion in Exhibit A. Any variance in  each line item of the Budget shall not exceed  ten (10%) percent per month unless the Debtor obtains the prior written consent of Chase or approval of the Court.

2.      Payment of Adequate Protection Payments. In consideration of its consent to the Debtor's continued use of Cash Collateral in the ordinary course of the Debtor's business, the Debtor agrees to make adequate protection payments to Chase in the amount of $5,000.00 per month ("Adequate Protection Payments"), with the first payment due August 15, 2024, or the

58968617.2

next business day should the 15th fall on a weekend, and continuing on the fifteenth day of each month for so long as the Debtor is authorized to use cash collateral.

3. Reports. By the 21st day of each month, the Debtor shall provide to Chase a report of all accounts receivable received and expenses paid in the prior month that reflects any variations from the Budget. The Debtor shall also provide financial reporting to Chase as required in the relevant loan documents.

4. Grant of Post-Petition Security Interest. The Debtor hereby grants to Chase an automatically perfected, first priority lien and security interest in Cash Collateral including, but not limited to, all accounts, contract rights and accounts receivable generated by the Debtor post-petition. The lien granted herein is provided to the extent that the Debtor's use of Cash Collateral results in a decrease in the value of Chase's interest in such property.

5. Grant of Section 364(c)(1) Claim. Chase shall have a superpriority administrative claim pursuant to Sections 361(2), 363(c)(2), 364(d)(1), 503(b)(1), and 507(b) of the Bankruptcy Code to the extent the Debtor's use of Cash Collateral results in a decrease in the value of Chase's interest in Cash Collateral.

6. Binding Effect. All terms and provisions of this Order, including but not limited to, the security interest and liens granted herein, and the priority established hereby, shall be binding on the Debtor and any subsequently appointed Trustee under either Chapter 7 or 11 of the Bankruptcy Code.

7. Default.

    a. Default under this Order shall include the following (each, a "Default"):

        i. Failure to timely pay any of the Adequate Protection Payments;

        ii. Failure to comply with the reporting of information provided required

58968617.2

by this Order;

iii. The conversion of the bankruptcy case to a case under Chapter 7;

iv. The appointment of a Trustee (other than the Subchapter V Trustee) in the bankruptcy case;

v. The failure of the Debtor to maintain in good condition any equipment in which Chase has a security interest;

vi. The failure of the Debtor to stay current on post-petition taxes; and

vii. The failure of the Debtor to maintain insurance on the Chase collateral, as required by the underlying loan documents.

b. Remedies. If the Debtor fails to timely make any Adequate Protection Payment, or if any other Default occurs, which default shall constitute an "Event of Default", then the Debtor shall have five (5) business days after written notice thereof to the Debtor by Chase to cure such default and such notice shall also be filed with the Bankruptcy Court. Upon the occurrence of a Default which is not timely cured, Chase's consent to the use of Cash Collateral shall automatically and immediately terminate without further Court Order.

8. Survival. Notwithstanding the expiration of the Debtor's right to use Cash Collateral hereunder, the conversion of this case to a case under Chapter 7, or the appointment of a Trustee (other than the subchapter v trustee) or any Default by the Debtor causing its earlier termination of the use of Cash Collateral, the rights, security interests, liens, priorities, claims, and adequate protection provided to Chase pursuant to the terms of this Order shall, in any and all events, survive and continue in full force and effect.

58968617.2

9.     <u>No Waiver</u>. This Order is not intended nor shall it be construed to be a waiver or limitation in any way by Chase of any rights or remedies under the Bankruptcy Code or other applicable law which it has or may have, including, but not limited to, the right of Chase to request relief from the automatic stay under § 362 of the Bankruptcy Code and to seek additional adequate protection.

10.     <u>Insurance</u>. The Debtor shall maintain and keep in full force and effect all insurance required under the underlying loan documents.

11.     <u>Taxes</u>. The Debtor shall stay current on all post-petition taxes.

12.     <u>Equipment</u>. The Debtor shall keep all equipment in which Chase has a security interest in good condition.

Dated: August _____, 2024

BY THE COURT

_____

Honorable Kimberley H. Tyson
United States Bankruptcy Judge

AGREED AS TO FORM

JPMorgan Chase Bank, N.A.

By:*/s/ Peter Cal*

    Peter Cal

    Sherman & Howard, LLC
    675 Fifteenth Street
    Suite 2300
    Denver, CO 80202
    Telephone: 303-299-8244
    Email: pcal@shermanhoward.com

For the Debtor:

By: /s/ John Cimino

John Cimino
5500 East Yale Ave., Suite 201a, Denver CO

58968617.2