UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| DNC AND TCPA LIST SANITIZER, LLC, ) | Case No. 24-12624 KHT |
| ) | Chapter 11 |
| Debtor. ) | |

## OBJECTION TO DEBTOR'S EX PARTE MOTION TO APPROVE STIPULATED FINAL CASH COLLATERAL AGREEMENT

Adam Young, Tubmanburg Limited and Ringba, LLC (collectively, "Ringba"), by and through its counsel, Lewis Roca Rothgerber Christie LLP, respectfully files its Objection to Debtor's Ex Parte Motion to Approve Stipulated Final Cash Collateral Agreement (the "Objection"). In support of the Objection, Ringba states as follows:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(a) and (b). This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

### PROCEDURAL BACKGROUND

3.  DNC and TCPA List Sanitizer, LLC (the "Debtor") filed for relief under Chapter 11 of the Bankruptcy Code on May 16, 2024 (the "Petition Date"). In its Voluntary Petition, the Debtor elected to proceed under Subchapter V of Chapter 11.

4.  On August 28, 2024, the Debtor filed its Debtor's Ex Parte Motion to Approve Stipulated Final Cash Collateral Agreement (Docket No. 134) (the "Ex Parte Motion"). The Ex

125940602.1

Parte Motion seeks to have the Court approve a stipulated cash collateral agreement with an undisclosed creditor, but presumably JP Morgan Chase Bank, N.A.

## OBJECTION

5. Motions to use cash collateral are typically not allowed on an *Ex Parte* basis and require some form of notice to be sent to all creditors and parties in interest. Moreover, these matters are usually considered "first day" motions, and although they may be handled quickly and on an expedited basis, notice to interested parties is still required. The Debtor appears to be side-stepping the notice requirements by seeking *ex parte* relief to use cash collateral.

6. The contents of any request to use cash collateral are set forth in FED. R. BANKR. P. 4001(b)(1)(B) and require significantly more than what the Debtor has provided in its Ex Parte Motion. The Debtor should be required to send the Ex Parte Motion out on notice pursuant to Rule 4001(b)(1)(C). **This is especially true when you compare the requested relief in the Ex Parte Motion to the requested relief in the Motion to Assume Management Agreement with Cashyew Holdings, Inc. (the "Motion to Assume") found at Docket No. 58.** Indeed, the Ex Parte Motion appears to be an end-run around the three objections the Debtor received to its Motion to Assume filed by Ringba, JP Morgan Chase Bank, N.A. and the United States Trustee. *See* Docket Nos. 88, 100 and 102.

7. Ringba objects the Ex Parte Motion based on the lack of notice being provided to creditors. Ringba will file a more fulsome objection to the Debtor's request to use cash collateral when the request is properly sent out on notice to allow all creditors and parties in interest a period of time to object to the requested relief.

WHEREFORE, Adam Young, Tubmanburg Limited and Ringba, LLC, respectfully request that the Court deny the Ex Parte Motion and enter such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 28th day of August, 2024.

        LEWIS ROCA ROTHGERBER CHRISTIE LLP

        *s/ Chad S. Caby*
        Chad S. Caby
        1601 19th Street, Suite 1000
        Denver, CO 80202
        Tel:    303-628-9583
        Fax:   303-623-9222
        E-mail:  ccaby@lewisroca.com

        *Attorneys for Adam Young, Tubmanburg Limited and Ringba, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on August 28, 2024, a true and correct copy of the foregoing **OBJECTION TO DEBTOR'S EX PARTE MOTION TO APPROVE STIPULATED FINAL CASH COLLATERAL AGREEMENT** was electronically filed and served via CM/ECF, which action caused automatic electronic notice of such filing upon all parties in interest in this matter as follows:

John Cimino, Esq.
CIMINO LAW OFFICE, LLC
5500 E. Yale Ave., #201A
Denver, CO 80222
Via: CM/ECF

*Counsel for Debtor*

Alan K. Motes, Esq.
Byron G. Rogers Federal Bldg.
1961 Stout St., Ste. 12-200
Denver, CO 80294
Via: CM/ECF

*Counsel for U.S. Trustee*

Joli A. Lofstedt, Esq.
PO Box 270561
Louisville, CO 80027
Via: CM/ECF

*Subchapter V Trustee*

Peter A. Cal, Esq.
Sherman & Howard L.L.C.
675 Fifteenth Street, Suite 2300
Denver, CO 80202
Via: CM/ECF

*Counsel for Creditor JPMorgan Chase Bank, N.A.*

    *s/ Jennifer Eastin*
    Of: Lewis Roca Rothgerber Christie LLP

- 4 -

125940602.1