# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| DNC AND TCPA LIST SANITIZER, LLC, ) | Case No. 24-12624 KHT |
| ) | Chapter 11 |
| Debtor. ) | |

## UNOPPOSED EMERGENCY MOTION TO SEAL *EX PARTE* MOTION FOR ORDER AUTHORIZING RULE 2004 EXAMINATION OF CREDITOR RINGBA, LLC'S AGENTS ADAM YOUNG AND HARRISON GURVITZ

Adam Young, Tubmanburg Limited and Ringba, LLC (collectively, "Ringba"), by and through its counsel, Lewis Roca Rothgerber Christie LLP, respectfully files its Unopposed Emergency Motion to Seal *Ex Parte* Motion for Order Authorizing Rule 2004 Examination of Creditor Ringba, LLC's Agents Adam Young and Harrison Gurvitz (the "Emergency Motion"). In support of the Emergency Motion, Ringba states as follows:

### PRELIMINARY STATEMENT

From the outset of this case, Ringba has sought discovery from the Debtor and its holding company Cashew Holding LLC. Discovery has been fought at every step of the way by the Debtor, Cashyew and Mr. O'Hare. While some documents have been provided to Ringba, most requested documents have not. Rather than involve the Court, Ringba has determined to simply push forward with the examinations of the Debtor and Cashyew because of the time associated with seeking a discovery hearing and compelling the Debtor and Cashyew to provide documents. The Debtor's most recent defense is to seek a Rule 2004 Examination of Ringba and its principals as a "tit for tat." Indeed, when Ringba indicated that it would like to verbally examine Cashyew and the Debtor, Mr. Cimino then indicated in an email that he was going to seek the depositions of Messrs. Young and Harrison. The Debtor, true to his word, last evening filed its

125883695.1

1

*Ex Parte* Motion for Order Authorizing Rule 2004 Examination of Creditor Ringba, LLC's Agents Adam Young and Harrison Gurvitz (the "Rule 2004 Motion"). However, in the Rule 2004 Motion, Exhibit A, Interrogatories, the Debtor has purposely, and contrary to a Protective Order entered in the State Court Litigation (as defined below), disclosed highly confidential information that is subject to an Attorneys' Eyes Only (AEO) designation. This information in no way should be part of a public document. Mr. O'Hare and his counsel, Mr. Cimino, know that this information is highly confidential and have purposely and in bad faith disclosed this information in an attempt to leverage their position in resisting and preventing the oral examinations of Cashew and the Debtor, through their principals, Mr. and Mr. O'Hare. Accordingly, Ringba, requests, on an emergency basis, that the Rule 2004 Motion and all Exhibits be sealed, and access be restricted as more fully set forth below.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(a) and (b). This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## PROCEDURAL BACKGROUND

3. DNC and TCPA List Sanitizer, LLC (the "Debtor") filed for relief under Chapter 11 of the Bankruptcy Code on May 16, 2024 (the "Petition Date"). In its Voluntary Petition, the Debtor elected to proceed under Subchapter V of Chapter 11.

4. The Debtor is primarily owned by Cashyew Holdings Inc. ("Cashyew"), which holds a 99% equity interest in the Debtor. The remaining ownership interests in the Debtor are held by Michael O'Hare (.50%), the Debtor's CEO, and Tatiana O'Hare (.50%), the Debtor's

Secretary. *See* Statement of Financial Affairs No. 28. Cashyew is wholly owned by the O'Hares. *See* Report (as defined below), ¶ 8.

5. Joli A. Lofstedt, Esq. is the duly appointed and acting Subchapter V Trustee (the "Trustee") in the Debtor's bankruptcy case.

6. Ringba is listed on the Debtor's Schedule F as an unsecured creditor in the amount of $640,415.00 as a *disputed* creditor relating to a "Judgment entered for attorneys' fees and costs." *See* Schedule F, 3.1. The Judgment stems from an Order re Forthwith Request for Emergency Hearing and terminating sanctions entered by the District Court, El Paso County, Colorado in Case No. 2021CV31668 (the "State Court Litigation"). In the State Court Litigation, the El Paso County District Court (the "State Court") entered terminating sanctions against the Debtor for its concealment of evidence and recordings that went to the heart of the State Court Litigation. The Debtor has appealed the Judgment awarding the attorneys' fees and costs to the Colorado Court of Appeals in Court of Appeals Case No. 2024CA265. The Debtor has also appealed three other orders entered by the State Court in Court of Appeals Case No. 2023CA891.

7. Early in the case, Ringba filed its *Ex Parte* Motion for Order Authorizing Rule 2004 Examination of Debtor DNC and TCPA List Sanitizer, LLC and Cashyew Holding (the "2004 Motion"). *See* Docket No. 22. The Court granted the 2004 Motion on May 31, 2024. *See* Docket No. 24. Rule 2004 Examinations are set for Cashyew and the Debtor on September 5-6, 2024.

8. On August 14, 2024, Debtor filed its Subchapter V plan pursuant to Section 1189(b) (the "Plan"). *See* Docket No. 123. The Court has set a confirmation hearing for October 3, 2024. *See* Docket No. 127.

