# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

In re:

DNC and TCPA LIST SANITIZER, LLC,

Debtor.

Case No. 24-12624 KHT
Chapter 11

## ORDER DENYING MOTION FOR 2004 EXAMINATION

THIS MATTER comes before the Court on the *Ex Parte Motion for Order Authorizing Rule 2004 Examination of Creditor Ringba, LLC's Agents Adam Young and Harrison Gurvitz* (the "Motion," docket #135), filed by the Debtor.

> Although the scope of the examination permitted under Rule 2004 is broad, it is not without limits. *In re Strecker*, [251 B.R. 878, 882 (Bankr. D.Colo. 2000)]. Examination of a witness as to matters having no relationship to the debtor's affairs or no effect on the administration of his estate is improper. *In re Johns–Manville Corp.*, 42 B.R. 362, 364 (S.D.N.Y. 1984). Similarly, while Rule 2004 permits examinations of "third parties," the language of the rule makes it "evident that an examination may be had only of those persons possessing knowledge of the debtor's acts, conduct or financial affairs so far as it relates to a debtor's proceeding in bankruptcy." *In re GHR Energy Corp.*, 35 B.R. 534, 537 (Bankr. D.Mass. 1983). It is equally clear that Rule 2004 "may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs." *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D.Ill. 1985).

*In re Gay*, No. 16-10322-JDL, 2016 WL 1622325, at *2 (Bankr. W.D. Okla. Apr. 21, 2016). Here, Debtor has not shown the proposed examination(s) fall within the appropriate scope of Fed. R. Bankr. P. 2004.

Accordingly, it is HEREBY ORDERED that the Motion is DENIED.

Dated August 30, 2024

BY THE COURT:

Kimberley H. Tyson
United States Bankruptcy Judge