# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | ) Case No. 24-12624 KHT |
| | ) |
| DNC and TCPA Sanitizer List, LLC, | ) Chapter 11 |
| | ) |
| Debtor. | ) |

## *EX PARTE* MOTION FOR ORDER AUTHORIZING RULE 2004 EXAMINATION OF CREDITOR GARY TUCKER, ATTORNEY

Debtor, DNC and TCPA Sanitizer List, LLC ("debtor"), by and through its counsel, CIMINO LAW OFFICE, LLC, respectfully moves this Court for an Order authorizing the examination of creditor Gary Tucker, attorney, pursuant to FED. R. BANKR. P. 2004. In support hereof, Debtor states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(a) and (b). This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), (J), and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

### PROCEDURAL BACKGROUND

3. DNC and TCPA List Sanitizer, LLC (the "Debtor") filed for relief under Chapter 11 of the Bankruptcy Code on May 16, 2024 (the "Petition Date"). In its Voluntary Petition, the Debtor elected to proceed under Subchapter V of Chapter 11. Debtor's 341(a) Meetings of Creditors was held on June 10, 2024 at 12:00 p.m. (the "Creditors' Meeting").

4. Joli A. Lofstedt, Esq. is the duly appointed and acting Subchapter V Trustee (the "Trustee") in the Debtor's bankruptcy case.

5. Gary Tucker is an attorney and a creditor of the debtor, as listed on the Debtor's Schedule F as an unsecured creditor in the amount of approximately $2,800.00. Creditor appears to have two separate mailing addresses, namely:[1]

    a. 1600 Broadway, Suite 1660, Denver, Colorado 80202 (his proof of claim on file)

    b. 501 South Cherry Creek Street, 11th Floor 224, Denver, CO 80246 (Colorado Attorney Regulation)

## DISCUSSION

6. FED. R. BANKR. P. 2004 provides that the Court may order the examination of any entity on motion of a party in interest. Such examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." FED. R. BANKR. P. 2004(b).

7. Rule 2004 "is a basic discovery device used in bankruptcy cases." *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267, 275 (D. Colo. 1991). Rule 2004 permits the party invoking it to undertake a broad inquiry of the examinee, and has been likened to a "fishing expedition," although its use is not unlimited. *See Blinder*, 127 B.R. at 274; *see also In re Valley Forge Plaza Assoc.*, 109 B.R. 669, 674 (E.D. Pa. 1990) ("The scope of a [Rule] 2004 examination is even broader than that of discovery permitted under the FED. R. CIV. P., which themselves contemplate broad, easy access to discovery.").

---

[1] Mr. Tucker is not registered to file documents with this court electronically. It is unclear if that also prevents him from receiving electronic notices and pleadings.

8. Furthermore, "Rule 2004(c) states that *all entities* may be compelled to attend the examination n or produce documents by the manner provided in Bankruptcy Rule 9016 for the attendance of witnesses at a hearing or trial. Bankruptcy Rule 9016 incorporates Federal Rule of Civil Procedure 45, which allows issuance of a subpoena for witness or document production." *In re Augustus*, 2007 WL 172525 *2 (Bankr. S.D. Tex. Jan. 18, 2007) (unpublished disposition) (emphasis added).

9. Pursuant to FED. R. BANKR. P. 2004 and L.B.R. 2004-1, debtor seeks authority to take the Rule 2004 examination of Mr. Tucker to determine where he offices and if he is receiving mail sent to him by undersigned counsel. On July 24, 2024 and on August 9, 2024, Debtor through counsel sent mail to Mr. Tucker both of which were returned. The July 24, 2024 letter was returned as not deliverable and the August 9, 2024 letter was opened but returned by hand delivery to undersigned. Debtor may also inquire as to the basis for Mr. Tucker's claim to determine if the transcripts purchased by him are necessary for this bankruptcy or any other proceeding and where those transcripts are now.

10. The aforesaid facts and circumstances establish cause for this Court to order a Rule 2004 examination of Mr. Tucker pursuant to FED. R. BANKR. P. 2004(c) and 9016 and FED. R. CIV. P. 45.

WHEREFORE, Debtor respectfully requests that the Court enter an Order authorizing it to conduct a Rule 2004 Examination of attorney Gary Tucker and requests such other and further relief as the Court deems appropriate including the issuance of a subpoena if necessary.

Respectfully submitted this 30th day of August, 2024.

By: /s/ *John A. Cimino*
John A. Cimino, Esq., #14032
CIMINO LAW OFFICE, LLC.
5500 East Yale Ave., Suite 201A
Denver, CO 80222
E-mail: JC925AVE@yahoo.com
Telephone: 720-434-0434

Attorney for Debtor

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the 30th day of August, 2024, a true and correct copy of the foregoing ***EX PARTE* MOTION FOR ORDER AUTHORIZING RULE 2004 EXAMINATION OF GARY TUCKER** was electronically filed and served via CM/ECF pursuant to L.B.R. 9036-1, which action caused automatic electronic notice of such filing upon all parties in interest in this matter as follows:

Chad S. Caby
1601 19th Street, Suite 1000
Denver, CO 80202
Tel: 303-628-9583
Fax: 303-623-9222
E-mail: ccaby@lewisroca.com

*Attorneys for Adam Young, Tubmanburg Limited and Ringba, LLC*

Alan K. Motes, Esq.
Byron G. Rogers Federal Bldg.
1961 Stout St., Ste. 12-200
Denver, CO 80294
Via: CM/ECF

*Counsel for U.S. Trustee*

Joli A. Lofstedt, Esq.
PO Box 270561
Louisville, CO 80027
Via: CM/ECF

*Subchapter V Trustee*

All creditors requesting electronic service

And by U.S. Mail, first class postage prepaid:

Gary Tucker, Esq.
1600 Broadway, Suite 1660
Denver, CO 80202

Gary Tucker, Esq.
501 South Cherry Creek Street, 11th Floor 224
Denver, CO 80246

By: */s/ John A. Cimino*
John A. Cimino, Esq., #14032

5