UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | Case No. 24-12624 KHT |
| | ) | |
| DNC and TCPA List Sanitizer, LLC, | ) | Chapter 11, Subchapter V |
| EIN: 83-3868704, | ) | |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

Debtor and Debtor in Possession, DNC and TCPA List Sanitizer, LLC, by and through its counsel, John Cimino of Cimino Law Office, LLC for its motion pursuant to 11 U.S.C. §363(c)(2) and Bankruptcy Rules 4001 (b) and 9014 for an order authorizing the Debtor's use of cash collateral, setting a final hearing on the use of cash collateral, and providing adequate protection to properly perfected secured creditors, respectfully states as follows:

## BACKGROUND

1. The Debtor filed for relief on May 16, 2024 pursuant to Chapter 11, Subchapter V of the Bankruptcy Code ("Petition Date"). The Debtor remains in possession and is in operation of its business pursuant to 11 U.S.C. §§ 1107, 1108 and 1182.

2. The Debtor is an internet-based business with no fixed assets save some computers and office furniture. Its primary "asset" is intellectual property, computer source code, its customer list and a database of individuals who do not want to be called by unsolicited marketers.

### A. Parties with Interests in Accounts and Revenue

3. The Debtor has one secured creditor, JP Morgan Chase Bank, NA (hereinafter "Chase"). On August 8, 2023, Debtor signed a note and security interest with creditor for a loan in the amount of $86,329.98. The loan is secured by "all inventory, chattel paper, accounts, equipment and general intangibles." Chase perfected its interest with the filing of a UCC-1 Financing Statement on August 9, 2023. Chase is owed $80,247.78 as of June 24, 2024 pursuant to the proof of claim filed by Chase on July 2, 2024.[1]

### B. Assets on the Date of Filing

4. Debtor's assets owned on the date of the filing of the Petitioner were nominal, consisting of the Debtor's client list, computer source code and database. Debtor did have bank funds that were the subject of an execution levy in the approximate sum of $20,000.00 which were released to the Debtor upon filing of the Petition. Debtor believes its company is worth approximately $70,000.00 as of the date of filing of the Petition, not including present value of future cash flow.

5. Debtor may use the cash collateral to continue its business operations post-petition and to maintain business operations.

6. Debtor is replacing its cash in the ordinary course of its operations on a daily basis.

---

[1] Candidly, it is not clear that Chase is a secured creditor. The loan documents and the filed UCC-1 do not include the correct name of the debtor, "LLC" is omitted from the creditor's name. Debtor reserves its rights on this issue. See Exhibit B, incorrect UCC-1.

## RELIEF REQUESTED

7. The Debtor plans to continue operation of its businesses throughout the Chapter 11 case and propose a Plan of Reorganization which provides for the continuation of the Debtor's business. It is only through a Plan that unsecured creditors will see a recovery on account of their claims. Debtor anticipates that it will pay all creditors including Chase 100% of allowed claims.

8. In order to pay necessary operating expenses, Debtor must immediately use cash collateral in which Chase may have an interest. Debtor proposes to use cash collateral on an interim basis until such time as the Court schedules a final hearing on the use of cash collateral. At the final hearing, the Debtor will seek relief to use cash collateral during the term of this Chapter 11 case.

9. Debtor's revenue and available cash is derived from internet sales. Without the use of cash collateral, the Debtor will have insufficient funding for business operations. Therefore, the Debtor's use of cash collateral during the interim period is necessary to avoid immediate and irreparable harm to the estate. Without the use of cash collateral, the Debtor will not be able to pay costs associated with ongoing operations.

10. The Debtor will be generating accounts, cash, and cash equivalents in the course of its daily operations and will have sufficient revenue to maintain operations and preserve assets. Debtor's cash flow has consistently been positive.

11. Debtor has been voluntarily paying Chase $5,000 per month to pay down the loan and will continue to do so with the Court's permission until a Plan of Reorganization is approved or as otherwise ordered by the Court.

12. In order to provide adequate protection for the Debtor's use of cash collateral in which Chase holds an interest, the Debtor proposes adequate protection for Chase with a lien on

cash collateral as set forth below. The proposal provides the following treatment on account of cash collateral:

a. will provide the Chase with a post-petition lien on all post-petition accounts receivables, contracts and income derived from the operation of its business and assets, to the extent that the use of the cash results in a decrease in the value of the Chase's interest in the collateral pursuant to 11 U.S.C. § 361(2). All replacement liens will hold the same relative priority to assets as did the pre-petition liens;

b. Debtor will only use cash collateral in accordance with the Budget attached to this Motion as Exhibit A subject to a deviation on line item expenses not to exceed 10% without the prior agreement of the Chase or an order of the Court;

c. Debtor will keep Chase collateral fully insured in an amount consistent with pre-petition coverage;

d. Debtor will provide the Chase with a complete accounting, on a monthly basis, of all revenue, expenditures, and collections through the filing of the Debtor's Monthly Operating Reports and the same reporting as was provided on a prepetition basis; and

e. The Debtor will maintain in normal operation their business as it existed prepetition in order to maintain the value of the business.

f. Should the Debtor default in the provision of adequate protection, the Debtor's approved use of cash collateral will cease and the Chase will have the opportunity to obtain further relief from this Court, on notice to the Debtor.

g. Debtor's continued operations require the ongoing use of cash collateral. Without use of cash collateral, the Debtor may need to immediately cease operations.

h.  Debtor's request to use cash collateral is made with a complete reservation of rights of secured creditors to their various claims and lien positions in and to the Debtor's assets.

i.  Approval of the Debtor's use of cash collateral in accordance with this Motion is, on an interim basis and a final basis, in the best interest of the Debtor, its creditors and the estates as it will allow the Debtor to maintain ongoing business operations, allow the Debtor to generate revenue, and provide the Debtor with an opportunity to propose a meaningful Plan.

**RELIEF REQUESTED ON AN INTERIM EMERGENCY BASIS**

Without the immediate use of cash collateral, the Debtor may not be able to fund ongoing business operations.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, authorizing the Debtor's use of cash collateral in accordance with this Motion, authorize the Debtor to provide adequate protection to the Chase of $5,000.00 per month with an interest in cash collateral in the form of that set forth herein, and for such further and additional relief as to the Court may appear proper.

DATED: September 10, 2024

Respectfully submitted,

/s/ John A. Cimino, Esq.
John A. Cimino, #14032
CIMINO LAW OFFICE, LLC
5500 East Yale Avenue, Suite 201a
Denver, CO 80222
Phone: 720 434 0434
Email: JC925Ave@yahoo.com
Attorney for Debtor