IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DNC and TCPA LIST SANITIZER, LLC | ) | Case No. 24-12624-KHT |
| | ) | Chapter 11, Subchapter V |
| Debtor. | ) | |
| | ) | |

**OBJECTION OF SECURED CREDITOR JPMORGAN CHASE BANK, N.A. TO DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

JPMorgan Chase Bank, N.A. ("Chase"), through its attorneys Sherman & Howard L.L.C., hereby objects to the Debtor's Motion for Authority to Use Cash Collateral (the "Cash Collateral Motion") (Docket No. 149). In support, Chase states as follows:

1.      On May 16, 2024 (the "Petition Date"), DNC and TCPA List Sanitizer, LLC (the "Debtor")[1] filed a voluntary bankruptcy petition under Chapter 11 Subchapter V of Title 11 of the United States Code (the "Bankruptcy Code").

2.      The Debtor continues to operate its business as a debtor-in-possession.

3.      Joli A. Lofstedt, Esq. is the Subchapter V Trustee.

4.      Chase has a properly perfected, first-priority security interest in substantially all the Debtor's assets, including cash collateral. Chase objected to the use of cash collateral and requested that its cash collateral be segregated. *See* Notice of Non-Consent to Debtor's Use of Cash Collateral (Docket No. 50). On July 2, 2024, Chase timely filed its proof of claim asserting a secured claim for $86,329.98 (Proof of Claim No. 6).

5.      Chase continues to object to the use of cash collateral and requests that cash collateral be segregated and accounted for.

6.      Chase previously negotiated a cash collateral stipulation with the Debtor. On August 28, 2024, the Debtor sought approval of the cash collateral stipulation on an ex parte basis. *See* Debtor's Ex Parte Motion to Approve Stipulated Final Cash Collateral Agreement

---

[1] The Debtor filed its petition under the name "DNC and TCPA List Sanitizer, LLC" but its official name, per the Colorado Secretary of State, is "DNC and TCPA List Sanitizer."

(the "Ex Parte Cash Collateral Motion") (Docket No. 134).[2]  By order entered on August 30, 2024, the Court denied the Ex Parte Cash Collateral Motion (Docket No. 139).

7.      On September 10, 2024, creditors Adam Young, Tubmanburg Limited, and Ringba, LLC filed a Motion to Convert Chapter 11 Case to Chapter 7 Pursuant to 11 U.S.C. § 1112(b) Filed by Adam Young, Tubmanburg Limited and Ringba, LLC (the "Motion to Convert") (Docket No. 151).  The hearing on the Motion to Convert is set for October 8, 2024, and the objection deadline is September 24, 2024 (Docket No. 152).

8.      Chase objects to the use of cash collateral until the Court rules on the Motion to Convert.  Chase submits that the Court should rule on the Motion to Convert prior to ruling on the Cash Collateral Motion.  Depending on the Court's ruling on the Motion to Convert, the Cash Collateral Motion may be moot.

9.      Assuming the Court does not grant the Motion to Convert, Chase would agree to the use of cash collateral on the following terms:

a.      The Debtor would be authorized to pay not more than $40,000 to Cashyew Holding[3] each month;

b.      The Debtor would be authorized to use not more than $15,000 each month for its operating expenses, subject to the Debtor filing a budget showing the specific expenses to be paid;

c.      The Debtor would be directed to pay $5,000 to Chase each month as an adequate protection payment (the "Adequate Protection Payments")[4];

d.      The Debtor would be required to provide to Chase a report of all accounts receivable received and expenses paid in the prior month that reflects any variations from terms authorized in subparagraphs 9(a)-(c);

e.      Any remaining funds would remain in the Debtor's post-petition account subject to Chase's security interest;

f.      Chase would have an automatically perfected, first priority lien and security interest in Cash Collateral including, but not limited to, all accounts, contract rights and accounts receivable generated by the Debtor post-petition to the extent the Debtor's use of Cash Collateral results in a decrease in the value of Chase's interest in Cash Collateral;

---

[2] Chase did not know the Debtor would seek approval of the cash collateral stipulation on an ex parte basis.

