IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 24-12624-KHT |
| DNC and TCPA LIST SANITIZER, LLC, ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**JOINDER OF GLEGAL, LLC AND COHEN, LLC TO ADAM YOUNG, TUBMANBURG LIMITED AND RINGBA, LLC'S MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7 PURSUANT TO U.S.C. § 1112(b)**

Creditors GLegal, LLC ("GLegal") and Cohen, LLC ("Cohen" and collectively "Creditors") by and through their respective undersigned counsel, hereby submit this joinder (the "Joinder") to Adam Young, Tubmanburg Limited and Ringba, LLC's Motion to Convert Chapter 11 Case to Chapter 7 Pursuant to 11 U.S.C. § 1112(b) (Docket No. 151) (the "Motion"). In support of the Joinder, Creditors respectfully state as follows:

1. On May 16, 2024 (the "Petition Date"), DNC and TCPA List Sanitizer, LLC (the "Debtor") filed a petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code. *See* Docket No. 1.

2. On or about June 28, 2024, GLegal filed its proof of claim stemming from fees owed to GLegal associated with its representation of Debtor in a state court litigation matter.

3. GLegal's proof of claim seeks payment in the amount of $2,528.70.

4. On or about July 22, 2024 and July 23, 2024, Cohen filed two proof of claims stemming from fees owed to Cohen associated with its representation of Debtor in a state court litigation matter.

1

5. Cohen's proof of claims seeks payment in the amount of $400,976.23.

6. On September 10, 2024, Adam Young, Tubmanburg Limited and Ringba, LLC (collectively, Ringba") filed the Motion.

7. As a "party in interest" under the Bankruptcy Code, a creditor has standing to request a conversion. *See* 11 U.S.C. § 1109(b)[1] (noting that the term party in interest includes "a creditor").

8. Thus, as creditors, GLegal and Cohen have standing to request a conversion of this matter.

9. Absent unusual circumstances, Section 1112(b) of the Bankruptcy Code requires a court to convert a Chapter 11 case to a case under Chapter 7 if a party in interest establishes "cause." 11 U.S.C. § 1112(b).

10. Section 1112(b)(4) contains a non-exhaustive list of items that constitute cause for conversion. *See Hall v. Vance,* 887 F.2d 1041, 1044 (10th Cir. 1989) (stating list of enumerated grounds is not exclusive); *In re Muth*, 2014 WL 1712527, at *8 n.29 ("[Section 1112(b)(4)] sets forth non-exclusive grounds for cause."); 7 Collier on Bankruptcy, ¶ 1112.04[6], at 1112-27 (16th ed. rev. 2011) ("Courts that have analyzed section 1112(b)(4) almost unanimously conclude that the list of the items that constitutes cause is not exclusive….").

11. Here, and as Ringba correctly points out in the Motion, this Court need look no further than the first example listed in Section 1112(b)(4) – the "substantial or continuing loss to

---

[1] Section 1109 of the Bankruptcy Code is applicable to petitions for relief under Subchapter V. *See* 11 U.S.C. § 1181(a).

or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" – to find cause constituting a conversation. 11 U.S.C. § 1112(b)(4)(A).

12. Moreover, as Ringba contends in its Motion:

"As applicable to the Debtor's Bankruptcy Case, case includes, but is not limited to, the Debtor's: (i) bad faith State Court litigation conduct and bankruptcy filing to avoid funding a supersedeas bond relating to two appeals; (ii) unauthorized use of cash collateral; (iii) unauthorized pre and postpetition payments to [Debtor's principals and wholly-owned parent company] that have led to a substantial and continuing diminution of the estate; (iv) failure to file complete and accurate monthly operating reports; (v) failure to file a plan that has a reasonable prospect of being confirmed in a reasonable amount of time; and (vi) the Debtor's principals conflicts of interest in investigating and pursuing possible preference and fraudulent conveyance claims against themselves and [their wholly-owned parent company]."

*See* Motion at ¶ 19.

13. Creditors agree with all of the above points made by Ringba and hereby incorporate Ringba's Motion as if fully stated herein.

14. For the reasons set forth above and in the Motion, Creditors agree with Ringba that cause exists for converting Debtor's case to Chapter 7, and that no special circumstances merit allowing Debtor to continue in Chapter 11. Thus, Creditors respectfully request that this case be converted to Chapter 7.

WHEREFORE, Creditors GLegal, LLC and Cohen, LLC join Adam Young, Tubmanburg Limited and Ringba, LLC in their request for conversion and respectfully requests that the Bankruptcy Court grant the Motion and convert this case from Chapter 11 to Chapter 7.

Respectfully submitted this 19th day of September, 2024.

Treece Alfrey Musat P.C.

*s/ RDR*
Reza D. Rismani
Jason D. Cooper
633 17th Street, Suite 2200
Denver, Colorado 80202
Tel: 303-292-2700
Email: rrismani@tamlegal.com
jcooper@tamlegal.com

*Attorneys for Creditor GLegal, LLC*


Cohen, LLC

*s/ Jeffrey Cohen*
Jeffrey Cohen
1600- Broadway, Suite 1660
Denver, Colorado 80202
Tel: 303-524-3636
Email: jcohen@cohentrial.com

*Attorney for Creditor Cohen, LLC*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 19, 2024, the foregoing was electronically filed and served via CM/ECF pursuant to L.B.R. 9036-1, which action caused automatic electronic notice of such filing to all parties in interest in this matter as follows:

John Cimino, Esq.
CIMINO LAW OFFICE, LLC
5500 E. Yale Ave., #201A
Denver, CO 80222
Via: CM/ECF

*Counsel for Debtor*

Joli A. Lofstedt, Esq.
PO Box 270561
Louisville, CO 80027
Via: CM/ECF

*Subchapter V Trustee*

Alan K. Motes, Esq.
Byron G. Rogers Federal Bldg.
1961 Stout St., Ste. 12-200
Denver, CO 80294
Via: CM/ECF

*Counsel for U.S. Trustee*

Arthur Lindquist-Kleissler, Esq.
LINDQUIST-KLEISSLER & COMPANY, LLC
950 S. Cherry Street, Suite 418
Denver, CO 80246
Via: CM/ECF

*Counsel for Cashyew Holding, LLC*

Gary Tucker, Esq.
1600 Broadway, Suite 1660
Denver, CO 80202
Via: CM/ECF

*Counsel for Glegal, LLC*

Peter A. Cal, Esq.
John S. Gray, Esq.
SHERMAN & HOWARD L.L.C.
675 Fifteenth Street, Suite 2300
Denver, CO 80202
Via: CM/ECF

*Counsel for JPMorgan Chase Bank, N.A.*

*s/ Samantha Dreiling*
Saamantha Dreiling

5