# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>DNC and TCPA LIST SANITIZER, LLC,<br><br>Debtor. | Case No. 24-12624 KHT<br>Chapter 11 |

## ORDER ON PRE-HEARING MOTIONS

THIS MATTER comes before the Court on (1) *the Motion to Extend Filing Deadline for Witness and Exhibit List by One Day* (the "Cohen Motion," docket #157), filed by Creditor Cohen LLC ("Cohen"); and (2) the *Debtor's Motion To Preclude and Strike Creditor Jeffrey Cohen's Witnesses and Exhibits at Trial and/or to Strike His Objection to the Employment of Cimino Law Offices for Authorization to Commence Legal Malpractice Case Against Attorney Cohen and Other Lawyers* (the "Debtor Motion, docket #158), filed by Debtor DNC and TCPA List Sanitizer, LLC ("Debtor").  The Court has reviewed the motions and the file, is advised in the premises, and hereby finds and concludes as follows:

Debtor filed a motion to employ Cimino Law Office, LLC to represent it on a contingency fee basis to file a legal malpractice against Cohen (docket #37).  Cohen filed an objection (docket #49).  The court held a preliminary hearing on July 24, 2024, at which it set the matter for evidentiary hearing on Tuesday, September 24, 2024 (docket #101). The Court further ordered as follows:

> Any party intending to introduce any exhibits or call any witnesses at the scheduled hearing shall, on or before September 17, 2024, (a) deliver to the opposing side, a list and photocopies of the proposed exhibits pre-marked for identification (Debtor-Numbers, Objector-Letters) and a schedule of witnesses who may be called as well as a schedule of witnesses who will be called, and (b) file with the Court only the list of exhibits and schedules of witnesses who may or will be called.

*Id.*

The Court's records reflect Debtor filed its List of Witnesses and Exhibits (docket #153) at 11:40 p.m. MDT on September 17, 2024, and Cohen filed his List of Witnesses and Exhibits (docket #154) at 8:58 a.m. MDT on September 18, 2024.

In the Cohen Motion, Cohen explains he contacted Debtor's counsel on September 17 to see if the parties could file a joint exhibit list, and by that evening, when he had not heard back from Debtor's counsel, it was too late for him to access the Court's electronic filing system from his home.  He then filed his List of Witnesses and Exhibits the next morning.  In the Debtor Motion, Debtor asks the Court to preclude Cohen from introducing into evidence any listed exhibits or calling any witnesses.

Courts considering whether to exclude exhibits or witness testimony often consider four factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Smith v. Ford Motor Co.*, 626 F.2d 784, 797 (10th Cir. 1980) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n.*, 559 F.2d 894, 904-905 (3d Cir. 1977)).

Here, Debtor does not identify any prejudice or surprise caused by the short delay in Cohen's filing. Indeed, it appears most of the exhibits Cohen listed are the same as those Debtor listed, with the only exceptions being documents created by Debtor's counsel or familiar to Debtor's counsel. The Court cannot find allowing the listed witnesses and exhibits would disrupt the hearing, nor can the Court find Cohen acted in bad faith or willfully disregarded the Court's scheduling order.

The Court finds Cohen has shown good cause for a brief extension of the deadline to comply with the Court's order. The Court will grant the Cohen Motion and will deny the Debtor Motion to the extent it seeks to prevent Cohen from introducing exhibits or calling witnesses.

The Debtor Motion also asserts Cohen should be prevented from raising an argument not previously raised in Cohen's Objection (docket #49). The Court will consider this objection at the evidentiary hearing, at which time the Court can consider the proper context of the issues raised and disputes between the parties. The Court will therefore deny the Debtor Motion without prejudice to the extent it seeks to prevent Cohen from raising an argument not previously raised in his objection.

Accordingly,

IT IS HEREBY ORDERED that the Cohen Motion (docket #157) is GRANTED.

IT IS FURTHER ORDERED that the Debtor Motion (docket #158) is DENIED IN PART, to the extent it seeks to preclude Cohen from introducing into evidence any listed exhibits or calling any witnesses, and DENIED IN PART WITHOUT PREJUDICE, to the extent it seeks to preclude Cohen from raising an argument not previously raised.

Dated September 20, 2024

BY THE COURT:

Kimberley H. Tyson
United States Bankruptcy Judge