UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | Case No. 24-12624 KHT |
| | ) | |
| DNC and TCPA Sanitizer List, LLC | ) | Chapter 11, Subchapter V |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO RINGBA'S MOTION TO CONVERT OR DISMISS CASE (WITH LIMITED OBJECTION MADE HEREIN)**

Debtor, DNC and TCPA Sanitizer List, LLC, ("Debtor"), by and through its attorneys, CIMINO LAW OFFICE, LLC, for its motion for an enlargement of time to respond to Ringba's motion to convert or dismiss (with Limited Objection) respectfully states as follows:

1. Debtor filed its Voluntary Petition pursuant to Chapter 11, Subchapter V of the Bankruptcy Code on May 16, 2024 (the "Petition Date") and is operating as a debtor-in-possession.

2. Debtor was a plaintiff in state court litigation in El Paso County District Court, State of Colorado, styled "TCPA Litigator List vs. Ringba, LLC" case number 21 CV 31668. It brought an action against Ringba, LLC (hereinafter "Ringba") and others for alleged theft of trade secrets and other claims.

3. On September 10, 2024, Ringba filed a motion to convert or dismiss this case (hereinafter "motion"). Debtor asserts several reasons for more time to file a response to the motion to convert or dismiss. First, undersigned has been preparing for a hearing to be held on September 24, 2024 regarding his employment as trial counsel for an alleged legal malpractice case against various attorneys. Second, Debtor's owners need additional time to review the

lengthy motion to convert and discuss it with counsel. Third, Debtor is concerned that if this honorable court should remove undersigned counsel from the case, that Debtor should get new counsel to respond to the motion and argue it. Finally, Debtor wishes to inform the court that Debtor has a revised that plan that it has drafted and circulated that should satisfy the concerns of all creditors. That plan includes language suggested by creditor JPMorgan Chase and has been reviewed by the Trustee.

4. For its limited response, Debtor does not believe that conversion is in the best interests of the creditors. First, Debtor is on the verge of reaching a resolution with JPMorgan Chase Bank. The parties have been working on an agreed motion for authority to use cash collateral. Also, Debtor is considering paying JPMorgan Chase in full (subject to court approval by motion).

5. Most importantly, through August, 2024, Debtor's income was $453,948.00 as shown on the attached actual budget prepared by its employed certified public accountant, Mark Dennis. It is estimated that Debtor will continue to generate $100,000 per month in gross revenue for the foreseeable future ~ more than enough revenue to pay all allowed claims 100%.

6. Should this case be converted to a chapter 7, no one will be able to continue to profitably operate the company. The principal owner of the company, Michael O'Hare spends countless hours operating the company and it will cost thousands of dollars and manhours to replace him should the case be converted to chapter 7. A chapter 7 trustee cannot operate (nor will it know how to operate this company) for the benefit of creditors. See 11 U.S.C. §704 (a) Duties of trustee.[i]

7. Frankly, some of the creditors in this case just want to see the Debtor fail. For example, attorney claimant Gary Tucker (GLegal, LLC) is only owed approximately $2,400.00. Yet Mr. Tucker joined in the motion to convert. Why? He only wants to see the Debtor fail. There is no reason why Mr. Tucker would not want to be paid 100%.

8. Debtor respectfully requests an enlargement of time to October 3, 2024 in which to file a more extensive response to the motion to convert or dismiss. A hearing on the motion to convert is scheduled for October 8, 2024. A confirmation hearing is scheduled for October 3, 2024. Should the plan be confirmed, there will be no reason for the motion to convert hearing.

WHEREFORE, debtor respectfully requests that this honorable Court enter an order in the form attached hereto granting Debtor an enlargement of time to respond to the motion to convert until October 3, 2024 and grant such other and further relief as the Court deems just.

DATED this 23rd day of September, 2024.

Respectfully submitted,

By:*/s/ John A. Cimino*

John A. Cimino, Esq.,
#14032 **CIMINO LAW OFFICE, LLC.**
**5500 East Yale Ave., Suite 201A**
Denver, CO 80222
E-mail: JC925AVE@yahoo.com
Telephone: 720-434-0434

---

[i] To be sure, a trustee may seek authorization to operate a debtor's business, but that is not what Ringba seeks in its motion. 11 U.S.C. § 704 (a) (8). And candidly, in my 10 plus years of serving as a chapter 7 trustee and my 35 plus years of practicing bankruptcy law, it is impossible to recall an instance when a chapter 7 trustee operated a business.

CERTIFICATE OF SERVICE

I certify that on the 23RD day of September, 2024, I served a complete copy of the MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO RINGBA, LLC'S MOTION TO CONVERT OR DISMISS on the following parties electronically in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

Alan Motes, Esq.
US Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 80294

Chad Caby, Esq.

Joli Lofstedt, Trustee

Jeffrey Cohen, Esq.

Peter Cal, Esq.

And all those parties requesting electronic service

/s/ John Cimino

John Cimino