**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 24-12624 KHT |
| | ) | |
| DNC and TCPA Sanitizer List, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

---

**_EX PARTE_ MOTION FOR ORDER AUTHORIZING RULE 2004 EXAMINATION OF CREDITOR JEFFREY COHEN**

---

Debtor, DNC and TCPA Sanitizer List, LLC ("debtor"), by and through its counsel, CIMINO LAW OFFICE, LLC, respectfully moves this Court for an Order authorizing the examination of creditor Jeffrey Cohen, attorney, pursuant to FED. R. BANKR. P. 2004. In support hereof, Debtor states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Chapter 11 case pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(a) and (b). This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), (J), and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

**PROCEDURAL BACKGROUND**

3. DNC and TCPA List Sanitizer, LLC (the "Debtor") filed for relief under Chapter 11 of the Bankruptcy Code on May 16, 2024 (the "Petition Date"). In its Voluntary Petition, the Debtor elected to proceed under Subchapter V of Chapter 11.

4. Joli A. Lofstedt, Esq. is the duly appointed and acting Subchapter V Trustee (the "Trustee") in the Debtor's bankruptcy case.

5. Jeffrey Cohen was one of two attorneys in a certain state court litigation that resulted in the dismissal of the lawsuit filed by Debtor against Creditor Ringba, LLC and others. In addition to the case being dismissed due to the alleged negligence and incompetence of counsel Gary Tucker and Jeffrey Cohen, a judgment for attorney fees was awarded to Ringba, LLC in the amount of $640,415.00 of which $500,000 was for attorney fees and $140,415 was for costs and against the Debtor. The litigation was filed in the District Court, El Paso County, Colorado under Case No. 2021CV31668 (the "State Court Litigation"). Judge Bain who presided over the State Court Litigation entered terminating sanctions against the Debtor for its alleged concealment of evidence and recordings that went to the heart of the State Court Litigation.

6. The Debtor appealed this judgment and it was affirmed, case number is Court of Appeals Case No. 2023CA891.

7. Debtor appealed the Judgment awarding Ringba, LLC its attorneys' fees and costs to the Colorado Court of Appeals in Case No. 2024CA265 and the opening brief was filed on October 1, 2024.

8. The Debtor's 341(a) Meetings of Creditors was held on for June 10, 2024 at 12:00 p.m. (the "Creditors' Meeting").

9. The Debtor has filed with the Court and mailed to all parties a proposed plan.

**DISCUSSION**

10. FED. R. BANKR. P. 2004 provides that the Court may order the examination of any entity on motion of a party in interest. Such examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." FED. R. BANKR. P. 2004(b).

11. Rule 2004 "is a basic discovery device used in bankruptcy cases." *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267, 275 (D. Colo. 1991). Rule 2004 permits the party invoking it to undertake a broad inquiry of the examinee, and has been likened to a "fishing expedition," although its use is not unlimited. *See Blinder,* 127 B.R. at 274; *see also In re Valley Forge Plaza Assoc.*, 109 B.R. 669, 674 (E.D. Pa. 1990) ("The scope of a [Rule] 2004 examination is even broader than that of discovery permitted under the FED. R. CIV. P., which themselves contemplate broad, easy access to discovery.").

12. Furthermore, "Rule 2004(c) states that *all entities* may be compelled to attend the examination or produce documents by the manner provided in Bankruptcy Rule 9016 for the attendance of witnesses at a hearing or trial. Bankruptcy Rule 9016 incorporates Federal Rule of Civil Procedure 45, which allows issuance of a subpoena for witness or document production." *In re Augustus*, 2007 WL 172525 *2 (Bankr. S.D. Tex. Jan. 18, 2007) (unpublished disposition) (emphasis added).

13. Pursuant to FED. R. BANKR. P. 2004 and L.B.R. 2004-1, debtor seeks authority to take the Rule 2004 examination of Jeffrey Cohen to ascertain how much money he believes the debtor still owes him. Mr. Cohen filed two claims in this case, one for an even $200,000 without supporting documentation on July 22, 2024 at Claim No. 8-1 and another for $200,976.23 on the very next day July 23, 2024 with documentation. The supporting documentation appears to suggest that Mr. Cohen is owed much less than $200,000.00.

14. Mr. Cohen also failed to bill the debtor for close to year. Debtor believes that Mr. Cohen waived his right to payment, overbilled the Debtor and has filed false claims with this court particularly since Mr. Cohen refuses to withdraw his claim for $200,000 which appears to be amended by claim filed on July 23, 2024. If Mr. Cohen believes that both of his claims are

valid, then evidently he believes that the Debtor still owes him over $400,000.00. (Note that Mr. Cohen was paid several hundred thousand dollars in the El Paso county state court litigation which he famously lost, catapulting Debtor into bankruptcy.

15. Mr. Cohen also continues to bill the Debtor post-petition for legal work he has undertaken herein, in possible violation of the automatic stay. Debtor received a bill last month for over $20,000 in attorney fees allegedly incurred by Mr. Cohen post-petition.

16. The aforesaid facts and circumstances establish cause for this Court to order a Rule 2004 examination of Jeffrey Cohen.

17. Debtor will serve a subpoena on Mr. Cohen for all of his billing records from December, 2022 to current.

WHEREFORE, Debtor respectfully requests that the Court enter an Order authorizing it to conduct a Rule 2004 Examination of Jeffrey Cohen and for such other and further relief as the Court deems appropriate.

Respectfully submitted this _____ day of October, 2024.

By: */s/ John A. Cimino*
John A. Cimino, Esq., #14032
CIMINO LAW OFFICE, LLC.
5500 East Yale Ave., Suite 201A
Denver, CO 80222
E-mail: JC925AVE@yahoo.com
Telephone: 720-434-0434

Attorney for Debtor

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on October 2, 2024, a true and correct copy of the foregoing ***EX PARTE*** **MOTION FOR ORDER AUTHORIZING RULE 2004 EXAMINATION OF JEFFREY COHEN** was electronically filed and served via CM/ECF pursuant to L.B.R. 9036-1, which action caused automatic electronic notice of such filing upon all parties in interest in this matter as follows:

Chad S. Caby
1601 19th Street, Suite 1000
Denver, CO 80202
Tel: 303-628-9583
Fax: 303-623-9222
E-mail: ccaby@lewisroca.com

*Attorneys for Adam Young, Tubmanburg Limited and Ringba, LLC*

Joli A. Lofstedt, Esq.
PO Box 270561
Louisville, CO 80027
Via: CM/ECF

*Subchapter V Trustee*

Alan K. Motes, Esq.
Byron G. Rogers Federal Bldg.
1961 Stout St., Ste. 12-200
Denver, CO 80294
Via: CM/ECF

*Counsel for U.S. Trustee*

Jeffren Cohen, Esq.

Arthur Lindquist-Kleissler, Esq.

Peter Cal, Esq.

John Gray, Esq.

All other requesting electronica service.

By: */s/ John A. Cimino*
John A. Cimino, Esq., #14032