UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| DNC and TCPA List Sanitizer, LLC, ) | Case No. 24-12624-KHT |
| ) | Chapter 11 |
| Debtor. ) | |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S
APPLICATION TO EMPLOY ALLEN VELLONE WOLF HELFRICH & FACTOR P.C.**

Gregory M. Garvin, Acting United States Trustee for Region 19, (the "UST") objects to the Debtor's Application to Employ Allen Vellone Wolf Helfrich & Factor P.C. (Docket No. 195, the "Application") and states as follows:

## Procedural History

1. DNC and TCPA List Sanitizer, LLC (the "Debtor") filed its Voluntary Petition commencing this chapter 11 case on May 16, 2024.

2. Joli A. Lofstedt is the appointed Subchapter V Trustee in this case.

3. On October 3, 2024, the Debtor filed the Application, by which the Debtor seeks to employ Allen Vellone Wolf Helfrich & Factor P.C. ("Allen Vellone") as its general bankruptcy counsel. The Debtor submitted a Declaration of Katherine S. Sender along with the Application.

## Objections

4. The Application does not make sufficient disclosures. At the minimum, neither the Application nor the Declaration submitted therewith disclose any of the following:

 a. <u>Allen Vellone was a prepetition creditor of the Debtor.</u> On its Schedule F, the Debtor scheduled a disputed claim in favor of Allen Vellone in the amount of $62,021.00. *See* Docket No. 1 at p. 14. Allen Vellone also filed claim no. 4 in this case, which asserts a claim in a substantially similar amount.

 b. <u>Allen Vellone sold its claim postpetition to an insider.</u> Per an Assignment of Proof of Claim filed at Docket No. 115 on August 9, 2024, Allen Vellone sold its claim to Michael O'Hare. Mr. O'Hare is the Debtor's CEO. *See* id. at p. 24. Per Schedule H, Mr. O'Hare was not a co-obligor on Allen Vellone's claim. *See* id. at p. 17; *see also* Amended Schedule H at Docket No. 79.

 c. <u>The source of funds used to purchase Allen Vellone's claim is undisclosed.</u> During this case, the Debtor has been transferring much of its revenue to insider Cashyew Holdings. For example, the budget filed by the Debtor at Docket No. 189-1 states that the Debtor paid Cashyew $85,742.90, $17,917.33, $70,002.68, and $95,770.91 in May, June, July, and August of this year, respectively. Mr.

1

    O'Hare and his spouse own 100% of Cashyew.  *See* Docket No. 123 at p. 2. None of the Debtor's postpetition transfers to Cashyew were authorized by the Court.  As discussed at the status conference on October 3, 2024, the Debtor had neither consent from secured creditor JPMorgan Chase Bank, N.A. ("Chase") nor an order of the Court that would allow cash collateral to be transferred to Cashyew.  There is no disclosure as to whether Mr. O'Hare paid Allen Vellone from funds transferred by the Debtor to Cashyew without authority.

    d.  <u>Allen Vellone received a prepetition transfer.</u>  Also, per item 3.2 of the Debtor's Statement of Financial Affairs, Allen Vellone received a prepetition transfer from the Debtor in the amount of $20,000 on December 21, 2023.  *See* Docket No. 1 at p. 19.

    e.  <u>Allen Vellone currently represents the Debtor as special counsel.</u>  Allen Vellone is already representing the Debtor as special counsel in one or more pending appeals.

5.    Furthermore, the Application states that Allen Vellone received yesterday a retainer in the amount for $25,000 from the Debtor.  As was made clear at the status conference conducted by the Court on October 3, 2024, Chase has not consented to the use of any cash collateral.  *See also* Docket No. 50 (Chase's Notice of Non-Consent to Debtor's Use of Cash Collateral).  Nor was that transfer authorized by the Court.

6.    Neither the Application nor the Declaration submitted therewith disclose any of the above connections to the estate.  Nor do they contain any analysis as to whether and the extent to which any of above may affect a determination that the firm is disinterested and otherwise eligible for employment under 11 U.S.C. § 327(a).  The Debtor and Allen Vellone should make the appropriate disclosures.

7.    Also, L.B.R. 2014-1 contemplates that notice of an application to employ a professional person under 11 U.S.C. § 327 must be given if, for example, the application identifies a potential conflict or if the professional holds a prepetition claim.  The UST submits that notice to creditors is appropriate under Rule 9013 given the connections and issues discussed above, including that Allen Vellone was a prepetition creditor and a prepetition transfer recipient, whose prepetition claim was purchased postpetition by an insider, *maybe* from funds originating from the Debtor that the Debtor was not authorized to pay.

WHEREFORE, the UST objects to the Application for the reasons set forth above, and requests such other relief as the Court deems appropriate.

Dated: October 3, 2024.

Respectfully submitted,

GREGORY M. GARVIN,
Acting United States Trustee for Region 19

/s/ Alan K. Motes
By: Alan K. Motes, #33997
Trial Attorney for the U.S. Trustee
1961 Stout Street, Suite 12-200
Denver, CO 80294
(303) 312-7999
(303) 312-7259 fax
Alan.Motes@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 3, 2024, a copy of the **UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S APPLICATION TO EMPLOY ALLEN VELLONE WOLF HELFRICH & FACTOR P.C.** was served on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

- Attorney Vandana Koelsch, via CM/ECF
- Attorney Katharine S. Sender, via CM/ECF
- Attorney John Cimino, via CM/ECF
- Subchapter V Trustee Joli A. Lofstedt, via CM/ECF

/s/ Alan K. Motes
Office of the United States Trustee