## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| DNC AND TCPA LIST SANITIZER, LLC, ) | Case No. 24-12624 KHT |
| ) | Chapter 11 |
| Debtor. ) | |

### OBJECTION TO MOTION TO EXTEND THE OBJECTION DEADLINE TO MOTION TO CONVERT AND REQUEST TO VACATE HEARING

Adam Young, Tubmanburg Limited and Ringba, LLC (collectively, "Ringba"), by and through its counsel, Lewis Roca Rothgerber Christie LLP, respectfully files its Objection to Motion to Extend the Objection Deadline to Motion to Convert and Request to Vacate Hearing (the "Objection"). In support of the Objection, Ringba states as follows:

### PROCEDURAL BACKGROUND

1. DNC and TCPA List Sanitizer, LLC (the "Debtor") filed for relief under Chapter 11 of the Bankruptcy Code on May 16, 2024 (the "Petition Date"). In its Voluntary Petition, the Debtor elected to proceed under Subchapter V of Chapter 11. Accordingly, the Debtor's Chapter 11 plan was due on or before August 14, 2024. *See* Docket No. 1.

2. Joli A. Lofstedt, Esq. is the duly appointed and acting Subchapter V Trustee in the Debtor's Bankruptcy Case.

3. On September 10, 2024, Ringba filed its Motion to Convert Chapter 11 Case to Chapter 7 Pursuant to 11 U.S.C. § 1112(b) (Docket No. 151) (the "Motion to Convert"). On September 30, 2024, the Debtor filed its Motion for Enlargement of Time to Respond to Ringba's Motion to Convert or Dismiss Case (With Limited Objection Made Herein) (Docket No. 167) (the "Conversion Objection"). The extension request set forth in the Conversion Objection was granted

126310891.1

by the Court at Docket No. 170 providing the Debtor until October 3, 2024 to file a further objection.

4. On October 3, 2024, the Debtor filed its Debtor's Application to Employ Allen Vellone Wolf Helfrich & Factor P.C. (Docket No. 195) (the "Application"). The Debtor's Application seeks approval to employ Allen Vellone Wolf Helfrich & Factor P.C. ("Allen Vellone") as the Debtor's general bankruptcy counsel.

5. On the same date as the Application was filed, the United States Trustee (the "UST") filed an Objection to the Allen Vellone Application (Docket No. 197) indicating, in part, the lack of disclosure relating to Allen Vellone's prior and current representation of the Debtor, as well as the funds being paid to Allen Vellone for its retainer and otherwise. Additionally, Ringba filed a Joinder to the UST's Objection to the Application (Docket No. 198) (the "Joinder").

6. Both the UST Objection and the Joinder raised substantive questions regarding how Allen Vellone is disinterested pursuant to 11 U.S.C. § 327(a) such that it could act as general bankruptcy counsel to the Debtor.

7. On October 3, 2024, the Debtor filed its Motion to Extend the Objection Deadline to Motion to Convert and Request to Vacate Hearing (Docket No. 199) (the "Motion").

**OBJECTION**

**A.     Allen Vellone Did Not Confer with Ringba's Counsel Regarding the Extension**

8. Allen Vellone, notwithstanding entering its appearance in the case as Debtor's proposed general bankruptcy counsel, has not conferred regarding its requested relief and extension. The failure to confer, while not fatal to the Motion, is simply another example of the Debtor's continued bad faith in this case. Debtor's proposed counsel's failure to confer is particularly acute here where we are only three days from the hearing date. Moreover, the Debtor

has indicated that it will not prosecute either of its filed plans of reorganization, is attempting to change counsel at this late date and is in a general upheaval (something of the Debtor's and Mr. O'Hare's own making) is no basis for continuing the Motion to Convert hearing. Yet Allen Vellone's first act as proposed bankruptcy counsel is to ask for a significant extension and vacating a scheduled hearing—again, with no conferral. Debtor's behavior is simply more of the same and provides additional basis for conversion of the Debtor's case to Chapter 7.

9. The Motion should be denied for Allen Vellone's failure to even *attempt* to confer with undersigned counsel regarding the motion to convert hearing set for October 8, 2024.

**B.** **L.B.R. 2081-3 and 11 U.S.C. § 1112(b)(3) Requires a Hearing Within 30 Days of the Filing of the Motion to Convert**

10. Pursuant to 11 U.S.C. 1112(b)(3), "[t]he Court shall commence the hearing on a motion under this subsection not later than 30 days after filing the motion and shall decide the motion not later than 15 days after the commencement of such hearing . . . ." 11 U.S.C. § 1112(b)(3). Similarly, L.B.R. 2081-3 requires:

> A party filing a dismissal motion in a pending chapter 11 case must select from the calendar of available hearing dates a proposed hearing date, which must be the latest hearing date available on the assigned judge's calendar that is not more than 30 days from the date the dismissal motion is filed with the Court. In the event the movant sets a hearing date beyond 30 days, the movant is deemed to have waived its right under 11 U.S.C. § 1112(b)(3) to a hearing within 30 days and a decision within 15 days of the commencement of the hearing.

