**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 24-12624-KHT |
| DNC AND TCPA LIST SANITIZER, LLC | ) | |
| EIN: 83-3868704 | ) | Chapter 11 |
| | ) | Sub-Chapter V |
| Debtor | ) | |

**MOTION TO: (A) EMPLOY WADSWORTH GARBER WARNER CONRARDY, P.C.
AS BANKRUPTCY COUNSEL FOR THE DEBTOR-IN-POSSESSION AND (B)
APPROVE RETAINER FOR WADSWORTH GARBER WARNER CONRARDY, P.C.
AS COUNSEL FOR THE DEBTOR-IN-POSSESSION**

DNC and TCPA List Sanitizer, LLC, Debtor-in-Possession (the "Debtor"), by and through Wadsworth Garber Warner Conrardy, PC ("WGWC"), for its Motion to (A) Employ WGWC as Counsel for the Debtor-in-Possession and (B) Approve Retainer for WGWC as Counsel for the Debtor-in-Possession (the "Motion"), respectfully states as follows:

1.      The Debtor filed its Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on May 16, 2024 (the "Petition Date") and is operating as a debtor-in-possession.

2.      The Debtor provides services under the Telephone Consumer Protection Act ("TCPA") through phone number suppression, compliance, and risk mitigation service. The Debtor helps telecommunication businesses comply with TCPA regulations and avoid calling TCPA litigators.

3.      The Debtor maintains a management agreement with Cashyew Holding, an affiliated entity, for 60% of the Debtor's gross revenues. This arrangement exists because the Debtor company has no employees; Cashyew Holding performs all management work related to the Debtor's services.

4.      The bankruptcy filing was prompted due to a disfavorable judgment entered in litigation with Ringba, LLC.

**APPLICATION TO EMPLOY WGWC**

5.      On the Petition Date, the Debtor retained Cimino Law Office LLC ("Cimino") as its bankruptcy counsel.

6.  Litigation has ensued as to whether Cimino has a conflict that will prohibit it from continuing as counsel for the Debtor.

7.  In addition, the Debtor believes the bankruptcy case would be better served by seeking replacement counsel.

8.  The Debtor then sought to retain Allen Vellone Wolf Helfrich & Factor P.C. as counsel for the Debtor.  Opposition has been asserted to this representation for alleged conflicts.

9.  The Debtor has therefore selected the firm of WGWC by reason of their expertise and experience in bankruptcy matters and believes that said attorneys are well-qualified to represent the Debtor in this proceeding.

10.  WGWC will counsel and assist the Debtor in all matters necessary to fully administer the Chapter 11 case and perform all legal services for the Debtor as may become necessary herein, including:

   a.  Preparation on behalf of the Debtor of all necessary reports, orders, and other legal papers required in this Chapter 11 proceeding;

   b.  Performance of all legal services for the Debtor as a debtor-in-possession which may become necessary herein; and

   c.  Representation of the Debtor in any litigation which the Debtor determines is in the best interest of the estate whether in state or federal court(s).

11.  The Debtor desires to employ WGWC because of the extent and complexity of the legal services required in this proceeding.

12.  As stated in the Verification of Aaron A. Garber attached hereto as _Exhibit 1,_ WGWC does not hold or represent any interest adverse to the Debtor as described in the Verification and is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14) of the Bankruptcy Code. To the best of its knowledge and except as otherwise disclosed herein, the firm of WGWC has no connection with any of the creditors of the Debtor, the Debtor or any other party in interest, their respective attorneys and/or accountants, the United States Trustee and any person employed by the Office of the United States Trustee other than: (a) David V. Wadsworth was appointed as a chapter 7 trustee in Colorado in October 2009; and (b) David J. Warner was appointed as a chapter 7 trustee in Wyoming in October 2021.

13.  WGWC received a retainer prior of $45,000.  WGWC's representation of the Debtor is conditioned upon approval of application to be employed and approval of the retainer.

As detailed below, the retainer was paid by Michael O'Hare, the owner and managing member of the Debtor.

14.     The Debtor believes that employment of the law firm of WGWC as attorneys for the Debtor is in the best interest of the creditors and the bankruptcy estate. Mr. Garber of WGWC has already conferred with the Sub-Chapter V trustee, counsel for secured creditor Chase and counsel for Ringba, LLC to get a sense of the case.

15.     The professionals' hourly rates for the services referenced above are as follows:

a.  David V. Wadsworth  $500 per hour
b.  Aaron A. Garber        $500 per hour
c.  David J. Warner        $425 per hour
d.  Aaron J. Conrardy      $425 per hour
e.  Lindsay Riley          $325 per hour
f.  Hallie Cooper          $225 per hour
g.  Paralegals             $125 per hour

16.     WGWC shall make application to the Court pursuant to the rules and orders of this Court and the Federal Rules of Bankruptcy Procedure for payment of fees and expenses.

17.     WGWC requests that WGWC's employment be effective as of October 4, 2024, the date it started its involvement in the case.    This case requires prompt and immediate involvement of counsel.  WGWC needed to understand the case, confer with parties in interest to get the sense of how the issues in the case could be resolved and how the case could proceed to maximize the return to creditors. There are a number of pending matter that require prompt understanding, including there being no cash collateral order, the pending Plan of Reorganization and the pending Motion to Convert. The are also several motions that need to be drafted, including this Motion, a motion to shorten notice and a motion to appear telephonically at the upcoming hearing on the motion to convert.  Allowing WGWC to be retained prior to the date of the filing of this Motion will not prejudice any party since its fees are not being paid from assets of the bankruptcy estate.

