# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 24-12624-KHT |
| DNC AND TCPA LIST SANITIZER, LLC ) | |
| EIN: 83-3868704 ) | Chapter 11 |
| ) | Sub-Chapter V |
| Debtor ) | |

## MOTION FOR APPROVAL OF INTERIM COMPENSATION PROCEDURES

DNC and TCPA List Sanitizer, LLC, Debtor-in-Possession (the "Debtor"), by and through undersigned counsel, for its Motion for Approval of Interim Compensation Procedures pursuant to 11 U.S.C. § 105(a), 327, 330, 331, and L.B.R. 2016-2 (the "Motion"), respectfully states as follows:

1. The Debtor filed its Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on September 30, 2024 (the "Petition Date") and is operating as a debtor-in-possession.

2. The Debtor filed its Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on May 16, 2024 (the "Petition Date") and is operating as a debtor-in-possession.

3. The Debtor provides services under the Telephone Consumer Protection Act ("TCPA") through phone number suppression, compliance, and risk mitigation service. The Debtor helps telecommunication businesses comply with TCPA regulations and avoid calling TCPA litigators.

4. The Debtor maintains a management agreement with Cashyew Holding, an affiliated entity, for 60% of the Debtor's gross revenues. This arrangement exists because the Debtor company has no employees; Cashyew Holding performs all management work related to the Debtor's services.

5. The bankruptcy filing was prompted due to a disfavorable judgment entered in litigation with Ringba, LLC..

6. Section 331 of the Bankruptcy Code permits a professional person employed under 11 U.S.C. § 327 to apply to the Court not more than once every 120 days, or more often if the

Court permits, for compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under 11 U.S.C. § 330.

7. In the event the Court authorizes the Debtor to employ other professionals (individually, a "Professional," and collectively, the "Professionals"), the Debtor wishes to establish a reasonable procedure, as permitted under 11 U.S.C. § 331, which would permit each Professional to be paid their respective expenses, and a portion of their respective fees, on a monthly basis. The defined terms "Professional" and "Professionals" include, but are not limited to, Wadsworth Garber Warner Conrardy, P.C.

8. Pursuant to 11 U.S.C. § 331 and L.B.R. 2016-2(b), the Debtor requests the following procedure be approved by the Court in connection with Professionals' employment by the Debtor:

    a. Once a month, and within fourteen (14) days from the end of the month for which compensation is sought, Professionals shall submit a detailed monthly statement (the "Statement") including a billing statement to the Debtor or party responsible for payment in a form generally acceptable for fee applications.

    b. Professionals shall also submit a monthly statement to Debtor's counsel, the Office of the U.S. Trustee, any appointed chapter 11 trustee, subchapter V trustee, any debtor-in-possession lender, and as requested by parties-in-interest (collectively, the "Noticed Parties").

    c. The Noticed Parties shall have fourteen (14) days from receipt of the Statement to raise any objections to the requested fees in the monthly statement, specifically stating the nature of the objection and the amount of the objectionable fees.

    d. If the parties are unable to resolve any dispute, they may file a motion seeking resolution by the Court.

    e. Once the fourteen (14) day notice period has passed and/or all objections have been resolved, the Debtor may pay the Professionals 80% of the fee portion of the Statement and 100% of the expense portion of the Statement without further order of the Court. All monthly fees paid without a court order shall be subject to interim and final fee applications filed with the Court, and therefore subject to disgorgement.

    f. To the extent any fees or expenses are not finally approved by the Court, said fees and expenses shall be offset against the 20% hold-back or be disgorged from the

Professional as appropriate.

9. If the relief requested herein is granted, Professionals shall (a) comply with 11 U.S.C. § 330, L.B.R. 2016-1 and L.B. Form 2016-1.1 for interim and final compensation approval, (b) file formal interim fee applications at least once every 120 days and not more than every 180 days, and (c) seek final approval of all interim compensation fee applications by filing a final fee application. In addition, the failure of any interested party to object to a Statement shall not constitute waiver of the right to object to a formal interim or final fee application and the Professionals will abide by any orders governing use of cash collateral.

10. As stated above, the Debtor has or will seek Court authority to hire the Professionals in accordance with 11 U.S.C. § 327. Debtor believes that such procedures are necessary based upon the complexity of Debtor's affairs and the expected extent of the work in this case. The Professionals will need to be paid monthly in order to continue to assist the Debtor. Therefore, pursuant to L.B.R. 2016-2(a)(1), cause exists necessitating interim compensation procedures.

11. Pursuant to L.B.R. 2016-2(a)(2), subject to an anticipated cash collateral order, it is anticipated that the Debtor will have sufficient cash reserves available throughout this case that will allow the Debtor to pay Professionals and other potential administrative priority claimants on a monthly basis.

12. Pursuant to L.B.R. 2016-2(a)(3), the Debtor estimates that the projected monthly fees and expenses of the Professional will be as follows: Wadsworth Garber Warner Conrardy, P.C. between approximately $2,000.00–$5,000.00 per month, but may be greater or lesser depending upon the level of litigation in the case.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, a proposed form is filed herewith, approving and establishing the requested interim compensation procedures for each Professional in the manner set forth above, and granting such other relief deemed

appropriate.

Dated: October 7, 2024                    Respectfully submitted,

*/s/ Aaron A. Garber*
Aaron A. Garber, #36099
WADSWORTH GARBER WARNER CONRARDY, P.C.
2580 West Main Street, Suite 200
Littleton, Colorado 80120
Telephone: (303) 296-1999
Telecopy: (303) 296-7600
Email: agarber@wgwc-law.com

## VERIFICATION OF DEBTOR

      I, Michale O'Hare, owner and manager of DNC and TCPA List Sanitizer, LLC, do verify the statements in this Motion, and Debtor will have sufficient cash to pay its professionals and other potential administrative priority claimants on a monthly or other specified interim basis.

Dated: October 7, 2024            Respectfully submitted,

                                             DNC AND TCPA LIST SANITIZER, LLC

                                             /s/ *Michael O'Hare*
                                             Michael O'Hare
                                             Title: Managing Member