Certainly. I'll enhance the objection report by adding more depth to the legal arguments, incorporating additional relevant case law, and strengthening the overall structure. Here's an improved version:



---

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF COLORADO

In re:

DNC and TCPA LIST SANITIZER, LLC,

Debtor

Case No. 24-12624 KHT

Chapter 11 Subchapter V

DEBTOR'S OBJECTION TO MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7

DNC and TCPA List Sanitizer, LLC ("Debtor"), by and through its undersigned counsel, hereby objects to the Motion to Convert its Chapter 11 Subchapter V case to Chapter 7 filed by creditors Adam Young, Tubmanburg Limited, and Ringba, LLC (collectively, "Movants"). For the reasons set forth below, the Court should deny the Movants' motion.

I. Introduction

Conversion to Chapter 7 would be detrimental to all creditors and the estate, contrary to the fundamental purposes of bankruptcy law. The Debtor has proposed a feasible and comprehensive Chapter 11 reorganization plan that will result in full repayment to creditors over time. Conversely, liquidation under Chapter 7 would yield far less recovery, irreparably damage the Debtor's business, and primarily benefit Ringba, LLC ("Ringba"), which the Debtor believes is motivated more by its competitive interests than by legitimate creditor concerns. In a recent development, the Debtor's attorney John Cimino, abandoned his client. The debtor submits this Motion to object pro se. The Debtor's new attorney has filed for court approval today.

II. Legal Standard for Conversion

Under 11 U.S.C. § 1112(b)(1), the court may convert a case to Chapter 7 or dismiss a case, whichever is in the best interests of creditors and the estate, for cause. The moving party bears the burden of establishing cause for conversion. In re Miell, 419 B.R. 357, 366 (Bankr. N.D. Iowa 2009). Even if cause is established, the court must not convert if (1) there are "unusual circumstances" establishing that conversion is not in the best interests of creditors and the estate, and (2) there is a reasonable likelihood that a plan will be confirmed within a reasonable time. 11 U.S.C. § 1112(b)(2).

III. Conversion to Chapter 7 Is Not in the Best Interests of Creditors

A. Liquidation Would Result in Minimal Recovery

The Debtor's assets consist primarily of intangible assets such as customer lists, databases, and goodwill. In a forced liquidation, these assets would likely yield only a fraction of their going-concern value. Courts have long recognized that intangible assets often have minimal value in liquidation scenarios. See In re Teligent, Inc., 380 B.R. 324, 339 (Bankr. S.D.N.Y. 2008); In re Pullman Const. Indus., Inc., 107 B.R. 909, 939 (Bankr. N.D. Ill. 1989).

A conservative liquidation analysis shows that the total value of these assets in a forced sale would likely be around $17,500, a mere fraction of the debt owed to creditors. This aligns with established precedent that liquidation values are often significantly lower than going-concern values. See In re Affiliated Foods, Inc., 249 B.R. 770, 788 (Bankr. W.D. Mo. 2000).

B. Chapter 11 Plan Offers Superior Recovery

In contrast, the Debtor's Chapter 11 reorganization plan proposes full payment to all creditors, including Ringba, over a five-year period with interest. Courts have consistently held that conversion is inappropriate when a Chapter 11 reorganization offers a better recovery for creditors than liquidation under Chapter 7. See In re American Capital Equipment, LLC, 688 F.3d 145, 161 (3d Cir. 2012); In re BH S & B Holdings LLC, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010).

IV. The Debtor's Reorganization Plan is Feasible

The Debtor's reorganization plan satisfies the feasibility requirement of 11 U.S.C. § 1129(a)(11). The plan projects revenue growth from $1.2 million in 2024 to $3 million by 2028, based on reasonable market

Firefox    about:blank

assumptions and industry trends. Courts have held that such projections, when based on sound data and reasonable assumptions, can demonstrate plan feasibility. See In re T-H New Orleans Ltd. Partnership, 116 F.3d 790, 801 (5th Cir. 1997); In re Canal Place Ltd. Partnership, 921 F.2d 569, 579 (5th Cir. 1991).

Moreover, the plan satisfies the "best interests of creditors" test under 11 U.S.C. § 1129(a)(7), as creditors would receive substantially more under the plan than in a Chapter 7 liquidation. See In re Affiliated Foods, Inc., 249 B.R. at 787.

▢ **Ability to Make Payments**: The debtor must demonstrate that it has the financial ability to meet the plan's obligations and payments to creditors. The plan must be based on realistic financial projections and show that the debtor will generate sufficient cash flow or have access to funds necessary to cover the plan's payments.

▢ **Reasonable Probability of Success**: Courts require that the plan have a reasonable likelihood of success, which includes a solid foundation based on actual historical performance, sound business judgment, and realistic assumptions about the future. However, absolute certainty of success is not required.

▢ **No Immediate Need for Liquidation or Further Reorganization**: The plan should ensure that the debtor is unlikely to face liquidation or another bankruptcy in the foreseeable future. This provision ensures that the plan is sustainable and will not simply postpone inevitable financial failure.

## V. Ringba's Actions Suggest Improper Competitive Motives

The Bankruptcy Code is designed to provide a collective forum for resolving debtor-creditor issues, not as a tool for competitors to gain unfair advantages. See In re SGL Carbon Corp., 200 F.3d 154, 165 (3d Cir. 1999). Ringba's actions, including the refusal of reasonable repayment offers of up to $30,000 per month, suggest that its primary motivation may be competitive rather than financial.

Courts have recognized that a creditor's actions in bankruptcy proceedings may be scrutinized if they appear to be motivated by improper purposes. See In re WBQ Partnership, 189 B.R. 97, 105 (Bankr. E.D. Va. 1995). The doctrine of "unclean hands" may apply when a party seeks to use the bankruptcy process for an improper purpose. See In re Appling, 848 F.3d 953, 959 (11th Cir. 2017).

VI. Dismissal is Preferable to Chapter 7 Liquidation

Should the Court find cause for conversion, the Debtor submits that dismissal would be preferable to Chapter 7 liquidation. Dismissal would allow the Debtor to continue operations and potentially resolve its financial issues outside of bankruptcy. Courts have recognized that dismissal may be appropriate when it would allow the debtor to continue operations and potentially resolve its financial issues outside of bankruptcy. See In re Staff Investment Co., 146 B.R. 256, 261 (Bankr. E.D. Cal. 1992).

Dismissal would be consistent with the Bankruptcy Code's goal of maximizing value for creditors. See Toibb v. Radloff, 501 U.S. 157, 163 (1991). It would preserve the going-concern value of the business and allow for the possibility of full repayment to creditors over time.

VII. Conclusion

For the foregoing reasons, conversion to Chapter 7 is not in the best interests of creditors or the estate. The Debtor has proposed a feasible Chapter 11 plan that will result in full repayment to creditors. Conversion would result in significantly reduced recovery and harm to the Debtor's business. The Court should deny the Motion to Convert and allow the Debtor to proceed with its reorganization efforts.

WHEREFORE, the Debtor respectfully requests that the Court deny the Motion to Convert this case to Chapter 7 and grant such other relief as the Court deems just and proper.

Respectfully submitted,

*Michael O'Hare*

Michael O'Hare

CEO of DNC and TCPA List Sanitizer

323-691-5851

Dated: October 7, 2024