## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 24-12624-KHT |
| DNC AND TCPA LIST SANITIZER, LLC ) | |
| EIN: 83-3868704 ) | Chapter 11 |
| ) | Sub-Chapter V |
| Debtor ) | |

**NOTICE OF FILING OF AGREED TO BUDGET AND CASH COLLATERAL ORDER**

DNC and TCPA List Sanitizer, LLC, Debtor-in-Possession (the "Debtor"), by and through its proposed counsel, Wadsworth Garber Warner Conrardy, PC, for its Notice of Filing of Agreed to Budget and Cash Collateral Order respectfully states as follows:

1. The Debtor filed its Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on May 16, 2024 (the "Petition Date") and is operating as a debtor-in-possession.

2. On October 2, 2024, the Debtor filed its Motion to Use Cash Collateral (the "Cash Collateral Motion;" Docket No. 189) on notice to parties in interest (Docket No. 190) with an objection deadline of October 16, 2024.

3. Undersigned proposed counsel for the Debtor has conferred with counsel for the secured creditor JP Morgan Chase Bank, N.A. ("Chase") regarding the Cash Collateral Motion.

4. The Debtor and Chase have agreed to the proposed order attached hereto as Exhibit A and the budget attached hereto as Exhibit B, which modify the Cash Collateral Motion.

WHEREFORE, the Debtor respectfully requests that this Court accept this Notice and enter the order filed herewith granting the relief requested in the Cash Collateral Motion and for such

other and further relief the Court deems just.

Dated: October 9, 2024                Respectfully submitted,

                                      <u>*/s/ Aaron A. Garber*</u>
                                      Aaron A. Garber, #36099
                                      WADSWORTH GARBER WARNER CONRARDY, P.C.
                                      2580 West Main Street, Suite 200
                                      Littleton, Colorado 80120
                                      Telephone: (303) 296-1999
                                      Telecopy: (303) 296-7600
                                      Email: <u>agarber@wgwc-law.com</u>

## 9013-1 CERTIFICATE OF SERVICE OF MOTION AND PROPOSED ORDER

The undersigned certifies that on October 9, 2024, I served by prepaid first-class mail or ECF a copy of the **NOTICE OF FILING OF AGREED TO BUDGET AND CASH COLLATERAL ORDER** on all parties against whom relief is sought and those otherwise entitled to service pursuant to FED.R.BANKR.P. and these L.B.R. at the following addresses:

Chad S. Caby    ccaby@lewisroca.com, chadwick-caby-5693@ecf.pacerpro.com,jeastin@lewisroca.com
Peter A. Cal    pcal@sah.com, rneal@shermanhoward.com;efiling@sah.com
Jeffrey Cohen    jcohen@cohentrial.com
Jason Cooper    jcooper@tamlegal.com
John Gray    jgray@shermanhoward.com, dfouts@shermanhoward.com;efiling@sah.com;lkostyk@shermanhoward.com;lkostyk@shermanhoward.com
Vandana Koelsch    vkoelsch@allen-vellone.com, la@allen-vellone.com,allen-vellone@myecfx.com
Arthur Lindquist-Kleissler    Arthuralklaw@gmail.com, seanalklaw@gmail.com;filingsalklaw@gmail.com
Joli A. Lofstedt    joli@jaltrustee.com, ecf.alert+Lofstedt@titlexi.com,brenda@jaltrustee.com
Alan K. Motes    Alan.Motes@usdoj.gov
Reza Rismani    rrismani@tamlegal.com
Katharine S. Sender    ksender@allen-vellone.com, la@allen-vellone.com,allen-vellone@myecfx.com
Robert J. Shilliday    rjs@shillidaylaw.com
US Trustee    USTPRegion19.DV.ECF@usdoj.gov


                              */s/ Nichole Garber*_____
                                For Wadsworth Garber Warner Conrardy, P.C.

**EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 24-12624-KHT |
| DNC AND TCPA LIST SANITIZER, LLC ) | |
| EIN: 83-3868704 ) | Chapter 11 |
| ) | Sub-Chapter V |
| Debtor ) | |

## ORDER AUTHORIZING USE OF CASH COLLATERAL

Upon consideration of the Motion to Continue Use Cash Collateral ("Motion;" Docket No. 189) and the Notice of Proposed Order and Revised Budget (the "Notice;" Docket No. 224), no sustainable objection having been filed and for good cause shown:

IT IS HEREBY ORDERED THAT:

1. <u>Authorization to Use Cash Collateral</u>. The Debtor is authorized to use cash collateral, as the term is defined in the Bankruptcy Code ("Cash Collateral"), in accordance with the budget the ("Budget") attached to the Notice as Exhibit A. The Debtor agrees to limit a variance on each line item of not more than ten (10%) percent per month. Notwithstanding the Budget, the Debtor shall not make any payment to Cashew Holding until there a ruling from the Bankruptcy Court denying the Motion to Convert this case to Chapter 7 (Docket No. 151). All revenues not utilized in accordance with the Budget shall remain in the Debtor in Possession bank account.

