## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 24-12624-KHT |
| DNC AND TCPA LIST SANITIZER, LLC ) | |
| EIN: 83-3868704 ) | Chapter 11 |
| ) | Sub-Chapter V |
| Debtor ) | |

### SUPPLEMENT TO DEBTOR'S OBJECTION TO MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(b)

DNC and TCPA List Sanitizer, LLC, Debtor-in-Possession (the "Debtor"), by and through its counsel Wadsworth Garber Warner Conrardy, PC ("WGWC"), for its Supplement to Objection to Motion to Convert Chapter 11 Case to Chapter 7 Pursuant to 11 U.S.C. § 1112(b) (the "Motion to Convert") filed by Adam Young, Tubmanburg Limited and Ringba, LLC (together, the "Movants"), respectfully states as follows:

### INTRODUCTION

The Debtor does not dispute that it struggled to fully comprehend and comply with the requirements of the Bankruptcy Code and the US Trustee's Operating Guidelines at the outset of its bankruptcy case. The Debtor is however heavily motived to correct its errors and steer this case to a successful reorganization to maximize the return to creditors in this case. While the Debtor believes it was misguided in this case with respect to its obligations and preparation of court documents, the Debtor has made a strong effort to rectify its sins in this case. The Debtor has retained new bankruptcy counsel with whom it is working diligently to bring its case within compliance of the Bankruptcy Code and the US Trustee's Operating Guidelines, to resolve cash-collateral issues with its lender, and to propose a confirmable plan of reorganization.

To that end, the Debtor will has or will soon be filing amended monthly operating reports that include all required exhibits and bank statements. The Debtor has negotiated with its lender to achieve a consensual budget order for the use of cash collateral. The Debtor is preparing and will be filing a Second Amended Plan of Reorganization that, if confirmed, it is anticipated will pay all creditors in full in less than three years. The Court should reject Movants' plea to punish the Debtor through conversion because conversion is not in the best interest of the Debtor's creditors, its customers, and its employees. Rather than serving creditors, conversion would result

in the unnecessary termination of the Debtor's important compliance services to its numerous customers, termination of employees, as well as protracted litigation by a chapter 7 trustee with no certainty whatsoever regarding recovery thereon or ultimate benefit to creditors.

The most reasonable path forward, and the only path that serves the best interests of the estate and all creditors, is to allow the Debtor to proceed under Chapter 11 with an opportunity to achieve confirmation of its to be filed second amended plan.

## BACKGROUND

1. The Debtor filed its Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on May 16, 2024 (the "Petition Date") and is operating as a debtor-in-possession.

2. The Debtor provides services under the Telephone Consumer Protection Act ("TCPA") through phone number suppression, compliance, and risk mitigation service. The Debtor helps telecommunication businesses comply with TCPA regulations and avoid calling TCPA litigators.

3. The Debtor maintains a management agreement with Cashyew Holding, an affiliated entity, for 60% of the Debtor's gross revenues. This arrangement exists because the Debtor company has no employees; Cashyew Holding performs all management work related to the Debtor's services.

4. The bankruptcy filing was prompted due to an unfavorable judgment entered in litigation with Ringba, LLC.

5. On the Petition Date, the Debtor retained Cimino Law Office LLC ("Cimino") as its bankruptcy counsel. Litigation has ensued as to whether Cimino has a conflict which prohibits it from continuing as counsel for the Debtor.

6. In addition, the Debtor believes the bankruptcy case would be better served by seeking replacement counsel.

7. The Debtor then sought to retain Allen Vellone Wolf Helfrich & Factor P.C. as counsel for the Debtor. Opposition has been asserted to this representation for alleged conflicts.

8. The Debtor filed its Application to Employ Wadsworth Garber Warner Conrardy PC as Bankruptcy Counsel on October 7, 2024. Dkt. No. 205. That application remains pending.

9. On September 10, 2024, Movants filed the Motion to Convert, asserting that cause exists pursuant to 11 U.S.C. § 1112(b) to convert Debtor's case to one under Chapter 7. Docket No. 151.

10. On October 7, 2024, the Debtor, without assistance of its legal counsel, filed its Objection to the Motion to Convert. Docket No. 216.

