**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | |
| DNC and TCPA List Sanitizer, LLC, ) | Case No. 24-12624-KHT |
| ) | Chapter 11 |
| Debtor. ) | |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION**
**FOR AUTHORITY TO USE CASH COLLATERAL**

The United States Trustee ("UST"), through counsel, submits this objection to the Debtor's Motion for Authority to Use Cash Collateral (Docket No. 189, the "Cash Collateral Motion") and states as follows:

1. DNC and TCPA List Sanitizer, LLC (the "Debtor") filed its Voluntary Petition commencing this chapter 11 case on May 16, 2024.

2. Joli A. Lofstedt is the duly appointed Subchapter V Trustee.

3. Under 28 U.S.C. § 586, the United States Trustee is generally charged with monitoring the federal bankruptcy system. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

4. Under section 307 of title 11 of the United States Code, the UST has standing to be heard on this objection.

5. On October 2, 2024, the Debtor filed the Cash Collateral Motion. On October 9, 2024, the Debtor filed an agreed budget (the "Budget") and a revised proposed order on the Cash Collateral Motion (the "Revised Order"). *See* Docket No. 224.

Objections

6. Paragraph 2 of the Revised Order contemplates that the Debtor will pay JP Morgan Chase Bank, N.A. ("Chase") an adequate protection payment of $5,000 per month. To avoid confusion and potential dispute down the road, the order should specify how that payment will be applied. The Cash Collateral Motion states that the $5,000 payment will "pay down the loan." Cash Collateral Motion at ¶ 12.

7. Paragraph 5 of the Revised Order should be deleted or revised. That provision is subtitled, "Grant of Section 364(c)(1) Claim;" however, the provision does not actually grant a claim under § 364(c), but instead references § 364(d). In any event, § 364 is inapplicable to the Cash Collateral Motion and should not be referenced in any order granting the motion.

Paragraph 5 also references §§ 361(2), 363(c)(2), and 503(b)(1) as providing for a superpriority administrative expense claim, but none of those statutes provide for a superpriority administrative expense claim. Chase might ultimately be entitled to a claim with priority under § 507(b), but that would only occur if the adequate protection provided by the order proved to be insufficient.

WHEREFORE, the UST objects to the Cash Collateral Motion for the reasons set forth above and requests such other and further relief as the Court deems appropriate.

Dated: October 16, 2024

        GREGORY M. GARVIN
        Acting United States Trustee, Region 19

        /s/ Alan K. Motes
        By: Alan K. Motes, #33997
        Trial Attorney for the U.S. Trustee
        1961 Stout Street, Suite 12-200
        Denver, Colorado 80294
        (303) 312-7999 telephone
        (303) 312-7259 facsimile
        Alan.Motes@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 16, 2024, a copy of the **UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL** was served on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

- Attorney Aaron Garber, via CM/ECF
- Attorney Vandana Koelsch, via CM/ECF
- Attorney Katharine S. Sender, via CM/ECF
- Subchapter V Trustee Joli A. Lofstedt, via CM/ECF

        /s/ Alan K. Motes
        Office of the United States Trustee