**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 24-12624-KHT |
| DNC AND TCPA LIST SANITIZER, LLC | ) | |
| EIN: 83-3868704 | ) | Chapter 11 |
| | ) | Sub-Chapter V |
| Debtor | ) | |

**MOTION FOR ENTRY OF AGREED TO FINAL CASH COLLATERAL ORDER**

DNC and TCPA List Sanitizer, LLC, Debtor-in-Possession (the "Debtor"), by and through its proposed counsel, Wadsworth Garber Warner Conrardy, PC, for its Motion for Entry of Agreed to Final Cash Collateral Order respectfully states as follows:

1. The Debtor filed its Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on May 16, 2024 (the "Petition Date") and is operating as a debtor-in-possession.

2. On October 2, 2024, the Debtor filed its Motion to Use Cash Collateral (the "Cash Collateral Motion;" Docket No. 189) on notice to parties in interest (Docket No. 190) with an objection deadline of October 16, 2024.

3. On October 9, 2024, the Debtor filed its Notice of Filing of Agreed to Budget and Cash Collateral Order (Docket No. 224), filing a proposed Order and budget agreed to with JP Morgan Chase Bank, NA ("Chase").

4. On October 16, 2024, the U.S. Trustee filed an Objection to the Cash Collateral Motion.

5. Also on October 16, 2024, Ringba, LLC, Tubmanburg Limited, Adam Young (together, "Ringba") filed an objection to the Cash Collateral Motion

6. The Debtor has worked with the U.S. Trustee, Chase and Ringba to come to a consensual final cash collateral order.

7. Attached hereto as Exhibit A is a redlined agreed to final cash collateral order.

8. Undersigned counsel has authority to inform the Court that the proposed final cash collateral order filed herewith resolves the objections of the U.S. Trustee and Ringba, and Chase consents to entry of the order.

WHEREFORE, the Debtor respectfully requests that this Court enter the proposed final cash collateral order filed herewith and grant such other and further relief the Court deems just.

Dated: October 23, 2024

Respectfully submitted,

*/s/ Aaron A. Garber*

Aaron A. Garber, #36099
WADSWORTH GARBER WARNER CONRARDY, P.C.
2580 West Main Street, Suite 200
Littleton, Colorado 80120
Telephone: (303) 296-1999
Telecopy: (303) 296-7600
Email: agarber@wgwc-law.com

**9013-1 CERTIFICATE OF SERVICE OF MOTION AND PROPOSED ORDER**

The undersigned certifies that on October 23, 2024, I served by prepaid first-class mail or ECF a copy of the **MOTION FOR ENTRY OF AGREED TO FINAL CASH COLLATERAL ORDER** on all parties against whom relief is sought and those otherwise entitled to service pursuant to FED.R.BANKR.P. and these L.B.R. at the following addresses:

Chad S. Caby ccaby@lewisroca.com, chadwick-caby-5693@ecf.pacerpro.com,jeastin@lewisroca.com
Peter A. Cal pcal@sah.com, rneal@shermanhoward.com;efiling@sah.com
Jeffrey Cohen jcohen@cohentrial.com
Jason Cooper jcooper@tamlegal.com
John Gray jgray@shermanhoward.com, dfouts@shermanhoward.com;efiling@sah.com;lkostyk@shermanhoward.com;lkostyk@shermanhoward.com
Vandana Koelsch vkoelsch@allen-vellone.com, la@allen-vellone.com,allen-vellone@myecfx.com
Arthur Lindquist-Kleissler Arthuralklaw@gmail.com, seanalklaw@gmail.com;filingsalklaw@gmail.com
Joli A. Lofstedt joli@jaltrustee.com, ecf.alert+Lofstedt@titlexi.com,brenda@jaltrustee.com
Alan K. Motes Alan.Motes@usdoj.gov
Reza Rismani rrismani@tamlegal.com
Katharine S. Sender ksender@allen-vellone.com, la@allen-vellone.com,allen-vellone@myecfx.com
Robert J. Shilliday rjs@shillidaylaw.com
US Trustee USTPRegion19.DV.ECF@usdoj.gov

*/s/ Nichole Garber*___________
For Wadsworth Garber Warner Conrardy, P.C.

