**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 24-12624-KHT |
| DNC AND TCPA LIST SANITIZER, LLC | ) | |
| EIN: 83-3868704 | ) | Chapter 11 |
| | ) | Sub-Chapter V |
| Debtor | ) | |

**ORDER AUTHORIZING USE OF CASH COLLATERAL**

Upon consideration of the Motion to Continue Use Cash Collateral ("Motion;" Docket No. 189) and the Notice of Proposed Order and Revised Budget (the "Notice;" Docket No. 224), no sustainable objection having been filed and for good cause shown:

IT IS HEREBY ORDERED THAT:

1. Authorization to Use Cash Collateral. The Debtor is authorized to use cash collateral, as the term is defined in the Bankruptcy Code ("Cash Collateral"), in accordance with the budget the ("Budget") attached to the Notice as Exhibit A. The Debtor agrees to limit a variance on each line item of not more than ten (10%) percent per month. All revenues not utilized in accordance with the Budget shall remain in the Debtor in Possession bank account. The Debtor can make all payments provided for in the Budget except for the payments to Cashyew Holding until such time as the Court approves a settlement between the Debtor and Ringba, LLC, Tubmanburg Limited and Adam Young. Upon approval of the settlement agreement, the Debtor can commence making payments to Cashyew Holdings as called for in the Budget.

2. Payment of Adequate Protection Payments. In consideration of its consent to the Debtor's continued use of Cash Collateral in the ordinary course of the Debtor's business, the Debtor agrees to make adequate protection payments to JP Morgan Chase Bank, N.A. ("Chase") in the amount of $5,000 per month ("Adequate Protection Payments") on the fifteenth day of each month for so long as the Debtor is authorized to use cash collateral. Chase will apply the Adequate Protection Payments in accordance with the loan documents to reduce the amount owed to Chase under the loan documents.

3. Reports. The Debtor shall file with the Bankruptcy Court its Monthly Operating Report. The Debtor shall provide to counsel for Chase a screen shot of its bank account balance for the Debtor in Possession bank account Tuesday and Thursday of each week.

4. Grant of Post-Petition Security Interest. The Debtor hereby grants to Chase a lien and security interest in all accounts, contract rights and accounts receivable generated by the Debtor post-petition. The lien granted herein is provided to the extent that the Debtor's use of Cash Collateral results in a decrease in the value of Chase's interest in such property.

5. Superpriority Administrative Claim. Chase shall have a superpriority administrative claim pursuant to Bankruptcy Code § 507(b) to the extent the Debtor's use of Cash Collateral and the adequate protection provided under this Order results in a decrease in the value of Chase's interest in Cash Collateral.

6. Binding Effect. All terms and provisions of this Agreement, including but not limited to, the security interest and liens granted herein, and the priority established hereby, shall be binding on the Debtor and any subsequently appointed Trustee under either Chapter 7 or 11 of the Bankruptcy Code.

7. Default.

a. Default under this Agreement shall include the following: (each, a "Default"):

i. Failure to timely pay any of the Adequate Protection Payments;
ii. Failure to comply with the reporting of information provided under this Order;
iii. The conversion of the bankruptcy case to a case under Chapter 7;
iv. The appointment of a trustee (other than the subchapter v trustee) in the bankruptcy case;
v. The failure of the Debtor to stay current on post-petition taxes;
vi. The failure of the Debtor to maintain in good condition any equipment in which Chase has a security interest; and
vii. The failure of the Debtor to maintain insurance on the Chase collateral, as required by the underlying loan documents.

b. Remedies. If a Default based on paragraphs 7(a)(iii) or (iv) occurs, the Debtor's right to use Cash Collateral shall automatically and immediately terminate without notice of any kind. If the Debtor fails to timely make any Adequate Protection Payment, or if a Default occurs other than based on paragraph 7(a)(iii) or (iv), , then the Debtor shall have five (5) business days after written notice thereof to the Debtor by Chase to cure such default and such notice shall also be filed with the Bankruptcy Court. Upon the occurrence of a Default which is not timely cured, the Debtor's right to use Cash Collateral shall automatically and immediately terminate without further Court Order or notice of any kind.

8. Survival. Notwithstanding the expiration of the Debtor's right to use Cash Collateral hereunder, or any Default by the Debtor causing the termination of the use of Cash Collateral, the rights, security interests, liens, priorities, and adequate protection provided to Chase pursuant to the terms of this Agreement shall, in any and all events, survive and continue in full force and effect.

9. No Waiver. This Order is not intended nor shall it be construed to be a waiver or limitation in any way by Chase of any rights or remedies under the Bankruptcy Code or other applicable law which it has or may have, including, but not limited to, the right of Chase to request relief from the automatic stay under § 362 of the Bankruptcy Code and additional adequate protection under §§ 361, 362, and 363(e) of the Bankruptcy Code.

10. Insurance. The Debtor shall maintain and keep in full force and effect all insurance required under the underlying loan documents.

11. Taxes. The Debtor shall stay current on all post-petition taxes.

12. Equipment. The Debtor shall keep all equipment in which Chase has a security interest in good condition.

Dated: October ___, 2024

BY THE COURT

______________________________

Honorable Kimberley H. Tyson
United States Bankruptcy Judge