**UNITED STATES BANKRUPTCY COURT DISTRICT OF COLORADO**

| | | | |
|---|---|---|---|
| Debtor 1: | DNC AND TCPA LIST SANITIZER LLC | Case #: | 24-12624-KHT |
| Debtor 2: | | Chapter: | 11, Subchapter V |

## Local Bankruptcy Form 2016-1.1
## Cover Sheet for Application for Professional Compensation

Name of applicant: Joli A. Lofstedt, Subchapter V Trustee

Authorized to provide professional services to:

Date of order authorizing employment: May 17, 2024

Periods for which compensation is sought: May 17, 2024 to October 31, 2024

Amount of fees sought: $8,625.00

Amount of expense reimbursement sought: $28.97

This is a(n):

| | |
|---|---|
| ☒ | Interim Application |
| ☐ | Final Application |

If this is not the first application filed herein by this professional, disclose all prior fee applications:

| Date filed | Period covered | Total requested fees & expenses | Total allowed |
|---|---|---|---|
| | | | |
| | | | |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is $0.00.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| *In re:* | ) | |
| | ) | |
| DNC AND TCPA LIST SANITIZER LLC | ) | Case No. 24-12624-KHT |
| TAX ID / EIN: 83-3868704 | ) | Chapter 11, Subchapter V |
| | ) | |
| *Debtor.* | ) | |

**SUBCHAPTER V TRUSTEE'S FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Joli A. Lofstedt, the Subchapter V Chapter 11 trustee ("*Trustee*") of the bankruptcy estate of DNC and TCPA List Sanitizer LLC (the "*Estate*") hereby submits Subchapter V Trustee's First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses (the "*Fee Application*"). In support hereof, Trustee states as follows:

## I. OVERVIEW

1. On May 16, 2024 (the "*Petition Date*"), DNC and TCPA List Sanitizer LLC ("*Debtor*") filed a Voluntary Petition for relief under Subchapter V of Chapter 11 of the U.S. Bankruptcy Code. Debtor has been operating as a debtor-in-possession during the Chapter 11 case.

2. On May 17, 2024, Trustee was appointed as the Subchapter V, Chapter 11 trustee in Debtor's case under 11 U.S.C. §1183(a).

3. Pursuant to 11 U.S.C. § 330(a)(1), the Bankruptcy Court may award (i) reasonable compensation for actual and necessary services rendered by a trustee, and (ii) reimbursement of actual and necessary expenses incurred during the case. In accordance with the Notice of Appointment of Subchapter V Trustee and the Verified Statement of Subchapter V Trustee filed with the Court on May 17, 2024 [Dkt. No. 10], Trustee is seeking compensation for her services at the hourly rate of $375.00 per hour.

4. In this First Application, Trustee is requesting allowance of interim fees in the amount of **$8,625.00** for services rendered during the time period from May 17, 2024 to October 31, 2024 (the "*First Compensation Period*") and reimbursement of expenses in the amount of **$28.97** for filing and serving this First Application. Trustee's time and expenses incurred during the First Compensation Period are described in more detail on **Exhibit A** attached hereto and summarized below.

5. On August 12, 2024, the Court entered an order authorizing Debtor to pay a post-petition retainer in the amount of $3,000 to Trustee as security towards Trustee's anticipated fees and expenses. Trustee has received the $3,000 retainer which has been deposited into Trustee's trust account.

6. On August 14, 2024, Debtor filed its Plan of Reorganization dated August 14, 2024

for Small Business under Chapter 11, Subchapter V (the "*Original Plan*"). [Dkt. No. 123].

7. On September 25, 2024, Debtor filed its Amended Plan of Reorganization dated September 25, 2024 for Small Business under Chapter 11, Subchapter V (the "*Amended Plan*"). [Dkt. No. 173]. The Amended Plan has not been confirmed. Therefore, Trustee anticipates further services are necessary in this case and is filing this Fee Application as an interim application.

## II. BACKGROUND AND HISTORY OF THE CASE

8. Debtor is a Colorado limited liability company with its principal headquarters based in Colorado Springs, CO. Debtor was formed in 2019. Michael O'Hare and his wife Tania O'Hare own 1% of the Debtor and the other 99% is owned by Cashyew Holdings, LLC. Michael O'Hare owns 75% of Cashyew Holdings and Tania O'Hare owns the remaining 25% of Cashyew Holdings, LLC.

