IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| DNC and TCPA LIST SANITIZER, LLC ) | Case No. 24-12624-KHT |
| ) | Chapter 11, Subchapter V |
| Debtor. ) | |
| ) | |

**OBJECTION OF SECURED CREDITOR JPMORGAN CHASE BANK, N.A. TO MOTION TO APPROVE SETTLEMENT AGREEMENT BETWEEN THE (A) DEBTOR AND (B) ADAM YOUNG AND RINGBA, LLC**

JPMorgan Chase Bank, N.A. ("Chase"), through its attorneys Taft Stettinius & Hollister LLP, hereby objects to the Motion to Approve Settlement Agreement Between the (A) Debtor and (B) Adam Young and Ringba, LLC (the "9019 Motion") (Docket No. 270). In support, Chase states as follows:

1. On May 16, 2024 (the "Petition Date"), DNC and TCPA List Sanitizer, LLC (the "Debtor") filed a voluntary bankruptcy petition under chapter 11 subchapter v of title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtor continues to operate its business as a debtor-in-possession.

3. Joli A. Lofstedt, Esq. is the Subchapter V Trustee.

4. Chase has a properly perfected, first-priority security interest in substantially all the Debtor's assets, including cash collateral. On July 2, 2024, Chase timely filed its proof of claim asserting a secured claim for $86,329.98 (Proof of Claim No. 6). By order entered on October 24, 2024, the Court authorized the use of cash collateral (Order Authorizing Use of Cash Collateral, Docket No. 252).

5. On August 14, 2024, the Debtor filed its Plan of Reorganization Dated August 14, 2024 for Small Business Under Chapter 11, Subchapter V (Docket No. 123). On September 25, 2024, the Debtor filed its Amended Plan of Reorganization dated September 25, 2024 for Small Business Debtor Under Chapter 11, Subchapter V (Docket No. 173) (the "Amended Plan").

6. On December 10, 2024, the Debtor filed the 9019 Motion. The Settlement Agreement between Ringba and the Debtor is attached to the 9019 Motion as Exhibit A. Although they are not identified as parties to the Settlement Agreement in the preamble to the Settlement Agreement, Michael O'Hare and Tatiana O'Hare executed the Settlement Agreement

in their individual capacities.[1] As is relevant to this Objection, the Settlement Agreement provides:

    a.    Ringba shall have an allowed unsecured claim for $442,500 that will be paid in full in 24 months from disposable income (Settlement Agreement, ¶ 3).

    b.    The Debtor shall file a Second Amended Plan of Reorganization that incorporates the terms of the Settlement Agreement and appends the Settlement Agreement to the Second Amended Plan as an exhibit (*id.*, ¶¶ 7 and 8).

    c.    In the event of a default under the Second Amended Plan, Ringba would be required to file a notice of default, and the Debtor would have a ten-business day cure period. In the event of a second default, Ringba would be able to exercise its collection remedies without notice of any kind to the court or other creditors (*id.*).

    d.    The Debtor and Ringba shall adhere to a Protective Order entered in the State Court Litigation. In the event of a violation of the Protective Order by the Debtor, the Debtor agrees to pay Ringba $100,000.00 in liquidated damages plus attorneys' fees (*id.* ¶ 11).

    e.    Michael O'Hare must execute a personal guaranty of the Debtor's monetary obligations under the Settlement Agreement (*id.* ¶ 12).

    f.    Michael O'Hare is required to provide an affidavit concerning his knowledge of "Attorney's Eyes Only" information previously disclosed pursuant to the Protective Order in the State Court Litigation (*id.,* ¶ 13).

    g.    The Settlement Agreement includes a non-disparagement clause (*id.* ¶ *14)*.

7. Chase objects to the 9019 Motion based on the liquidated damages clause and the clause that would allow Ringba to commence collection action without notice to Chase in the event of a second default under the Settlement Agreement. These terms are not in the best interests of creditors and/or the bankruptcy estate. Among other things, they call into doubt the Debtor's ability to perform under any confirmed plan.

8. The 9019 Motion provides no factual basis for the imposition of a $100,000.00 liquidated damages penalty upon the Debtor. Further, the 9019 Motion fails to address the source of funds the Debtor would use to pay the liquidated damages and the impact of such a payment on the Debtor's ability to make payments under any confirmed plan. Further, the liquidated damages clause applies against only the Debtor. There is no similar clause assuming a violation of the protective order by Ringba.

---

[1] The O'Hares each owns 0.5% of the membership interests in the Debtor and are indirect owners of the remaining 99% membership interests in the Debtor.

59679224.1

9. Similarly, the 9019 Motion provides no justification for allowing Ringba to unilaterally determine that a second default under the Settlement Agreement and any confirmed plan has occurred and immediately commence collection activity including potentially garnishing bank accounts and receivables.

10. In addition, the purpose of the affidavit required by paragraph 12 of the Settlement Agreement is not explained and its impact on any confirmed plan is unclear.

11. With respect to the non-disparagement clause contained in paragraph 14 of the Settlement Agreement, Ringba could unilaterally determine there has been a violation of the non-disparagement clause and treat such alleged violation as a default under the Settlement Agreement and any confirmed plan.

12. Finally, the 9019 Motion and the Settlement Agreement are an improper sub rosa plan because they require any plan to incorporate the terms of the Settlement Agreement.

13. Chase reserves the right to supplement this Objection including based on any new developments as referenced in a recent filing by Ringba.

WHEREFORE, Chase requests that the Court deny the 9019 Motion and grant Chase such additional relief as the Court deems appropriate.

DATED this 14th day of January, 2025.

TAFT STETTINIUS & HOLLISTER LLP

*s/ Peter Cal*
Peter A. Cal
John Gray
675 Fifteenth Street, Suite 2300
Denver, Colorado 80202
Telephone: (303) 297-2900
Facsimile: (303) 298-0940
E-mail: pcal@taftlaw.com
        jgray@taftlaw.com

**Attorneys for Creditor JPMorgan Chase Bank, N.A.**

59679224.1

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 14, 2025, I electronically filed the foregoing **OBJECTION OF SECURED CREDITOR JPMORGAN CHASE BANK, N.A. TO MOTION TO APPROVE SETTLEMENT AGREEMENT BETWEEN THE (A) DEBTOR AND (B) ADAM YOUNG AND RINGBA, LLC** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Aaron A. Garber, Esq.
agarber@wgwc-law.com

Alan K. Motes, Esq.
Alan.Motes@usdoj.gov

U.S. Trustee
USTPRegion19.DV.ECF@usdoj.gov

Joli A. Lofstedt, Esq.
joli@jaltrustee.com

Chad S. Caby, Esq.
ccaby@lewisroca.com

Jeffrey Cohen, Esq.
jcohen@cohentrial.com

Jason Cooper, Esq.
Reza Rismani, Esq.
jcooper@tamlegal.com
rrismani@tamlegal.com

Vandana Koelsch, Esq.
Katharine S. Sender, Esq.
vkoelsch@allen-vellone.com
ksender@allen-vellone.com

Arthur Lindquist-Kleissler, Esq.
Arthuralklaw@gmail.com

Robert J. Shilliday, Esq.
rjs@shillidaylaw.com

      s/ Roberta Neal

59679224.1