UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 24-12624-KHT |
| DNC AND TCPA LIST SANITIZER, LLC ) | |
| EIN: 83-3868704 ) | Chapter 11 |
| ) | Sub-Chapter V |
| Debtor ) | |
| ) | |

**MOTION TO MODIFY CASH COLLATERAL ORDER**

DNC and TCPA List Sanitizer, LLC (the "Debtor"), by and through its counsel, Wadsworth Garber Warner Conrardy, P.C. ("WGWC") for its Motion to Modify Cash Collateral Order respectfully states as follows:

**BACKGROUND**

1. On May 16, 2024 (the "Petition Date"), the Debtor commenced this bankruptcy case by filing a Voluntary Petition under Subchapter V of Chapter 11 of the Bankruptcy Code.

2. On the Petition Date, the Debtor retained Cimino Law Office LLC ("Cimino") as its bankruptcy counsel.

3. On September 10, 2024, the Debtor, through Cimino, filed a Motion to Use Cash Collateral (the "Cimino Cash Collateral Motion").

4. Objections to the Cimino Cash Collateral Motion were filed by JPMorgan Chase Bank, N.A. ("Chase") and Ringba, LLC, Tubmanburg Limited, Adam Young ("Ringba").

5. On September 20, 2024, the Debtor, through Cimino, withdrew the Cimino Cash Collateral Motion.

6. On October 2, 2024, the Debtor, through Cimino, filed a Second Motion to Use Cash Collateral (the "Second Cimino Cash Collateral Motion").

7. On October 3, 2024, a Notice of Substitution of Counsel was filed with the Court terminating Cimino and seeking to employ Allen Vellone Wolf Helfrich & Factor P.C. as counsel for the Debtor. Opposition was asserted to this representation for alleged conflicts.

8. On October 7, 2024, an Application to Employ WGWC as bankruptcy counsel for the Debtor was filed with the Court.

9. On October 9, 2024, the Debtor filed its Notice of Filing of Agreed to Budget and Cash

Collateral Order, filing a proposed order and budget ("Budget") consented to by Chase.

10. On October 16, 2024, objections to the Second Cimino Cash Collateral Motion were filed by the US Trustee and Ringba.

11. On October 18, 2024, the Court entered an Order authorizing the employment of WGWC as counsel for the Debtor.

12. On October 23, 2024, the Debtor filed its Motion for Entry of Agreed to Final Cash Collateral Order (the "Agreed to Cash Collateral Motion"), resolving the objections of Chase, Ringba, and the US Trustee.

13. On October 24, 2024, the Court entered the Order Authorizing use of Cash Collateral ("Cash Collateral Order") attached to the Agreed to Cash Collateral Motion. The Cash Collateral Order incorporated the Budget.

14. The Budget is divided into two parts: (a) fixed monthly expenses and (2) a management fee to be paid to Cashyew Holdings ("Cashyew").

15. The Cash Collateral Order allows the Debtor to pay fixed monthly expenses, including sales, researchers, Thomson Reuters, server, website development, advertisement, office rental, telecommunications, internet, and state DNC subscriptions.

16. However, with respect to management fee, the Cash Collateral Order provides "The Debtor can make all payments provided for in the Budget except for the payments to Cashyew Holding until such time as the Court approves a settlement between the Debtor and Ringba, LLC, Tubmanburg Limited and Adam Young. Upon approval of the settlement agreement, the Debtor can commence making payments to Cashyew Holdings as called for in the Budget." (the "Limiting Sentence").

17. At the time of the filing of the Agreed to Cash Collateral Motion, there was a pending Motion to Covert the Case that had been filed by Ringba which was set for trial, along with a pending appeal of the judgment held by Ringba against the Debtor and other related litigation matters between the parties.

18. During this time the Debtor and Ringba were in negotiation to try to resolve their disputes.

19. Ultimately the Debtor and Ringba were able to come to a resolution and on December 10, 2024, the Debtor filed its Motion to Approve Settlement Agreement between (A) the Debtor and (B) Adam Young and Ringba, LLC ("Settlement Agreement").

20. On January 20, 2025, the Debtor withdrew the Settlement Agreement. The Settlement Agreement broke down for many reasons including, Ringba accusing the Debtor of violating the proposed Settlement Agreement, Ringba asking the Debtor to take additional action beyond the Settlement Agreement, and Ringba's indication that it would object to the Settlement Agreement. Additionally, Chase objected to the Settlement Agreement.

21. At the time of the entry of the Cash Collateral Order, approval to use cash collateral was critical so that the Debtor could meet its operational costs. Further, it was anticipated that a settlement would be reached with Ringa, so the limitations on payments to Cashyew were reasonable and intended to be for a limited reasonable period of time.

22. Cashyew, an affiliated entity to the Debtor, provides essential services to the Debtor. These services include but are not limited to financial management, bookkeeping, operations management, sales and marketing, and risk/crisis management.

23. As a result of the Cashyew's efforts, the Debtor's revenues increased by 25% between May and December 2024, compared to the same period in the prior year. The Debtor, as of February 25, 2025, has $539,889.19 in the Debtor in Possession bank account.

24. The Limiting Sentence is now being utilized to strangle Cashyew. Cashyew pays the salaries of Michael O'Hare and Tanya O'Hare (the "O'Hares"), who are the employees of Cashyew. The O'Hares have been unable to earn a living for months. The O'Hares are in the crosshairs of Ringba, who is now utilizing the Limiting Sentence to punish the O"Hares, while the O'Hares are the individuals who are the driving force behind the success of the Debtor. It is this success that has allowed the Debtor to propose a full payment Plan of Reorganization.

25. So creditors, including Ringba, stand to be the beneficiaries of Cashyew's and the O'Hares' efforts, while seeking to deprive them of fair compensation of their efforts and successes.

WHEREFORE the Debtor respectfully requests that the Court enter an order, a proposed form is filed herewith, modifying the Cash Collateral Order by striking the Limiting Sentence and allowing Cashyew to be paid the $35,000 under the Budget and granting such other relief as the

Court deems just.

Dated: February 28, 2025    Respectfully submitted,

By: /s/ Aaron A. Garber
    Aaron A. Garber #36099
    Hallie S. Cooper #60659
    WADSWORTH GARBER WARNER
    CONRARDY, P.C.
    2580 W Main Street, Suite 200
    Littleton, CO 80120
    Telephone: 303-296-3905
    Fax: 303-296-7600
    Email: agarber@wgwc-law.com