**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>DNC and TCPA LIST SANITIZER, LLC,<br><br>Debtor. | Case No. 24-12624 KHT<br>Chapter 11 |

**ORDER TO SHOW CAUSE (ALLEN VELLONE WOLF HELFRICH & FACTOR PC)**

THIS MATTER comes before the Court on the Second Application for Compensation (docket #377), filed by Allen Vellone Wolf Helfrich & Factor PC (the "Firm"). The Court's review of the file reflects the following:

- On August 12, 2024, Debtor filed an application to employ the Firm as special litigation counsel under 11 U.S.C. § 327(e) (the "August 12 Application," docket #119). The August 12 Application included an affidavit stating, in relevant part: "The Firm does not represent any party in interest adverse to the interest of the Debtor. The Firm does not represent any creditor, shareholder, officer, or director of the Debtor." (Affidavit of Vandana Koelsch, Attachment #1 to docket #119).

- The Court approved the August 12 Application by Order entered August 15, 2024 (docket #125).

- On October 3, 2024, the Firm filed an application seeking employment as general bankruptcy counsel to Debtor under 11 U.S.C. § 327(a) (the "October 3 Application," docket #195). The October 3 Application included an affidavit stating, in relevant part: "To the best of my knowledge, The Firm does not hold or represent any interest adverse to Debtor, the Bankruptcy Estate, or its creditors, and is deemed to be a "disinterested person" as that term is defined in 11 U.S.C. § 101(14) of the U.S. Bankruptcy Code." (Affidavit of Katharine S. Sender, Attachment #1 to docket #195).

- Also on October 3, 2024, the United States Trustee filed an Objection to the October 3 Application (docket #197), asserting as follows:

    - The Firm was a prepetition creditor of Debtor.
    - The Firm sold its claim postpetition to an insider.
    - The source of funds used to purchase the Firm's claim is not disclosed.
    - The Firm received a prepetition transfer.
    - The Firm currently represents Debtor as Special Counsel.
    - The Firm received a retainer of $25,000, but Debtor's secured creditor had not consented to Debtor's use of its cash collateral.
    - The Firm should be required to provide additional notice and disclosures.

- Finally on October 3, 2024, creditors including Ringba, LLC, filed a joinder to the U.S. Trustee's objection to the October 3 Application (docket #198), noting the Firm had appeared in the State Court Litigation "either on behalf of the Debtor or Mr. O'Hare individually" and had not disclosed that information.

- The Firm withdrew the October 3 Application on October 7, 2024 (docket #211).

- On March 3, 2025, Debtor filed a Motion to Amend Application to Employ Allen Vellone Wolf Helfrich & Factor P.C. as Special Litigation Counsel (the "March 3 Motion," docket #321). The March 3 Motion sought to expand the Firm's representation to include an arbitration with Debtor's prepetition litigation expert, John Frankovitz and Quandary Peak Research, Inc. The March 3 Motion represented the Firm's employment would be under 11 U.S.C. § 327(a). The March 3 Motion asserted the Firm represented there was no connection or conflict of interest between the firm, the bankruptcy estate, or its creditors. The March 3 Motion stated it was accompanied by an affidavit of Vandana Koelsch, but no such affidavit was filed.

- The Court granted the March 3 Motion by Order entered March 7, 2025 (docket #326). The Court's order provided the Firm's employment was made under 11 U.S.C. § 327(a).

- On April 3, 2025, Debtor and its principal, Michael O'Hare, filed a joint Motion to Extend the Automatic Stay as to Mr. O'Hare (the "Motion to Extend," docket #352). The Firm appeared on behalf of Mr. O'Hare and asserted Mr. O'Hare was entitled to indemnification for his post-petition actions on behalf of Debtor.

- By Order entered April 8, 2025, the Court denied the Motion to Extend (docket #356), noting a request for injunctive relief must be filed as an adversary proceeding.

- On April 11, 2025, Debtor and Mr. O'Hare filed adversary proceeding #25-01124-KHT against Ringba, LLC and Adam Young, seeking injunctive relief preventing the defendants from pursuing certain state court litigation, representing "The Debtor may be obligated under statutory and common law indemnification principles and contribution rights to (1) reimburse O'Hare for costs in defending the Contempt Litigation; and (2) indemnify O'Hare for any judgments rendered against him therein." (adversary proceeding docket #1, ¶ 20). Mr. O'Hare was represented by the Firm.

- A law firm's obligations to disclose and avoid conflicts is ongoing. As one court explained:

    > "[W]hile Rule 2014(a) only expressly requires the disclosure to be made at the time of the application to employ, and only 'to the best of the applicant's knowledge,' case law has held that there is an ongoing obligation to supplement the disclosure if the applicant later

2

learns of undisclosed connections or conflicts later arise. *In re Diamond Mortg. Corp. of Ill.*, 135 B.R. 78, 89 (Bankr. N.D. Ill. 1990) ("In addition to the specific requirements of § 327(a), two additional requirements are implied under § 327(a): (1) the professional must disclose to the court and the parties in interest all facts which might bear on the professional's qualification for retention under § 327(a) both at the time of the original application and on an ongoing basis; (2) the professional must live up to all requirements of appropriate professional codes of conduct on a continuous basis.") (emphasis added). These implied requirements, in addition to simply being part of an attorney's duty of candor towards a court, are necessary to implement Section 328(c), which gives the court the power to disgorge fees "if, at any time during such professional person's employment under section 327 or 1103 of this title, such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed." 11 U.S.C. § 327(c) (emphasis added).

*In re Gluth Bros. Const., Inc.*, 459 B.R. 351, 364-65 (Bankr. N.D. Ill. 2011); see also *In re US Bentonite, Inc.*, 536 B.R. 948, 958 (Bankr. D. Wyo. 2015) ("Rule 2014(a) creates a continuing obligation for counsel to advise the Court when a potential or actual conflict of interest arises during the representation of a debtor-in-possession.");

Here, it is not clear whether the Firm complied with its obligations to disclose and avoid conflicts. The Court will require the Firm to show cause in writing whether it complied with applicable provisions of the Bankruptcy Code and Rules of Bankruptcy Procedure, failing which sanctions may be imposed, including denial of compensation and disgorgement of any fees paid.

Accordingly, it is

HEREBY ORDERED that the Firm must, no later than **August 28, 2025**, show cause in writing whether it complied with applicable provisions of the Bankruptcy Code and Rules of Bankruptcy Procedure, failing which sanctions may be imposed, including denial of compensation and disgorgement of any fees paid. It is

FURTHER ORDERED that any party in interest may file a response to any response filed by the Firm, no later than fourteen days after the filing of the Firm's response.

Dated August 14, 2025

BY THE COURT:

Kimberley H. Tyson
United States Bankruptcy Judge