# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 24-12624-KHT |
| DNC AND TCPA LIST SANITIZER, LLC ) | |
| EIN: 83-3868704 ) | Chapter 11 |
| ) | Sub-Chapter V |
| Debtor ) | |

**OBJECTION TO CLAIMS FILED BY COHEN, LLC**
**(Claim Nos. 8 and 9)**

DNC and TCPA List Sanitizer, LLC, Debtor-in-Possession (the "Debtor"), by and through its counsel Wadsworth Garber Warner Conrardy, PC ("WGWC"), for its Object to Claims filed by Cohen, LLC (Claim Nos. 8 and 9), respectfully states as follows:

**BACKGROUND**

*The Bankruptcy Case*

1. The Debtor filed its Voluntary Petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on May 16, 2024 (the "Petition Date").

2. On the Petition Date, the Debtor retained Cimino Law Office LLC ("Cimino") as its bankruptcy counsel.

3. Litigation ensued as to whether Cimino had a conflict that will prohibit it from continuing as counsel for the Debtor.

4. In addition, the Debtor believed the bankruptcy case would be better served by seeking replacement counsel.

5. The Debtor ultimately selected the firm of WGWC to represent it in its bankruptcy case.

6. On July 22, 2024 Cohen, LLC filed a Proof of Claim (claim number 8 on the claim registry) in the amount of $200,000 ("Claim 8")

7. On July 22, 2024, the Debtor, through Cimino, filed an objection to Claim 8 asserting Cohen, LLC failed to attach supporting documentation to Claim 8.

8. On July 23, 2024 Cohen filed second Proof of Claim (claim number 9 on the claim registry) in the amount of $200,976.23 ("Claim 9") and attaching supporting documents consisting

of the retention agreement and certain invoices. Claim 9 has three components: (a) $71,274.29 in alleged unpaid fees and costs; (b) $5,701.94 in interest; and (c) $124,000 in collection fees.

*The Debtor's Dealings with Cohen, LLC*

9. On October 23, 2021, the Debtor filed a state court complaint against Ringba in the El Paso County District Court of Colorado, initiating Case No. 2021CV31668 (the "State Court Litigation") alleging that Ringba stole its database of do not call contacts by inducing the Debtor to disclose its confidential data under the false pretense of acquiring its business.

10. The Debtor was originally represented by Gary Tucker in the State Court Litigation.

11. On December 19, 2022 the Debtor retained Cohen, LLC to substitute as counsel for Mr. Tucker in the State Court Litigation.

12. The Debtor executed a retention agreement with Cohen, LLC a copy which is attached to Claim 9 (the "Retention Agreement").

13. The Retention Agreement provides an estimate of fees and costs for the remainder of the State Court Litigation, requesting a retainer of $15,000 and projecting fees of $180,000 and costs of $15,000 through trial.

14. The matter never proceeded to trial as, under the advice and legal stewardship of Mr. Cohen, Ringba prevailed under a sanctions award issued on May 12, 2023.

15. During the course of the representation the Debtor paid Cohen LLC approximately $340,000.

## OBJECTION TO CLAIMS

16. Claim Nos. 8 and 9 should be expunged and disallowed for the reasons set forth below.

*Claim No. 8*

17. Claim 8 should be disallowed and expunged for two reasons. First it contains no documentation to support the claim. Federal Rule of Bankruptcy Procedure 3001(c)(1) governs the requirement for supporting documentation when a claim is based on a writing, providing: "If a claim ... is based on a writing, the creditor must file a copy with the proof of claim." *In re Richter*, 478 B.R. 30, 38 (Bankr. D. Colo. 2012). Second, it is duplicative of Claim 9.

<u>Claim No. 9</u>

A. *The Legal Fees and Cost*

18. The Debtor asserts that the $71,274.29 in alleged unpaid fees and costs should be disallowed because the charges of Cohen, LLC are excessive and duplicative.

