| | |
|---|---|
| DISTRICT COURT, EL PASO COUNTY, COLORADO<br>Court Address:<br>270 S. TEJON, COLORADO SPRINGS, CO, 80903 | |
| **Plaintiff(s)** TCPA LITIGATOR LIST<br>v.<br>**Defendant(s)** RINGBA LLC et al. | DATE FILED<br>May 12, 2023 6:54 AM<br>CASE NUMBER: 2021CV31668 |
| | ⚠ **COURT USE ONLY** ⚠<br>Case Number: 2021CV31668<br>Division: 22     Courtroom: |
| **Order:Proposed Order re Forthwith Request for Emergency Hearing** | |

The motion/proposed order attached hereto: ACTION TAKEN.

I have reviewed all pleadings and exhibits filed as of the time of this order, and I have considered the testimony presented at the hearing yesterday.

Defendants renew their motion to terminate the case based on yet more new disclosures, including a screenshot of data in plaintiff's possession plainly showing that Mr. Young had permission to download the list of phone numbers that he downloaded on April 5, 2023. Exhibit 2 to Defendants' reply brief.

I find by a preponderance of the evidence that this data compilation was generated on April 5, 2020 and has been easily accessible by plaintiff since that time. Until after my April 25th, 2023 order imposing sanctions, plaintiff had insisted that there was no such data compilation to show that Mr. Young actually had permission to download the list.

Yesterday, Mr. O'Hare acknowledged that all along (i.e. since April 5, 2020), he and his programmer, Mr. Malosev, have indeed had access to the "back end" of the original website. The court finds that since the end of 2022 defendants have requested access to the back end. The court finds that when plaintiff responded to the requests that it had no such information, its principal, Mr. O'Hare, knew that that was not true.

Plaintiff insists that all defendants had to do was ask for access to the back-end of the website using the right language and they would have had access to all of this information. As part of this argument, plaintiff asserts that defendants may have requested things similar to this information but didn't quite use the right words to make clear to plaintiff that that access to the back end is what defendants wanted.

The court finds that from the beginning of discovery requests, defendants have used broad and all-inclusive terminology to make clear to plaintiff what they were seeking. The court finds that all of the disclosures by plaintiff in the last three weeks should have been turned over in response to the initial requests for production based on those broad requests. More important and much more broadly, plaintiff should have disclosed <u>all</u> of the database that was accessible through the back end of the original website and not just taken a handful of screenshots of that database on the eve of trial.

The court found everything Dr. Gianturco testified to yesterday credible. The court finds based on his testimony that the Exhibit 2 screenshot was indeed a "smoking gun" and that had that exhibit been produced when first requested by defendants, the parties would immediately have turned their attention to plaintiff's backup theory that Mr. Young, in allegedly checking the Terms and Conditions box, explicitly agreed that he would not share the list with anyone else.

It was during Mr. Malosev's testimony at the April 2023 hearing that it became clear to the court that there was a good chance that there was far more evidence in this case than plaintiff had disclosed. Confronted by the fact that Dr. Gianturco was able to download the full list from the website recreation without agreeing to any terms and conditions, Mr. Malosev, while testifying, accessed data that had existed since April 5, 2020 in an attempt to show Mr. Young had not done what Dr. Gianturco had done. The court finds that this live display by Mr. Malosev showed everyone in the courtroom, including plaintiff's counsel, that there was likely far more such data in the case that plaintiff had not disclosed.

The court finds that after the April 2023 hearing, plaintiff's counsel followed up with Mr. Malosev to see what other undisclosed evidence there was at Mr. Malosev's fingertips. The result, in part, was Exhibit B. The court finds that had Mr. Malosev not shown in open court his access to this information, the new disclosures would never have been produced. After

Mr. Malosev's display, the court finds, plaintiff could no longer credibly claim that it had disclosed all relevant evidence in their possession.

Ultimately, the court concludes that from the beginning of this litigation, plaintiff has had ready access to all sorts of data directly relevant to this case that only recently they have begun to release in dribs and drabs. The court finds that Mr. O'Hare and Mr. Malosev completely disregarded their legally required discovery obligations until just recently in an attempt to increase their chances of prevailing at trial.

Faced again with yet more late disclosures, plaintiff asks this court now to focus on just how many times Mr. Young admitted in his interrogatories that he followed the terms and conditions that he had allegedly agreed to.

First, the court finds that Mr. Young used this language in his responses not to admit that he had checked the box indicating that he agreed to be bound by the terms and conditions on the website but to articulate that his downloading of the list on April 5, 2020 was not the result of his "manipulating" the website as alleged by plaintiff.

More significant, the court has zero confidence that plaintiff has disclosed the information in its possession regarding the Terms and Conditions box and whether Mr. Young actually checked that box. Again, had all of the recent disclosures been made when they should have and had Mr. O'Hare acknowledged early on that he and Mr. Malosev had ready access to the back end of the original website six months ago, defendants would have had a much fuller basis from which to probe for evidence directly connected to the Terms and Conditions box that plaintiff now insists is at the heart of this case.

I find that because they did not want to disclose evidence that might have helped defendants, they insisted until only recently that there was no computer evidence in their possession other than the fragments of proprietary code information shared with Dr. Gianturco during his February visit and the generic publicly available source code that plaintiff had used but without any of the uniquely specified configurations of that source code for the website.

Based on the foregoing, the court hereby terminates this case, applying the same standard set forth in its April 25, 2023 sanctions order. The trial set for May 15, 2023 is vacated.

The court fully understands Mr. O'Hare's grievance with Mr. Young's downloading Mr. O'Hare's significant collection of phone numbers and then using that list as part of a brand new, competing business. Nevertheless, in bringing suit, plaintiff was required by law to timely disclose any relevant evidence in its possession, even if that evidence would help the other side. Here, plaintiff and its representatives have, until too late, disregarded that law completely.

The court will entertain a motion for the recovery of fees and costs.

Issue Date:  5/12/2023

*[signature]*

WILLIAM B BAIN
District Court Judge

| | |
|---|---|
| DISTRICT COURT, EL PASO COUNTY, COLORADO<br><br>270 South Tejon Street<br>Colorado Springs, CO 80903 | |
| **Plaintiff:**<br><br>TCPA LITIGATOR LIST,<br><br>v.<br><br>**Defendants:**<br><br>ADAM YOUNG, an individual, TUBMANBURG LIMITED, a Bahamas corporation a/k/a Ringba, RINGBA, LLC, a Delaware limited liability company. | ▲ **COURT USE ONLY** ▲<br><br>Case No. 2021CV031668<br><br>Division: 9 |
| **[PROPOSED] ORDER RE DEFENDANTS' FORTHWITH REQUEST FOR HEARING REGARDING PLAINTIFF'S CONTINUED VIOLATION OF COURT ORDERS AND DISCOVERY OBLIGATIONS** | |

    Defendants' Forthwith Request for Hearing Regarding Plaintiff's Continued Violation of Court Orders and Discovery Obligations is hereby GRANTED.

    Upon entry of this Order, Counsel for Defendants shall call the Clerk of the Court for the Court's availability on Wednesday, May 10, 2023 or Thursday, May 11, 2023 to hear argument on this matter via Webex.

SO ORDERED.

_____
District Court Judge