UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 24-12624-KHT |
| DNC AND TCPA LIST SANITIZER, LLC ) | |
| EIN: 83-3868704 ) | Chapter 11 |
| ) | Sub-Chapter V |
| Debtor ) | |

**MOTION OF WADSWORTH GARBER WARNER CONRARDY, P.C. TO WITHDRAW AS COUNSEL FOR DEBTOR**

Pursuant to L.B.R. 9010-4, Aaron A. Garber and the law firm of Wadsworth Garber Warner Conrardy, P.C. (collectively "WGWC"), respectfully request to withdraw as counsel for the Debtor, DNC and TCPA List Sanitizer, LLC (the "Debtor"), in the above captioned case, and in support thereof, respectfully states as follows:

1. The Debtor filed for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code on May 16, 2024. On July 9, 2025, the Court entered an Order confirming the Debtor's Fifth Amendment Plan of Reorganization.

2. WGWC wishes to withdraw from further representation of the Debtor for reasons permissible under the Colorado Rules of Professional Conduct and the Local Bankruptcy Rules. Good cause exists for withdrawing from representation including, without limitation, a breakdown of the attorney-client relationship between WGWC and the Debtor.

3. Pursuant to L.B.R. 9010-4(a)(1), the undersigned is serving a copy of this motion on the Debtor and on all parties who have entered their appearance in the case to inform the parties as follows:

    a. WGWC wishes to withdraw as counsel for the Debtor.

    b. This Court retains jurisdiction over this case and all issues pertaining to this case.

    c. The Debtor's last known address is:

        Michael O'Hare
        DNC and TCPA List Sanitizer
        985 Pico Pt.
        Colorado Springs, CO 80921

d. Upon the withdrawal of undersigned counsel, the Debtor will have the burden of keeping the Court and opposing parties informed of the mailing address where notices, pleadings, or other papers may be served.

e. Upon the withdrawal of undersigned counsel, the Debtor will have the obligation to prepare for any future hearing or trial, or to hire another attorney to prepare for any future hearing or trial.

f. Upon the withdrawal of undersigned counsel, the Debtor is responsible for complying with all Court orders and time limitations established by any applicable statute, rule, or Local Bankruptcy Rule.

g. If another attorney is not hired, the Debtor has the obligation to decide whether to respond to any motion that may be filed in the case after the withdrawal of undersigned counsel, to file a timely response, and to respond to any Court orders requiring the Debtor to respond.

h. Upon the withdrawal of undersigned counsel, if the Debtor fails or refuses to meet these burdens, the Debtor may suffer sanctions, including default or dismissal or the adversary proceeding in some circumstances.

i. The only deadlines in the case pertain claim objection to Cohen, a copy of the pertinent order with deadlines is being provided to the Debtor with a copy of this Motion.

j. Service of process may be made upon the Debtor at the Debtor's address in the Court's database.

k. The Debtor and other parties in interest have a right to object to the proposed withdrawal of undersigned counsel by filing an objection to this motion within seven (7) days after the filing of the notice for this motion.

WHEREFORE, WGWC respectfully requests that this Court enter an Order, a proposed form filed with this motion, permitting them to withdraw as counsel of record for the Debtor in this

Bankruptcy case.

DATED: October 16, 2025          Respectfully submitted,

By: /s/ Aaron A. Garber
    Aaron A. Garber #36099
    **Wadsworth Garber Warner Conrardy, P.C.**
    2580 West Main Street, Suite 200
    Littleton, CO 80120
    Telephone: (303) 296-1999
    Telecopy: (303) 296-7600
    Email: agarber@wgwc-law.com

**ATTACHMENT**

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>DNC and TCPA LIST SANITIZER, LLC.,<br><br>Debtor. | Bankruptcy Case No. 24-12624 KHT<br><br>Chapter 11 |

## ORDER

THIS MATTER is before the Court following the hearing held on October 1, 2025. The Court,

HEREBY ORDERS that the provisions of Fed.R.Civ.P. 26 shall apply to this matter, subject to the provisions of this order concerning timing. The Court

FURTHER ORDERS that the parties shall adhere to the following deadlines:

1. <u>Discovery</u>. Expert Witness Reports must be exchanged by **December 10, 2025**. All Discovery must be completed by **January 16, 2026**. "Completed" means that all depositions are concluded and that responses to written discovery are due on or before the discovery completion date. The special provisions regarding limited and simplified discovery as specified in Local Bankruptcy Rule 7026-2 shall apply in this contested matter.

2. <u>Evidentiary Hearing</u>. A **two-day in person** evidentiary hearing shall be held on **Thursday February 5, 2026, at 9:30 a.m. and continuing to Friday, February 6, 2026 at 9:30 a.m.** in Courtroom D, U.S. Custom House, 721 19th Street, Denver, Colorado. All persons attending the hearing must present a valid government issued ID and submit to security screening to enter the U.S. Custom House. Any party intending to introduce any exhibits or call any witnesses at the scheduled hearing shall, on or before **January 22, 2026** (a) deliver to the opposing side, a list and photocopies of the proposed exhibits pre-marked for identification (Debtor-Numbers, Objector-Letters) and a schedule of witnesses who may be called as well as a schedule of witnesses who will be called, and (b) file with the Court only the list of exhibits and schedules of witnesses who may or will be called. A copy of each exhibit shall be tendered to the Court three (3) business days prior to the hearing via email. The information shall be emailed to **KHT_Courtroom@cob.uscourts.gov**. It is counsel's and/or the parties' responsibility to ensure their witnesses possess complete copies of all marked exhibits for the hearing.

DATED this 2nd day of October, 2025

BY THE COURT:

*/s/ Kimberley H. Tyson*
Kimberley H. Tyson
United States Bankruptcy Judge