UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 24-12624-KHT |
| DNC AND TCPA LIST SANITIZER, LLC ) | |
| EIN: 83-3868704 ) | Chapter 11 |
| ) | Sub-Chapter V |
| Debtor ) | |

**MOTION FOR SUMMARY JUDGMENT ON DEBTOR'S OBJECTION TO CLAIM 9 BECAUSE DEBTOR CANNOT PROCEED WITHOUT COUNSEL AND MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Bankr. P. 9014(c) & 7056 and L.B.R. 7056-1 & 9010-1(e) (barring LLCs from appearing without counsel), Cohen, LLC ("Claimant"), by and through undersigned counsel, respectfully moves this Court for an order granting summary judgment in its favor in the contested matter initiated by the filing titled Debtor's Objection to Claim 9, in light of the withdrawal of Debtor's counsel and Debtor's lack of substitute counsel, by dismissing Debtor's Objection to Claim 9. Claimant also moves this Court for an order staying the contested matter until resolution of Claimant's Motion for Summary Judgment.

As grounds, Claimant states the following:

## I. POINTS OF DECISION

The Debtor is not represented by counsel, despite having from October 16, 2025, to present date to find substitute counsel after the withdrawal of Wadsworth Garber Warner Conrardy, P.C. ("WGWC"). L.B.R. 9010-1(e) prohibits entities such as the Debtor from appearing in proceedings in this Court without counsel. The Debtor has the burden of proving that it has obtained counsel; it has not met that burden. There is no genuine dispute as to the material fact that:

1) the Debtor is not represented by counsel.

Thus, Claimant is entitled to judgment as a matter of law.

## II. THE FACTS

On October 16, 2025, WGWC filed its Motion to Withdraw as Counsel for the Debtor asserting there was a breakdown of the attorney client relationship. On October 22, 2025, WGWC filed its Stipulation Pertaining to Motion of Wadsworth Garber Warner Conrardy, P.C. to Withdraw as Counsel for Debtor. The Stipulation provided November, 14, 2025 as the effective date for WGWC's withdrawal, and stated that the Debtor was advised by WGWC of its dates and deadlines pertaining to its Objection to Claim 9.

The Debtor did not find substitute counsel and this Court granted WGWC's Motion to Allow Stipulation Pertaining to Motion of WGWC to Withdraw as Counsel for the Debtor, deeming WGWC withdrawn as of October 16, 2025, per the terms of the Stipulation. Debtor has had since the date that WGWC first motioned to withdraw to search for and retain substitute counsel, yet it has not. To date, no substitute counsel has entered an appearance on behalf of the Debtor.

### III. THE LOCAL BANKRUPTCY RULES PROHIBIT LIMITED LIABILITY COMPANIES FROM APPEARING WITHOUT COUNSEL

The United States Bankruptcy Court for the District of Colorado Local Bankruptcy Rule 9010-1(e) provides, "No corporation, partnership, other unincorporated organization, or entity may file a petition under Title 11 of the United States Code, or otherwise appear in cases or proceedings before this Court, unless it is represented by an attorney authorized to practice in this Court.  Where a corporate debtor is involved, the attorney representing such an entity must sign the petition and pleadings."

An LLC is an "entity" under this rule. Thus, it may not file motions, objections, or "otherwise appear" in a bankruptcy case except through licensed counsel admitted to practice in this Court. Debtor, DNC and TCPA List Sanitizer, LLC, is a limited liability company and thus may not appear in this proceeding *without counsel*. This Court's Order Setting Hearing imposes firm deadlines requiring: (i) exchange of expert reports by December 10, 2025, (ii) completion of all discovery, including depositions and written discovery responses, by January 16, 2026, and (iii) submission of exhibit and witness lists by January 22, 2026, in advance of the two-day evidentiary hearing scheduled for February 5-6, 2026. Because the Debtor may not "otherwise appear" without licensed counsel under L.B.R. 9010-1(e), it is legally incapable of conducting or defending depositions, propounding or answering written discovery, preparing expert disclosures, exchanging exhibit binders, or appearing at the evidentiary hearing. These tasks are not optional, they are mandatory obligations imposed by the Court.

Allowing an unrepresented LLC to prosecute an objection while simultaneously being prohibited from engaging in the very discovery and pre-hearing procedures required by the Court would not only violate L.B.R. 9010-1(e), but would also render compliance with the Court-

ordered schedule impossible. The Debtor's inability to participate in these required litigation steps further demonstrates why the objection cannot proceed and why dismissal is warranted.

## IV. REQUESTED RELIEF

Claimant respectfully requests that the Court enter an order:

1) Granting summary judgment and dismissing Debtor's Objection to Claim 9;

2) Ordering payment of Claim 9 in full pursuant to the Chapter 11 reorganization plan;

3) Staying all deadlines in the claim objection proceeding pending the resolution of the Motion for Summary Judgment;

4) Granting such other and further relief as the Court deems just and proper.

Respectfully submitted this Second day of December 2025,

COHEN LLC

By: /s/ *Jeffrey Cohen*
Jeffrey Cohen, #10876
1600 Broadway, Suite 1660
Denver, CO 80202
Phone: (303) 524-3636
Email: jcohen@cohentrial.com
***Attorney for Cohen LLC as Creditor***

### L.B.R. 9013-1 CERTIFICATE OF SERVICE OF MOTION, NOTICE, AND PROPOSED ORDERS

  I certify that on December 2, 2025, I served a complete copy of Cohen LLC's MOTION FOR SUMMARY JUDGMENT ON DEBTOR'S OBJECTION TO CLAIM 9 BECAUSE DEBTOR CANNOT PROCEED WITHOUT COUNSEL AND MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE MOTION FOR SUMMARY JUDGMENT and Proposed Orders on all parties of record in compliance with the Federal Rules of Bankruptcy Procedure and the Court's local Rules via CM/ECF.

Debtor DNC and TCPA List Sanitizer, LLC by Mail to Officer Michael O'Hare in compliance with Fed. R. Bankr. P. 7004(3)(a) and via email at:

  DNC and TCPA List Sanitizer, LLC
  c/o Michael O'Hare
  mcohare@gmail.com

                  COHEN LLC

                  By: /s/ *Jeffrey Cohen*
                  Jeffrey Cohen, #10876