UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 24-12624-KHT |
| DNC AND TCPA LIST SANITIZER, LLC ) | |
| EIN: 83-3868704 ) | Chapter 11 |
| ) | Sub-Chapter V |
| Debtor ) | |

## MOTION TO STRIKE ENTRY OF APPEARANCE OF PAUL GORDON

Creditor Cohen, LLC ("Cohen"), by and through undersigned counsel, hereby moves this Court to strike the Entry of Appearance filed by Paul Gordon ("Mr. Gordon") on December 8, 2025 (Doc. 439) (the "Entry"), and states as follows:

### I. POINTS OF DECISION

The Entry of Appearance filed by attorney Mr. Gordon purports to appear on behalf of the Debtor in this Chapter 11 case for general purposes and/or to investigate some potential malpractice action[1], all of which is improper under 11 U.S.C. §§ 327(a), 329(a), Fed. R. Bankr. P. 2014(a), and L.B.R. 2014-1(a)(2). Mr. Gordon's appearance is especially improper in light of Article 10.2 of the confirmed Reorganization Plan which gives this court exclusive jurisdiction over any causes of action to be brought by the Debtor. Whatever his intention, Mr. Gordon is subject to the exclusive jurisdiction of this Court, and is bound by the Bankruptcy code and rules.

Mr. Gordon has not filed or served any application for employment supported by a verified statement and has not been approved for employment by order of this Court and creditors. No statement of the compensation paid or agreed to be paid has been filed or noticed. The Entry therefore constitutes an unauthorized appearance and a direct violation of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules, and must be stricken.

### II. FACTUAL BACKGROUND

---

[1] See email from Mr. Gordon to Cohen, attached as Exhibit 1.

1. On December 8, 2025, Mr. Gordon filed an Entry of Appearance, Request for All Pleadings and Notices, and Reservation of Rights on behalf of the Debtor (Doc. #439). The filing states that Mr. Gordon "appears on behalf of debtor DNC and TCPA List Sanitizer, LLC" and requests service of all pleadings.

2. The Entry indicates Mr. Gordon is appearing as bankruptcy counsel, replacing WGWC.

3. Mr. Gordon signed the Entry as Attorney.for.DNC.and.TCPA.List.Sanitizer?LLC¡

4. As of the date of this Motion, no application to employ Mr. Gordon has been filed or noticed.

5. At 11:59 P.M on December 8, 2025, Mr. Gordon sent Cohen an email wherein he stated that he has been retained to evaluate potential defenses to Cohen's fee claim (Claim 9) including potential legal malpractice claims.[2] See Exhibit 1.

6. On July 9, 2025 this Court confirmed the Fifth Amended Sub-Chapter V Plan of Reorganization Dated June 20, 2025 (the "Plan"). Per Article 10.2(a) & (f) of the Plan, this Court retains jurisdiction over the determination of the allowability of Claims and adjudication of **any cause of action** brought by the Debtor, a representative of the estate, or a Trustee. See Fifth Amended Sub-Chapter V Plan of Reorganization Dated June 20, 2025, Art. 10.2 (a), (f).

7. To date, no final decree has been entered in this case.

### III. LEGAL STANDARDS

**A. 11 U.S.C. § 327(a), (e), 11 U.S.C. § 329(a)**

Section 327(a) requires that a trustee or debtor-in-possession may employ an attorney only with the court's approval, and only if the professional is disinterested and does not hold an adverse interest. Section 327(e) allows employment for a special limited purpose only with the court's approval and only if no adverse interest exists. In either case, no representation of a Debtor-in-Possession may occur without prior approval.

---

[2] If in fact Mr. Gordon is attempting to appear as special bankruptcy counsel, he must comply with §327(e), which he has not.

Section 329(a) requires that an attorney representing a debtor in bankruptcy file with the court a statement of the compensation they have been or will be paid and the source of the compensation.

### B. Fed. R. Bankr. P. 2014(a)

Rule 2014(a) mandates that 1) the court may approve employment only on application, 2) the application must disclose the need for employment, 3) the name of the person to be employed, 4) the reasons for the selection of the applicant, 4) the services to be provided, 5) the proposed compensation arrangement, 6) the applicant's connections, and 7) must be accompanied by the professional's verified statement.

### C. Local Bankruptcy Rule 2014-1(a)(2)

Local Rule 2014-1(a)(2) requires notice and additional disclosures whenever a professional's fees or retainer are to be paid by a third party and requires a verified statement from the debtor acknowledging that the payor understands that the Debtor's attorney owes a duty of loyalty solely to the Debtor and not to the Payor.

## IV. ARGUMENT

**A. Mr. Gordon cannot act as counsel for the Debtor without prior court approval.**

It is black-letter law that no attorney may act for the Debtor-in-Possession without court approval under §327(a). The Entry is an "end-run" around this requirement and is therefore void.

**B. The Entry violates Rule 2014(a).**

Rule 2014(a) requires a formal application and verified statement disclosing connections. None was filed. Mr. Gordon's Entry contains no supporting Rule 2014(a) verified statement, no disclosures of connections, no description of services, no compensation terms, and no order authorizing employment under §327(a). Mr. Gordon submitted none of these required documents.

**C. The Entry violates L.B.R. 2014-1(a)(2).**

There is no verified statement of the Debtor regarding any third-party payor, nor any of the required disclosures.

**D. The Entry must therefore be stricken or corrected.**

Because the Entry asserts representation of the Debtor-in-Possession without authorization, the Court should strike the Entry.

## V. REQUEST FOR RELIEF

WHEREFORE, Cohen, LLC respectfully requests that the Court enter an order:

1. Granting this Motion to Strike;

2. Striking the Entry of Appearance filed by Paul Gordon (Doc. 439) as unauthorized; and

3. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted this Ninth day of December 2025,

        COHEN LLC

        By: */s/ Jeffrey Cohen*
        Jeffrey Cohen, #10876
        1600 Broadway, Suite 1660
        Denver, CO 80202
        Phone: (303) 524-3636
        Email: jcohen@cohentrial.com
        ***Attorney for Cohen LLC as Creditor***

## L.B.R. 9013-1 CERTIFICATE OF SERVICE OF MOTION, NOTICE, AND PROPOSED ORDERS

I certify that on December 9, 2025, I served a complete copy of Cohen LLC's MOTION TO STRIKE ENTRY OF APPEARANCE OF PAUL GORDON and Proposed Order on all parties of record in compliance with the Federal Rules of Bankruptcy Procedure and the Court's local Rules via CM/ECF.

COHEN LLC

By: /s/ *Jeffrey Cohen*
Jeffrey Cohen, #10876