## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| DNC AND TCPA LIST SANITIZER, LLC ) | Case No. 24-12624-KHT |
| EIN: 83-3868704 ) | Chapter 11 |
| ) | Subchapter V |
| Debtor. ) | |

## MOTION FOR LEAVE
## TO EMPLOY GORDON LEGAL MALPRACTICE PLLC
## AS BANKRUPTCY COUNSEL FOR THE DEBTOR-IN-POSSESSION
## AND FOR APPROVAL OF RETAINER

**The Debtor asks for permission to hire Gordon Legal Malpractice PLLC as bankruptcy counsel effective November 3, 2025 and for approval of a $10,000 retainer.**

1. On May 16, 2024, DNC and TCPA List Sanitizer, LLC filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code and is operating as a debtor-in-possession.

2. This action is now post-confirmation.

3. The bankruptcy filing was prompted due to a substantial adverse judgment entered in litigation with Ringba, LLC.

4. Pending is a claim for attorney fees by the attorney who represented the Debtor in the litigation with Ringba, LLC.

5. A primary defense to a claim for unpaid attorney fees is legal malpractice. Under Colorado law, attorneys are not entitled to fees for negligent services and are liable for damages caused by legal malpractice.

6. The Debtor has selected Gordon Legal Malpractice PLLC ("GLM") for their expertise and experience in the law of lawyering, which includes legal malpractice and fee dispute litigation as well as representing debtors-in-possession and trustees in litigation against attorneys. The Debtor believes that GLM is well-qualified to represent the Debtor moving forward.

7. GLM will assist the Debtor in all matters necessary to fully administer the balance of the Chapter 11 case and perform all legal services for the Debtor as may become necessary herein, including:

   a. Preparation on behalf of the Debtor of all necessary reports, orders, and other legal papers required in this Chapter 11 proceeding;

   b. Performance of all legal services for the Debtor as a debtor-in-possession which may become necessary herein; and

   c. Representation of the Debtor in any litigation which the Debtor determines is in the best interest of the estate in state or federal court.

8. The Debtor desires to employ GLM because of the extent and complexity of the remaining legal services required in this proceeding.

9. As stated in the Verification of Paul Gordon attached as Exhibit 1, GLM does not hold or represent any interest adverse to the Debtor as described in the Verification and is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14) of the Bankruptcy Code. To the best of its knowledge and except as

otherwise disclosed, GLM has no connection with any of the creditors of the Debtor or any other party in interest, their respective attorneys and/or accountants, the United States Trustee and any person employed by the Office of the United States Trustee.

10. GLM received a retainer of $10,000 from Michael O'Hare. GLM's representation of the Debtor is conditioned upon approval of the application to be employed and approval of the retainer.

11. The Debtor believes that employment of the law firm of GLM as attorneys for the Debtor is in the best interest of the creditors and the bankruptcy estate.

12. Paul Gordon's professional hourly rate is ordinarily $500. For prosecution of legal malpractice claims against Cohen LLC and attorney Jeffrey Cohen, Mr. Gordon has agreed, subject to the Court's approval, to a mixed fee of $250 per hour plus 20% of the gross amount collected, if any.

13. GLM shall make application to the Court pursuant to the rules and orders of this Court and the Federal Rules of Bankruptcy Procedure for payment of fees and expenses.

14. GLM requests that its employment be effective as of November 3, 2025, the date of GLM's fee agreement. This case requires immediate involvement of counsel. The potential legal malpractice claims are complex and demand a detailed review of the relevant documentation. Allowing GLM to be retained effective prior to the date of this motion will not prejudice any party.

15. The Debtor has not been requested to, has not, and will not enter into any form of agreement, note, or otherwise provide any consideration for Mr. O'Hare having paid the retainer. The Debtor is not indebted or otherwise obligated to any person or entity as a result of the payment of the retainer. Mr. O'Hare has been advised as follows:

    (a) that the Debtor's attorneys do not represent Mr. O'Hare;

    (b) that there is no attorney-client privilege between GLM and Mr. O'Hare;

    (c) that GLM has an exclusive duty of loyalty to the Debtor and the bankruptcy estate; and,

    (d) that he will need to retain independent counsel to represent his interests.

16. The Debtor does not have or hold any claims against Mr. O'Hare. *See* Exhibit 2.

17. GLM asserts a security interest in the retainer. In the event the case is converted to a Chapter 7 proceeding, the security interest in the retainer may enable GLM to receive payment of its fees and expenses to the extent of the retainer while other administrative expenses remain unpaid. Any sums remaining at the close of the representation will be refunded to the Debtor. There are no liens or interests in the retained funds other than the security interest claimed by GLM. Moreover, the retainer is not property of the estate or any lien of any creditor of the estate since the funds were paid by Mr. O'Hare personally.

RESPECTFULLY submitted this 10th day of December 2025.

          GORDON LEGAL MALPRACTICE PLLC

          */s/Paul Gordon*
          Paul Gordon
          Post Office Box 460395
          Denver, Colorado 80246
          720-505-0536
          paul@legal-mal.com

          *Attorney for DNC and TCPA List Sanitizer, LLC*

## CERTIFICATE OF SERVICE

I certify that, on this 10th day of December 2025 **[and again on December 18, 2025]**, I served a true copy of this MOTION FOR LEAVE TO EMPLOY GORDON LEGAL MALPRACTICE PLLC AS BANKRUPTCY COUNSEL FOR THE DEBTOR-IN-POSSESSION AND FOR APPROVAL OF RETAINER by Internet to the following:

Joli A. Lofstedt, Esq.
joli@jaltrustee.com
ecf.alert+Lofstedt@titlexi.com
brenda@jaltrustee.com

Alan K. Motes, Esq.
on behalf of U.S. Trustee
Alan.Motes@usdoj.gov

US Trustee
USTPRegion19.DV.ECF@usdoj.gov

Jeffrey Cohen, Esq.
on behalf of Jeffery Cohen, Esq.
jcohen@cohentrial.com

Katharine S. Sender, Esq.
Vandana Koelsch, Esq.
on behalf of Allen Vellone Wolf Helfrich & Factor P.C.
ksender@allen-vellone.com
vkoelsch@allen-vellone.com

Arthur Lindquist-Kleissler, Esq.
on behalf of Cashyew Holding LLC
Arthuralklaw@gmail.com
seanalklaw@gmail.com
LindquistKleisslerCompanyLLC@jubileebk.net

Robert J. Shilliday, III, Esq.
on behalf of John Cimino, Esq.
rjs@shillidaylaw.com

Peter A. Cal, Esq.
John Gray, Esq.
on behalf of JPMorgan Chase Bank N.A.
pcal@taftlaw.com
jgray@taftlaw.com
rneal@shermanhoward.com
dfouts@shermanhoward.com
lkostyk@shermanhoward.com
efiling@sah.com

Chad S. Caby, Esq.
Samuel Wilson Collins, Esq.
on behalf of Ringba LLC, Adam Young, and Tubmanburg Ltd.
chad.caby@wbd-us.com
Wilson.Collins@wbd-us.com
Chadwick-caby-5693@ecf.pacerpro.com
Jennifer.eastin@wbd-us.com

Jason Cooper, Esq.
Reza Rismani, Esq.
on behalf of Glegal LLC
jason.cooper@fmglaw.com
reza.rismani@fmglaw.com


*/s/Paul Gordon*
Paul Gordon