IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DNC AND TCPA LIST SANITIZER, LLC | ) | Case No. 24-12624-KHT |
| EIN: 83-3868704 | ) | Chapter 11 |
| | ) | Subchapter V |
| Debtor. | ) | |

**REPLY IN SUPPORT OF EXTENSION OF TIME
TO MAKE EXPERT DISCLOSURES**

**The Debtor asks for a 30-day extension of time to make expert disclosures.**

1. Cohen LLC and Jeffrey Cohen ("Cohen") will not be prejudiced by an extension of time to make expert disclosures. This Court vacated the hearing that was set for February 5 and 6, 2026. No new date has been set. Moreover, Debtor has no advantage attributable to Cohen disclosing his expert report first, because Cohen's expert does not address the Debtor's potential legal malpractice case.

2. Cohen complains that the Debtor failed to adequately confer with Cohen on the motion for extension of time. However, the Debtor had good cause for the limited conferral. The undersigned had recently finished preparing for a one-week jury trial. The case settled immediately before the trial would have started. In addition, the conferral on other issues made further conferral futile, as Cohen admits. The Debtor is not obligated to engage in futile acts.

3. In so far as Cohen complains that this Court has not yet approved the Debtor's application to employ the undersigned, Cohen has no standing to make the complaint. In the future, Debtor and all creditors can object to whether the undersigned ought to be paid or whether Debtor ought to be bound by the undersigned's actions, but for now, the undersigned is doing nothing other than communicating with the Court and the parties and preserving Debtor's rights. Lawyers routinely engage in such actions before formalizing their employment.

4. Finally, Cohen argues that Debtor's legal malpractice claim cannot be presented at a hearing on a fee dispute. Debtor would not attempt to do so. The better procedure would be commencement of a legal malpractice case in State court and a stay of Cohen's claims in this case. At most, the plan would need to be amended to preserve Debtor's right to a jury trial. *Cf. In re Miramar Resources, Inc. (Miramar Resources, Inc. v. Webb)*, 176 B.R. 45 (Bankr. D. Colo. 1994) (pre-confirmation legal malpractice claim held not a core proceeding). The creditors other than Cohen are highly unlikely to object, since Debtor's damages may be in the range of $3 million to $5 million.

5. Cohen's response to the motion for extension demonstrates that Cohen does not yet command the causation element of a legal malpractice claim. However, the causation element is not presently before this Court. The sole issue is whether an extension of time is appropriate. Given this Court's broad equitable authority, an extension is appropriate.

RESPECTFULLY submitted this 18th day of December 2025.

> GORDON LEGAL MALPRACTICE PLLC
>
> */s/Paul Gordon*
> Paul Gordon
> Post Office Box 460395
> Denver, Colorado 80246
> 720-505-0536
> paul@legal-mal.com
>
> *Attorney for DNC and TCPA List Sanitizer, LLC*

CERTIFICATE OF SERVICE

I certify that, on this 18th day of December 2025, I served a true copy of this REPLY IN SUPPORT OF EXTENSION OF TIME TO MAKE EXPERT DISCLOSURES by Internet to the following:

Joli A. Lofstedt, Esq.
joli@jaltrustee.com
ecf.alert+Lofstedt@titlexi.com
brenda@jaltrustee.com

Alan K. Motes, Esq.
on behalf of U.S. Trustee
Alan.Motes@usdoj.gov

US Trustee
USTPRegion19.DV.ECF@usdoj.gov

Jeffrey Cohen, Esq.
on behalf of Jeffery Cohen, Esq.
jcohen@cohentrial.com

Katharine S. Sender, Esq.
Vandana Koelsch, Esq.
on behalf of Allen Vellone Wolf Helfrich & Factor P.C.
ksender@allen-vellone.com
vkoelsch@allen-vellone.com

Arthur Lindquist-Kleissler, Esq.
on behalf of Cashyew Holding LLC
Arthuralklaw@gmail.com
seanalklaw@gmail.com
LindquistKleisslerCompanyLLC@jubileebk.net

Robert J. Shilliday, III, Esq.
on behalf of John Cimino, Esq.
rjs@shillidaylaw.com

3

Peter A. Cal, Esq.
John Gray, Esq.
on behalf of JPMorgan Chase Bank N.A.
pcal@taftlaw.com
jgray@taftlaw.com
rneal@shermanhoward.com
dfouts@shermanhoward.com
lkostyk@shermanhoward.com
efiling@sah.com

Chad S. Caby, Esq.
Samuel Wilson Collins, Esq.
on behalf of Ringba LLC, Adam Young, and Tubmanburg Ltd.
chad.caby@wbd-us.com
Wilson.Collins@wbd-us.com
Chadwick-caby-5693@ecf.pacerpro.com
Jennifer.eastin@wbd-us.com

Jason Cooper, Esq.
Reza Rismani, Esq.
on behalf of Glegal LLC
jason.cooper@fmglaw.com
reza.rismani@fmglaw.com


*/s/Paul Gordon*
Paul Gordon