<u>People v. Paul Gordon.</u> 21PDJ048. July 15, 2021.

The Presiding Disciplinary Judge approved the parties' stipulation to discipline and suspended Paul Gordon (attorney registration number 21860) for six months, all stayed upon successful completion of a two-year period of probation, with conditions. The probation takes effect August 19, 2021.

Gordon agreed to defend a married couple in litigation with their former lawyer related to disputes about attorney's fees and billing. Gordon's flat fee agreement covered the defense but did not include a counterclaim the couple wished to bring for legal malpractice. Gordon then offered to handle the counterclaim for an additional sum and the couple's agreement to pay costs of an expert witness. He explained to them the need for an expert witness. Later on, Gordon decided not to obtain an expert to support either the defense theory or the counterclaim, but he did not explain to the clients his new strategy. Gordon did not prepare a confidential mediation statement in advance of mediation. Further, he did not adequately communicate with his clients about their discovery responses, nor did he follow through with them about deficiencies in those responses. When the opposing party moved to compel discovery, Gordon counseled his clients not to attend a hearing on the motion. Gordon also did not adequately advise his clients of the waiver effect that filing a malpractice action would have on their attorney-client privilege with the lawyer subject to that action.

In a separate action for the same clients, Gordon negotiated a settlement offer. The clients had not responded to the offer on the eve of a pretrial conference. Gordon did not appear for the conference, and the court noted that the clients had failed to appear. Thereafter, Gordon stopped tracking the case because he believed that one of the clients, who is a lawyer, was handling the matter. Opposing counsel filed a proposed order for final judgment, but Gordon assured his clients that they did not need to take any action. The court then entered judgment against the clients.

Through this conduct, Gordon violated Colo. RPC 1.3 (a lawyer shall act with reasonable diligence and promptness when representing a client); Colo. RPC 1.4(a)(2) (a lawyer shall reasonably consult with a client about the means by which the client's objectives are to be accomplished); Colo. RPC 1.4(a)(3) (a lawyer shall keep a client reasonably informed about the status of the matter); Colo. RPC 1.4(b) (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions about the representation); and Colo. RPC 8.4(d) (it is professional misconduct to engage in conduct that is prejudicial to the administration of justice).

The case file is public per C.R.C.P. 242.41(a)(2).