UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | Case No. 24-12624 KHT |
| | ) | |
| DNC AND TCPA Sanitizer List, LLC | ) | |
| | ) | Chapter 11, Subchapter V |
| Debtor. | ) | |

---

**MOTION FOR ORDER TO AID THE IMPLEMENTATION OF THE DEBTOR'S CONFIRMED FIFTH AMENED PLAN OF REORGANIZATION REGARDING THE CLAIM OBJECTION PROCEDURE FOR CLAIM NO. 9 NOW PENDING AND FOR SANCTIONS**

---

COHEN, LLC, an unsecured creditor of the Debtor, and Jeffrey Cohen, Esq. a party in interest, (hereinafter sometimes collectively referred to as "Cohen") hereby make this motion (the "Motion") pursuant to paragraph 10.2 (d) of the Debtor's confirmed Fifth Amended Plan of Reorganization (the "Plan") and 11 USC §§ 105(a) and (d) to aid in the implementation of paragraphs 10.2 (a)(c)(f) and (g) of the Plan regarding the claim objection procedure for claim number nine and for sanctions. In support of the Motion Cohen offers the following assertions, arguments and exhibits.

1. Cohen is an unsecured creditor of the Debtor and timely filed its Proof of Claim No. 9 on July 23, 2024 for unpaid attorneys' fees accrued by Cohen in representing the Debtor in *TCPA v. Ringba, et al.*, 2021CV31668 (Dist. Ct. El Paso County, Colorado) (the "State Court Case") in the amount of  $76,274.29 and for costs, interest and collection costs to be incurred.

2. The Plan was confirmed by this Court on July 9, 2025. The Debtor pursuant to paragraph 10.2(a) of the Plan and 11 USC § 502 filed its Objection to Claim No. 9 on

August 18, 2025 (the "Objection"). The Objection did not assert any counterclaims against Cohen but did object generally to Cohen's fees and specifically to seven-time entries totaling 10.5 hours. Cohen filed its Response to the Objection on September 17, 2025.

3. On October 2, 2025 this Court entered its first scheduling Order regarding the procedure to be followed in resolving the Claim, the Objection and the Response. Among other procedural dates the Court set February 5 and 6, 2026 for the final evidentiary hearing on the substantive issues. The final evidentiary hearing date was vacated on December 4, 2025 and is yet to be reset. None of the other pre-hearing dates, including expert witness and discovery deadlines were vacated. Those deadlines have passed, and the Debtor has not disclosed an expert report nor responded to Cohen's discovery requests, including requests for admission, which are now deemed admitted, and objections waived.[1]

4. On February 4, 2026 a telephonic hearing was held on various outstanding motions including the Debtor's Motion to Extend the Expert Witness deadline, so that the debtor could retain a malpractice expert witness. The court denied this extension because it correctly stated that there was no malpractice claim brought as a counterclaim in the claim objection. The Court scheduled February 18, 2026 to reset the final evidentiary hearing date.

---

[1] The discovery requests sent by Cohen were circumscribed by the issues brought in the Objection. Had the Debtor brought a malpractice action the discovery requests would have been much broader. Now the Debtor attempts to sandbag Cohen with new issues that could not have been the subject of the completed discovery.

5.  On Monday, February 9, 2026 the Debtor, in contravention of this Court's subject matter jurisdiction and as an end-run around the Court's order of February 4, 2026, and as a default in the terms of the Plan (as explained below) filed a new state court lawsuit alleging "malpractice" by Cohen and others during their representation of the Debtor in the State Court Case. This new action by the Debtor covers the exact same subject matter as the Claim, the Objection and the Response now pending in this Court, and that has been pending for six months in this court. A copy of the Complaint and Civil Case Cover Sheet is attached hereto as Exhibit A and incorporated herein by this reference. Given the terms of the Plan, the exclusive subject matter of the Court that was retained by the Plan, and the prior proceedings in this matter, this was wholly improper.

