UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | Case No. 24-12624 KHT |
| | ) | |
| DNC AND TCPA Sanitizer List, LLC | ) | |
| | ) | Chapter 11, Subchapter V |
| Debtor. | ) | |

## COHEN'S OBJECTION TO DEBTOR'S MOTION FOR STAY OF PROCEEDINGS (DKT. 463), REQUEST FOR ORAL ARGUMENTS

COHEN, LLC, an unsecured creditor of the Debtor, and Jeffrey Cohen, Esq. a party in interest, (hereinafter sometimes collectively referred to as "Cohen") hereby submit this objection (the "Objection") to DNC and TCPA List Sanitizer, LLC's (hereinafter referred to as the "Debtor") Motion for Stay of Proceedings On Claim Number's 8 and 9 Pending Resolution of Legal Malpractice Action Against Claimant (the "Motion"):

### THE POINTS OF DECISION

The Debtor does not have standing in this Court or any other to bring its malpractice action. The Debtor listed a malpractice action against Cohen and others in its Amended Schedule of Assets and Liabilities (Dkt. 60) but section 8.5 of the confirmed Fifth Amended Plan of Reorganization (the "Plan") did not reserve standing for the Debtor to bring its malpractice action post-confirmation, only for certain avoidance actions and objections to claims. A confirmed plan of reorganization must reserve standing for any specific litigation that the reorganized debtor wishes to bring post-

confirmation. *Harstad v. First Am. Bank*, 39 F.3d 898, 901-903 (8th Cir. 1994). This holding was adopted by Judge Michael Romero of the District of Colorado Bankruptcy Court in *In re W. Integrated Networks, LLC*, 329 B.R. 334, 339 (Bankr. D. Colo. 2005) (*also citing In Re Mako, Inc.*, 985 F.2d 1052, 1055 (10th Cir. 1994). Thus, the Motion for a Stay of Proceedings should be denied, because the malpractice action must be dismissed.

The Motion for a Stay of Proceedings should also be denied because the Debtor has contracted with its creditors through the Plan, to adjudicate all causes of action that it may have in this Court. The Motion for a Stay of Proceedings should also be denied because its core argument, that the court should apply the *Curtis* factors, and that those factors weigh in favor of a stay is inapposite to this case, because those factors only apply to relief from the automatic stay, which does not exist here.

## THE SALIENT FACTS

1. Cohen is an unsecured creditor of the Debtor and timely filed its valid Proof of Claim No. 9 on July 23, 2024 for unpaid attorneys' fees accrued by Cohen in representing the Debtor in *TCPA v. Ringba, et al.*, 2021CV31668 (Dist. Ct. El Paso County, Colorado) (the "State Court Case") in the amount of $76,274.29 and for costs, interest and collection costs to be incurred.

2. The Debtor listed its potential malpractice action against Cohen and others as property of the estate on page four of its Amended Schedule of Assets and Liabilities filed on July 11, 2024 (Dkt. 60).

3. The Plan, in section 8.5 reserves post-confirmation standing for the Debtor to bring avoidance actions and claim objections, but nothing else. Nowhere in section 8.5 of

the Plan, titled "Claims and Litigation Bar Date and Standing" does the Plan reserve post-confirmation standing for the Debtor to bring a malpractice action, in this court or any other.

4. The Plan was confirmed by this Court on July 9, 2025. The Debtor pursuant to paragraph 10.2(a) of the Plan and 11 USC § 502 filed its Objection to Claim No. 9 on August 18, 2025. The claim objection did not assert any counterclaims against Cohen but did object generally to Cohen's fees and specifically to several billing entries. Cohen filed its Response to the Objection on September 17, 2025.

5. On October 2, 2025 this Court entered its first scheduling Order for the claim objection proceedings. Among other procedural dates the Court set February 5 and 6, 2026 for the final evidentiary hearing. The final evidentiary hearing date was vacated on December 4, 2025 and is yet to be reset. None of the other pre-hearing dates, including expert witness and discovery deadlines were vacated. Those deadlines have passed.

