UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | Case No. 24-12624 KHT |
| | ) | |
| DNC AND TCPA Sanitizer List, LLC | ) | |
| | ) | Chapter 11, Subchapter V |
| Debtor. | ) | |

**AMENDED AND SUPPLEMENTED MOTION FOR ORDER TO AID THE IMPLEMENTATION OF THE DEBTOR'S CONFIRMED FIFTH AMENED PLAN OF REORGANIZATION REGARDING THE CLAIM OBJECTION PROCEDURE FOR CLAIM NO. 9 NOW PENDING AND FOR SANCTIONS AND ORAL ARGUMENT**

COHEN, LLC, an unsecured creditor of the Debtor, and Jeffrey Cohen, Esq. a party in interest, (hereinafter sometimes collectively referred to as "Cohen") hereby amends and supplements its Motion to Aid in Implementation of the Confirmed Plan (Dkt. 465) (the "Amended Motion") pursuant to paragraph 10.2 (d) of the Debtor's confirmed Fifth Amended Plan of Reorganization (the "Plan") and 11 USC §§ 105(a) and (d) to aid in the implementation of sections 8.5, 10.2 (a)(c)(f) and (g) of the Plan regarding the claim objection procedure for Claim 9-1 and for sanctions and oral argument. In support of the Amended Motion Cohen offers the following amended and supplemented assertions, arguments and exhibits.

## THE POINTS OF DECISION

Without standing to do so, on Monday, February 9, 2026, the Debtor filed a new state court lawsuit alleging "malpractice" by Cohen and others (the "Malpractice Action") during their pre-petition representation of the Debtor in the State Court Case.

The Debtor does not have standing in this Court or any other to bring its Malpractice Action. The Debtor listed a malpractice action against Cohen and others in its Amended Schedule of Assets and Liabilities (Dkt. 60) but section 8.5 of the confirmed Fifth Amended Plan of Reorganization (the "Plan") did not reserve standing for the Debtor to bring its malpractice action post-confirmation, only for certain avoidance actions and objections to claims. Hence, by retaining post-confirmation standing for some claims but not for the Malpractice Action, the Debtor made the conscious decision to waive standing for that action. A confirmed plan of reorganization must reserve standing for any specific litigation that the reorganized debtor wishes to bring post-confirmation. *Harstad v. First Am. Bank*, 39 F.3d 898, 901-903 (8th Cir. 1994). This holding was adopted by Judge Michael Romero of the District of Colorado Bankruptcy Court in *In re W. Integrated Networks, LLC*, 329 B.R. 334, 339 (Bankr. D. Colo. 2005) (also citing *In Re Mako, Inc.*, 985 F.2d 1052, 1055 (10th Cir. 1994).

For this and the additional reasons that the Debtor has breached sections 8.5 and 10.2 of the Plan, as articulated below, the Debtor must dismiss the Malpractice Action.

## THE SALIENT FACTS

1. Cohen is an unsecured creditor of the Debtor and timely filed its Proof of Claim No. 9 on July 23, 2024 for unpaid attorneys' fees accrued by Cohen in representing the

Debtor in *TCPA v. Ringba, et al.*, 2021CV31668 (Dist. Ct. El Paso County, Colorado) (the "State Court Case") in the amount of $76,274.29 and for costs, interest and collection costs to be incurred.

2. The Plan was confirmed by this Court on July 9, 2025. The Debtor pursuant to paragraph 10.2(a) of the Plan and 11 USC § 502 filed its Objection to Claim No. 9 on August 18, 2025 (the "Objection"). The Objection did not assert any counterclaims against Cohen but did object generally to Cohen's fees and specifically to seven-time entries totaling 10.5 hours. Cohen filed its Response to the Objection on September 17, 2025.

3. On October 2, 2025 this Court entered its first scheduling Order regarding the procedure to be followed in resolving the Claim, the Objection and the Response. Among other procedural dates the Court set February 5 and 6, 2026 for the final evidentiary hearing on the substantive issues. The final evidentiary hearing date was vacated on December 4, 2025 and is yet to be reset. None of the other pre-hearing dates, including expert witness and discovery deadlines were vacated. Those deadlines have passed, and the Debtor has not disclosed an expert report nor responded to Cohen's discovery requests, including requests for admission, which are now deemed admitted, and objections waived.[1]

---

[1] The discovery requests sent by Cohen were circumscribed by the issues brought in the Objection. Had the Debtor brought a malpractice action the discovery requests would have been much broader. Now the Debtor attempts to sandbag Cohen with new issues that could not have been the subject of the completed discovery.

4. On February 4, 2026 a telephonic hearing was held on various outstanding motions including the Debtor's Motion to Extend the Expert Witness deadline, so that the debtor could retain a malpractice expert witness. The court denied this extension because it correctly stated that there was no malpractice claim brought as a counterclaim in the claim objection. The Court scheduled February 18, 2026 to reset the final evidentiary hearing date.

