UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | Case No. 24-12624 KHT |
| | ) | |
| DNC AND TCPA Sanitizer List, LLC | ) | |
| | ) | Chapter 11, Subchapter V |
| Debtor. | ) | |

**REPLY TO DEBTOR'S OBJECTION TO COHEN'S AMENDED AND SUPPLEMENTED MOTION FOR ORDER TO AID THE IMPLEMENTATION OF THE DEBTOR'S CONFIRMED FIFTH AMENED PLAN OF REORGANIZATION REGARDING THE CLAIM OBJECTION PROCEDURE FOR CLAIM NO. 9 NOW PENDING AND FOR SANCTIONS AND ORAL ARGUMENT**

COHEN, LLC, an unsecured creditor of the Debtor, and Jeffrey Cohen, Esq. a party in interest, (hereinafter sometimes collectively referred to as "Cohen") hereby replies to the Debtor's Objection (Dkt. 477) to Cohen's Amended and Supplemented Motion (Dkt. 474) (the "Amended Motion"). In support of its Reply Cohen offers the following assertions, arguments and exhibits.

## THE POINTS OF DECISION

The Debtor does not point to any language in the Confirmed Fifth Amended Plan of Reorganization (the "Plan") where it clearly, specifically, and unequivocally reserves standing for a state court malpractice action, as required in this Circuit.

The cases are legion, to have post-confirmation standing to bring a pre-petition, scheduled, state law claim, a Chapter 11 Debtor must "clearly, specifically, and unequivocally" reserve standing for that claim in its confirmed plan of reorganization. *In re Atna Res., Inc.*, No. 15-22848-JGR, 2018 WL 10150993 (Bankr. D. Colo. Dec. 14, 2018), *adopted,* No. 17-CV-02363-REB, 2019 WL 3562065 (D. Colo. Aug. 6, 2019) (unpublished, copy attached); *In re Hart Oil & Gas, Inc.*, 534 B.R. 35 (Bankr. D.N.M. 2015); *Mercury Companies, Inc. v. Comerica Bank*, No. 13-CV-01921-RPM, 2014 WL 561993 (D. Colo. Feb. 12, 2014) (unpublished, copy attached); *In re W. Integrated Networks, LLC*, 329 B.R. 334, 339 (Bankr. D. Colo. 2005). *See also In Re Mako, Inc.*, 985 F.2d 1052, 1055 (10th Cir. 1994); *Harstad v. First Am. Bank*, 39 F.3d 898, 901-903 (8th Cir. 1994).

In this jurisdiction, "Clearly, specifically, and unequivocally" has been interpreted as at least listing the category of the claim, the name of the potential defendant or defendants, and that the debtor intends to reserve standing. *See Mercury Companies, Inc. v. Comerica Bank*, No. 13-CV-01921-RPM, 2014 WL 561993 (D. Colo. Feb. 12, 2014) (unpublished, copy attached); *In re W. Integrated Networks, LLC*, 329 B.R. 334, 339 (Bankr. D. Colo. 2005). *See also In Re Mako, Inc.*, 985 F.2d 1052, 1055 (10th Cir. 1994). Neither on pages three, five, or twenty-seven, nor anywhere else in the Plan is this accomplished, in

fact, section 8.5, which is the only paragraph in the Plan that deals with standing specifically, lacks any mention of state law malpractice claims.

## ARGUMENT

**I.  THE DEBTOR'S ARGUMENTS ON PAGES THREE THROUGH SEVEN OF ITS OBJECTION HAVE ALL BEEN CONSIDERED AND REJECTED IN PRIOR CASES IN THIS JURISDICTION**

1. On pages three through seven of the Debtor's Objection, that the Debtor bases its erroneous argument that it does have standing on several incorrect assertions, namely:

   a. that 11 U.S.C. 1186(b) automatically gives the Debtor standing to bring its malpractice claim (Debtor's Obj. at 3) (discussed on pages four through five, *infra*);

   b. that, actually, it is § 10.2(f) of the Plan that reserves standing for the malpractice claim, not § 8.5, the reservation of standing and litigation bar date section (Debtor's Obj. at 3) (discussed on page six, *infra*);

   c. that the Debtor "discloses" the malpractice claim sufficient for retention of jurisdiction in its Schedule B and on pages 3, 5, and 27 of the Plan (Debtor's Obj. at 3) (discussed on pages six through eight, *infra*);

   d. that the cases Cohen cited are inapposite because malpractice is a state law claim, not a claim under the bankruptcy code (Debtor's Obj. at 4-5) (discussed on page nine, *infra*); and,

e. that the Debtor did not violate § 10.2 of the Plan because it asserts that this Court never had jurisdiction over the state law malpractice claim (discussed on pages six, twelve, and thirteen, *infra*).

