## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DNC AND TCPA LIST SANITIZER, LLC | ) | Case No. 24-12624-KHT |
| EIN: 83-3868704 | ) | Chapter 11 |
| | ) | Subchapter V |
| Debtor. | ) | |

## DEBTOR'S SUPPLEMENT IN SUPPORT
## OF STAY ON CLAIM NUMBERS 8 AND 9 (DOCKET NOS. 410 AND 419)

**The Debtor here attaches, from the ongoing state court proceedings, Debtor's response in opposition to dismissal or stay of the state court proceedings. In addition, the Debtor here supplements its motion for stay of these proceedings with authorities regarding this Court's lack of subject matter jurisdiction.**

In the attached response (Exhibit 1) filed in the state court proceedings, Debtor seeks the opposite of the relief sought here. Here, Debtor seeks a stay of these proceedings so that the state court proceedings can move forward. Debtor attaches its state-court response for context. There, Debtor explains why the state court has jurisdiction, Debtor has standing, federal law does not preempt the malpractice claims, and mandatory abstention would apply even if concurrent § 1334(b) jurisdiction existed. This supplement addresses the converse jurisdictional point: the legal malpractice claims are not "related to" this bankruptcy case, so neither the federal district court nor this Court has subject-matter jurisdiction over the legal malpractice claims.

This case was confirmed under 11 U.S.C. § 1191(a), and the Plan revested the legal malpractice claims in the Debtor. The Plan has been substantially consummated. Neither allowance of Cohen's claims nor recovery on the malpractice action will change Plan payments, creditor distributions, class treatment, or Plan consummation. Any malpractice recovery belongs to the reorganized Debtor.

To fall within a bankruptcy court's jurisdiction, a state-law claim must be at least related to the bankruptcy proceeding. *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990). "[W]hether the bankruptcy court acted beyond the scope of its authority in this matter must be determined by closely analyzing whether its actions fall within the jurisdictional grant of 28 U.S.C. §§ 157 and 1334." *Santander Consumer, USA, Inc. v. Houlik (In re Houlik)*, 481 B.R. 661, 673 (B.A.P. 10th Cir. 2012). Post-confirmation "related to" jurisdiction narrows. *Houlik*, 481 B.R. at 675. Under the close-nexus test applied to post-confirmation disputes, the proceeding must affect an integral aspect of the bankruptcy process or the interpretation, implementation, consummation, execution, or administration of the confirmed plan. *Id.* at 675–76. "If there is no jurisdiction under 28 U.S.C. § 1334 or 28 U.S.C. § 157, retention of jurisdiction provisions in a plan of reorganization or trust agreement are fundamentally irrelevant." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 161 (3d Cir. 2004). Neither the parties to a reorganization plan nor a court on its own can expand a federal court's subject-matter jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)

2

("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court."); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

A recent decision applied these principles to post-confirmation state-law claims. The Hon. Michael E. Romero held that related-to jurisdiction was absent where the claims had "no bearing on the administration of the Debtor's bankruptcy estate" and did not affect the interpretation, implementation, consummation, execution, or administration of the confirmed plan. *Colorado BondShares v. Colo. Ctr. Metro. Dist. (In re Colo. Ctr. Metro. Dist.)*, Adv. No. 25-01213 MER, slip op. at 3–5 (Bankr. D. Colo. Mar. 18, 2026) (Exhibit 2).

The Debtor's legal malpractice claims are prepetition Colorado causes of action that exist independently of bankruptcy. In this case, the plan stated that it should be treated like a contract. Plan at 18 § 8.10. The plan further provides as follows:

> § 8.1 . . . The Debtor shall be empowered to take such action as may be necessary to perform its obligations under the Plan.
> . . . .
> § 10.1 Revestment. If confirmed under 1191(a), on the Effective Date of the Plan, all property of the estate shall revest in the Debtor free and clear of all liens except those specifically set forth in the Plan or otherwise provided in the Plan. . . .
> . . . .
> § 11.1 The Debtor, as the proponent of the Plan, requests confirmation of the plan pursuant to § 1191(a) of the Code.

Plan at 16-25. The malpractice claims are already pending in a court of competent jurisdiction.

The facts relevant to jurisdiction are the same here as in *Houlik* and *Colorado BondShares*. Certain claims had revested in the debtor. Recovery would

3

not benefit the creditors. The plan was substantially consummated. The claims did not require interpretation or enforcement of the plan and had no effect on implementation, consummation, execution, or administration of the plan. Under these facts, the bankruptcy court did not have subject matter jurisdiction over the state-law claims. *Houlik*, 481 B.R. at 674–76; *Colorado BondShares* at 4-5.

