| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY STATE OF COLORADO<br>1437 Bannock Street<br>Denver, Colorado 80202<br>(303) 606-2300 | |
| Plaintiff:  **DNC AND TCPA LIST SANITIZER, LLC**<br><br>Defendants: **GARY TUCKER**; **GLEGAL, LLC**; **JEFFREY COHEN**; and, **COHEN, LLC** | ▲  COURT USE ONLY  ▲ |
| Paul Gordon #21860<br>Gordon Legal Malpractice PLLC<br>Post Office Box 460395<br>Denver, Colorado 80246<br>720-505-0536<br>paul@legal-mal.com | Case Number: 2026-cv-30493<br><br>Division/Courtroom: 280 |
| **RESPONSE IN OPPOSITION TO DISMISSAL OR STAY** | |

**Plaintiff asks this Court to deny Defendants' motion to dismiss and to deny Defendants' alternative request for a stay.**

This is an ordinary Colorado legal malpractice action. Plaintiff disclosed the claims. The Bankruptcy Court confirmed Plaintiff's Subchapter V reorganization plan. The confirmed plan revested them in Plaintiff, and nothing in the Bankruptcy Code or the plan gives the Bankruptcy Court exclusive jurisdiction. This Court plainly has jurisdiction over Colorado state-law legal malpractice claims. At most, the federal courts could exercise non-core "related to" jurisdiction, which neither divests this Court of jurisdiction nor supports dismissal. In the alternative,

Defendants seek a stay, which would be unfairly prejudicial to Plaintiff because, even if the Bankruptcy Court had concurrent "related to" jurisdiction, the Bankruptcy Court "shall" abstain from hearing Plaintiff's state-law legal malpractice claims.

For the Court's convenience, the following is an outline of Plaintiff's response to the motion for dismissal or stay (and page numbers):

    a. Unless federal law preempts this Court's subject matter jurisdiction, this Court has jurisdiction over Plaintiff's state-law legal malpractice claims (2).

    b. Plaintiff has standing because the Bankruptcy Court confirmed a plan revesting the claims in Plaintiff and designating Michael O'Hare as Plaintiff's agent (3).

    c. Federal law does not preempt this Court's subject matter jurisdiction over Plaintiff's state-law legal malpractice claims (7).

    d. A stay would unfairly prejudice Plaintiff because, even if the Bankruptcy Court had concurrent "related to" jurisdiction, the Bankruptcy Court "shall" abstain from hearing the present legal malpractice claims (11).

Defendants' motion fails because Plaintiff owns the disclosed and revested claims. This Court should deny the motion for dismissal under Rule 12(b)(1) and deny the motion for a stay.

**a.    Unless Federal Law Preempts This Court's Subject Matter Jurisdiction, This Court Has Jurisdiction Over Plaintiff's State-law Legal Malpractice Claims.**

This Court has subject matter jurisdiction over Plaintiff's state-law legal malpractice claims. The Colorado Constitution empowers District Courts with

original jurisdiction in all civil cases. Colo. Const. art. VI, § 9; *Arnold v. Anton Coop. Ass'n*, 293 P.3d 99, 103-04 (Colo. App. 2011). "[I]t is the facts alleged and the relief requested that decide the substance of a claim, which in turn is determinative of the existence of subject matter jurisdiction." *City of Boulder v. Pub. Serv. Co.*, 996 P.2d 198, 203 (Colo. App. 1999).

Colorado law determines the standards of care applicable to Defendants, who are Colorado attorneys providing legal services in Colorado pursuant to Colorado attorney-client fee agreements and the Colorado Rules of Professional Conduct. Plaintiff is a Colorado limited liability company doing business in Colorado out of a principal place of business in Colorado. Defendants cannot dispute this Court's original jurisdiction over Colorado legal malpractice claims.[1]

> **b.      Plaintiff Has Standing Because The Bankruptcy Court Confirmed A Plan Revesting The Claims In Plaintiff And Designating Michael O'Hare As Plaintiff's Agent.**

