**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 24-12624 KHT |
| | ) | |
| DNC AND TCPA List Sanitizer, LLC | ) | |
| | ) | Chapter 11, Subchapter V |
| Debtor. | ) | |

---

**COHEN LLC AND JEFFREY COHEN'S RESPONSE TO DEBTOR'S SUPPLEMENT IN SUPPORT OF STAY ON CLAIM NUMBERS 8 AND 9 (DOCKET NO. 485)**

---

COHEN, LLC, an unsecured creditor of the Debtor, and Jeffrey Cohen, Esq. a party in interest, (hereinafter sometimes collectively referred to as “Cohen”) hereby responds to Debtor's Supplement in Support of Stay on Claim Numbers 8 And 9 (Dkt. 485). In support of its Response Cohen offers the following assertions, arguments and exhibits.

**RESPONSE**

As this court is well aware, the State Law Claim was listed as a bankruptcy estate asset in Debtor's Amended Schedule of Assets and Liabilities (Dkt. 60) one year before the confirmation of the Fifth Amended Plan of Reorganization (the "Plan") on July 9, 2025. Because the State Law Claim was listed as a bankruptcy estate asset in the Debtor's schedule of assets and liabilities the bankruptcy court always had jurisdiction over that asset pursuant to 28 U.S.C. § 1334(e)(1), and the disposition of that asset can only be made pursuant to the Plan, which abandoned that asset by not retaining standing for it in section 8.5 as required by 11 U.S.C. 1123(b)(3)(B). Pursuant to section 10.2(c) of the Plan, this court has exclusive jurisdiction over the interpretation of the Plan.

How, and if, that asset was disposed is the dispute at issue, and as this court is painfully aware, this interpretation dispute has been pending since April 2, 2026.

Hence, the Debtor's main argument in its Supplement – that section 10.2(f) of the Plan is unenforceable because the bankruptcy court never had any jurisdiction over the State Law Claim – is just plain wrong. *See* Supplement at 2-4. The bankruptcy court always had jurisdiction, pursuant to 28 U.S.C. § 1334, over the State Law Claim because it was a listed bankruptcy estate asset. The disposition of that asset can only be made pursuant to the Plan, which abandoned it by not reserving standing, as required by 11 U.S.C. 1123(b)(3)(B).

Now, where concurrent jurisdiction exists, the parties to a contract can agree to bring an action in one court and not another. As argued before, the Debtor entered into a contract. *See*, *In re W. Integrated Networks, LLC*, 329 B.R. 334, 341 (Bankr. D. Colo. 2005) ("A

confirmed plan functions as a contract between a plan proponent and holders of claims.") (citing *Miller v. United States*, 363 F.3d 999, 1004 (9th Cir. 2004)). The Plan itself states as much: "8.10 – Contractual Relationship. The Plan, upon confirmation, constitutes a new contractual relationship by and between the Debtor and its creditors." The Plan did not reserve standing for the Debtor's state law claim but did give this court exclusive jurisdiction to interpret the plan and adjudicate all actions brought by the Debtor. *See* Plan §§ 8.5, 10.2. By not bringing the state law claims in this court, and instead bringing them in state court, the Debtor has breached the Plan.

As stated *infra*, we do not need to discuss "related to" jurisdiction under 28 U.S.C. § 157 because this court always had jurisdiction under 28 U.S.C. § 1334. But for completeness' sake, Section 157 gives parties to a plan of reorganization the ability to confer "related to" jurisdiction upon a bankruptcy judge, which is exactly what the Debtor and its creditors did in this case. *See* 28 U.S.C. §§ 157(c)(1) & Plan § 10.2. And the holdings of *In re Resorts Int'l, Inc.*, *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, *Tuck v. United Servs. Auto. Ass'n*, and *In re Colo. Ctr. Metro. Dist.* are inapposite because unlike those cases, this court always had jurisdiction over the State Law Claim pursuant to 28 U.S.C. § 1334, due to its being listed as an estate asset.

