| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>Court Address:<br>1437 BANNOCK STREET, RM 256, DENVER, CO, 80202 | DATE FILED<br>September 24, 2026 7:53 AM<br>CASE NUMBER: 2026CV30493<br><br>⚠ **COURT USE ONLY** ⚠ |
| **Plaintiff(s)** DNC AND TCPA LIST SANITIZER LLC<br>v.<br>**Defendant(s)** GARY TUCKER et al. | Case Number: 2026CV30493<br>Division: 280 Courtroom: |

**Order:Motion to Dismiss Or, In the Alternative, Motion for Stay of Proceedings w/attach**

The motion/proposed order attached hereto: GRANTED IN PART.

THIS MATTER comes before the Court on Defendants Jeffrey Cohen and Cohen LLC's Motion to Dismiss Pursuant to C.R.C.P. 12(b)(1) or, In the Alternative, Motion for Stay of Proceedings ("Motion"), Defendants Gary Tucker and Glegal, LLC's Joinder and being fully advised in the premises,

HEREBY ORDERS:

The entire matter is stayed pending the bankruptcy court's determination of Defendants Cohen, LLC and Jeffrey Cohen's pending MOTION FOR ORDER TO AID THE IMPLEMENTATION OF THE DEBTOR'S CONFIRMED FIFTH AMENED PLAN OF REORGANIZATION REGARDING THE CLAIM OBJECTION PROCEDURE FOR CLAIM NO. 9 NOW PENDING AND FOR SANCTIONS that is presently before the bankruptcy court.

The Court declines to rule on the motion to dismiss portion.

Parties are ordered to provide a status update with the Court every 90 days or within 15 days of the bankruptcy court ruling, whichever comes first.

Issue Date: 9/24/2026

Heidi L. Kutcher

HEIDI L KUTCHER
District Court Judge

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br>1437 Bannock Street, Denver, CO 80202<br><br>**Plaintiff:**<br>DNC AND TCPA LIST SANITIZER, LLC<br><br>v.<br><br>**Defendants:**<br>GARY TUCKER; GLEGAL, LLC; JEFFREY COHEN; COHEN, LLC; JOSHUA L. THOMAS; and LAW OFFICE OF JOSHUA L. THOMAS PLLC | ▲ **COURT USE ONLY** ▲ |
| ***Attorneys for Jeffrey Cohen and Cohen, LLC:***<br>Nancy L. Cohen, #11846<br>IRELAND STAPLETON PRYOR & PASCOE, PC<br>1660 Lincoln Street, Suite 3000<br>Denver, Colorado 80264<br>Telephone: (303) 623-2700<br>Facsimile: (303) 623-2062<br>Email: ncohen@irelandstapleton.com | **Case Number:** 2026CV030493<br><br>**Division:** 280 |

Attachment to Order - 2026CV30493

**MOTION TO DISMISS PURSUANT TO C.R.C.P. 12(b)(1) OR, IN THE ALTERNATIVE, MOTION FOR STAY OF PROCEEDINGS**

Defendants Jeffrey Cohen, Esq. and Cohen LLC ("Cohen"), through undersigned counsel, Ireland Stapleton Pryor & Pascoe, PC, respectfully move to dismiss this action pursuant to C.R.C.P. 12(b)(1) or, in the alternative, move for a stay of these proceedings pending the outcome of the related bankruptcy proceeding, U.S. Bankruptcy Court, Case No. 24-12624-KHT. Cohen also requests that Cohen not be required to answer or otherwise respond to the complaint until 21 days after the stay is lifted if the complaint is not dismissed. In support of this Motion, Cohen states as follows.

Attachment to Order - 2026CV30493

**Rule 121 § 1-15(8) Certification**

The undersigned certifies she conferred with counsel for Plaintiff DNC and TCPA List Sanitizer, LLC ("Plaintiff") before filing this Motion. Plaintiff opposes the relief sought herein.

**INTRODUCTION**

The malpractice case should be dismissed without prejudice as the litigation was improperly brought. The Bankruptcy Court is the only court that has jurisdiction to interpret Plaintiff's bankruptcy plan, determine whether Plaintiff even has standing to bring the claim which Cohen argues Plaintiff does not have standing, and if the Bankruptcy Court finds Plaintiff has standing, then the claim can only be brought in Bankruptcy Court. For all of these reasons, this Court should dismiss the claim against Cohen. Alternatively, this Court should stay the proceedings until the Bankruptcy Court rules on Plaintiff's and Cohen's various pleadings that were filed therein, especially since the Bankruptcy Court already held a hearing on the issue of whether Plaintiff can continue with this case.