125883695.1

**REQUESTED RELIEF**

9. By and through this Motion and pursuant to 11 U.S.C. § 107 and FED. R. BANKR. P. 9018, Ringba requests that the Court enter an Order sealing the Rule 2004 Motion that is found at Docket No. 135 and any exhibits attached thereto, including, but not limited to Exhibit 135-1. The information set forth in Exhibit A found at Docket No. 135-1 is irrelevant to the Debtor's Bankruptcy Case, but even more importantly is subject to a Protective Order and AEO designation in the State Court Litigation. The Debtor's inclusion of this information is purposeful, in bad faith and subjects the Debtor, Mr. O'Hare and his current and former counsel to contempt in the State Court Litigation. Because information set forth in the Rule 2004 Motion is highly confidential and subject to a protective order and AEO designation in the State Court Litigation, Ringba requests the Court seal and restrict access to the Rule 2004 Motion found at Docket No. 135, including any and all Exhibits attached thereto, including, but not limited to Docket No 135-1.

**DISCUSSION**

10. Section 107(b) of the Bankruptcy Code provides, in relevant part that "[o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may – (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ."

11. FED. R. BANKR. P. 9018 similarly provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which just requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . . If an order is entered under this rule without notice, any entity

125883695.1

4

affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion."

12. As set forth above, certain information contained in the Rule 2004 Motion, and specifically, Exhibit A attached thereto, are subject to a protective order and AEO designation in the State Court Litigation. This information is subject to this heightened confidentiality because of its subject matter and because of the parties' agreement in the State Court Litigation that it was "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that should have never been set forth in a public document. The fact that it was set forth purposely and in bad faith subjects the Debtor, Mr. O'Hare and his counsel to contempt in the State Court Litigation. However, before seeking the same, it is imperative that this Court seal and restrict access to the Rule 2004 Motion and any Exhibits thereto.

13. Ringba's request in this Motion is the least restrictive and prejudicial alternative to prevent the dissemination of the referenced sensitive information. Creditors and parties-in-interest have absolutely no need to have access to the information set forth in Exhibit A to the Rule 2004 Motion.

14. On August 29, 2024, at approximately 8:00 a.m., and after reviewing the Rule 2004 Motion with Ringba, undersigned counsel immediately contacted Mr. Cimino via email and left a voicemail setting forth the Debtor's contemptuous behavior and requested a response to whether this Motion would be uncontested. **On August 29, 2024, at approximately 10:00 a.m., undersigned counsel spoke with Debtor's counsel via telephone who indicated the Emergency Motion is Unopposed.**

WHEREFORE, Adam Young, Tubmanburg Limited and Ringba, LLC respectfully requests that the Court enter an Order sealing and restricting access to the Rule 2004 Motion

125883695.1

5

found at Docket No. 135 and any attachments or Exhibits attached to the Rule 2004 Motion, including, but not limited to Docket No. 135-1; and requests such other and further relief as the Court deems appropriate.

Respectfully submitted this 29th day of August, 2024.

                                           LEWIS ROCA ROTHGERBER CHRISTIE LLP

                                           *s/ Chad S. Caby*
                                           Chad S. Caby, No. 30927
                                           S. Wilson Collins, No. 59504
                                           1601 19th Street, Suite 1000
                                           Denver, CO 80202
                                           Tel:     303-628-9549
                                           E-mail:  ccaby@lewisroca.com
                                                                 wcollins@lewisroca.com

                                           *Attorneys for Adam Young, Tubmanburg Limited and Ringba, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on August 29, 2024, a true and correct copy of the **UNOPPOSED EMERGENCY MOTION TO SEAL *EX PARTE* MOTION FOR ORDER AUTHORIZING RULE 2004 EXAMINATION OF CREDITOR RINGBA, LLC'S AGENTS ADAM YOUNG AND HARRISON GURVITZ** was electronically filed and served via CM/ECF, which action caused automatic electronic notice of such filing upon all parties in interest in this matter as follows:

John Cimino, Esq.
CIMINO LAW OFFICE, LLC
5500 E. Yale Ave., #201A
Denver, CO 80222
Via: CM/ECF

*Counsel for Debtor*

Alan K. Motes, Esq.
Byron G. Rogers Federal Bldg.
1961 Stout St., Ste. 12-200
Denver, CO 80294
Via: CM/ECF

*Counsel for U.S. Trustee*

Jeffrey Cohen, Esq.
COHEN, LLC
1600 Broadway, Suite 1660
Denver, CO 80202
Via: CM/ECF

*Counsel for Cohen, LLC*

Joli A. Lofstedt, Esq.
PO Box 270561
Louisville, CO 80027
Via: CM/ECF

*Subchapter V Trustee*

Peter A. Cal, Esq.
John S. Gray, Esq.
SHERMAN & HOWARD L.L.C.
675 Fifteenth Street, Suite 2300
Denver, CO 80202
Via: CM/ECF

*Counsel for Creditor JPMorgan Chase Bank, N.A.*

Arthur Lindquist-Kleissler, Esq.
LINDQUIST-KLEISSLER & COMPANY, LLC
950 S. Cherry Street, Suite 418
Denver, CO 80246
Via: CM/ECF

*Counsel for Cashyew Holding, LLC*

*s/ Jennifer Eastin*
Of: Lewis Roca Rothgerber Christie LLP

125883695.1