[3] The Debtor has at various times referred to Cashyew Holding as "Cashyew Holdings, Inc." and "Cashyew Holdings, LLC." The Colorado Secretary of State's Business Index shows that its registered name is Cashyew Holding.

[4] The Debtor wrongly described the Adequate Protection Payments as being intended to pay down the Debtor's loan to Chase in the Cash Collateral Motion.

g.      All terms and provisions of the order authorizing the use of Cash Collateral including would be binding on the Debtor, the bankruptcy estate, and any subsequently appointed trustee under either Chapter 7 or 11 of the Bankruptcy Code;

h.      Chase would have a superpriority administrative claim pursuant to Sections 361(2), 363(c)(2), 364(d)(1), 503(b)(1), and 507(b) of the Bankruptcy Code to the extent the Debtor's use of Cash Collateral results in a decrease in the value of Chase's interest in Cash Collateral;

i.      Default under the cash collateral order would include the following (each, an "Event of Default"):

      i.      Failure to timely pay any of the Adequate Protection Payments;

      ii.     Failure to comply with the reporting of information provided required by this Order;

      iii.    The conversion of the bankruptcy case to a case under Chapter 7;

      iv.     The appointment of a Trustee (other than the Subchapter V Trustee) in the bankruptcy case;

      v.      The failure of the Debtor to maintain in good condition any equipment in which Chase has a security interest;

      vi.     The failure of the Debtor to stay current on post-petition taxes; and

      vii.    The failure of the Debtor to maintain insurance on the Chase collateral, as required by the underlying loan documents;

j.      If the Debtor fails to timely make any Adequate Protection Payment, or if any other Event of Default occurs, then the Debtor shall have five (5) business days after written notice thereof to the Debtor by Chase to cure such default and such notice shall also be filed with the Bankruptcy Court. Upon the occurrence of a Default which is not timely cured, Chase's consent to the use of Cash Collateral shall automatically and immediately terminate without further Court Order;

k.      Any order approving the use of cash collateral would not waive or limit in any way the right of Chase to request relief from the automatic stay under § 362 of the Bankruptcy Code and to seek additional adequate protection; and

l.      The Debtor would provide agreed-upon financial reporting to Chase.

m.      Notwithstanding the expiration of the Debtor's right to use Cash Collateral, the conversion of this case to a case under Chapter 7, or the appointment of a Trustee other than the Subchapter V Trustee, or any Event of Default by the Debtor, the rights, security

interests, liens, priorities, claims, and adequate protection provided to Chase shall survive and continue in full force and effect.

10.     For these reasons, Chase objects to the use of cash collateral until the Court rules on the Motion to Convert. Chase requests that the Debtor segregate and account for cash collateral. Chase further requests adequate protection of its interest in cash collateral as stated above.

WHEREFORE, Chase respectfully requests that the Court enter an Order allowing the use of Cash Collateral only to the extent consistent with this objection and granting Chase such additional relief as the Court deems proper.

DATED this 18th day of September, 2024

SHERMAN & HOWARD L.L.C.

*s/ Peter A. Cal*

Peter A. Cal
John Gray
675 Fifteenth Street, Suite 2300
Denver, Colorado 80202
Telephone: (303) 297-2900
Facsimile: (303) 298-0940
E-mail: pcal@shermanhoward.com
        jgray@shermanhoward.com

**Attorneys for Creditor JPMorgan Chase Bank, N.A.**

59235297.1

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on September 18, 2024, I electronically filed the foregoing **OBJECTION OF SECURED CREDITOR JPMORGAN CHASE BANK, N.A. TO DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

John Cinimo, Esq.
JC925Ave@yahoo.com

Alan K. Motes, Esq.
Alan.Motes@usdoj.gov

U.S. Trustee
USTPRegion19.DV.ECF@usdoj.gov

Joli A. Lofstedt, Esq.
joli@jaltrustee.com

Chad S. Caby, Esq.
ccaby@lewisroca.com

*s/ Laura J. Kostyk*
Laura J. Kostyk

59235297.1