L.B.R. 2081-3(b). The Motion to Convert was filed on September 10, 2024. Pursuant to L.B.R. 2081-3, a hearing date was set on October 8, 2024, within the 30-day period provided for under the Rule. Accordingly, at a minimum, a preliminary hearing must go forward within the 30-day period provided for by Local Rule and 11 U.S.C. § 1112(b)(3). Debtor fails to include any analysis of the mandate required by Section 1112(b)(3) and Local Rule. The Motion should be denied because it is contrary to the applicable statute and Local Rule.

- 3 -

## C. The Debtor Has Already Filed an Objection to the Motion to Convert

11. On September 30, 2024, the Debtor filed its Conversion Objection. In the Conversion Objection, besides requesting additional time to file a more fulsome objection, the Debtor raised its objections to the Motion to Convert. Specifically, the Debtor objected because (i) it does not believe that conversion is in the best interest of creditors; (ii) the Debtor circulated a revised plan that *purportedly* "satisf[ied] the concerns of all creditors; and (iii) the Debtor believes it had sufficient revenue to cover all allowed claims. *See* Objection, ¶¶ 4-8. Thus, the Debtor has already objected and does not need additional time to file yet another objection. The Motion should be denied because the Debtor has already filed an objection to the Motion to Convert.

WHEREFORE, Adam Young, Tubmanburg Limited and Ringba, LLC, respectfully request that the Court deny the Motion to extend the objection date and vacate the hearing and request such other and further relief as the Court deems appropriate.

Respectfully submitted this 4th day of October, 2024.

                                                LEWIS ROCA ROTHGERBER CHRISTIE LLP

                                                *s/ Chad S. Caby*
                                                Chad S. Caby
                                                1601 19th Street, Suite 1000
                                                Denver, CO 80202
                                                Tel:    303-628-9583
                                                Fax:   303-623-9222
                                                E-mail:  ccaby@lewisroca.com

                                                *Attorneys for Adam Young, Tubmanburg Limited and Ringba, LLC*

- 5 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on October 4, 2024, a true and correct copy of the foregoing **OBJECTION TO MOTION TO EXTEND THE OBJECTION DEADLINE TO MOTION TO CONVERT AND REQUEST TO VACATE HEARING** was electronically filed and served via CM/ECF, which action caused automatic electronic notice of such filing upon all parties in interest in this matter as follows:

John Cimino, Esq.
CIMINO LAW OFFICE, LLC
5500 E. Yale Ave., #201A
Denver, CO 80222
Via: CM/ECF

*Counsel for Debtor*

Patrick D. Vellone, Esq.
Jeffrey A. Weinman, Esq.
Katharine S. Sender, Esq.
Vandana S. Koelsch, Esq.
ALLEN VELLONE WOLF HELFRICH & FACTOR P.C.
1600 Stout Street, Suite 1900
Denver, CO 80202

*Counsel for Debtor*

Alan K. Motes, Esq.
Byron G. Rogers Federal Bldg.
1961 Stout St., Ste. 12-200
Denver, CO 80294
Via: CM/ECF

*Counsel for U.S. Trustee*

Peter A. Cal, Esq.
John S. Gray, Esq.
SHERMAN & HOWARD L.L.C.
675 Fifteenth St., Ste. 2300
Denver, CO 80202
Via: CM/ECF

*Counsel for JPMorgan Chase Bank, N.A.*

Joli A. Lofstedt, Esq.
PO Box 270561
Louisville, CO 80027
Via: CM/ECF

*Subchapter V Trustee*

Reza D. Rismani, Esq.
TREECE ALFREY MUSAT P.C.
633 17th Street, Suite 2200
Denver, CO 80202
Via: CM/ECF

*Counsel for Glegal, LLC*

Gary Tucker, Esq.
GLEGAL, LLC
1600 Broadway, Suite 1660
Denver, CO 80202
Via: CM/ECF

*Counsel for GLegal, LLC*

Arthur Lindquist-Kleissler, Esq.
LINQUIST-KLEISSLER & COMPANY, LLC
950 S. Cherry Street, Suite 418
Denver, CO 80246
Via: CM/ECF

*Counsel for Cashyew Holding, LLC*

126310891.1

Jeffrey Cohen, Esq.
COHEN, LLC
1600 Broadway, Suite 1660
Denver, CO 80202
Via: CM/ECF

*Counsel for Cohen, LLC*

                                                        *s/ Jennifer Eastin*
                                                        Of: Lewis Roca Rothgerber Christie LLP

126310891.1