### REQUEST TO APPROVE RETAINER

18.     WGWC received payment of a retainer of $45,000 from Mr. O'Hare.

19.     The Debtor has not been requested to, has not, and will not enter into any form of agreement, note, or otherwise provide any consideration for Mr. O'Hare having paid the retainer. The Debtor is not indebted or otherwise obligated to any person or entity as a result of the payment

of the retainer.  Mr. O'Hare has been advised the Debtor's attorneys do not represent Mr. O'Hare and there is no attorney-client privilege between WGWC and Mr. O'Hare and that WGWC has an exclusive duty of loyalty to the Debtor and the bankruptcy estate.  Mr. O'Hare has been advised that she will need to retain independent counsel to represent her interests, and WGWC's undivided loyalty is owed exclusively to the Debtor.  The Debtor has informed Mr. O'Hare as to the preceding and Mr. O'Hare understands the proceeding.  The Debtor does not have or hold any claims against Mr. O'Hare.  See Declaration of Mr. O'Hare attached hereto as Exhibit 2.

20.     WGWC asserts a security interest in the retainer. In the event the case is converted to a Chapter 7 proceeding, the security interest in the retainer may enable WGWC to receive payment of its fees and expenses to the extent of the retainer while other administrative expenses remain unpaid. Any sums remaining at the close of the representation will be refunded to the Debtor. There are no liens or interests in the retained funds other than the security interest claimed by WGWC. Move over the retainer is not property of the estate or any lien of any creditor of the estate since the funds were paid my Mr. O'Hare personally.

WHEREFORE, the Debtor requests that this Court enter an order, a proposed form filed herewith, (a) authorizing the Debtor to employ WGWC as bankruptcy counsel effective October 4, 2024 and (b) approving the retainer in the amount of $45,000, and for such other and further relief the Court deems just.

Dated: October 7, 2024             Respectfully submitted,

*/s/ Aaron A. Garber*
Aaron A. Garber, #36099
WADSWORTH GARBER WARNER CONRARDY, P.C.
2580 West Main Street, Suite 200
Littleton, Colorado 80120
Telephone: (303) 296-1999
Telecopy: (303) 296-7600
Email: agarber@wgwc-law.com

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 83-3868704-KHT |
| DNC AND TCPA LIST SANITIZER, LLC | ) | |
| EIN: 84-2444622 | ) | Chapter 11 |
| | ) | Sub-Chapter V |
| Debtor | ) | |

**VERIFICATION OF AARON A. GARBER**

Aaron A. Garber, being first duly sworn, hereby states as follows:

1.      I am a partner with Wadsworth Garber Warner Conrardy, P.C. (the "Firm").

2.      The Firm are attorneys and counselors of law duly admitted to the practice of law in the State of Colorado and this Court.

3.      The Firm's offices for the practice of law are located at 2580 West Main Street, Suite 200, Littleton, Colorado 80120.

4.      The Firm does not represent any party in interest adverse to the interest of the Debtor.  The Firm does not represent any creditor, shareholder, officer, or director of the Debtor except as disclosed in the Application.  The Firm is disinterested as defined by 11 U.S.C. Section 101(14) and does not have or represent an interest materially adverse to the interest of the estate or of any class of creditors.

5.      The Firm is not aware of any other connection with the Debtor, creditors, or any other party in interest, their respective attorneys and accountants (except as disclosed in the Application), the United States Trustee, or any person employed in the Office of the United States Trustee except that David Wadsworth and David Warner are Chapter 7 trustees.

6.      The statements contained in the Application to Employ Bankruptcy Counsel are true and correct to the best of our knowledge and belief.

/s/ *Aaron A. Garber*
Aaron A. Garber

**EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 83-3868704-KHT |
| DNC AND TCPA LIST SANITIZER, LLC | ) | |
| EIN: 84-2444622 | ) | Chapter 11 |
| | ) | Sub-Chapter V |
| Debtor | ) | |

**DECLARATION OF MICHAEL O'HARE**

I, Michael O'Hare, do hereby state under penalty of perjury.

1.     I am the owner and managing member of the Debtor.

2.     I have paid the $45,000 retainer to Wadsworth Garber Warner Conrardy, P.C. ('WGWC"). The retainer was paid from my personal bank account maintaining my money.  No money in the account came from the Debtor.

3.     The Debtor has not been requested to, has not, and will not enter into any form of agreement, note, or otherwise provide any consideration for my having paid the retainer.  The Debtor is not indebted or otherwise obligated to any person or entity as a result of the payment of the retainer.  I have been advised WGWC  do not represent me and there is no attorney-client privilege between WGWC and myself and that WGWC has an exclusive duty of loyalty to the Debtor and the bankruptcy estate.  I have been advised that I will need to retain independent counsel to represent my interests, and WGWC's undivided loyalty is owed exclusively to the Debtor.  The Debtor has informed me as to the preceding and I understand the proceeding.

Further declarant say not.

Dated: October 5, 2024                    By:*/s/ Michael O'Hare*
                                                          Michael O'Hare