2. <u>Payment of Adequate Protection Payments</u>. In consideration of its consent to the Debtor's continued use of Cash Collateral in the ordinary course of the Debtor's business, the Debtor agrees to make adequate protection payments to JP Morgan Chase Bank, N.A. ("Chase") in the amount of $5,000 per month ("Adequate Protection Payments") on the fifteenth day of each month for so long as the Debtor is authorized to use cash collateral.

3. <u>Reports</u>. The Debtor shall file with the Bankruptcy Court its Monthly Operating Report. The Debtor shall provide to counsel for Chase a screen shot of its bank account balance for the Debtor in Possession bank account Tuesday and Thursday of each week.

4. <u>Grant of Post-Petition Security Interest</u>. The Debtor hereby grants to Chase a lien and security interest in all accounts, contract rights and accounts receivable generated by the Debtor post-petition. The lien granted herein is provided to the extent that the Debtor's use of Cash Collateral results in a decrease in the value of Chase's interest in such property.

5. <u>Grant of Section 364(c)(1) Claim.</u> Chase shall have a superpriority administrative claim pursuant to Sections 361(2), 363(c)(2), 364(d)(1), 503(b)(1), and 507(b) of the Bankruptcy Code to the extent the Debtor's use of Cash Collateral results in a decrease in the value of Chase's interest in Cash Collateral.

6. <u>Binding Effect</u>. All terms and provisions of this Agreement, including but not limited to, the security interest and liens granted herein, and the priority established hereby, shall be binding on the Debtor and any subsequently appointed Trustee under either Chapter 7 or 11 of the Bankruptcy Code.

7. <u>Default</u>.

    a. Default under this Agreement shall include the following: (each, a "Default"):

        i. Failure to timely pay any of the Adequate Protection Payments;
        ii. Failure to comply with the reporting of information provided under this Order;
        iii. The conversion of the bankruptcy case to a case under Chapter 7;
        iv. The appointment of a trustee (other than the subchapter v trustee) in the bankruptcy case;
        v. The failure of the Debtor to stay current on post-petition taxes;
        vi. The failure of the Debtor to maintain in good condition any equipment in which Chase has a security interest; and
        vii. The failure of the Debtor to maintain insurance on the Chase collateral, as required by the underlying loan documents.

    b. <u>Remedies</u>. If a Default based on paragraphs 7(a)(iii) or (iv) occurs, the Debtor's right to use Cash Collateral shall automatically and immediately terminate without notice of any kind. If the Debtor fails to timely make any Adequate Protection Payment, or if a Default occurs other than based on paragraph 7(a)(iii) or (iv), , then the Debtor shall have five (5) business days after written notice thereof to the Debtor by Chase to cure such default and such notice shall also be filed with the Bankruptcy Court. Upon the occurrence of a Default which is not timely cured, the Debtor's right to use Cash Collateral shall automatically and immediately terminate without further Court Order or notice of any kind.

8. <u>Survival</u>. Notwithstanding the expiration of the Debtor's right to use Cash Collateral hereunder, or any Default by the Debtor causing the termination of the use of Cash Collateral, the rights, security interests, liens, priorities, and adequate protection provided to Chase

pursuant to the terms of this Agreement shall, in any and all events, survive and continue in full force and effect.

9. <u>No Waiver</u>. This Order is not intended nor shall it be construed to be a waiver or limitation in any way by Chase of any rights or remedies under the Bankruptcy Code or other applicable law which it has or may have, including, but not limited to, the right of Chase to request relief from the automatic stay under § 362 of the Bankruptcy Code and additional adequate protection under §§ 361, 362, and 363(e) of the Bankruptcy Code.

10. <u>Insurance</u>. The Debtor shall maintain and keep in full force and effect all insurance required under the underlying loan documents.

11. <u>Taxes.</u> The Debtor shall stay current on all post-petition taxes.

12. <u>Equipment.</u> The Debtor shall keep all equipment in which Chase has a security interest in good condition.

Dated: October ___, 2024　　　　　　　　　BY THE COURT

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Honorable Kimberley H. Tyson
　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

**EXHIBIT B**

| Fixed Monthly Expenses | Average |
|---|---|
| Sales (CBAS Management) | $ 2,500.00 |
| Researchers | $ 2,500.00 |
| Thomas Reuters Clear WestLaw | $ 2,600.00 |
| Server | $ 2,000.00 |
| Website Development | $ 8,500.00 |
| Advertisement | $ 800.00 |
| Office Rental | $ 99.00 |
| Telecommunications | $ 421.00 |
| Internet | $ 136.00 |
| Depreciation | |
| State DNC Subscriptions | $ 562.00 |
| | |
| Total | $ 20,118.00 |

**Management Fee**

| Cashew Holding | $35,000 |