11. That same day, the Debtor filed its application to employ undersigned counsel as its bankruptcy counsel, which remains pending before the Court. Docket No. 205.

12. Promptly upon engagement of undersigned counsel, the Debtor worked diligently to prepare and file complete monthly operating reports, negotiate with its secured lender to reach an agreement regarding the use of cash collateral, and develop and file a Second Amended Plan of reorganization that it is anticipated will pay all creditors in full over the course of the next 1 to 3 years.

13. On October 9, 2024, the Debtor filed its Notice of Filing of Agreed to Budget and Cash Collateral Order. Docket No. 224.

**ARGUMENT**

14. This case presents unique facts and circumstances rendering conversion or dismissal of this case not in the best interest of creditors and the estate. Further, there is a reasonable likelihood that the Second Amended Plan will be confirmed within a reasonable period of time, and all creditors with allowed claims, including Movants, will be paid in full. Conversion will merely result in litigation with uncertain results, that could take years to litigate, particularly including potential appeals.

**I. Legal Standard**

15. Bankruptcy Code § 1112 provides for conversion of a bankruptcy case for "cause." 11 U.S.C. § 1112(b).

16. Pursuant to Bankruptcy Code § 1112(b)(1), the Court "shall" convert a case under Chapter 11 to a case under Chapter 7 after notice and a hearing "except as provided in paragraph (2)."

17. Bankruptcy Code § 1112(b)(2) provides:

> The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in

        interest establishes that—

> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—
>
>> (i) for which there exists a reasonable justification for the act or omission; and
>>
>> (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

        18.    As succinctly described by the Court in *In Re: Delta AG Group, LLC*, 596 B.R. 186 (Bankr. W.D. La, 2019):

> to establish the statutory exceptions under § 1112(b), a debtor or non-moving party must satisfy two prongs. First, the non-moving party must specifically identify "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate." § 1112(b)(2); *See also*, *In re Triumph Christian Ctr., Inc.*, 493 B.R. 479, 496 (Bankr. S.D. Tex. 2013) ("Debtor has failed to meet its burden of demonstrating that "unusual circumstances" exist such that dismissal is not in the best interests of the creditors and the estate."). The Code does not define "unusual circumstances," but the phrase "contemplates conditions that are not common in most chapter 11 cases." *Id*. See also, 7 *Collier on Bankruptcy* ¶ 1112.05 [2] (Alan *197 N. Resnick & Henry J. Sommer eds., 16th ed.). Second, the nonmoving party must prove *all* of the following: (1) there is a reasonable likelihood that a plan will be confirmed within a reasonable time, (2) the "cause" for dismissal or conversion is something other than a continuing loss or diminution of the estate coupled with a lack of reasonable likelihood of rehabilitation; (3) there is reasonable justification or excuse for a debtor's act or omission; and (4) the act or omission will be cured within a reasonable time. See, § 1112(b)(2).

*Id.* at 196.

        19.    Bankruptcy courts have significant discretion in making the determination as to whether there are unusual circumstances that should prevent dismissal. *In re 1031 Tax Group, LLC,* 374 B.R. 78, 93 (Bankr.S.D.N.Y.2007) (section 1112(b) "explicitly provides for this discretion where a court is able to identify 'unusual circumstances ... that establish that the

requested conversion is not or dismissal is not in the best interests of creditors and the estate'"). *Id.* at 197.

20. Movants bear the burden of proving by a preponderance of evidence that cause exists to justify their requested conversion of the Debtor's bankruptcy case. *In re Woodbrook Associates*, 19 F.3d 312, 317 (7th Cir. 1994).

21. According to 11 U.S.C. § 1112(b)(1), if the movant establishes "cause" to dismiss, the burden shifts to the debtor to establish unusual circumstances that demonstrate that dismissal is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(1). 11 U.S.C. § 1112 lists sixteen illustrative examples of "cause."