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 24-12624-KHT |
| DNC AND TCPA LIST SANITIZER, LLC | ) | |
| EIN: 83-3868704 | ) | Chapter 11 |
| | ) | Sub-Chapter V |
| Debtor | ) | |

**ORDER AUTHORIZING USE OF CASH COLLATERAL**

Upon consideration of the Motion to Continue Use Cash Collateral ("Motion;" Docket No. 189) and the Notice of Proposed Order and Revised Budget (the "Notice;" Docket No. 224), no sustainable objection having been filed and for good cause shown:

IT IS HEREBY ORDERED THAT:

1. Authorization to Use Cash Collateral. The Debtor is authorized to use cash collateral, as the term is defined in the Bankruptcy Code ("Cash Collateral"), in accordance with the budget the ("Budget") attached to the Notice as Exhibit A. The Debtor agrees to limit a variance on each line item of not more than ten (10%) percent per month. ~~Notwithstanding the Budget, the Debtor shall not make any payment to Cashew Holding until there a ruling from the Bankruptcy Court denying the Motion to Convert this case to Chapter 7 (Docket No. 151).~~ All revenues not utilized in accordance with the Budget shall remain in the Debtor in Possession bank account. The Debtor can make all payments provided for in the Budget except for the payments to Cashyew Holding until such time as the Court approves a settlement between the Debtor and Ringba, LLC, Tubmanburg Limited and Adam Young. Upon approval of the settlement agreement, the Debtor can commence making payments to Cashyew Holdings as called for in the Budget.

2. Payment of Adequate Protection Payments. In consideration of its consent to the Debtor's continued use of Cash Collateral in the ordinary course of the Debtor's business, the Debtor agrees to make adequate protection payments to JP Morgan Chase Bank, N.A. ("Chase") in the amount of $5,000 per month ("Adequate Protection Payments") on the fifteenth day of each month for so long as the Debtor is authorized to use cash collateral. Chase will apply the Adequate Protection Payments in accordance with the loan documents to reduce the amount owed to Chase under the loan documents.

3. Reports. The Debtor shall file with the Bankruptcy Court its Monthly Operating Report. The Debtor shall provide to counsel for Chase a screen shot of its bank account balance for the Debtor in Possession bank account Tuesday and Thursday of each week.

4. Grant of Post-Petition Security Interest. The Debtor hereby grants to Chase a lien and security interest in all accounts, contract rights and accounts receivable generated by the Debtor post-petition. The lien granted herein is provided to the extent that the Debtor's use of Cash Collateral results in a decrease in the value of Chase's interest in such property.

5. ~~Grant of Section 364(c)(1) Claim~~Superpriority Administrative Claim. Chase shall have a superpriority administrative claim pursuant to ~~Section~~Bankruptcy Code § ~~s 361(2), 363(e)(2), 364(d)(1), 503(b)(1), and~~ 507(b) ~~of the Bankruptcy Code~~ to the extent the Debtor's use of Cash Collateral and the adequate protection provided under this Order results in a decrease in the value of Chase's interest in Cash Collateral.

6. Binding Effect. All terms and provisions of this Agreement, including but not limited to, the security interest and liens granted herein, and the priority established hereby, shall be binding on the Debtor and any subsequently appointed Trustee under either Chapter 7 or 11 of the Bankruptcy Code.

7. Default.

a. Default under this Agreement shall include the following: (each, a "Default"):

i. Failure to timely pay any of the Adequate Protection Payments;
ii. Failure to comply with the reporting of information provided under this Order;
iii. The conversion of the bankruptcy case to a case under Chapter 7;
iv. The appointment of a trustee (other than the subchapter v trustee) in the bankruptcy case;
v. The failure of the Debtor to stay current on post-petition taxes;
vi. The failure of the Debtor to maintain in good condition any equipment in which Chase has a security interest; and
vii. The failure of the Debtor to maintain insurance on the Chase collateral, as required by the underlying loan documents.

b. Remedies. If a Default based on paragraphs 7(a)(iii) or (iv) occurs, the Debtor's right to use Cash Collateral shall automatically and immediately terminate without notice of any kind. If the Debtor fails to timely make any Adequate Protection Payment, or if a Default occurs other than based on paragraph 7(a)(iii) or (iv), , then the Debtor shall have five (5) business

days after written notice thereof to the Debtor by Chase to cure such default and such notice shall also be filed with the Bankruptcy Court. Upon the occurrence of a Default which is not timely cured, the Debtor's right to use Cash Collateral shall automatically and immediately terminate without further Court Order or notice of any kind.

8. Survival. Notwithstanding the expiration of the Debtor's right to use Cash Collateral hereunder, or any Default by the Debtor causing the termination of the use of Cash Collateral, the rights, security interests, liens, priorities, and adequate protection provided to Chase pursuant to the terms of this Agreement shall, in any and all events, survive and continue in full force and effect.

9. No Waiver. This Order is not intended nor shall it be construed to be a waiver or limitation in any way by Chase of any rights or remedies under the Bankruptcy Code or other applicable law which it has or may have, including, but not limited to, the right of Chase to request relief from the automatic stay under § 362 of the Bankruptcy Code and additional adequate protection under §§ 361, 362, and 363(e) of the Bankruptcy Code.

10. Insurance. The Debtor shall maintain and keep in full force and effect all insurance required under the underlying loan documents.

11. Taxes. The Debtor shall stay current on all post-petition taxes.

12. Equipment. The Debtor shall keep all equipment in which Chase has a security interest in good condition.

Dated: October ___, 2024

BY THE COURT

______________________________

Honorable Kimberley H. Tyson
United States Bankruptcy Judge