9. Debtors maintains a database of individuals who have signed up to be included on the do not call list for telemarketers. Debtor's customers provide a list of customers for marketing and Debtor removes the individuals who are on the do not call list. Debtor's customers use this service to prevent violating the Telephone Consumer Protection Act.

10. Prior to the Petition Date, Debtor brought a lawsuit against Ringba, LLC, among others, in El Paso County District Court, State of Colorado (the "*State Court*"), for: (1) breach of contract; (2) unjust enrichment; (3) fraud; (4) civil conspiracy; and (5) violation of the Colorado Uniform Trade Secrets Act. There were discovery disputes throughout the state court litigation. Ultimately, the State Court dismissed the lawsuit and awarded attorneys' fees to defense counsel. Debtor appealed the State Court's rulings. The appeals were pending on the Petition Date.

11. On September 19, 2024, the Colorado Court of Appeals affirmed the State Court's judgment dismissing the lawsuit brought by Debtor.

12. On September 10, 2024, Adam Young, Tubmanburg Limited and Ringba, LLC (collectively "*Ringba*") filed a motion to convert the Chapter 11 case to Chapter 7 ("*Motion to Convert*"). Creditors GLegal, LLC and Cohen, LLC joined in the motion to convert. On October 8, 2024, the Court held a preliminary hearing on the Motion to Convert and set the matter for a final hearing on October 24, 2024.

13. On October 18, 2024, the Court entered an Order authorizing Debtor to employ new counsel. On October 21, 2024, the Debtor and Ringba filed a motion to hold the Motion to Convert in abeyance advising the Court that they had reached a settlement in principle and were in the process of drafting the settlement agreement.

14. Trustee is informed and believes the Debtor will file an amended plan which will incorporate the terms of the settlement agreement with Ringba.

## III. NATURE OF TRUSTEE'S SERVICES

15. Trustee's services provided during the First Compensation Period are summarized below:

**A. Document Review / Correspondence – DNC-01**

16. After being appointed, Trustee reviewed the various documents and pleadings filed in the case, including but not limited to, the Statement of Financial Affairs and Bankruptcy Schedules, and any amendments thereto, 2004 motions for discovery and the motion to convert filed by Ringba.

17. Debtor also filed a motion to assume a management agreement with a related entity Cashyew Holdings, LLC that was ultimately withdrawn.

18. Trustee was in contact with counsel for Debtor, the United States Trustee ("*UST*") and creditors regarding the status of the case and pending issues.

19. During the case, Trustee continued to monitor the Debtor's performance, including but not limited to reviewing monthly operating reports which time is included in this category.

TIME SPENT IN THIS FEE CATEGORY:

| | | | |
|---|---|---|---|
| Joli A. Lofstedt | 7.3 | $375.00 | $2,737.50 |

**B. Meetings / Hearing – DNC-02**

20. Pursuant to 11 U.S.C. 1183(b)(3), Trustee time in this category includes preparing for and attending the initial debtor interview, appearing at the Section 341 meeting of creditors and status conference conducted in Subchapter V cases.

TIME SPENT IN THIS FEE CATEGORY:

| | | | |
|---|---|---|---|
| Joli A. Lofstedt | 3.5 | $375.00 | $1,312.50 |

**C. Facilitation of Plan – DNC-03**

21. Trustee's time in this category includes reviewing the Original Plan and Amended Plan and providing informal comments and objections to counsel for the Debtor. Trustee also reviewed the objections filed by other parties and was in contact with the parties in an effort to resolve pending objecitons.

22. Trustee anticipates that Debtor will file an amended plan after approval of the settlement with Ringba.

TIME SPENT IN THIS FEE CATEGORY:

| | | | |
|---|---|---|---|
| Joli A. Lofstedt | 8.7 | $375.00 | $3,262.50 |

**D. First Day Motions – DNC-05**

23. JPMorgan Chase Bank, N.A. ("*Chase*") was the only secured creditor in the case. Chase asserted a lien on cash collateral. Debtor was attempting to reach a stipulation with Chase regarding the use of cash collateral but issues arose whether Debtor was using cash collateral with a Court order or consent from Chase. Ultimately, Debtor was able to reach an stipulation with

Chase regarding the use of cash collateral and on October 24, 2024, the Court entered an Order authorizing Debtor to use cash collateral.