19. Examples of excessive and duplicative bills include but are not limited to the following examples:

   a. Mr. Cohen informed the Debtor that he bills whenever he thinks about the case, including when he is using the restroom or walking his dog.

   b. On May 9, 2023, Mr. Cohen billed two separate entries for "prepare for trial" – one for 3.40 hours and another for 3.10 hours on the same day. Both entries have identical descriptions, totaling 6.5 hours for that day.

   c. On May 12, 2023 (the day the case was dismissed), three different timekeepers billed for discussions about the court's termination order and next steps. For example, C. Tavernier billed 0.30h and 0.20h for reviewing the order and conferring with J. Cohen, while C. Yarbrough billed 0.80h and 1.00h for similar discussions and conferrals, and J. Cohen billed 1.10h for a call with the client about strategy. In total, nearly 4 hours were billed on May 12 just for internal/client conferences regarding the case outcome.

   d. There also appear to be charges to clients other than the Debtor. On May 22, 2023, a charge for "CO Courts E-Filing Case History 2022C40284 – *Argote v. Ilevel.*" On July 17, 2023, an entry for "CO Courts E-Filing Case History 2020CV33803 – *Beyond Broadway LLC v. John Lord*" ($15.00) appeared on the final invoice. On April 4, 2023, Cohen billed the debtor $354.00 for another case Texas Business and Commerce.

   e. The retainer agreement was fully executed on December 22, 2022. However, the Cohen LLC's first invoice (#3250) includes seven entries dated 12/15/22 through 12/21/22 – before the agreement was in place – totaling $9,311.00 in fees. These charges include research, client meeting, and case review tasks performed prior to formal engagement. The Debtor did not authorize this level of work before ever being retained. Cohen LLC should not be charging the client for legal research to become familiar with the law for which it is seeking to be hired and to persuade the

Debtor to hire the firm. For the same reasons the firm should not be billing the Debtor to become familiar with the State Court Litigation while trying to persuade the Debtor to hire the firm. Further, even if billings for such "marketing efforts" were to be allowed $9,311.00 is excessive.

f. Cohen, LLC spent approximately 90 hours on trial preparation.

g. Cohen, LLC charged the Debtor $1,366 on May 12, 2023, the day of the dismissal judgment, to discuss the ruling.

20. Along the same lines, pursuant to a state court ruling issued on April 17, 2023, the Court issued a series of rulings against the Debtor, including that the Debtor's expert could not testify, that the Debtor could not use its website data that was reconstructed to match the website when the issues in the litigation arose, and four of the five claims asserted by the Debtor were dismissed.

21. Notwithstanding these devastating losses, Cohen LLC advised the Debtor to continue litigating, not to execute a settlement, so it could prevail on the remaining claim. Cohen LLC argued to the Debtor that it had already invested over $300,000 in litigation and should keep going. This was in the self-interest of Cohen LLC and to the detriment of the Debtor, who relied on and took this advice.

22. Looking at the work of Cohen, LLC holistically, the fees and costs, including the amounts already paid and asserted in the Claim Nos. 8 and 9, are excessive. Colo. RPC 1.5(a) requires a lawyer's fees to be reasonable. Eight factors are analyzed to determine if a lawyer's fees are reasonable:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;

> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent.

23. Each factor is discussed below.

A. *The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly*

The Debtor does not dispute the case was a complex commercial litigation. However, the billings were excessive. Pursuant to the billing invoices, Mr. Cohen billed 492.5 hours and his associate billed 213.6 hours. Given the matter never proceeded to trial, the hourly charges are excessive. Nor did the issues presented require such an extension hourly work.

B. *The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer*

The Debtor cannot say for certain if the retention of the Debtor precluded Cohen, LLC from other employment. The Debtor will press on this issue through discovery.

C. *The fee customarily charged in the locality for similar legal services*

The hourly rate was not excessive, but the amount of time invoiced was excessive.

D. *The amount involved and the results obtained*

There were five claims: unjust enrichment, fraud, misappropriation of a trade secret, breach of contract, civil conspiracy seeking $2,800,000. Four of the claims got dismissed, and with respect to the last issue, the sanction order was entered by the Court.

E. *The time limitations imposed by the client or by the circumstances*

There were no time limitations.

F. *The nature and length of the professional relationship with the client*

The Debtor did not have a relationship with Mr. Cohen prior to the engagement.