6.  Paragraph 10.2 of the Plan states in pertinent part, "the Court shall retain jurisdiction for the following purposes:

> (a) (d)etermination of the allowability of Claims upon objection to such Claims by the Debtor …, and …
>
> (f) (a)djudication of any cause of action …brought by the Debtor"

7.  28 USC §§ 157 (b)(2)(B) and (C) state that allowance and disallowance of claims and the filing of counterclaims against persons filing claims are "Core" proceedings. The Bankruptcy Court has **exclusive** subject matter jurisdiction over Core proceedings. *See, e.g., In Re Birting Fisheries*, 300 BR 489, 499-500 (9th Cir. BAP 2003). This is the exclusive subject matter jurisdiction that is retained post-Plan confirmation by paragraph 10.2 of the Plan and the terms of the Plan, generally. Pursuant to 8.10 of the

Plan, on Tuesday February 10, 2026, notice was sent to the Debtor that filing of the new Complaint was a default under the terms of the Plan. A copy of that notice is attached hereto as Exhibit B and incorporated herein by this reference.

8. The Debtor has since declared that it will not voluntarily withdraw its Complaint against Cohen and intends to attempt to stay the now pending Claim Objection and to pursue the new Complaint even though there is no subject matter jurisdiction in the Denver District Court. Hence, this request that the terms of section 10.2 of the Plan be implemented as provided for in subparagraph (d) and the Debtor be directed to immediately cease and dismiss the new litigation, and Cohen be awarded his attorney's fees and costs in making this motion.

**WHEREFORE**, Cohen respectfully requests that this Court enter an order directing the Debtor to immediately cease, desist and dismiss the action represented by Exhibit A and awarding Cohen attorney's fees and costs, and for such other and further relief this Court deems just and proper.

Respectfully submitted,

COHEN, LLC

*/s/ Jeffrey Cohen*
Jeffrey Cohen, Esq. #10876
COHEN, LLC
1600 Broadway, Suite 1660
Denver, CO 80202
303-524-3636 – Office
720-470-5020 – Cell
720-354-4984 – Direct Dial
jcohen@cohentrial.com

## CERTIFICATE OF SERVICE

I certify that on February 13, 2026 I served a complete copy of the foregoing **MOTION** and proposed orders on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules by CM/ECF:

Alan Motes, Esq.
US Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 802094

Chad Caby, Esq.
Samuel Wilson Collins, Esq.
on behalf of Ringba LLC, Adam Young, and Tubmanburg Ltd.
chad.caby@wbd-us.com
Wilson.Collins@wbd-us.com
Chadwick-caby5693@ecf.pacerpro.com
Jennifer.eastin@wbd-us.com

Joli Lofstedt, Esq.
Trustee
joli@jalttrustee.com
ecf.alert+Lofstedt@titlexi.com
brenda@jalttrustee.com

Katherine S. Sender, Esq.
Vandana Koelsch, Esq.
On behalf of Allen Vellone Wolf Helfrich & Factor P.C.
ksender@allen-vellone.com
vkoelsch@allen-vellone.com

Arthur Lindquist-Kleissler, Esq.
On behalf of Cashyew Holding LLC

Artheralklaw@gmail.com
seanalklaw@gmail.com
LindquistKleisslerCompanyLLC@jubile
ebk.net

Robert J. Shilliday, III, Esq.
On behalf of John Cimino, Esq.
rjs@shillidaylaw.com

Peter A. Cal, Esq.
John Gray, Esq.
On behalf of JP Morgan Chase Bank N.A.
pcal@taftlaw.com
jgray@taftlaw.com
rneal@shermanhoward.com
dfouts@shermanhoward.com
lkostyk@shermanhoward.com
efiling@sah.com

Jason Cooper, Esq.
Reza Rismani, Esq.
On behalf of Glegal LLC
Jason.cooper@fmglaw.com
Reza.rismani@fmglaw.com

DNC and TCPA List Sanitizer, LLC
c/o Michael O'Hare
mcohare@gmail.com

All parties requesting service electronically,

*/s/Jeffrey Cohen*
Jeffrey Cohen