6. The Debtor has not disclosed an expert report but Cohen has. The Debtor finally responded to Cohen's discovery requests more than two months late on February 22, 2026. The requests included requests for admission, which are now deemed admitted, and Cohen considers the Debtor's objections to any requests to be waived.[1]

7. On February 4, 2026 a telephonic hearing was held on various outstanding motions including the Debtor's Motion to Extend the Expert Witness deadline, so that the

---

[1] The discovery requests sent by Cohen were circumscribed by the issues brought in the Objection. Had the Debtor brought a malpractice action the discovery requests would have been much broader. Now the Debtor attempts to sandbag Cohen with new issues that could not have been the subject of the completed discovery.

debtor could retain a malpractice expert witness. The court denied this extension because it correctly stated that there was no malpractice claim brought in the claim objection. The Court scheduled a hearing on February 18, 2026 to reset the final evidentiary hearing date, which was vacated after the Debtor made its Motion.

8.  On Monday, February 9, 2026 the Debtor, in contravention of this Court's subject matter jurisdiction and as an end-run around the Court's order of February 4, 2026, and as a default in the terms of the Plan (as explained below) filed a new state court lawsuit alleging "malpractice" by Cohen and others (the "Malpractice Action") during their representation of the Debtor in the State Court Case. This new action by the Debtor covers the exact same subject matter as the Claim, the Objection and the Response pending in this Court.

### THE MOTION SHOULD BE DENIED BECAUSE THE DEBTOR DOES NOT HAVE STANDING TO BRING THE MALPRACTICE ACTION, THE REASON FOR THE REQUESTED STAY, IN ANY COURT

9.  The Debtor "asks for a stay on Docket Nos. 410 and 419 until the Denver County District Court resolves the Debtor's legal malpractice case against the Claimant." Mot. at 1.

10. However, the Debtor does not have standing in this Court or any other court to bring its legal malpractice action, as explained below.

11. Upon confirmation of a Chapter 11 plan, the bankruptcy estate ceases to exist, the debtor loses its debtor-in-possession status, and its authority to pursue claims as though it were a trustee expires. *Harstad v. First Am. Bank*, 39 F.3d 898, 901-903 (8th Cir. 1994) (followed in the Tenth Circuit by *In re W. Integrated Networks, LLC,* 329 B.R.

334 (Bankr. D. Colo. 2005)); *In re United Operating, LLC*, 540 F.3d 351 (5th Cir. 2008); *In re Texas Rangers Baseball Partners*, 521 B.R. 134 (5th Cir. 2014).

12. However, 11 U.S.C. § 1123(b)(3)(B) permits a plan to provide for "the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose" of claims or interests belonging to the debtor or estate. 11 U.S.C. § 1123 (b)(3)(B). *See also, In re W. Integrated Networks, LLC*, 329 B.R. 334, 337 (Bankr. D. Colo. 2005).

13. In *Harstad*, the Debtor-Appellants appealed from an order of the bankruptcy court (and affirmation of the district court) dismissing their preference cause of action for lack of standing. *See generally, See* 39 F.3d 898. The district court affirmed on the basis that the confirmed plan of reorganization in that case did not reserve specific standing for the reorganized debtor to bring its preference claim. *Id.* at 901.

14. The Harstads argued that their plan's "Continuing Jurisdiction" section could be read as reserving standing for their preference claim. *Id.* The "Continuing Jurisdiction" section of their plan read, "The Court will retain jurisdiction until this Plan has been fully consummated for the following purposes: ... determination of all causes of actions [sic] between Debtors and any other party, including but not limited to any right of Debtors to recover assets pursuant to the provisions of the Bankruptcy Code...." *Id.* at 902.