5. On Monday, February 9, 2026 the Debtor, in contravention of this Court's subject matter jurisdiction and as an end-run around the Court's order of February 4, 2026, and as a default in the terms of the Plan (as explained below) filed a new state court lawsuit alleging "malpractice" by Cohen and others during their representation of the Debtor in the State Court Case. This new action by the Debtor covers the exact same subject matter as the Claim, the Objection and the Response now pending in this Court, and that has been pending for six months in this court. A copy of the Complaint and Civil Case Cover Sheet is attached hereto as Exhibit A and incorporated herein by this reference. Given the terms of the Plan, the exclusive subject matter of the Court that was retained by the Plan, and the prior proceedings in this matter, this was wholly improper.

### ARGUMENT

I. **THE DEBTOR DOES NOT HAVE STANDING TO BRING THE MALPRACTICE ACTION IN ANY COURT**

6. "Upon confirmation of a Chapter 11 plan, the bankruptcy estate ceases to exist, the debtor loses its debtor-in-possession status, and its authority to pursue claims as

though it were a trustee expires." *Harstad v. First Am. Bank*, 39 F.3d 898, 901-903 (8th Cir. 1994) (followed in the Tenth Circuit by *In re W. Integrated Networks, LLC*, 329 B.R. 334 (Bankr. D. Colo. 2005)); *In re United Operating, LLC*, 540 F.3d 351 (5th Cir. 2008); *In re Texas Rangers Baseball Partners*, 521 B.R. 134 (5th Cir. 2014).

7. However, 11 U.S.C. § 1123(b)(3)(B) permits a plan to provide for "the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose" of claims or interests belonging to the debtor or estate. 11 U.S.C. § 1123 (b)(3)(B). *See also*, *In re W. Integrated Networks, LLC*, 329 B.R. 334, 337 (Bankr. D. Colo. 2005).

8. In *Harstad*, the Debtor-Appellants appealed from an order of the bankruptcy court (and affirmation of the district court) dismissing their preference cause of action for lack of standing. *See generally*, *See* 39 F.3d 898. The district court affirmed on the basis that the confirmed plan of reorganization in that case did not reserve specific standing for the reorganized debtor to bring its preference claim. *Id.* at 901.

9. The Harstads argued that their plan's "Continuing Jurisdiction" section could be read as reserving standing for their preference claim. *Id.* The "Continuing Jurisdiction" section of their plan read, "The Court will retain jurisdiction until this Plan has been fully consummated for the following purposes: ... determination of all causes of actions [sic] between Debtors and any other party, including but not limited to any right of Debtors to recover assets pursuant to the provisions of the Bankruptcy Code...." *Id.* at 902.

10. The Eight Circuit Court of Appeals rejected this argument stating, "We hold that the above-quoted language is not a retention of the claim at issue here—much less the "specific and unequivocal" retention that some courts require." *Id.* at 902 (citing Tenth Circuit caselaw). The Harstads further argued that their cause of action was property of the estate, so it was theirs to bring post-confirmation as reorganized debtors. *Id.* The court rejected this argument as well, holding that their argument would nullify 11 U.S.C. § 1123(b)(3), which "preempts the general provision. . . that dumps all remaining post-confirmation estate property into the lap of the debtor" *Id.* at 903 (construing § 1123(b)(3) as "at least in part" a provision for notice to the creditors of "any potential causes of action that might enlarge the estate.")

11. Like the Debtor-Appellants in *Harstad* - who had the knowledge and ability to bring their action pre-confirmation, but did not specifically reserve standing for their claims in their plan of reorganization - the Debtor here had the ability to bring its Malpractice Action pre-confirmation as a debtor-in-possession, but did not do so, and did not reserve standing rights for this action in the Plan. *See Id.* at 901-902.

12. Here, the Debtor's Plan did reserve standing for other claims, but not the Malpractice Action. Section 8.5 of the Plan, titled "Claims and Litigation Bar Date and Standing" contemplates only avoidance actions and claim objections, and gives the reorganized debtor standing only to "commence, prosecute, and settle" those actions, not any other litigation. This provision reserves no standing at all for the Malpractice Action, as is required. *See generally*, *Id.* This holding was expressly adopted by the District of Colorado Bankrupcy Court by Judge Michael E. Romero in, *In re W. Integrated*

*Networks, LLC*, 329 B.R. at 339-340 (Bankr. D. Colo. 2005) (stating "the plan must retain the claims to be asserted post-confirmation" and upholding its prior ruling that " the "blanket" reservation of rights contained in the Confirmed Plan was inadequate to preserve such claims.").

13. Because the Debtor reserved specific standing rights for other actions and contested matters but not for the Malpractice Action, as it was required to do, the Debtor has no standing to bring the Malpractice Action.

### II. THE DEBTOR'S FILING OF THE MALPRACTICE ACTION IS A BREACH OF SECTIONS 8.5 AND 10.2 OF THE PLAN

14. The Debtor does not have standing to bring a malpractice action, because section 8.5 of the Plan does not reserve post-confirmation standing for a malpractice action. Therefore, the Debtor, by bringing the action, has breached section 8.5 of the Plan.

15. The Debtor has contracted with its creditors through section 10.2 of the Plan, to adjudicate all causes of action that it may have in this Court. *See*, *In re W. Integrated Networks, LLC*, 329 B.R. at 341 ("A confirmed plan functions as a contract between a plan proponent and holders of claims.") (citing *Miller v. United States*, 363 F.3d 999, 1004 (9th Cir. 2004)).