2. Each of these assertions are wrongheaded and dispensed with below.

## II. 11 U.S.C. 1186(B) DOES NOT AUTOMATICALLY RESERVE STANDING FOR PRE-CONFIRMATION CLAIMS FOR RELIEF - 11 U.S.C. § 1123(B) CONTROLS

3. 11 U.S.C. 1186(b) is a general provision that "that dumps all remaining post-confirmation estate property into the lap of the debtor," and it is "preempted" by the specific provision of 11 U.S.C. 1123(b)(3)(B). *See Harstad*, 39 F.3d at 903. *See also Mercury Companies, Inc. v. Comerica Bank*, 2014 WL 561993 at *4 (D. Colo. Feb. 12, 2014) (unpublished, copy attached) ("Claim retention in bankruptcy is governed by 11 U.S.C. § 1123(b)").

4. Tenth Circuit law is clear: 11 U.S.C. § 1123(b) controls on the issue of standing retention. *See In re Atna Res.,* 2018 WL 10150993 *9-10 (holding that § 1123(b) governs retention of standing); *In re Hart Oil & Gas, Inc.*, 534 B.R. 35, 45-46 (Bankr. D.N.M. 2015) ("In the Tenth Circuit, § 1123(b)(3) has been interpreted to require Chapter 11 plans to specify any claims to be retained and enforced post-confirmation; claims not specifically reserved are lost"); *Mercury Companies, Inc.* 2014 WL 561993 at *4; *In re W. Integrated Networks, LLC*, 329 B.R. 334, 337 (Bankr. D. Colo. 2005) ("[p]ost-confirmation standing issues. . . have their genesis in the language of § 1123(b)(3)"). *See also In Re Mako, Inc.*, 985 F.2d 1052, 1055 (10th Cir. 1994) (holding that § 1123(b)(3)(B) requires a

chapter 11 plan's reservation language to be "specific and unequivocal"); *Harstad v. First Am. Bank*, 39 F.3d 898, 901-903 (8th Cir. 1994).

5. This "preemption" is for good reason. As explained in his excellent survey of cases on this issue, Bankruptcy Judge Joseph G. Rosania Jr. stated,

> **Notice requirements represent a fundamental aspect of due process and the statute has been described as fundamentally a notice provision. The required disclosure of retained claims notifies creditors and potential defendants of causes of action that the debtor intends to pursue post-confirmation. The disclosure allows creditors to evaluate potential distributions and potential liability when they vote on a plan.** *In re Atna Res., Inc.*, 2018 WL 10150993 *10 (Bankr. D. Colo. Dec. 14, 2018), *adopted*, 2019 WL 3562065 (D. Colo. Aug. 6, 2019) (unpublished, copy attached) (internal citation omitted).

6. The specificity that courts in the Tenth Circuit interpret 11 U.S.C. § 1123(b) as requiring is for good reason. David T. Thuma of the Bankruptcy Court for the District of New Mexico writes: some courts hold that 11 U.S.C. § 1123(b) and § 1141 make confirmation of a plan "*res judicata* on the estate's claims against creditors and vice versa"; some courts construe § 1123(b) as a notice requirement allowing creditors to make informed decisions about a plan; still more courts hold that a "[d]ebtor is estopped from pursuing claims that were not specifically and unequivocally reserved"; and finally some courts use a contract interpretation analysis to require specific and unequivocal reservations of standing. *In re Hart Oil & Gas, Inc.*, 534 B.R. at 46-48 (Bankr. D.N.M. 2015).

7. In *In re Hart Oil & Gas, Inc.* the Bankruptcy Court construed § 1123(b) as both an "affirmative statutory duty to reserve claims, and as a provision requiring notice to

creditors" *In re Atna Res., Inc.*, 2018 WL 10150993 at *12 (*discussing In re Hart Oil & Gas, Inc.*).

8. The Harstads also tried this argument - that their cause of action was property of the estate, so it was theirs to bring post-confirmation as reorganized debtors. The court rejected this argument, holding that it would nullify 11 U.S.C. § 1123(b)(3), and it is § 1123 that controls. *Harstad v. First Am. Bank*, 39 F.3d at 903.

### III.   § 10.2(F) OF THE PLAN HAS NO RELEVANCE – IT IS § 8.5 OF THE PLAN THAT RESERVES STANDING, AND IT DOES NOT RESERVE STANDING FOR THE MALPRACTICE CLAIM

9. Section 10.2(f) – Retention of Jurisdiction - states "[n]otwithstanding confirmation of the Plan, the court shall retain jurisdiction for the following purposes: [a]djudication of any causes of action, including avoidance actions, brought by the Debtor. . ."