Cohen suggests that Section 8.5 of the Plan creates an exclusive remedy, eliminating the state court's jurisdiction. Section 8.5 gives the Debtor standing to prosecute objections and avoidance actions. The list in 8.5 is not exhaustive. In Section 8.1, the plan gives the Debtor presumptive authority to prosecute the present state-law legal malpractice claims.

Cohen argues that the plan vested this Court with exclusive jurisdiction over the Debtor's legal malpractice claims, either directly through 10.2(f) or indirectly through 10.2(c). Neither this Court nor the state court needs to decide what § 10 means because, if Cohen is correct, § 10 is not enforceable as construed. *Insurance Corp. of Ireland*, 456 U.S. at 702. This Court cannot derive its jurisdiction from the plan. *Tuck*, 859 F.2d at 844.

Finally, Cohen argues that, even if the state court has subject-matter jurisdiction to interpret the plan to determine the state court's jurisdiction, the Debtor nonetheless breached the plan by commencing an action in state court instead of this Court. The Debtor did not breach the plan by commencing an action in state court when this Court does not have jurisdiction. Cohen misconstrues the reach of the plan. A plan provision purporting to give a court exclusive jurisdiction

is enforceable only if the court already has jurisdiction. An agreement between parties cannot create or expand a court's jurisdiction.

Cohen is trying to reason backward from the bankruptcy court's jurisdiction over his proof of claim to jurisdiction over the Debtor's separate legal malpractice claims. Cohen's claim does not dispense with § 1334(b). Because the plan revested the legal malpractice claims in the Debtor and their outcome will not affect the plan's implementation, creditor distributions, or estate administration, the action lacks the required post-confirmation nexus.

In sum, a plan cannot define the jurisdiction of the state court or this Court. The state court is the only court with jurisdiction over the Debtor's state-law legal malpractice claims, and nothing in the plan provides otherwise or can be construed to provide otherwise.

RESPECTFULLY submitted this 12th day of July 2026.

GORDON LEGAL MALPRACTICE PLLC

*/s/Paul Gordon*
Paul Gordon
Post Office Box 460395
Denver, Colorado 80246
720-505-0536
paul@legal-mal.com

*Attorney for DNC and TCPA List Sanitizer, LLC*

5

CERTIFICATE OF SERVICE

I certify that, on 12th day of July 2026, I served a true copy of this DEBTOR'S SUPPLEMENT IN SUPPORT OF STAY ON CLAIM NUMBERS 8 AND 9 (DOCKET NOS. 410 AND 419) and proposed orders on all parties of record in compliance with the Federal Rules of Bankruptcy Procedure and the Court's local rules by CM/ECF to the following:

Jeffrey Cohen, Esq.
Tanner Sandor, Esq.
on behalf of Cohen, LLC
  and Jeffrey Cohen, Esq.
jcohen@cohentrial.com
tsandor@cohentrial.com

Joli A. Lofstedt, Esq.
Trustee
joli@jaltrustee.com
ecf.alert+Lofstedt@titlexi.com
brenda@jaltrustee.com

Alan K. Motes, Esq.
on behalf of U.S. Trustee
Alan.Motes@usdoj.gov

US Trustee
USTPRegion19.DV.ECF@usdoj.gov

Vandana Koelsch, Esq.
on behalf of Allen Vellone Wolf
Helfrich & Factor P.C.
vkoelsch@allen-vellone.com

Arthur Lindquist-Kleissler, Esq.
on behalf of Cashyew Holding LLC
Arthuralklaw@gmail.com
seanalklaw@gmail.com
LindquistKleisslerCompanyLLC@jubil
eebk.net

Robert J. Shilliday, III, Esq.
on behalf of John Cimino, Esq.
rjs@shillidaylaw.com

Peter A. Cal, Esq.
John Gray, Esq.
on behalf of JPMorgan Chase Bank
N.A.
pcal@taftlaw.com
jgray@taftlaw.com
rneal@shermanhoward.com
lkostyk@shermanhoward.com
efiling@sah.com

Chad S. Caby, Esq.
Samuel Wilson Collins, Esq.
on behalf of Ringba LLC, Adam
Young, and Tubmanburg Ltd.
chad.caby@wbd-us.com
Wilson.Collins@wbd-us.com
Chadwick-caby-
5693@ecf.pacerpro.com
Jennifer.eastin@wbd-us.com

Jason Cooper, Esq.
Reza Rismani, Esq.
on behalf of Glegal LLC
jason.cooper@fmglaw.com
reza.rismani@fmglaw.com

DNC and TCPA List Sanitizer, LLC
c/o Michael O'Hare
mcohare@gmail.com

*/s/Paul Gordon*
Paul Gordon

6