Defendants argue that Plaintiff lacks standing to bring the present legal malpractice claims. "A plaintiff has standing if he or she has an injury in fact and that injury is to a legally protected interest." *Durdin v. Cheyenne Mountain Bank*, 98 P.3d 899, 902 (Colo. App. 2004). State law determines whether a bankruptcy

---

[1] In passing, Defendants suggest that Plaintiff lacks capacity to prosecute the present legal malpractice claims. A lack of capacity has no bearing on subject matter jurisdiction for the purposes of a Rule 12(b)(1) motion to dismiss, nor would it, since only a court with subject matter jurisdiction can determine whether a party lacks capacity. *Currier v. Sutherland*, 218 P.3d 709, 714–15 (Colo. 2009).

debtor has standing to prosecute a state-law claim. *First Horizon Merchant Services, Inc. v. Wellspring Capital Management, LLC*, 166 P.3d 166, 180 (Colo. App. 2007) (citing *Kalb, Voorhis & Co. v. American Fin. Corp.*, 8 F.3d 130, 132 (2d Cir. 1993)). "If a cause of action alleges only indirect harm to a creditor (that is, an injury that derives from harm to the debtor), and the debtor could have raised a claim for its direct injury under the applicable law, then the cause of action belongs to the estate." *First Horizon,* 166 P.3d at 180.

Plaintiff disclosed the legal malpractice claims in the amended schedules filed on July 11, 2024 – a year before the bankruptcy court confirmed the plan. Attached as Exhibit 1 is a copy of the 2024 schedules. Likewise, the plan itself discloses Plaintiff's claims. Page 3 of the plan describes Plaintiff's $640,000 in damages (before interest). Page 27 identifies Defendants as potential defendants in a post-confirmation legal malpractice case. Page 5 describes the malpractice claims as "contingent and unliquidated." Page 3 discloses that the underlying court's rulings imposing sanctions on Plaintiff specifically included Plaintiff's then-attorney Gary Tucker, who is one of the defendants in this case. Page 3 refers to the fact that Defendants underrepresented the estimated costs and fees of the case against Ringba. Defendants cannot credibly claim that they did not know Plaintiff had legal malpractice claims when the bankruptcy court confirmed the plan.

Although they couch their argument in terms of standing, Defendants' argument is not that Plaintiff suffered no injury. Their argument is that the

4

confirmed plan left ownership or prosecutorial authority elsewhere. The plan and confirmation order defeat their argument. Defendants cite *Mercury Cos., Inc. v. Comerica Bank*, No. 13-cv-01921-RPM, 2014 U.S. Dist. LEXIS 17736 (D. Colo. Feb. 12, 2014). The citation is misplaced. *Mercury* involved a general reservation and an omission of the plaintiff's claims from the disclosure statement and plan, despite earlier schedule disclosure. Here, Plaintiff disclosed the malpractice claims before confirmation, and the plan identified the claims and potential defendants. *See Citicorp Acceptance Co. v. Robison (In re Sweetwater)*, 884 F.2d 1323, 1326-27 (10th Cir. 1989) (finding standing because court confirmed designation of representative and because a successful recovery would benefit the estate).

Defendants argue that § 1123(b) defeats Plaintiff's standing. Section 1123(b) is a notice provision. *Harstad v. First Am. Bank*, 39 F.3d 898, 903 (8th Cir. 1994). Section 1123(b)(3) permits a plan to provide for retention and enforcement of estate claims, and the cases applying it focus heavily on whether the plan gave creditors adequate notice of the claims that would be pursued after confirmation. Defendants' cases involved undisclosed claims, litigation representatives, or avoidance claims rather than damages claims. This case involves the debtor's own disclosed state-law malpractice claims based on prepetition negligence. For example, Defendants cite *In re Mako, Inc.*, 985 F.2d 1052, 1054-56 (10th Cir. 1993). In *Mako*, the issue was whether a stranger to the estate – an assignee – became a representative of the estate for prosecuting state-law claims. The Tenth Circuit noted that the plan in