Even if the State Law Claim wasn't listed as a bankruptcy estate asset, and 28 U.S.C. §§ 157 was properly invoked, the State Law Claim does in fact "bear[] on the administration of the Debtor's bankruptcy estate" because: 1) the state law claim is functionally a defense to Cohen's Claim No. 9, and; 2) if this court determines that the Debtor breached the Plan by bringing the state law claim at all, or in state court, then

Cohen can convert the Plan to one under Chapter 7, thus liquidating the Debtor, pursuant to section 8.10 of the Plan. *See Colorado BondShares v. Colo. Ctr. Metro. Dist. (In re Colo. Ctr. Metro. Dist.)*, Adv. No. 25-01213 MER, slip op. at 3–5 (Bankr. D. Colo. Mar. 18, 2026).

As an aside, 11 U.S.C. § 1191 - Confirmation of Plan – does not revest anything in a debtor, so the Debtor's invocation of that statute is wrongheaded. *See* Supplement at 2.

Cohen hereby incorporates the following documents, in their entireties, and all the arguments made therein, into this Response:

1) Dkt. 470: its Objection to Debtor's Motion to Stay the Progression of a Contested Matter;
2) Dkt. 474: its Amended and Supplemented Motion for Order to Aid the Implementation of the Debtor's Confirmed Fifth Amended Plan of Reorganization;
3) Dkt. 479: its Reply to Debtor's Objection to Cohen's Amended and Supplemented Motion for Order to Aid the Implementation of the Debtor's Confirmed Fifth Amended Plan Of Reorganization, and;
4) Dkt. 481: its Supplement to Reply.

**RELIEF REQUESTED**

**WHEREFORE**, as requested in Dkts. 470, 474, 479, and 481, Cohen respectfully requests that this Court enter an order that:

1) denies Debtor a stay of proceedings in the contested matter;
2) grants its Amended and Supplemented Motion to Aid in Implementation (Dkt. 474);

3) directs the Debtor to immediately cease, desist, and dismiss the state court malpractice action;

4) enforces the terms of the Plan;

5) grants attorney's fees and costs related to the filing of Dkts. 470, 474, 479, and 481 and this Response to Cohen, and;

6) grants such other and further relief this Court deems just and proper.

Dated: July 14, 2026.

Respectfully submitted,

**COHEN, LLC**

*/s/ Tanner Sandor*

Tanner Sandor, Esq. #62034
COHEN, LLC
1600 Broadway, Suite 1660
Denver, CO 80202
303-524-3636 – Office
703-303-8164 – Cell
tsandor@cohentrial.com

**CERTIFICATE OF SERVICE**

I certify that on July 14, 2026 I served a complete copy of the foregoing **Response** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules by CM/ECF:

Alan Motes, Esq.
US Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 802094

Chad Caby, Esq.
Samuel Wilson Collins, Esq.
on behalf of Ringba LLC, Adam Young, and Tubmanburg Ltd.
chad.caby@wbd-us.com
Wilson.Collins@wbd-us.com
Chadwick-caby5693@ecf.pacerpro.com
Jennifer.eastin@wbd-us.com

Joli Lofstedt, Esq.
Trustee
joli@jalttrustee.com
ecf.alert+Lofstedt@titlexi.com
brenda@jalttrustee.com

Katherine S. Sender, Esq.
Vandana Koelsch, Esq.
On behalf of Allen Vellone Wolf Helfrich & Factor P.C.
ksender@allen-vellone.com
vkoelsch@allen-vellone.com

Arthur Lindquist-Kleissler, Esq.
On behalf of Cashyew Holding LLC
Artheralklaw@gmail.com
seanalklaw@gmail.com
LindquistKleisslerCompanyLLC@jubileebk.net

Robert J. Shilliday, III, Esq.
On behalf of John Cimino, Esq.
rjs@shillidaylaw.com

Peter A. Cal, Esq.
John Gray, Esq.
On behalf of JP Morgan Chase Bank N.A.
pcal@taftlaw.com
jgray@taftlaw.com
rneal@shermanhoward.com
dfouts@shermanhoward.com
lkostyk@shermanhoward.com
efiling@sah.com

Jason Cooper, Esq.
Reza Rismani, Esq.
On behalf of Glegal LLC
Jason.cooper@fmglaw.com
Reza.rismani@fmglaw.com

DNC and TCPA List Sanitizer, LLC
c/o Michael O'Hare
mcohare@gmail.com

All parties requesting service electronically,

*/s/Tanner Sandor*

Tanner Sandor