**PROCEDURAL HISTORY**

1. On May 16, 2024, Plaintiff filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Colorado, Case No. 24-12624-KHT.

2. Before Plaintiff initiated the Bankruptcy proceedings, Cohen represented Plaintiff for a period of time in an action brought in state court, *TCPA v. Ringha, et al.*, 2021CV31668 (Dist. Ct. El Paso Cty., Colorado) (the "State Court Case").

3. Plaintiff incurred $76,274.29 in legal fees for Cohen's services in the State Court Case; Plaintiff never paid Cohen the fees owed to him.

4. Following the initiation of the Bankruptcy proceedings, and because of the unpaid fees, Cohen filed a valid Proof of Claim ("Cohen's Claim") as an unsecured creditor on July 23, 2024. *See* Ex. A (2024.07.23 Proof of Claim).

5. Plaintiff listed a potential malpractice claim against Cohen as property of the Bankruptcy estate.

6. On June 20, 2025, Plaintiff submitted its Fifth Amended Plan of Reorganization (the "Plan"). The Court approved the Plan on July 9, 2025. *See* Ex. B (2025.06.20 Plan) and Ex. C (2025.07.09 Order re Plan).

7. In pertinent part, the Plan provides that the Bankruptcy Court shall retain jurisdiction to determine "the allowability of Claim upon objection to such Claims by the [Plaintiff] or by any other party in interest" ("Paragraph 10.2(a)") and adjudicate "any causes of action . . . brought by the [Plaintiff]" ("Paragraph 10.2(f)"). Ex. B. pp. 20–21. The Plan also provides that the Bankruptcy Court retains jurisdiction regarding any disputes about the interpretation of the Plan. (Paragraph 10.2(c)).

8. The Plan is specific about what Plaintiff can do post confirmation of the Plan: pursue Avoidance Actions and address Claim objections. (Paragraph 8.5). Plaintiff did not reserve pursuing a malpractice claim against Cohen. *See* the Plan generally.

9. On August 18, 2025, Plaintiff filed an Objection to Cohen's Claim pursuant to Paragraph 10.2(a), which generally objected to Cohen's fees but did not assert any counterclaims against Cohen (the "Claim Objection"). Cohen filed his response on September 17, 2025.

10. On September 2, 2025, Plaintiff filed a Notice of Substantial Consummation of the Plan.

Attachment to Order - 2026CV30493

11. The Bankruptcy Court entered a scheduling order regarding the Claim Objection filed by Plaintiff and set an evidentiary hearing to be held on February 5 and 6, 2026. Although the Bankruptcy Court vacated the February 5 and 6 hearings, all discovery deadlines remained intact.

12. After failing to respond timely to Cohen's discovery requests and failing to disclose an expert relevant to the Claim Objection, Plaintiff requested an extension for the expert deadline in order to obtain an expert who could opine regarding Cohen's alleged malpractice. The Bankruptcy Court denied Plaintiff's request because Plaintiff did not assert a counterclaim alleging malpractice against Cohen when it filed its Claim Objection against Cohen's Claim.

13. The Bankruptcy Court scheduled a hearing on February 18, 2026, to address Plaintiff's Claim Objection, which was likewise vacated after Plaintiff filed a Motion for Stay of the Bankruptcy Proceedings on February 13, 2026 ("Debtor's Motion to Stay").

14. On February 9, 2026, Plaintiff filed the Complaint in this action ("Complaint").

15. Cohen filed an Objection to Debtor's Motion for Stay on February 25, 2026. Ex. D (2026.02.25 Objection to Motion for Stay). The Objection to the Motion for Stay laid out why (1) Plaintiff does not have standing to bring the malpractice action; and (2) Plaintiff's filing of the malpractice action violates the Plan.