22. "The Tenth Circuit has stated in unequivocal terms that a bankruptcy court is to be afforded broad discretion under Section 1112(b)." *In re W. Pac. Airlines, Inc.*, 218 B.R. 590, 593 (Bankr. D. Colo. 1998). "[T]he existence of one or more grounds for conversion as set forth in 11 U.S.C. § 1112(b) does not compel such action. The bankruptcy judge, in [her] sound discretion, must make the ultimate decision." *In re L.S. Good & Co., et al.*, 8 B.R. 315, 318 (Bankr.N.D.W.Va.1980).

23. Importantly, "the Court must make its determination based on the best interests of <u>all</u> creditors," not just the objecting creditor. *In re OptInRealBig.com, LLC*, 345 B.R. 277, 287 (Bankr. D. Colo. 2006) (emphasis added) ("the best interests of creditors test focuses on the interest of the entire creditor body; it does not focus on individual creditor interests").

II. **No cause exists to convert Debtor's case to a case under Chapter 7**

24. Movants have not satisfy their burden of proving that cause exists to convert the Debtor's case to one under Chapter 7 of the Bankruptcy Code. *See* 11 U.S.C. § 1112(b).

25. Movants assert that the following alleged acts and/or omissions of the Debtor constitute cause for conversion:

> (i) bad faith State Court litigation conduct and bankruptcy filing to avoid funding a supersedeas bond relating to two appeals; (ii) unauthorized use of cash collateral; (iii) unauthorized pre and postpetition payments to the O'Hares and Cashyew that have led to a substantial and continuing diminution of the estate; (iv) failure to file complete and accurate monthly operating reports; (v) failure to file a plan that has a reasonable prospect of being confirmed in a reasonable amount of time; and (vi) the Debtor's principals conflicts of interest in investigating and pursuing possible preference and fraudulent conveyance claims against themselves and Cashyew.

Motion to Convert at ¶ 19.

26. Each of these factors, to the extent they would provide grounds for conversion of this case, are no longer viable factors.

27. The appeal of the state court litigation has been resolved disfavorably against the Debtor. So, to the extent the case was filed in lieu of the bond, such is no longer of import. Moreover, the Debtor needs time pay its obligations, particularly in light of the judgment, so a bankruptcy filing would have been inevitable.

28. With respect to the use of cash collateral, after hiring new counsel, a consensual order and budget were negotiated with the secured creditor in this case, who opposes conversion of this case.

29. There is not and has not ever been a diminution of value to the bankruptcy estate. The Debtor has consistently remained cash positive in this case.

30. With respect to the monthly operating reports the Debtor has prepared and completed amended monthly operating reports. Moveover the Debtor has completed the traditional chapter 11 reports as opposed to the small business reports providing greater detail to parties in interest.

31. Upon hiring new counsel, a confirmable plan is being prepared that it is anticipated will pay creditors in full in three years or less.

32. There is no conflict of interest, because commencing litigation is an unnecessary administrative expense of the bankruptcy estate since creditors will be paid in full from earnings of the Debtor. To the extent the Court has concern about the transfers, a more measured response than conversion is to expand the scope of the SubV Trustee to evaluate if there are grounds for bringing claims, and if so, whether there is any financial benefit to the estate to bringing such claims. It should also be noted that the cash collateral agreement authorizes payments to Cashyew, who provides management services to the Debtor.

33. For these reasons, cause does not exist under 11 U.S.C. § 1112(b)(1) to justify conversion of the Debtor's case to a case under Chapter 7, and the Motion to Convert should be denied.

II. **Special Circumstances Exist warranting denial of the Motion to Convert.**

34. Pursuant to Bankruptcy Code § 1112(b) , in the event a movant establishes that cause exists, the Court may not convert a chapter 11 case under to a case under chapter 7 if it finds

unusual circumstances establishing that converting the case is not in the best interests of creditors and the estate, and the debtor establishes that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time and that in the event there is a substantial or continuing loss to or diminution of the estate and an absence of a reasonable likelihood of rehabilitation, there exists a reasonable justification for the act or omission and that any such act or omission will be cured within a reasonable period of time fixed by the court.