TIME SPENT IN THIS FEE CATEGORY:

| | | | |
|---|---|---|---|
| Joli A. Lofstedt | 1.3 | $375.00 | $487.50 |

**E. <u>Employment / Fee Applications – DNC-04</u>**

24. Trustee's services in this category includes reviewing applications to employ professionals in the case and time preparing and filing this Fee Application and expenses associated with filing and serving this Fee Application.

TIME SPENT IN THIS FEE CATEGORY:

| | | | |
|---|---|---|---|
| Joli A. Lofstedt | 2.2 | $375.00 | $825.00 |

## IV. CONCLUSION

25. Trustee was appointed by the United States Trustee to oversee and monitor the progress in Debtor's case and to work with the Debtor and creditors in an effort to facilitate a consensual plan. Trustee has devoted substantial time to fulfilling her statutory duties in this case and will continue to provide services in an effort to facilitate a consensual plan.

26. If Trustee's interim fees and expenses are allowed, Trustee requests authority to apply the $3,000 retainer to such allowed interim fees and expenses and requests the Court authorize Debtor to pay the balance of any such allowed interim fees and expenses from the Estate.

**WHEREFORE**, Trustee respectfully requests entry of an Order by the Court: (a) allowing Trustee's interim fees in the amount of **<u>$8,625.00</u>** and **<u>$28.97</u>** in expenses for the First Compensation Period; (b) authorizing Trustee to apply the $3,000 retainer to the allowed interim fees and expenses; (c) authorizing Debtor to pay the balance of any allowed interim fees and expenses from the Estate; and (d) granting such other and further relief as the Court deems just and proper.

Dated: November 1, 2024.

Respectfully submitted,

By: *<u>/s/ Joli A. Lofstedt</u>*

Joli A. Lofstedt, Trustee
PO Box 270561
Louisville, CO 80027
Tel: (303) 476-6915
Fax: (303) 694-2964
joli@jaltrustee.com

## CERTIFICATE OF SERVICE

I certify that on November 1, 2024, I served a complete copy of **SUBCHAPTER V TRUSTEE'S FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES** Cover Sheet**,** Notice and Proposed Order on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

**via CM/ECF:**
United States Trustee
Chad S. Caby, Esq.
Peter A. Cal, Esq.
Jeffrey Cohen, Esq.
Jason Cooper, Esq.
Aaron A Garber, Esq.
John Gray, Esq.
Vandana Koelsch, Esq.
Arthur Lindquist-Kleissler, Esq.
Alan K. Motes, Esq.
Reza Rismani, Esq.
Katharine S. Sender, Esq.
Robert J. Shilliday, III, Esq.

DNC and TCPA LIST SANITIZER, LLC
985 Pico Point
Colorado Springs, CO 80905

*<u>/s/ Brenda J. Comstock</u>*
Brenda J. Comstock

# Exhibit A

**JOLI LOFSTEDT, P.C.**
**P.O. BOX 270561**
**LOUISVILLE, CO 80027**
**TELEPHONE (303) 476-6915**
**FACSIMILE (303) 604-2964**