G. *The experience, reputation, and ability of the lawyer or lawyers performing the services*

The Debtor has no knowledge of the experience, reputation and ability of Cohen, LLC. The Debtor was regarding the experience, reputation and ability of Mr. Cohen. The Debtor was referred to Mr. Cohen. The failed results in the State Court Litigation speak for themselves.

24. Based upon the preceding, the fees charged by Cohen, LLC after April 17, 2023 should not be allowed.

25. For fees charged after the May 12, 2023 ruling in the State Court Litigation, the Debtor did not authorize Cohen, LLC to continue doing any work and in fact instruct Cohen, LLC to cease work.

26. Colo. RPC 1.2(a) requires a lawyer to abide by a client's decisions regarding the objectives of a case. *People v. Bendinelli*, 329 P.3d 300, 310 (2014). A "lawyer shall abide by a client's decisions concerning the objectives of representation and ... shall consult with the client as to the means by which they are to be pursued." Colo. RPC 1.1(a). When the Debtor instructed Cohen, LLC to stop working on the State Court Litigation, Cohen LLC was required to abide by the Debtor's directive and halt further litigation efforts. Cohen, LLC nevertheless continued litigation in direct contravention of the Debtor's instructions.

27. Further, Colo. RPC 1.4(a)(2) requires a lawyer to "reasonably consult with the client about the means by which the client's objectives are to be accomplished." Cohen, LLC failed to communicate with the Debtor when it continued litigating beyond the Debtor's express instruction to stop. Debtor was not informed about continued litigation efforts, in clear conflict of the professional rules. The Debtor was not informed of collection efforts completed by Debtor until Debtor received an invoice for these efforts.

28. Per the billing statements attached to Claim 9, after the ruling, Cohen, LLC billed approximately $32,338 in unauthorized work.

29. For the reasons detailed above, the $71,274.29 is legal fees and costs should be disallowed.

B. *Interest*

30. Upon the elimination of the legal fees and costs, likewise the associated interest should be disallowed.

C. *Collection Costs*

31. The collection portion of Claim 9 should be disallowed in total also. There are no documents to support the $124,000 in collection fees. Federal Rule of Bankruptcy Procedure 3001(c)(1) governs the requirement for supporting documentation when a claim is based on a writing, providing: "If a claim ... is based on a writing, the creditor must file a copy with the proof of claim." *In re Richter*, 478 B.R. 30, 38 (Bankr. D. Colo. 2012).

32. There is no reasonable explanation for how Cohen LLC incurred $124,000 in collection costs. No collection litigation was commenced.

33. In August of 2023, Cohen, LLC ceased sending invoices to the Debtor. It was not until September of 2024, post-Petition Date, that the Debtor received another invoice.

34. Accordingly, there is no basis for the $124,000 in collection fees asserted in Claim 9 and the collection costs should be disallowed.

D. *The Timing of the Filing of the Claims*

35. The timing of the filing of the Claim Nos. 8 and 9 are suspect.

36. On June 7, 2024, Cimino filed in the bankruptcy case a Motion to Approve Contingency Fee Agreement to sue among others Cohen, LLC for malpractice.

37. Soon thereafter, Cohen, LLC files the large Claims Nos. 8 and 9 making him the second largest creditor in the case.

38. On September 10, 2024, Ringba filed its Motion to Convert the Case.

39. In September of 2024 Cohen starts invoicing the Debtor again to support his claims.

40. Cohen, while not filing a joinder, starts supporting Ringba's efforts to convert the case, which could help Cohen, LLC avoid a malpractice claim.

41. The actions of Cohen LLC are indicative of efforts of Cohen LLC to try be in a position of power in the case so it can try to convert the case and switch the decision making about the malpractice claim from the Debtor and to a Chapter 7 trustee.

## CONCLUSION

WHEREFORE, the Debtor requests that this Court enter an order, a proposed form filed herewith, disallowing and expunging Claim Nos. 8 and 9, and granting such other and further relief the Court deems just.

Dated: August 18, 2025          Respectfully submitted,

/s/ Aaron A. Garber
Aaron A. Garber, #36099
WADSWORTH GARBER WARNER CONRARDY, P.C.
2580 West Main Street, Suite 200
Littleton, Colorado 80120
Telephone: (303) 296-1999
Telecopy: (303) 296-7600
Email: agarber@wgwc-law.com