15. The Eight Circuit Court of Appeals rejected this argument stating, "We hold that the above-quoted language is not a retention of the claim at issue here—much less the "specific and unequivocal" retention that some courts require." *Id.* at 902 (citing

Tenth Circuit caselaw). The Harstads further argued that their cause of action was property of the estate, so it was theirs to bring post-confirmation as reorganized debtors. *Id.* The court rejected this argument as well, holding that their argument would nullify 11 U.S.C. § 1123(b)(3), which "preempts the general provision. . . that dumps all remaining post-confirmation estate property into the lap of the debtor" *Id.* at 903 (construing § 1123(b)(3) as "at least in part" a provision for notice to the creditors of "any potential causes of action that might enlarge the estate.")

16. Like the Debtor-Appellants in *Harstad* - who had the knowledge and ability to bring their action pre-confirmation, but did not specifically reserve standing for their claims in their plan of reorganization - the Debtor here had the ability to bring its Malpractice Action pre-confirmation as a debtor-in-possession, but did not do so, and did not reserve standing rights for this action in the Plan. *See Id.* at 901-902.

17. Here, the Debtor's Plan did reserve standing for other claims, but not the Malpractice Action. Section 8.5 of the Plan, titled "Claims and Litigation Bar Date and Standing" contemplates only avoidance actions and claim objections, and gives the reorganized debtor standing only to "commence, prosecute, and settle" those actions, not any other litigation. This provision reserves no standing at all for the Malpractice Action, as is required. *See generally*, *Id.* This holding was expressly adopted by the District of Colorado Bankrupcy Court by Judge Michael E. Romero in, *In re W. Integrated Networks, LLC*, 329 B.R. at 339-340 (Bankr. D. Colo. 2005) (stating "the plan must retain the claims to be asserted post-confirmation" and

upholding its prior ruling that " the "blanket" reservation of rights contained in the Confirmed Plan was inadequate to preserve such claims.").

18. Because the Debtor reserved specific standing rights for other actions and contested matters but not for the Malpractice Action, as it was required to do, The Debtor has no standing to bring the Malpractice Action, therefore the stay is not warranted and the Motion should be denied.

### THE MOTION SHOULD BE DENIED BECAUSE THE DEBTOR'S FILING OF THE MALPRACTICE ACTION IS A BREACH OF THE PLAN

19. Even if the Debtor had standing to bring the Malpractice Action, which it does not, the Debtor has contracted with its creditors through the Plan, to adjudicate all causes of action that it may have in this Court. *See*, *In re W. Integrated Networks, LLC*, 329 B.R. at 341 ("A confirmed plan functions as a contract between a plan proponent and holders of claims.") (*citing Miller v. United States*, 363 F.3d 999, 1004 (9th Cir. 2004)).

20. Paragraph 10.2 of the Plan states in pertinent part, "Notwithstanding confirmation of the Plan, the Court shall retain jurisdiction for the following purposes:

> (a) (d)etermination of the allowability of Claims upon objection to such Claims by the Debtor …;
>
> (c) Resolution of any disputes regarding interpretation of the Plan; and,
>
> (f) (a)djudication of any cause of action …brought by the Debtor. . ."

21. By proposing and signing the Plan, the Debtor has consented to the "adjudication" (i.e. the entry of final judgment) in this Court of "**any** cause of action" that it may bring (at least until this case is dismissed).

22. Clearly the Malpractice Action that the Debtor filed in Denver District Court is a "cause of action brought by the Debtor."

23. Therefore, the Debtor has contracted for exclusive jurisdiction over the Malpractice Action in this Court and accordingly, this Court should not grant a stay of these proceedings so that the Debtor can pursue that cause of action in another court.

24. The Debtor may, in the future, argue that the language, "the Court shall retain jurisdiction" means that the Court keeps post-confirmation only the jurisdiction that it had pre-confirmation (concurrent or exclusive). This argument fails because in order to interpret 10.2(f), "(a)djudication of any cause of action" the Court would have to conclude that the adjudication in this court of a cause of action brought by the Debtor is contingent upon the Debtor choosing to bring the action in this court. Clearly then, "(a)djudication of any cause of action" would mean nothing. This argument also fails because it would require resort to the bankruptcy code to determine whether this Court had concurrent or exclusive jurisdiction over the Malpractice Action pre-confirmation. *See Id.* ("[a]fter confirmation, it is the confirmed plan, not the Bankruptcy Code, which controls the relationship between the now reorganized debtor and its creditors.") (*citing In re Montgomery Ward Holding Corp.,* 306 B.R. 489, 494 (Bankr. D. Del. 2004)).