16. Section 10.2 of the Plan states in pertinent part, "Notwithstanding confirmation of the Plan, the Court shall retain jurisdiction for the following purposes:

>  (d)etermination of the allowability of Claims upon objection to such Claims by the Debtor …;
>
>  (c) Resolution of any disputes regarding interpretation of the Plan; and,

> (f) (a)djudication of any cause of action …brought by the Debtor. . ."

17. By proposing and signing the Plan, the Debtor has consented to the "adjudication" (i.e. the entry of final judgment) in this Court of "any cause of action" that it may bring (at least until this case is dismissed).

18. Clearly the Malpractice Action that the Debtor filed in Denver District Court is a "cause of action brought by the Debtor."

19. Therefore, the Debtor has contracted for exclusive jurisdiction over the Malpractice Action in this Court and accordingly, this Court should not grant a stay of these proceedings so that the Debtor can pursue that cause of action in another court.

20. The Debtor may, in the future, argue that the language, "the Court shall retain jurisdiction" means that the Court keeps post-confirmation only the jurisdiction that it had pre-confirmation (concurrent or exclusive). This argument fails because in order to interpret 10.2(f), "(a)djudication of any cause of action" the Court would have to conclude that the adjudication in this court of a cause of action brought by the Debtor is contingent upon the Debtor choosing to bring the action in this court. Clearly then, "(a)djudication of any cause of action" would mean nothing. This argument also fails because it would require resort to the bankruptcy code to determine whether this Court had concurrent or exclusive jurisdiction over the Malpractice Action pre-confirmation. *See Id.* ("[a]fter confirmation, it is the confirmed plan, not the Bankruptcy Code, which controls the relationship between the now reorganized debtor and its creditors.") (*citing In re Montgomery Ward Holding Corp.*, 306 B.R. 489, 494 (Bankr. D. Del. 2004)).

21. The only way to give meaning to the entirety of section 10.2 of the Plan, is to interpret it to mean that regardless of whether the Court had concurrent jurisdiction or exclusive jurisdiction pre-confirmation, the Debtor has agreed to bring all causes of action in this Court, for the entry of final judgment in this Court.

### RELIEF REQUESTED

22. Section 8.10 of the Plan states "[u]pon Debtor's failure to cure the default within such ten day period, the creditor may proceed to exercise its rights and remedies pursuant to applicable law and the terms of any relevant documents. . . and seeking to enforce the terms of the Plan".

**WHEREFORE**, Cohen respectfully requests that this Court enter an order directing the Debtor to immediately cease, desist and dismiss the action represented by Exhibit A to enforce the terms of the Plan, and for such other and further relief this Court deems just and proper.

Respectfully submitted,

COHEN, LLC

*/s/ Jeffrey Cohen*
Jeffrey Cohen, Esq. #10876
COHEN, LLC
1600 Broadway, Suite 1660
Denver, CO 80202
303-524-3636 – Office
720-470-5020 – Cell
720-354-4984 – Direct Dial
jcohen@cohentrial.com

## CERTIFICATE OF SERVICE

       I certify that on February 26, 2026 I served a complete copy of the foregoing **MOTION** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules by CM/ECF:

Alan Motes, Esq.
US Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 802094

Chad Caby, Esq.
Samuel Wilson Collins, Esq.
on behalf of Ringba LLC, Adam Young, and Tubmanburg Ltd.
chad.caby@wbd-us.com
Wilson.Collins@wbd-us.com
Chadwick-caby5693@ecf.pacerpro.com
Jennifer.eastin@wbd-us.com

Joli Lofstedt, Esq.
Trustee
joli@jalttrustee.com
ecf.alert+Lofstedt@titlexi.com
brenda@jalttrustee.com

Katherine S. Sender, Esq.
Vandana Koelsch, Esq.
On behalf of Allen Vellone Wolf Helfrich & Factor P.C.
ksender@allen-vellone.com
vkoelsch@allen-vellone.com

Arthur Lindquist-Kleissler, Esq.
On behalf of Cashyew Holding LLC

Artheralklaw@gmail.com
seanalklaw@gmail.com
LindquistKleisslerCompanyLLC@jubilebk.net

Robert J. Shilliday, III, Esq.
On behalf of John Cimino, Esq.
rjs@shillidaylaw.com

Peter A. Cal, Esq.
John Gray, Esq.
On behalf of JP Morgan Chase Bank N.A.
pcal@taftlaw.com
jgray@taftlaw.com
rneal@shermanhoward.com
dfouts@shermanhoward.com
lkostyk@shermanhoward.com
efiling@sah.com

Jason Cooper, Esq.
Reza Rismani, Esq.
On behalf of Glegal LLC
Jason.cooper@fmglaw.com
Reza.rismani@fmglaw.com

DNC and TCPA List Sanitizer, LLC
c/o Michael O'Hare
mcohare@gmail.com

All parties requesting service electronically,

                                  */s/Jeffrey Cohen*
                                  Jeffrey Cohen