10. It appears that the Debtor is confused; nothing in § 10.2 has anything to do with reservation of standing. Section 8.5 - Claims and Litigation Bar Date and Standing – however, is the standing reservation provision of the Plan.

11. Section 8.5 properly, specifically reserves standing for avoidance actions and claim objections, but nothing else. The Debtor knew how to properly reserve standing but it did not reserve standing for any state law claims.

### IV.   THERE IS NO CLEAR, SPECIFIC, AND UNEQUIVOCAL RESERVATION OF STANDING

12. The Debtor's best argument is that on page five of the Plan – which is actually the Disclosure Statement, not the Plan itself which begins on page eight – it states, "the Debtor **may** also hold litigation claims, such as malpractice claims, which are not

Page 6 of 16

considered in this analysis since the values are contingent and unliquidated." But this is not the "clear, specific, and unequivocal" reservation of standing that courts in this Circuit require, and these potential claims alluded to in the Disclosure Statement were not listed in § 8.5 which deals with specifically with reservation of standing. Additionally, the use of the word "may" is equivocating language, and contains no mention of Cohen, Gary Tucker, or any of the actual defendants in the state court litigation, much like there was no mention of Comerica in the Plan that Judge Matsch held insufficient to reserve standing. *See Mercury Companies,* 2014 WL 561993 at *5.

13. Page three of the Disclosure Statement is irrelevant as it says nothing about any claim the Debtor may have, and page 27 is irrelevant because it contains hypothetical questions that are only relevant in liquidation, not a confirmed plan of reorganization.

14. The late Chief Judge Matsch in *Mercury Companies* rejected an analogous argument made by the debtor in that case. The debtor, Mercury Companies, argued "that its Schedule B listing, Disclosure Statement, Chapter 11 Plan, and specific discussions at meetings of the Committee of Unsecured Creditors were cumulatively sufficient to put its creditors on notice of its potential claims against Comerica." *Mercury Companies*, 2014 WL 561993 at *5.

15. In *Mercury Companies* the state law claim at issue was listed in Mercury's schedule of assets and liabilities, and the court found that to be noteworthy but held that, 1) a long period of time passed between the filing of that schedule and the attempt to bring the state law action, 2) despite the listing in the schedule there was no specific mention of Comerica as a state law defendant in the Chapter 11 Plan, "even though the factual

bases of the claims were recited in the plan", and 3) the contrast of listing the state law claim in their schedule but not in their Chapter 11 plan later on, "supports an inference that Mercury had abandoned pursuing the claims," which is exactly the same assertion that Cohen made about the Debtor's malpractice action in its Motion. *Id.* Here, the defendants in the malpractice action are clearly not mentioned in the plan. They are Gary Tucker, Glegal LLC, Jeffrey Cohen, Cohen, LLC, Joshua L. Thomas, and Law Office of Joshua L. Thomas PLLC.

16. Unlike *Mercury Companies*, where the Debtor had a general reservation of standing upon which it relied, the Debtor here has **no** general reservation of standing but has a specific reservation of standing in § 8.5 of the Plan, which does not include any state law claims.

17. In the instant case, the Debtor on page three of the Plan recites the damages awarded to Ringba in the underlying state court action but does not state that the alleged defendants in the malpractice action were the cause of that award.

18. It is worth noting that the Debtor only states that the Plan puts creditors on notice. But § 1123(b) is only partly a notice provision. *See Mercury Companies*, 2014 WL 561993 at *4; *Harstad v. First Am. Bank*, 39 F.3d at 903. The Debtor makes no argument that the statements on the aforementioned pages are sufficiently clear, specific, and unequivocal to reserve standing for the malpractice action. In fact, those pages fall so short of the requirement as to make that argument laughable, as discussed more fully below.

**V.   THE REQUIREMENTS OF 11 U.S.C. 1123 APPLY TO BOTH FEDERAL CLAIMS AND PRE-PETITION, SCHEDULED, STATE LAW CLAIMS**

19. On pages four and five of its Objection, the Debtor argues that because the malpractice action is a state law claim and not one arising under the Bankruptcy Rules, it does not have to reserve standing clearly, specifically and unequivocally. This is false.

20. In *Mercury Companies*, the debtor also argued that the requirement of "specific and unequivocal" claim retention language did not apply to its state law claim. The Court rejected that argument out of hand, stating, "[s]ection 1123(b)(3) does not distinguish between state law and bankruptcy avoidance claims; rather, it allows bankruptcy plans to provide for "the settlement or adjustment of any claim or interest," and for "the retention and enforcement by the debtor, ..., of any such claim or interest. . . it would be inconsistent with that principle to hold common law claims to a lower standard of specificity." *Mercury Companies*, 2014 WL 561993 at *4.