5

*Mako* gave standing to a litigation trustee. *Id.* at 1055. Further, the Tenth Circuit held that the stranger could not acquire standing to pursue claims that did not exist. *Id.*

*Mako* does not govern a reorganized debtor prosecuting its own revested prepetition cause of action. The reorganized debtor owns the claim outright and may prosecute in its own name in any court of competent jurisdiction. As Defendants admit, Plaintiff listed the legal malpractice claim as bankruptcy estate property, undermining any "surprise" to Defendants. The standing issue in *Mako* bears no resemblance to Defendants' standing argument here. *Cf. Harstad v. First Am. Bank*, 39 F.3d 898, 901-903 (8th Cir. 1994) (debtor concealed $1 million preference action under §§ 547(b) and 550(a)); *In re Western Integrated Networks, LLC*, 329 B.R. 334, 339-41 (Bankr. D. Colo. 2005) (§ 542(a) claim for turnover of property); *Smelcer v. Citizens Bank of Kilgore (In re Hart Oil & Gas, Inc.)*, 534 B.R. 35, 45–46 (Bankr. D.N.M. 2015) (failure to disclose claim).

Section 1141(b), reinforced by § 10.1 of the confirmed plan, revested the disclosed malpractice claims in Plaintiff. The Bankruptcy Code creates a presumption that Plaintiff retained property not expressly distributed under the plan. This Court need not decide whether every Subchapter V debtor must expressly reserve every prepetition cause of action. Plaintiff did more than rely on a general reservation: the schedules and plan identified the malpractice claim, its estimated value, the underlying conduct, and the potential defendants before

6

confirmation. What further distinguishes the bankruptcy case is that the plan provides for payment of creditors in full. No creditor compromised a claim, much less without knowledge of an asset of the estate. Plaintiff did not lose its standing to prosecute the present claims.

### c. Federal Law Does *Not* Preempt This Court's Subject Matter Jurisdiction Over Plaintiff's State-Law Legal Malpractice Claims.

Likewise, this Court should reject Defendants' suggestion that the Bankruptcy Court has exclusive jurisdiction over Plaintiff's state-law legal malpractice claims. Even if the Bankruptcy Court also had jurisdiction, federal law does not preempt this Court's jurisdiction. Defendants argue that only the Bankruptcy Court can "interpret" the reorganization plan and that interpreting the plan is a prerequisite to determining standing. Therefore, according to Defendants, only the bankruptcy court has subject matter jurisdiction to preside over Plaintiff's legal malpractice claims. The need to interpret a plan does not establish either preemption or exclusive federal jurisdiction.

Determining whether federal law preempts state-law starts with presuming that Congress did not intend to preempt state-law without a clear and manifest purpose of the federal legislation. *Colorado Div. of Ins. v. Statewide Bonding, Inc.*, 518 P.3d 309, 312 (Colo. App. 2022). Bankruptcy does not change a federal court's jurisdiction over a state-law claim. "'[P]roperty interests are created and defined by

state-law,' and '[u]nless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Travelers Casualty & Sur. v. Pacific Gas & Elec.*, 549 U.S. 443, 451 (2007) (quoting *Butner v. United States*, 440 U.S. 48, 55 (1979)). "If there is no jurisdiction under 28 U.S.C. § 1334 or 28 U.S.C. § 157, retention of jurisdiction provisions in a plan of reorganization or trust agreement are fundamentally irrelevant." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 161 (3d Cir. 2004).

Moreover, after confirmation of a plan, the bankruptcy court's jurisdiction is narrowed further to claims having a "close nexus" to the bankruptcy proceedings. *In re Resorts Int'l*, 372 F.3d at 167. Thus, bankruptcy courts do not have jurisdiction over legal malpractice claims merely because the client petitions for bankruptcy relief and the attorney asserts a creditor's claim for unpaid fees. *Cf. Mickler v. Trujillo (In re Trujillo)*, 485 B.R. 797 (M.D. Fla. 2013).