16. Cohen filed an Amended Motion for Order to Aid the Implementation of the Confirmed Chapter 11 Plan on February 26, 2026. ("Motion to Implement the Plan")

17. On April 1, 2026, a hearing was held in Bankruptcy Court on Plaintiff's Bankruptcy Motion for Stay and Cohen's Objection and Cohen's Motion to Implement the Plan. The Bankruptcy Court has not yet issued an order.

Attachment to Order - 2026CV30493

18. On April 12, 2026, in this case, Plaintiff filed a motion for extension of time to file returns of service. In that Motion, Plaintiff failed to inform this Court that (1) Plaintiff had filed Debtor's Bankruptcy Motion to Stay; (2) Cohen had filed an Objection to Debtor's Bankruptcy Motion to Stay; and (3) a hearing before Bankruptcy Court was held on April 2, 2026, regarding the issues raised in these bankruptcy filings.

Attachment to Order - 2026CV30493

## MOTION

### I. Plaintiff's Complaint must be dismissed for lack of standing and the Plan requirements.

Plaintiff's Complaint should be dismissed for two reasons: (1) the issue of whether the Plan allows Plaintiff to assert this claim against Cohen post confirmation of the Plan, i.e., standing, is pending before the Bankruptcy Court; and (2) the Court's jurisdiction is preempted by the Plan itself.

**a. Standard.**

C.R.C.P. 12(b)(1) provides for dismissal of a complaint if the court lacks jurisdiction over the claims set forth therein. The plaintiff bears the burden of establishing the court's subject matter jurisdiction. *Long v. Cordain*, 2014 COA 177, ¶ 10.

**b. Plaintiff lacks standing to bring this action against Cohen.**

Standing is a jurisdictional requirement and must be satisfied before any court can hear the merits of claim. *Hickenlooper v. Freedom from Religion Found., Inc.*, 2014 CO 77, ¶ 7. In the Bankruptcy proceedings, Cohen filed a Proof of Claim and Plaintiff listed its alleged malpractice claim against Cohen as an asset in the Bankruptcy proceeding. Procedural History, ¶¶ 4–5. However, as Cohen argued to the Bankruptcy Court, the Plan did not provide standing for Plaintiff to pursue the malpractice claim post confirmation of the Plan.

This Court cannot decide the issue of standing because the Bankruptcy Court is already addressing this question. However, as further reason why Plaintiff improperly brought this case and why the Court should dismiss the case and let the Bankruptcy Court decide the standing issue, in order to have post-confirmation standing to bring a pre-petition, scheduled, state law claim, a Chapter 11 Debtor must "clearly, specifically, and unequivocally" reserve standing for that claim in its confirmed plan of reorganization. *In re Atna Res., Inc.*, Case No. 15-22848-JGR, 2018 Bankr. LEXIS 4223, *32–35 (Bankr. D. Colo. Dec. 14, 2018); *In re Hart Oil & Gas, Inc.*, 534 B.R. 35, 46 (Bankr. D.N.M. 2015); *Mercury Companies, Inc. v. Comerica Bank*, Case No. 13-CV-01921-RPM, 2014 U.S. Dist. LEXIS 17736, *10–11 (D. Colo. Feb. 12, 2014); *In re W. Integrated Networks, LLC*, 329 B.R. 334, 339 (Bankr. D. Colo. 2005). *See also In Re Mako, Inc.*, 985 F.2d 1052, 1055 (10th Cir. 1994); *Harstad v. First Am. Bank*, 39 F.3d 898, 901–03 (8th Cir. 1994). The Plan neither provides nor authorizes Plaintiff to bring this malpractice case. *See* Ex. B (Plan) p. 17, 20-21. For this reason alone, the case should be dismissed.

If the Plaintiff wanted to pursue its malpractice claim post confirmation, the Plan had to specify that Plaintiff intended to pursue this claim. 11 U.S.C. § 1123(b). Federal case law recognizes 11 U.S.C. § 1123(b) is the applicable statute and the debtor (Plaintiff) must specify the claim being reserved to the debtor. *In re Atna Res.*, 2018 Bankr. LEXIS 4223 at *31, *35 (holding that § 1123(b) governs retention of standing); *In re Hart Oil & Gas, Inc.*, 534 B.R. at 45–46 (Bankr. D.N.M. 2015) ("In the Tenth Circuit, § 1123(b)(3) has been interpreted to require Chapter 11 plans to specify any claims to be retained and enforced post-confirmation; claims not specifically reserved are lost"); *Mercury Companies, Inc.* 2014 U.S. Dist. LEXIS 17736 at *10–11; *In re W. Integrated Networks, LLC*, 329 B.R. at 337 ("[p]ost-confirmation standing issues. . . have their

Attachment to Order - 2026CV30493

genesis in the language of § 1123(b)(3)"). *See also Mako*, 985 F.2d at 1055 (holding that § 1123(b)(3)(B) requires a chapter 11 plan's reservation language to be "specific and unequivocal"); *Harstad*, 39 F.3d at 901–03.