35. This case presents "unusual circumstances" which establish that the requested conversion is not in the best interests of the estate. Upon receipt of pleadings filed by Movants alleging impropriety by the Debtor in this case and in connection with the State Court Litigation, the Debtor quickly determined that the bankruptcy case would be better served by seeking replacement counsel; the Debtor promptly engaged undersigned counsel. The Debtor is not experienced in bankruptcy matters, and did not understand what was required to comply with its obligations. Upon learning of its errors, the Debtor undertook to rectify the issues.

36. Promptly upon engagement of undersigned counsel, the Debtor worked diligently to rectify the irregularities of this case. The Debtor prepared and file complete and accurate monthly operating reports. The Debtor quickly and successfully negotiated with its secured lender to reach an agreement regarding the use of cash collateral.

37. Most importantly, the Debtor is preparing a Second Amended Plan that will comply with the Bankruptcy Code, should be confirmable and it is anticipated will propose to pay creditors in full over the course of the next 1 to 3 years. A Plan of Reorganization that proposes to pay creditors in full, even in light of cause, establishes "unusual circumstances," even if such plan has not yet been confirmed. *In re Orbit Petroleum, Inc.,* 395 B.R. 145, 149 (Bankr. D.N.M. 2008); *Cf In Re: Corley Nissan, LLC*, 656 B.R. 856, 868 (Bankr. D.N.M. 2008) (conversion or dismissal not warranted when plan provided best means for maximizing the return creditors); *In re Lykes Bros. Steamship Co., Inc.*, 196 B.R. 586, 596 (Bankr. M.D. Fl. 1996) (conversion not warranted when it is not in the best interest of the general creditor body, including secured creditors, the party requesting conversion).

38. Furthermore, as discussed above, there has been no substantial or continuing loss to or diminution of the estate, and Movants have not and cannot prove absence of a reasonable likelihood of rehabilitation. *See* 11 U.S.C. § 1112(b)(2)(B).

39. For the reasons set forth above, conversion is *not* in the best interests of creditors and the estate. To the contrary, the Debtor's continued operation of its business and implementation of a proposed Second Amended Plan of Reorganization will provide for the orderly and complete payment of the Debtor's creditors will better serve the interest of all creditors, including Movants, the Debtor's customers and employees.

WHEREFORE, the Debtor requests that this Court deny the Motion to Convert and grant the Debtor such other and further relief as the Court deems just.

Dated: October 14, 2024  Respectfully submitted,

/s/ Aaron A. Garber
Aaron A. Garber, #36099
WADSWORTH GARBER WARNER CONRARDY, P.C.
2580 West Main Street, Suite 200
Littleton, Colorado 80120
Telephone: (303) 296-1999
Telecopy: (303) 296-7600
Email: agarber@wgwc-law.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 14, 2024, I served by prepaid first-class mail or ECF a copy of the **SUPPLEMENT TO DEBTOR'S OBJECTION TO MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(b)** on all parties against whom relief is sought and those otherwise entitled to service pursuant to FED.R.BANKR.P. and these L.B.R. at the following addresses:

Chad S. Caby    ccaby@lewisroca.com, chadwick-caby-5693@ecf.pacerpro.com,jeastin@lewisroca.com
Peter A. Cal    pcal@sah.com, rneal@shermanhoward.com;efiling@sah.com
Jeffrey Cohen    jcohen@cohentrial.com
Jason Cooper    jcooper@tamlegal.com
John Gray    jgray@shermanhoward.com, dfouts@shermanhoward.com;efiling@sah.com;lkostyk@shermanhoward.com;lkostyk@shermanhoward.com
Vandana Koelsch    vkoelsch@allen-vellone.com, la@allen-vellone.com,allen-vellone@myecfx.com
Arthur Lindquist-Kleissler    Arthuralklaw@gmail.com, seanalklaw@gmail.com;filingsalklaw@gmail.com
Joli A. Lofstedt    joli@jaltrustee.com, ecf.alert+Lofstedt@titlexi.com,brenda@jaltrustee.com
Alan K. Motes    Alan.Motes@usdoj.gov
Reza Rismani    rrismani@tamlegal.com
Katharine S. Sender    ksender@allen-vellone.com, la@allen-vellone.com,allen-vellone@myecfx.com
Robert J. Shilliday    rjs@shillidaylaw.com
US Trustee    USTPRegion19.DV.ECF@usdoj.gov