October 31, 2024

Invoice Number 26149

DNC and TCPA List Sanitizer, LLC
935 Pico Point
Colorado Springs, CO 80905

# INVOICE

For Services Rendered Through October 31, 2024

| | | | Hours | Rate | Amount |
|---|---|---|---|---|---|
| DNC-01 General / Document Review / Correspondence | | | | | |
| 05/17/24 | JAL | Review initial pleadings filed in the case | 0.20 | 375.00 | 75.00 |
| 05/20/24 | JAL | Review notice of 341 meeting and order setting status conference and confirm dates docketed | 0.10 | 375.00 | 37.50 |
| 05/29/24 | JAL | Review 2004 motion filed by Ringba | 0.10 | 375.00 | 37.50 |
| 06/03/24 | JAL | Review email from Chad Caby, counsel for Ringba, regarding order granting 2004 motion and proceeding with discovery. | 0.10 | 375.00 | 37.50 |
| 07/07/24 | JAL | Correspond with John Cimino regarding filing MORs with the Court | 0.10 | 375.00 | 37.50 |
| 07/10/24 | JAL | Review status report (.2); Discuss case with John Cimino and issues raised in status report and conference in Michael O'Hare (.5); Discuss with Chad Caby (.2); Review motion to assume executory contract with Cashyew Holdings (.2); Review amended schedules (.1) | 1.20 | 375.00 | 450.00 |
| 07/11/24 | JAL | Review monthly operating report and correspond with John Cimino regarding suggested amendments to the draft MOR (.3); Email John Cimino regarding status of State Court litigation and status of posting bond (.2) | 0.50 | 375.00 | 187.50 |

| | | | | | |
|---|---|---|---|---|---|
| 07/16/24 | JAL | Review amended schedules and court's order for compliance with Rule 1009(a). | 0.10 | 375.00 | 37.50 |
| 07/22/24 | JAL | Review objection filed by Chad Caby to motion to assume executory contract with Cashyew Holdings and motion to disallow claim filed by Cohen LLC | 0.20 | 375.00 | 75.00 |
| 07/24/24 | JAL | Review notice filed by Chase advising that no consent to use cash collateral and discuss with John Cimino | 0.10 | 375.00 | 37.50 |
| 07/28/24 | JAL | Review monthly operating report for June 2024 | 0.20 | 375.00 | 75.00 |
| 08/09/24 | JAL | Review notice of assignment of Allen Vellone claim and discuss with John Cimino | 0.10 | 375.00 | 37.50 |
| 08/24/24 | JAL | Review monthly operating report for July 2024 | 0.20 | 375.00 | 75.00 |
| 09/11/24 | JAL | Review motion to convert the case (.4); Discuss status with Chad Caby (.2); Discuss with John Cimino (.4); Discuss with Peter Cal (.2) | 1.20 | 375.00 | 450.00 |
| 09/18/24 | JAL | Review objection filed by Peter Cal on behalf of Chase to Motion to Use Cash Collateral | 0.10 | 375.00 | 37.50 |
| 09/19/24 | JAL | Review objection filed by Chad Caby on behalf of Ringba to use of cash collateral and discuss with Peter Cal (.2); Review opinion by Colorado Court of Appeals affirming State Court judgment dismissing underlying state court action (.3); Review joinder by GLegal to motion to convert/dismiss case (.1) | 0.60 | 375.00 | 225.00 |
| 09/20/24 | JAL | Review withdrawal of motion to use cash collateral | 0.10 | 375.00 | 37.50 |
| 09/24/24 | JAL | Review objection filed by Chase to motion to convert case and discuss with Peter Cal | 0.20 | 375.00 | 75.00 |
| 10/01/24 | JAL | Review monthly operating report for August 2024 | 0.20 | 375.00 | 75.00 |
| 10/04/24 | JAL | Review order on motion for extension of time to file response to motion to convert | 0.10 | 375.00 | 37.50 |

| | | | | | |
|---|---|---|---|---|---|
| 10/08/24 | JAL | Correspond with Peter Cal regarding preliminary hearing on motion to convert (.2); Prepare for and attend preliminary hearing on motion to convert (1.2) | 1.40 | 375.00 | 525.00 |
| 10/21/24 | JAL | Telephone conference with Aaron Garber regarding settlement with Ringba and review motion to vacate hearing on motion to convert | 0.20 | 375.00 | 75.00 |
| | | Total Fees | 7.30 | | 2,737.50 |
| | | Total for Matter | | | 2,737.50 |