25. The only way to give meaning to the entirety of section 10.2 of the Plan, is to interpret it to mean that regardless of whether the Court had concurrent jurisdiction or exclusive jurisdiction pre-confirmation, the Debtor has agreed to bring all causes of action in this Court, for the entry of final judgment in this Court.

26. For the foregoing reasons, the Motion should be denied.

### THE MOTION SHOULD BE DENIED BECAUSE THE DEBTOR'S LEGAL ARGUMENT IS INAPPOSITE HERE

27. The Debtor's Motion is misapplied to these facts. Its entire argument – that the *Curtis* factors weigh in favor of a stay of proceedings here – is inapplicable. *In Re Curtis*, a case about whether a bankruptcy court may grant relief from the automatic stay "for cause" pursuant to 11 U.S.C. § 362(d)(1) to join the Debtor as a defendant in a state court action, has no relevance here. *See generally*, *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984). In this case, there is no automatic stay in place; there is however, a confirmed plan of reorganization which controls, but is not analyzed in the Motion. *See* Debtor's confirmed Fifth Amended Plan of Reorganization ¶ 10.[2]

28. The Debtor's employment of an inapplicable legal argument in its Motion provides an independent basis to deny the stay request.

### HAD THE PLAN PROPERLY RESERVED STANDING, AND HAD THE PLAN NOT REQUIRED ALL CLAIMS TO BE BROUGHT IN THIS COURT, THE MOTION COULD NONETHELESS BE DENIED BECAUSE UNDER THE BANKRUPTCY CODE THIS COURT HAS EXCLUSIVE JURISDICTION OVER THE MALPRACTICE ACTION

29. Should the court be disinclined to hold that Debtor has contracted with its creditors through the Plan to adjudicate all causes of action that it may have in this Court, the court should still interpret the plan as retaining exclusive subject matter jurisdiction over the Malpractice Action.

---

[2] Cohen incorporates by reference its Motion for an Order in Aid of Implementation of the Plan and the Joinder of GLegal LLC.

30. Because the Plan defines "Court" as this bankruptcy court, and if "retain" is given its plain meaning: to keep and not lose, part with, or dismiss (RETAIN, Black's Law Dictionary (12th ed. 2024)), then it is clear that the Debtor and Creditors have contracted for this this Court to exercise the same jurisdiction post-confirmation that it had would have had pre-confirmation of the Plan.

31. Pre-Confirmation this Court had exclusive jurisdiction over the determination of the allowability of Cohen's claim and any counterclaims brought by the Debtor against Cohen. First, pursuant to 28 U.S.C. 1334(e) the district court[3] had exclusive jurisdiction, pre-confirmation, over Cohen's Claim 9-1 against the estate because Claim 9-1 was an *in rem* proceeding. *See also*, *In re CitX Corp.*, 302 B.R. 144 (2003)).

32. The district court also had exclusive jurisdiction over the Debtor's objection for the same reason. The Debtor's Malpractice action is essentially a counterclaim against Claim 9-1 that arises out of the same nucleus of operative fact as Claim 9-1. the Debtor has reaffirmed this several times throughout its recent filings. *See, e.g.*, Mot. at 2 ("[r]esolution of the legal malpractice case will result in resolution of 410 and 419."). Additionally, the Malpractice Action was listed as property of the estate in the amended schedules filed back in July, so under 28 USC 1334(e) this Court has

---

[3] "Bankruptcy court jurisdiction is derivative of district court jurisdiction, with cases and proceedings referred to the bankruptcy courts under each district's order of reference." *In re SVB Fin. Grp.*, 671 B.R. 351, 367 (Bankr. S.D.N.Y. 2025); 28 U.S.C. § 157(a).

exclusive jurisdiction over the claim because it had exclusive jurisdiction over all property of the estate.