21. The Court in *In re Hart Oil & Gas, Inc.*, also contended with this issue and followed Mercury Companies, holding that state law claims that are not specifically reserved are lost. *In re Hart Oil & Gas, Inc.*, 534 B.R. at 46, 48, 52 (Bankr. D.N.M. 2015).

**VI.   ADDITIONAL FACTORS USED BY SOME COURTS IN DECIDING WHETHER CLEAR, SPECIFIC, AND UNEQUIVOCAL RESERVATION OF STANDING HAS BEEN MADE IN THE PLAN**

22. The Court in *In re Hart Oil & Gas, Inc.*, surveyed most, if not all, of the cases on this area of law and came up with some factors for use in the Tenth Circuit. *Id.* at *50. These factors were looked upon favorably and applied by Judge Rosania in Colorado. *See In*

*re Atna Res., Inc.*, 2018 WL 10150993 at *12 (Bankr. D. Colo. Dec. 14, 2018), *adopted*, 2019 WL 3562065 (D. Colo. Aug. 6, 2019). The factors are the following:

    a. **"Was the claim sufficiently reserved, at least by category, using "clear, specific and unequivocal" language as required under *Mako*?**

    b. Garden variety avoidance actions may generally be reserved by reference to the avoidance sections of the Bankruptcy Code.

    c. **Is the defendant a creditor? If not, less specificity is required because the rationale for requiring notice disappears entirely.**

    d. **Does the claim arise under state law? If so, state law claims require more specificity to be reserved.**

    e. **What is the size and nature of the claim? The larger the claim, the more specific the reservation must be.** Debtors may not "lie in the weeds" or "blindside" creditors with significant, undisclosed post-petition lawsuits.

    f. **Ambiguities are resolved against the drafter of the plan, here the debtors;** and

    g. Most importantly, because the plan is a contract between the debtor and creditors, did the contract sufficiently define the nature and extent of the obligations of the parties, and was the claim foreseeable?" *Id.* (emphasis added).

23. This Court may apply the *Hart Oil* factors to the present case. If it chooses to do so, the application of the current facts should be as follows:

a. "Was the claim sufficiently reserved, at least by category, using "clear, specific and unequivocal" language as required under *Mako*?"

    i. No. A Clear, specific, and unequivocal categorical reservation would have stated something to the effect of "the Debtor will retain standing for any legal malpractice action it may have resulting from its State Court Litigation against Ringba LLC." Here, no category of malpractice actions was listed in the section of the Plan that reserves post-confirmation standing.

b. "Garden variety avoidance actions may generally be reserved by reference to the avoidance sections of the Bankruptcy Code."

    i. Not applicable here.

c. "Is the defendant a creditor? If not, less specificity is required because the rationale for requiring notice disappears entirely."

    i. Yes, the defendant of the malpractice action is a creditor. Heightened specificity is required.

d. "Does the claim arise under state law? If so, state law claims require more specificity to be reserved."

    i. Yes, the malpractice action arises under state law. Even greater heightened specificity is required.

e. "What is the size and nature of the claim? The larger the claim, the more specific the reservation must be. Debtors may not "lie in the weeds" or "blindside" creditors with significant, undisclosed post-petition lawsuits."

i. The claim is very large, "in the range of $3 million to $5 million" according to the Debtor. See Dkt. 449 at 2. Yet more specificity is required.

f. Ambiguities are resolved against the drafter of the plan,

i. Just like in *Hart Oil* and *In re Atna Res.,* the drafter of the Plan in this case was the debtor, so any ambiguities, specifically those on pages 3, 5, 27 of the plan, as well as in § 10.2 are construed against the Debtor and in favor of Cohen.

g. "Most importantly, because the plan is a contract between the debtor and creditors, did the contract sufficiently define the nature and extent of the obligations of the parties, and was the claim foreseeable?"

i. No it did not. At best the plan made unclear, ambiguous, references to the underlying state court action against Ringba, equivocating references to claims it "may" have but chose not to list in its Analysis of Assets in the Plan, and strange rhetorical questions about malpractice in regard to Chapter 7. Nothing in this plan can be construed as "sufficiently defin[ing] the nature and extent of the obligations" the Debtor and Cohen with regard to the malpractice action.

24. Once applied, the *Hart Oil* factors make clear that under the facts of the instant case, the plan does not contain language sufficient to reserve standing for the malpractice action.