Courts reject the notion that bankruptcy law preempts state court jurisdiction over legal malpractice claims. *See, e.g.*, *Mickler v. Trujillo (In re Trujillo)*, 485 B.R. 797 (M.D. Fla. 2013) ("Appellee's [legal malpractice] claim could exist whether she was involved with a bankruptcy proceeding or not. Her bankruptcy case provides a factual context for her claim, but it is not derived from or dependent on it."); *Conway v. Smith Dev., Inc. (In re Smith Dev., Inc.)*, 637 B.R. 811, 819-20 (E.D. Va. 2021) (abstaining in favor of state court legal malpractice

8

action); *In re Olympia Holding Corp.*, 215 B.R. 254 (Bankr. M.D. Fla. 1997) (remanding legal malpractice action by bankruptcy trustee against court-approved special litigation counsel); *Montoya v. Curtis (In re Cashco, Inc.)*, 614 B.R. 715 (Bankr. D.N.M. 2020) (legal malpractice claims not core merely because of potential benefit to bankruptcy estate); *Calderin v. Quartz Hill Mining, LLC*, 317 So. 3d 243, 246-50 (Fla. App. 2021) (bankruptcy-related legal malpractice claims subject to concurrent jurisdiction).

While Colorado courts have not addressed whether the bankruptcy code preempts a Colorado district court's jurisdiction over legal malpractice claims, the Court of Appeals considered an analogous question in *Levine v. Katz*, 192 P.3d 1008, 1011-14 (Colo. App. 2006). In *Levine*, the Court of Appeals considered whether the Colorado Constitution limited District Court jurisdiction over legal malpractice claims arising from Denver probate proceedings. *Id.* at 1009. Specialized jurisdiction over estate administration does not make a malpractice action part of the estate proceeding.

In comparison, the Court of Appeals has held that the bankruptcy code does preempt state abuse of process claims arising from bankruptcy proceedings. *Bertoia v. Galaxy*, 2025 COA 55. The *Bertoia* court held that the bankruptcy code preempts such abuse of process claims because the code defines both the proper processes and the remedies for abuse. *Id.* paras. 54-57; *see* 11 U.S.C. § 105(a) (bankruptcy court may prevent "abuse of process" in bankruptcy cases).

This case is more like *Levine* and less like *Bertoia*. This case involves a legal malpractice claim against former Colorado counsel for a former Subchapter V debtor-in-possession in a Colorado bankruptcy case that is otherwise closed. The standard of care for Colorado lawyers turns on Colorado law and, if necessary, the expert testimony of a similar Colorado expert. Further, Colorado law determines the remedies available for legal malpractice. The present legal malpractice claims neither invade the province of bankruptcy judges nor depend on Congressional instructions. The bankruptcy case is closed, the claims revested in Plaintiff, creditors are to be paid in full, and the recovery will not alter distributions, claim treatment, or any obligation under the confirmed plan. This case has nothing to do with interpretation, implementation, consummation, execution, or administration of the confirmed plan. *In re Resorts Int'l*, 372 F.3d at 167.

Alternatively, Defendants argue that Plaintiff failed to expressly "reserve" the claim. Motion at 7-8. Waiver by conduct must unequivocally manifest intent to waive the right. *Yates v. Am. Republics Corp.*, 163 F.2d 178, 180 (10th Cir. 1947); *Department of Health v. Donahue*, 690 P.2d 243, 247 (Colo. 1984). Given the plan's lengthy description of the present legal malpractice claims and given that § 8.1 provided Plaintiff with broad and presumptive power to pursue its interests, nothing in the plan suggests that Plaintiff intentionally and unequivocally waived its legal malpractice claims.

10

Finally, Defendants argue that Plaintiff should have asserted legal malpractice as a counterclaim in the objection to the bankruptcy claim; however, Bankruptcy Rule 3007(b) prohibits counterclaims in an objection. Not including a damage claim inside the objection is not a waiver. "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." 11 U.S.C. § 1141(b); *see* § 1186(b). No further affirmation was necessary in the plan.