The Plan's standing provision is as follows:

> 8.5 – Claims and Litigation Bar Date and Standing. All Avoidance Actions in the case must be filed by not later than limitation period set forth in § 546(a) of the Code. All Claim objections not already pending shall be filed ninety (90) days following the Effective Date of the Plan. The Debtor shall have standing to commence, prosecute, and settle Claim objections and Avoidance Actions without need for Court approval. The Debtor has retained Wadsworth Garber Warner Conrardy, P.C. to litigate any Claim objections and Avoidance Actions on an hourly basis and/or a contingency fee basis, as it determines is reasonable and in the best interest of the estate.

Ex. B, p. 17.

Plaintiff's alleged malpractice claim is neither an Avoidance Action nor a Claim Objection. *See* 11 U.S.C. §§ 502, 548. Thus, the standing provision in the Plan simply does not permit Plaintiff to bring this action as Cohen argued to the Bankruptcy Court. Because the issue of standing is being addressed by the Bankruptcy Court and Plaintiff has failed to satisfy jurisdictional standing requirements, the Court must dismiss the Complaint.

**c. This Court's jurisdiction is preempted by the Plan.**

Even if Plaintiff had standing to bring this action, which it does not, the Bankruptcy Court is the only forum that could hear Plaintiff's claim because Plaiitfff agreed to bring all claims against Cohen pursuant to the Plan. Ex. B, p. 20. Although during the Bankruptcy proceeding, Plaintiff listed its malpractice claim against Cohen as an asset of the Bankruptcy estate, it failed to reserve the claim. *See* Procedural History ¶¶ 4, 5. After Cohen timely filed his Proof of Claim regarding the fees he is owed by Plaintiff, Plaintiff failed to list the malpractice claim specifically

Attachment to Order - 2026CV30493

in its Objection to the Proof of Claim or in the Plan. *Id.* Thus, assuming for purposes of this argument that the Bankruptcy Court finds Plaintiff has standing, the issues presented in Plaintiff's Complaint can only be heard in the Bankruptcy Court, not this Court. As such, dismissal of the Complaint is warranted.

**II. In the alternative, the Court should stay these proceedings pending the outcome of the Bankruptcy Proceedings.**

The Court has ample reason to dismiss the case for lack of jurisdiction. However, Cohen asks, in the alternative, that the Court issue a stay of these proceedings pending the outcome of the Bankruptcy proceedings. Doing so would promote judicial economy, fairness, and would prevent potential inconsistent legal rulings.

**a. Standard**

A trial court generally has discretion to grant or deny a stay. *In re Water Rights of United States*, 101 P.3d 1072, 1080–81 (Colo. 2004). A court may stay its current proceedings pending resolution of independent proceedings which bear upon the case. *Id.* at 1081 (internal citations omitted). When determining the propriety of a stay request, courts consider comity, the extent of disputed factual issues involved, the order in which the courts obtained jurisdiction, adequacy of relief available in state court, avoidance of judicial inefficiency, the need for comprehensive litigation, and the desirability of avoiding piece meal litigation. *Id.* (citing *Adolph Coors Co. v. Davenport Mach. & Foundry Co.*, 89 F.R.D. 148, 153 (D. Colo. 1981). "[T]he party requesting a stay must demonstrate a pressing need, and that it will suffer prejudice that exceeds the potential harm to the other parties if the stay is not granted." *Id.* (citing *Adolph Coors*, 89 F.R.D. at 153).