DNC-02 Meetings / Hearings

| | | | | | |
|---|---|---|---|---|---|
| 06/03/24 | JAL | Review pleadings filed in the case in preparation for the initial debtor interview (.4); Attend the initial debtor interview (1.2) | 1.60 | 375.00 | 600.00 |
| 06/10/24 | JAL | Prepare for and attend 341 meeting of creditors. | 1.20 | 375.00 | 450.00 |
| 07/11/24 | JAL | Prepare for and attend status conference (.5); Follow up email to John Cimino regarding amendments to the statements and schedules (.2) | 0.70 | 375.00 | 262.50 |
| | | Total Fees | 3.50 | | 1,312.50 |
| | | Total for Matter | | | 1,312.50 |

DNC-03 Chapter 11 Plan

| | | | | | |
|---|---|---|---|---|---|
| 08/09/24 | JAL | Telephone conference with John Cimino regarding status of plan (.2); Telephone conference with Chad Caby regarding the same (.2) | 0.40 | 375.00 | 150.00 |
| 08/14/24 | JAL | Review plan and forward comments to John Cimino (.9); Follow up discussions with John Cimino regarding plan and need for projections (.4); Follow-up emails to John Cimino regarding plan, projections and further objections/amendments to the filed Plan (.5) | 1.80 | 375.00 | 675.00 |
| 08/16/24 | JAL | Review order setting confirmation deadlines and confirm dates docketed | 0.10 | 375.00 | 37.50 |
| 08/28/24 | JAL | Telephone conference with Peter Cal regarding treatment of Chase under the Plan (.2); Telephone conference with John Cimino, Michael O'Hare and Mark Dennis regarding JPMorgan's nonconsent to use cash collateral, status of projections and amendments to plan (.7); Follow up with Mark Dennis and need for updated projections (.2) | 1.10 | 375.00 | 412.50 |
| 09/02/24 | JAL | Continue review of plan and work with John Cimino to address comments/concerns with amended plan | 1.00 | 375.00 | 375.00 |
| 09/09/24 | JAL | Telephone conference with John Cimino and Debtor regarding possible settlement with Ringba and treatment under the Plan | 0.30 | 375.00 | 112.50 |
| 09/16/24 | JAL | Telephone conference with Chad Caby regarding proposed plan terms (.2); Review email from John Cimino (.1); Discuss with Peter Cal (.2); Follow up with John Cimino (.2); Telephone conference with John Cimino, Michael O'Hare regarding revisions to cash collateral agreement and amendments to the plan and email Peter Cal regarding the same (.5); Review Peter's follow up email (.1) | 1.30 | 375.00 | 487.50 |
| 09/25/24 | JAL | Review amended plan and prepare email to Peter Cal regarding the same | 0.40 | 375.00 | 150.00 |

| | | | | | |
|---|---|---|---|---|---|
| 09/26/24 | JAL | Reach out to Chad Caby regarding Amended Plan (n/c); Telephone conference with Alan Motes regarding status of original plan and proceeding with amended plan and review email from Alan to John Cimino regarding converting confirmation hearing to status conference (.2); Discussion with Peter Cal regarding amended plan (.2) | 0.40 | 375.00 | 150.00 |
| 10/02/24 | JAL | Review objections to plan filed by Ringba and Cohen LLC | 0.30 | 375.00 | 112.50 |
| 10/03/24 | JAL | Prepare for and attend status conference on plan confirmation (.2); Follow up with John Cimino (.2) | 0.40 | 375.00 | 150.00 |
| 10/16/24 | JAL | Telephone conference with Michael O'Hare regarding status of case. | 0.30 | 375.00 | 112.50 |
| 10/17/24 | JAL | Telephone conference with Aaron Garber regarding status of case and plan (.1); Review draft second amended Chapter 11 plan and forward comments to Aaron Garber (.7) | 0.80 | 375.00 | 300.00 |
| 10/22/24 | JAL | Review status report and motion to vacate trial on motion to convert | 0.10 | 375.00 | 37.50 |
| | | Total Fees | 8.70 | | 3,262.50 |
| | | Total for Matter | | | 3,262.50 |