33. This exclusive subject matter jurisdiction is retained post-Plan confirmation by paragraph 10.2 of the Plan as quoted, *infra.*

34. The Debtor has since declared that it will not voluntarily withdraw its Complaint against Cohen and intends to attempt to stay the now pending Claim Objection and to pursue the new Complaint even though there is no subject matter jurisdiction in the Denver District Court. Hence, this request that the terms of section 10.2 of the Plan be implemented as provided for in subparagraph (d) and the Debtor be directed to immediately cease and dismiss the new litigation, and Cohen be awarded his attorney's fees and costs in making its motion.

35. Even if the Plan did not prohibit it, and the Court "[had] the authority to stay its proceedings to allow actions at law to proceed before a jury, it should not do so, especially when speedy and economical adjudication requires that the court proceed with determination of the creditor's claim and any counterclaim. *In re Dietert*, 271 B.R. 499, 507 (Bankr. S.D. Tex. 2002).

36. The Congress intended for the Bankruptcy Act and all subsequent modifications to it, to provide for speedy, efficient, and inexpensive disposition of claims of the creditors. *See id. citing Katchen v. Landy*, 382 U.S. at 328-329 (1966). The Plan furthers this intent by giving this Court the sole power to adjudicate all claims by the Debtor, even to the detriment of creditors who do not have jury trial rights in this Court.

**WHEREFORE**, Cohen respectfully requests that this Court enter an order denying the Motion for a Stay of Proceedings.

Dated February 25, 2026.

Respectfully submitted,

**COHEN, LLC**

*/s/ Jeffrey Cohen*
Jeffrey Cohen, Esq. #10876
COHEN, LLC
1600 Broadway, Suite 1660
Denver, CO 80202
303-524-3636 – Office
720-470-5020 – Cell
720-354-4984 – Direct Dial
jcohen@cohentrial.com

## CERTIFICATE OF SERVICE

I certify that on February 25, 2026 I served a complete copy of the foregoing **MOTION** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules by CM/ECF:

Alan Motes, Esq.
US Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 802094

Chad Caby, Esq.
Samuel Wilson Collins, Esq.
on behalf of Ringba LLC, Adam Young, and Tubmanburg Ltd.
chad.caby@wbd-us.com
Wilson.Collins@wbd-us.com
Chadwick-caby5693@ecf.pacerpro.com
Jennifer.eastin@wbd-us.com

Joli Lofstedt, Esq.
Trustee
joli@jalttrustee.com
ecf.alert+Lofstedt@titlexi.com
brenda@jalttrustee.com

Katherine S. Sender, Esq.
Vandana Koelsch, Esq.
On behalf of Allen Vellone Wolf Helfrich & Factor P.C.
ksender@allen-vellone.com
vkoelsch@allen-vellone.com

Arthur Lindquist-Kleissler, Esq.
On behalf of Cashyew Holding LLC

Artheralklaw@gmail.com
seanalklaw@gmail.com
LindquistKleisslerCompanyLLC@jubilebk.net

Robert J. Shilliday, III, Esq.
On behalf of John Cimino, Esq.
rjs@shillidaylaw.com

Peter A. Cal, Esq.
John Gray, Esq.
On behalf of JP Morgan Chase Bank N.A.
pcal@taftlaw.com
jgray@taftlaw.com
rneal@shermanhoward.com
dfouts@shermanhoward.com
lkostyk@shermanhoward.com
efiling@sah.com

Jason Cooper, Esq.
Reza Rismani, Esq.
On behalf of Glegal LLC
Jason.cooper@fmglaw.com
Reza.rismani@fmglaw.com

DNC and TCPA List Sanitizer, LLC
c/o Michael O'Hare
mcohare@gmail.com

All parties requesting service electronically,

*/s/Jeffrey Cohen*
Jeffrey Cohen