**VII.   THE CURTIS FACTORS ARE IRRELEVANT TO COHEN'S MOTION AND THE DEBTOR CITES NO LAW TO SUPPORT ITS ASSERTION THAT THEY APPLY ANYWAY**

25. On page two of its Objection, the Debtor states "Cohen argues that these *Curtis* factors are irrelevant because *Curtis* concerned relief from a stay – not imposition of a stay. It is a distinction without a difference. Whether considering relief from the automatic stay or considering inherent authority to impose a stay, the same factors apply." Yet, the Debtor does not provide any citation to any case that could support that assertion, because there is none.

26. In fact, there is a five factor test that courts use to decide whether to grant a stay, but it is not the same as the *Curtis* test. The factors are "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (*citing Arden Way Associates v. Boesky*, 660 F.Supp. 1494, 1497 (S.D.N.Y. 1987). See and compare this to the twelve factors of the *Curtis* test.

27. " Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice." Id. A stay here would result in extreme prejudice to Cohen because it has already engaged in significant litigation, discovery, and produced an expert opinion which would have to be revisited.

28. Additionally, Cohen did not raise its *Curtis* factors argument in the motion to which the Debtor now objects. That argument was raised in Cohen's Objection to the Debtor's request for a stay, not Cohen's Amended and Supplemented Motion for an Order to Aid in Implementation of the Plan. Thus, page one of the Debtor's Objection is really used as a response to our Objection to the Debtor's request for a litigation stay. So, the entire argument that the Debtor makes here is irrelevant.

## VIII.   THE DEBTOR'S FILING OF THE MALPRACTICE ACTION IS A BREACH OF SECTIONS 8.5 AND 10.2 OF THE PLAN

29. The Debtor does not have standing to bring a malpractice action, because section 8.5 of the Plan does not reserve post-confirmation standing for a malpractice action. Therefore, the Debtor, by bringing the action, has breached section 8.5 of the Plan.

## RELIEF REQUESTED

**WHEREFORE**, Cohen respectfully requests that this Court enter an order granting its Amended and Supplemented Motion (Dkt. 474), and directing the Debtor to immediately cease, desist and dismiss the action represented by Dkt. 463-1 to enforce the terms of the Plan, and for such other and further relief this Court deems just and proper.

Respectfully submitted,

COHEN, LLC

*/s/ Jeffrey Cohen*
Jeffrey Cohen, Esq. #10876
COHEN, LLC
1600 Broadway, Suite 1660
Denver, CO 80202
303-524-3636 – Office
720-470-5020 – Cell
720-354-4984 – Direct Dial

Page 14 of 16

jcohen@cohentrial.com

## CERTIFICATE OF SERVICE

I certify that on March 12, 2026 I served a complete copy of the foregoing **REPLY** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules by CM/ECF:

Alan Motes, Esq.
US Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 802094

Chad Caby, Esq.
Samuel Wilson Collins, Esq.
on behalf of Ringba LLC, Adam
Young, and Tubmanburg Ltd.
chad.caby@wbd-us.com
Wilson.Collins@wbd-us.com
Chadwick-caby5693@ecf.pacerpro.com
Jennifer.eastin@wbd-us.com

Joli Lofstedt, Esq.
Trustee
joli@jalttrustee.com
ecf.alert+Lofstedt@titlexi.com
brenda@jalttrustee.com

Katherine S. Sender, Esq.
Vandana Koelsch, Esq.
On behalf of Allen Vellone Wolf
Helfrich & Factor P.C.
ksender@allen-vellone.com
vkoelsch@allen-vellone.com

Arthur Lindquist-Kleissler, Esq.
On behalf of Cashyew Holding LLC

Artheralklaw@gmail.com
seanalklaw@gmail.com
LindquistKleisslerCompanyLLC@jubilebk.net

Robert J. Shilliday, III, Esq.
On behalf of John Cimino, Esq.
rjs@shillidaylaw.com

Peter A. Cal, Esq.
John Gray, Esq.
On behalf of JP Morgan Chase Bank
N.A.
pcal@taftlaw.com
jgray@taftlaw.com
rneal@shermanhoward.com
dfouts@shermanhoward.com
lkostyk@shermanhoward.com
efiling@sah.com

Jason Cooper, Esq.
Reza Rismani, Esq.
On behalf of Glegal LLC
Jason.cooper@fmglaw.com
Reza.rismani@fmglaw.com

DNC and TCPA List Sanitizer, LLC
c/o Michael O'Hare
mcohare@gmail.com

All parties requesting service electronically,

/s/Jeffrey Cohen
Jeffrey Cohen