In sum, the only connection between the legal malpractice case and the bankruptcy case is the fact that Plaintiff was once in bankruptcy. Federal law does not preempt this Court's subject matter jurisdiction.

**d.      A Stay Would Unfairly Prejudice Plaintiff Because, Even If The Bankruptcy Court Had Concurrent "Related To" Jurisdiction, The Bankruptcy Court "Shall" Abstain From Hearing The Present Legal Malpractice Claims.**

Defendants ask for a stay to give the bankruptcy court time to rule on motions pending there. Defendants fail to meet the requirements for a stay, and the discretionary factors cut against them. Moreover, a stay would be futile because the Bankruptcy Court must abstain from proceeding with Plaintiff's claims anyway.

A stay requires the movant to "demonstrate a pressing need" and prejudice that "exceeds the potential harm to the other parties if the stay is not granted." *United States v. Colorado (In re Application for Water Rights),* 101 P.3d 1072, 1081 (Colo. 2004). Plaintiff faces real prejudice from further delay. Plaintiff paid an

extraordinary sanction and lost its valuable underlying claims due to Defendants' negligence. The delay makes the presentation of Plaintiff's case increasingly difficult as evidence deteriorates. One witness (and former defendant) has been disbarred and has not yet been found. Further, as this Court will see, two other witnesses – adversaries in the underlying case –recently pleaded guilty to felonies and face sentencing in August.

Meanwhile, a stay would be a waste of time because the Bankruptcy Court "shall" abstain from hearing Plaintiff's legal malpractice claims, even if the claims are related to the bankruptcy case. 28 U.S.C. § 1334(c)(2). Plaintiff would be entitled to mandatory abstention upon timely motion. Plaintiff's legal malpractice claims are based on prepetition representation related to bankruptcy only to the extent the malpractice led to bankruptcy. In other words, staying this case could only result in delay until the Bankruptcy Court enters the mandatory order abstaining from hearing Plaintiff's claims.

Defendants' asserted prejudice is the cost of defending the case. Ordinary litigation expense does not establish the "pressing need" required for a stay; otherwise, the exception would swallow the rule because every defendant incurs expense when sued. *See In re Application for Water Rights of U.S.*, 101 P.3d 1072, 1081–82 (Colo. 2004).

Last, the comity and efficiency factors also favor Plaintiff. A Colorado legal-malpractice claim against Colorado attorneys, arising out of a Colorado state-court

case, is the natural province of a Colorado state court; the Bankruptcy Court has no special expertise in Colorado malpractice law. All requirements of § 1334(c)(2) would be met. The malpractice claims arise exclusively under Colorado law. This action has already been commenced in a Colorado forum of appropriate jurisdiction. The claims are, at most, non-core proceedings related to the bankruptcy case, and this Court can timely resolve them. Plaintiff would seek abstention if Defendants attempted to place the merits before the federal court. This Court should deny a stay.

RESPECTFULLY submitted this 11th day of July 2026.

GORDON LEGAL MALPRACTICE PLLC

By:    */s/Paul Gordon*
       Paul Gordon

CERTIFICATE OF SERVICE

I certify that on this 11th day of July 2026, I served a true copy of this RESPONSE IN OPPOSITION TO DISMISSAL OR STAY by Internet on the following:

DNC and TCPA List Sanitizer, LLC
405 Cherry Hills Way
Colorado Springs, Colorado 80921
mcohare@gmail.com

Reza D. Rismani, Esq.
Jason D. Cooper, Esq.
Freeman Mathis & Gary, LLP
6400 S. Fiddlers Green Circle
Suite 1900
Greenwood Village, CO 80111
reza.rismani@fmglaw.com
jason.cooper@fmglaw.com
*Attorneys for Gary Tucker and GLegal, LLC*

Nancy L. Cohen, Esq.
Ireland Stapleton Pryor & Pascoe, PC
1660 Lincoln Street, Suite 3000
Denver, Colorado 80264
ncohen@irelandstapleton.com
*Attorney for Jeffrey Cohen and Cohen, LLC*


*/s/Paul Gordon*
Paul Gordon