Attachment to Order - 2026CV30493

Attachment to Order - 2026CV30493

**b. These proceedings must be stayed because the issue of whether Plaintiff can assert a legal malpractice claim against Cohen is pending before the Bankruptcy Court.**

It is without question that the Bankruptcy proceeding preceded this lawsuit. *See* Procedural Background ¶¶ 1, 12. Furthermore, the Bankruptcy Court is addressing whether a malpractice claim is allowed because Plaintiff did not assert a counterclaim for malpractice to Cohen's Claim, and the Plan did not provide notice to Cohen that Plaintiff intended to pursue the malpractice claim post confirmation of the Plan. The Plan specifically provides that the Bankruptcy Court is the court to resolve any disputes regarding the interpretation of the Plan. Ex. B, Article 10.(c), p. 20. The Bankruptcy Court has asserted jurisdiction over the issue of whether Plaintiff can proceed with the malpractice claim in state court. *Id.* ¶¶ 9–14. Therefore, any question about the interpretation of the Plan, including whether Plaintiff reserved post confirmation, its right to bring this action, is already being addressed by the Bankruptcy Court.

On February 25, 2026, Cohen filed the Objection to Debtor's Motion for Stay. In that filing, Cohen argued that Plaintiff (1) does not have standing to assert claims against Cohen because the Plan did not provide for such a claim; and (2) Plaintiff is barred from bringing any malpractice claim against Cohen based on the language of the Plan. *See* Ex. D pp. 4–9. As of April 2, 2026, the Objection to Motion for Stay was fully briefed before the Bankruptcy Court. The Bankruptcy Court has yet to rule.

Debtor's Motion for Stay, the Objection to such Motion, and the current Bankruptcy proceeding involve the same parties and the same issues raised here. The Bankruptcy Court will be issuing a ruling that may have preclusive effect on the issues and claim asserted by Plaintiff in this case. *See In re Sedalia Water & Sanitation Dist.*, 2015 CO 8, ¶¶ 15–16 (discussing issue and claim preclusions generally). Thus, the Bankruptcy Court must be allowed to determine the

questions raised by Parties' pleadings as required by the Plan. For these reasons, a stay of these proceedings is necessary

**c. Cohen would suffer prejudice in the absence of a stay.**

The considerations set forth in *In re Water Rights* and *Adolph Coors* weigh in favor of a stay in this case. *See supra*. Namely, the Bankruptcy Court is addressing whether Plaintiff can proceed with this claim. A stay will save judicial resources and avoid a potential inconsistency if this court permitted Plaintiff to proceed when the Bankruptcy Court is already addressing the issue. Should Cohen have to defend this case as currently scheduled concurrently with the Bankruptcy proceedings, he will incur additional fees and expenses that may ultimately be avoided, either in whole or in part. *See Battle North, LLC v. Sensible Hous. Co.*, 2015 COA 83, ¶ 10 (holding the priority rule, and stays in general, avoid unnecessary duplication and multiplicity of suits).

Attachment to Order - 2026CV30493

**CONCLUSION**

WHEREFORE, Defendants Jeffrey Cohen, Esq. and Cohen LLC request the Court GRANT the Motion and DISMISS the Complaint. In the alternative, Defendants Jeffrey Cohen, Esq. and Cohen LLC ask the Court STAY these proceedings until the Bankruptcy Court makes a related to Cohen's Claim and Plaintiff's Claim Objection and other bankruptcy filings related to whether Plaintiff can proceed with this claim. Defendants Jeffrey Cohen, Esq. and Cohen LLC also request that Cohen not be required to answer or otherwise respond to the complaint until 21 days after the stay is lifted and request any other relief the Court deems just and proper.

Respectfully submitted this 22nd day of June 2026.

Respectfully submitted,

IRELAND STAPLETON PRYOR & PASCOE, PC

*/s/Nancy L. Cohen*
Nancy L. Cohen, #11846
*Attorney for Defendants Jeffrey Cohen and Cohen, LLC*

Attachment to Order - 2026CV30493

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of June 2026, a true and correct copy of the foregoing **MOTION TO DISMISS PURSUANT TO C.R.C.P. 12(b)(1) OR, IN THE ALTERNATIVE, MOTION FOR STAY OF PROCEEDINGS** was served via Colorado Courts E-Filing to all counsel of record.

Paul Gordon, Esq.
Gordon Legal Malpractice PLLC
P.O. Box 460395
Denver, CO 80246
paul@legal-mal.com

*/s/ Taryn Eastwood*
Taryn Eastwood