DNC-04 Employment / Fee Applications

| | | | | | |
|---|---|---|---|---|---|
| 06/03/24 | JAL | Correspond with John Cimino regarding court's order for compliance on application to employ and retainer motion (.2); Review amended application filed by John Cimino (.1) | 0.30 | 375.00 | 112.50 |
| 06/04/24 | JAL | Review motion to approve retainer | 0.10 | 375.00 | 37.50 |
| 06/07/24 | JAL | Review motion to approve contingency fee agreement for litigation related to attorney malpractice claim and correspond with John Cimino regarding the same | 0.20 | 375.00 | 75.00 |
| 06/15/24 | JAL | Correspond with counsel regarding separate counsel for Cashyew Holdings | 0.10 | 375.00 | 37.50 |
| 06/27/24 | JAL | Review objection to employment of Cimino as special litigation counsel and prepare email to Alan Motes regarding the same | 0.20 | 375.00 | 75.00 |
| 07/01/24 | JAL | Review email from Alan Motes regarding objection to employment of Cimino | 0.10 | 375.00 | 37.50 |
| 07/11/24 | JAL | Review response to objection to employ Cimino as bankruptcy and litigation counsel on contingecy fee and discuss with John | 0.20 | 375.00 | 75.00 |
| 07/17/24 | JAL | Review supplemental response by Jeffrey Cohen objecting to employment of Cimino as bankruptcy counsel and litigation counsel on contingency fee basis and discuss with John Cimino | 0.20 | 375.00 | 75.00 |
| 07/24/24 | JAL | Telephone conference with John Cimono regarding hearing on application to employ his firm and further disclosures | 0.20 | 375.00 | 75.00 |
| 08/13/24 | JAL | Review application to employ Allen Vellone to prosecute pending appeal | 0.10 | 375.00 | 37.50 |
| 10/03/24 | JAL | Reach out to Allen Vellone regarding substituting in as counsel and possible disclosures (.2); Discuss with Alan Motes (.1); Review objection filed by Alan Motes to disclosures in application to employ (.1) | 0.40 | 375.00 | 150.00 |

| | | | | | |
|---|---|---|---|---|---|
| 10/04/24 | JAL | Review Ringba's objection to employment of Allen Vellone as general bankruptcy counsel | 0.10 | 375.00 | 37.50 |
| | | Total Fees | 2.20 | | 825.00 |
| | | Total for Matter | | | 825.00 |

DNC-05 Cash Collateral Issues

| | | | | | |
|---|---|---|---|---|---|
| 08/14/24 | JAL | Telephone conference with Peter Cal regarding JPMorgan's notice of nonconsent to use cash collateral and status of negotiations with Debtor regarding use of cash collateral | 0.20 | 375.00 | 75.00 |
| 08/28/24 | JAL | Review motion to approve stipulation regarding use of cash collateral and correspond regarding filing the same and discuss with Peter Cal (.2); Review objection filed by Chad Caby to stipulation for use of cash collateral (.1) | 0.30 | 375.00 | 112.50 |
| 08/30/24 | JAL | Review Court's order denying stipulation for use of cash collateral | 0.10 | 375.00 | 37.50 |
| 09/11/24 | JAL | Review renewed motion filed by Debtor for use of cash collateral (.2); Telephone conference with Peter Cal regarding status of consent to use cash collateral (.2); Follow up with John Cimino (.1) | 0.50 | 375.00 | 187.50 |
| 10/02/24 | JAL | Review renewed motion to use cash collateral and confirm with Peter Cal | 0.20 | 375.00 | 75.00 |
| | | Total Fees | 1.30 | | 487.50 |
| | | Total for Matter | | | 487.50 |

**JOLI LOFSTEDT, P.C.**
**P.O. BOX 270561**
**LOUISVILLE, CO 80027**
**TELEPHONE (303) 476-6915**
**FACSIMILE (303) 604-2964**

October 31, 2024

Invoice Number 26149

DNC and TCPA List Sanitizer, LLC
935 Pico Point
Colorado Springs, CO 80905

Summary of Current Billing

| | Fees | Costs | Credits | Total |
|---|---|---|---|---|
| Total this Invoice | 8,625.00 | **$28.97** ~~0.00~~ | 0.00 | 8,625.00 |
| **CURRENT BALANCE** | | | | **28.97** 8,625.00 **$8,653.97** |

Trust Balance 3,000.00

**Expenses**

| | |
|---|---|
| Postage: | $18.22 |
| Photocopies: | $10.75 |
| **Total** | **$28.97** |